# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

|  |  |
|---|---|
| **IpLEARN, LLC**, a California Limited Liability Company<br><br>        Plaintiff,<br><br>v.<br><br>**WBT Systems Ltd.**, an Irish company; **WBT Systems, Inc.**, a Delaware corporation; **Beeline Acquisition Corp.**, a Florida corporation; **Cengage Learning, Inc.**, a Delaware corporation; **Connections Education LLC**, a Delaware limited liability company; **Element K Corporation**, a Delaware corporation; **Halogen Software Inc.** a Canadian corporation; **Kenexa Corporation**, a Pennsylvania corporation; **Lawson Software Inc.**, a Delaware corporation; **Meta4 USA Inc.**, a Delaware corporation; **Mzinga, Inc.**, a Delaware corporation; **Operitel Corporation**, a Canadian corporation; **Oracle Corporation**, a Delaware corporation; **Pearson Inc.**, a Delaware corporation; **Lumesse AS**, a United Kingdom company; **Lumesse, Inc.**, a Florida corporation; **Technomedia Training Inc.**, a Canadian corporation; **Trivantis Corporation Inc.**, a Delaware corporation; **The Ultimate Software Group, Inc.**, a Delaware corporation,<br><br>        Defendants | C.A. No. 11-825- LPS<br><br><br><br>**JURY TRIAL DEMANDED** |

## FIRST AMENDED COMPLAINT FOR PATENT INFRINGEMENT

Plaintiff IpLearn, LLC ("IpLearn") alleges against Defendants WBT Systems Ltd., WBT

Systems, Inc., Beeline Acquisition Corp., Cengage Learning, Inc., Connections Education, LLC,

Element K Corporation, Halogen Software Inc., Kenexa Corporation, Lawson Software Inc., Meta4 USA Inc., Mzinga, Inc., Operitel Corporation, Oracle Corporation, Pearson Inc., Lumesse AS, Lumesse, Inc., Technomedia Training Inc., Trivantis Corporation, and The Ultimate Software Group, Inc. (collectively, "Defendants") as follows:

## JURISDICTION

1.     This action arises under the Patent Laws of the United States, 35 U.S.C. § 1, *et seq.* The Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1338(a).

2.     The Court has personal jurisdiction over Defendants because they regularly conduct business in the State of Delaware and in this district, including selling products and/or services that infringe one or more claims of the patents-in-suit in this forum, regularly doing and soliciting business in this forum, and/or deriving substantial revenue from products and services provided to individuals in Delaware and in this judicial district.  Each defendant has established minimum contacts with this forum such that the exercise of jurisdiction over these Defendants would not offend traditional notions of fair play and substantial justice.

## VENUE

3.     Each of the Defendants has committed acts within this judicial district giving rise to this action, including making, using, offering for sale, selling, or providing infringing products, services, and support to customers in this district, and actively soliciting and doing business in this judicial district.  Accordingly, venue is proper in this judicial district pursuant to 28 U.S.C. §§ 1391(b) and (c), and 28 U.S.C. § 1400(b).

## THE PARTIES

4.      Plaintiff IpLearn, LLC ("IpLearn") is a California limited liability company located at 1807 Limetree Lane, Mountain View, CA 94040.   IpLearn is a technology development and licensing company for web and computer-based learning technologies.

5.      IpLearn has been a pioneer in the field of web and computer-based learning technologies. Its innovations have been adopted extensively in the eLearning community, and its patents have been widely licensed in the industry.

6.      Defendant WBT Systems Ltd. (owned by Avnet, Inc.) is a foreign corporation organized and existing under the laws of Ireland with a principal place of business located at Block 2, Harcourt Centre, Harcourt Street., Dublin 2, Ireland. Defendant WBT Systems, Inc. (also owned by Avnet, Inc.) is a Delaware corporation with a principal place of business located at 289 Putnam Hill Rd., Lyndeborough, NH, and a principal mailing address located at P.O. Box 801, Nashua, NH 03060-0801. On information and belief, WBT Systems, Inc. is a U.S. agent of WBT Systems Ltd. WBT Systems Ltd. and WBT Systems, Inc. (collectively, "WBT") develop and sell or offer for sale infringing learning and development systems in this jurisdiction, including their TopClass and reasonably similar products and services, and make their infringing learning and development systems available for use in interstate commerce knowing that they will be accessed and used in this jurisdiction and elsewhere throughout the United States.

7.      Defendant Beeline Acquisition Corp. ("Beeline") is a Florida corporation with a principal place of business located at 12724 Gran Bay Parkway West, Suite 200, Jacksonville, FL 32258.   Beeline develops and sells or offers for sale infringing learning and development systems in this jurisdiction, including its Orchestrata and reasonably similar products and

services, and makes its infringing learning and development systems available for use in interstate commerce knowing that they will be accessed and used in this jurisdiction and elsewhere throughout the United States.

8.      Defendant Cengage Learning, Inc. ("Cengage") is a Delaware corporation with a principal place of business located at 200 First Stamford Place, Suite 400, Stamford, CT 06902. Cengage develops and sells or offers for sale infringing learning and development systems in this jurisdiction, including its iLrn Heinle Learning Center and reasonably similar products and services, and makes its infringing learning and development systems available for use in interstate commerce knowing that they will be accessed and used in this jurisdiction and elsewhere throughout the United States.

9.      Defendant Connections Education, LLC ("Connections Education," also doing business as "Connections Academy" and "Connections Learning") is a Delaware limited liability company with a principal place of business located at 1001 Fleet St., Floor 5, #5, Baltimore, MD 21202. Connections Education is owned by defendant Pearson Inc. Connections Education develops and sells or offers for sale infringing learning and development systems in this jurisdiction, including its K to the 8th Power (Kto8), Connexus, and reasonably similar products and services, and makes its infringing learning and development systems available for use in interstate commerce knowing that they will be accessed and used in this jurisdiction and elsewhere throughout the United States.

10.     Defendant Element K Corporation ("Element K") is a Delaware corporation with a principal place of business located at 500 Canal View Blvd., Rochester, NY 14623.  Element K develops and sells or offers for sale infringing learning and development systems in this

jurisdiction, including its Learning Management System KnowledgeHub and reasonably similar products and services, and makes its infringing learning and development systems available for use in interstate commerce knowing that they will be accessed and used in this jurisdiction and elsewhere throughout the United States.

11.     Defendant Halogen Software Inc. ("Halogen") is a foreign corporation organized and existing under the laws of Canada, and with a principal place of business located at 495 March Rd., Suite 500, Ottawa, ON Canada.  Halogen develops and sells or offers for sale infringing learning and development systems in this jurisdiction, including its Halogen Talent Management Suite (TMS) and reasonably similar products and services, and makes its infringing learning and development systems available for use in interstate commerce knowing that they will be accessed and used in this jurisdiction and elsewhere throughout the United States.

12.     Defendant Kenexa Corporation ("Kenexa") is a Pennsylvania corporation with a principal place of business located at 650 East Swedesford Rd., 2nd Floor, Wayne, PA 19087. Kenexa develops and sells or offers for sale infringing learning and development systems in this jurisdiction, including its Kenexa 2X and reasonably similar products and services, and makes its infringing learning and development systems available for use in interstate commerce knowing that they will be accessed and used in this jurisdiction and elsewhere throughout the United States.

13.     Defendant Lawson Software Inc. ("Lawson") is a Delaware corporation with a principal place of business located at 380 St. Peter St., St. Paul, MN 55102. Lawson develops and sells or offers for sale infringing learning and development systems in this jurisdiction, including its Lawson Learning Management System (LLMS), Talent Management Suite (TMS),

and reasonably similar products and services, and makes its infringing learning and development systems available for use in interstate commerce knowing that they will be accessed and used in this jurisdiction and elsewhere throughout the United States.

14.     Defendant Meta4 USA Inc. ("Meta4") is a Delaware corporation with a principal place of business located at 3270 East First St., Blue Ridge, GA 30513. Meta4 develops and sells or offers for sale infringing learning and development systems in this jurisdiction, including its PeopleNet and reasonably similar products and services, and makes its infringing learning and development systems available for use in interstate commerce knowing that they will be accessed and used in this jurisdiction and elsewhere throughout the United States.

15.     Defendant Mzinga, Inc. ("Mzinga") is a Delaware corporation with a principal place of business located at 230 3rd Ave., Waltham, MA 02451. Mzinga develops and sells or offers for sale infringing learning and development systems in this jurisdiction, including its OmniSocial and reasonably similar products and services, and makes its infringing learning and development systems available for use in interstate commerce knowing that they will be accessed and used in this jurisdiction and elsewhere throughout the United States.

16.     Defendant Operitel Corporation ("Operitel") is a foreign corporation organized and existing under the laws of Canada, and with a principal place of business located at 194 Sophia St., Peterborough, ON K9H 1E5 Canada. Operitel develops and sells or offers for sale infringing learning and development systems in this jurisdiction, including its LearnFlex and reasonably similar products and services, and makes its infringing learning and development systems available for use in interstate commerce knowing that they will be accessed and used in this jurisdiction and elsewhere throughout the United States.

17.     Defendant Oracle Corporation ("Oracle") is a Delaware corporation with a principal place of business located at 500 Oracle Parkway, Redwood City, CA 94065. Oracle develops and sells or offers for sale infringing learning and development systems in this jurisdiction, including its Enterprise Business Suite (EBS), iLearning, PeopleSoft Enterprise, Beehive, Live Virtual Class, and reasonably similar products and services, and makes its infringing learning and development systems available for use in interstate commerce knowing that they will be accessed and used in this jurisdiction and elsewhere throughout the United States.

18.     Defendant Pearson Inc. ("Pearson") is a Delaware corporation with a principal place of business located at 1330 Avenue of the Americas, New York, NY 10019. Pearson develops and sells or offers for sale infringing learning and development systems in this jurisdiction, including its LearningStudio, NovaNET, and reasonably similar products and services, and makes its infringing learning and development systems available for use in interstate commerce knowing that they will be accessed and used in this jurisdiction and elsewhere throughout the United States.

19.     Defendant Lumesse AS (formerly StepStone Solutions) is a foreign corporation organized and existing under the laws of the United Kingdom with a principal place of business located at Tempus Court, Onslow Street, Guildford, Surrey GU1 4SS, United Kingdom. Defendant Lumesse, Inc. is a Florida corporation with a principal place of business located at 2222 Western Trails Boulevard, Austin, Texas 78745. On information and belief, Lumesse, Inc. is a U.S. agent of Lumesse AS. Lumesse AS and Lumesse, Inc. (collectively, "Lumesse") develop and sell or offer for sale infringing learning and development systems in this

jurisdiction, including their Lumesse ETWeb and reasonably similar products and services, and make their infringing learning and development systems available for use in interstate commerce knowing that they will be accessed and used in this jurisdiction and elsewhere throughout the United States.

20.     Defendant Technomedia Training Inc. ("Technomedia") is a foreign corporation organized and existing under the laws of Canada with a principal place of business located at 1001 De Maisonneuve West, 5th floor, Montreal, Quebec H3A 3C8, Canada, and a U.S. office located at 30 South Wacker Drive, 22nd Floor, Chicago, Illinois 60606. Technomedia develops and sells or offers for sale infringing learning and development systems in this jurisdiction, including its TM Sigal and reasonably similar products and services, and makes its infringing learning and development systems available for use in interstate commerce knowing that they will be accessed and used in this jurisdiction and elsewhere throughout the United States.

21.     Defendant Trivantis Corporation ("Trivantis") is a Delaware corporation with a principal place of business located at 311 Elm St., Suite 200, Cincinnati, OH 45202. Trivantis develops and sells or offers for sale infringing learning and development systems in this jurisdiction, including its CourseMill and reasonably similar products and services, and makes its infringing learning and development systems available for use in interstate commerce knowing that they will be accessed and used in this jurisdiction and elsewhere throughout the United States.

22.     Defendant The Ultimate Software Group, Inc. ("Ultimate Software") is a Delaware corporation with a principal place of business located at 2000 Ultimate Way, Weston, FL 33326. Ultimate Software develops and sells or offers for sale infringing learning and

development systems in this jurisdiction, including its UltiPro and reasonably similar products and services, and makes its infringing learning and development systems available for use in interstate commerce knowing that they will be accessed and used in this jurisdiction and elsewhere throughout the United States.

## COUNT I

### (Infringement of U.S. Patent No. 6,685,478 by Oracle)

23.     IpLearn realleges and incorporates by reference paragraphs 1-22 of this Complaint as if fully set forth herein.

24.     On February 3, 2004, U.S. Patent No. 6,685,478 ("the '478 patent"), entitled "Inexpensive Computer-Aided Learning Methods and Apparatus for Learners," issued to Chi Fai Ho, John P. Del Favero, Jr., and Peter P. Tong, and is valid and enforceable.  A true and correct copy of the '478 patent is attached hereto as Exhibit 1.

25.     IpLearn is the assignee and sole holder of all right, title, and interest in the '478 patent, including all rights to enforce the '478 patent and collect past and future damages for infringement.

26.     Defendant Oracle, in making, using, selling, offering for sale, importing into the United States and/or exporting from the United States its Enterprise Business Suite (EBS), iLearning, and reasonably similar products or services, has directly infringed and continues to infringe one or more claims of the '478 patent under 35 U.S.C. § 271. After being served with the Complaint in this action, Oracle has knowingly contributed to the infringement, and continues to contribute to the infringement, of one or more of the claims of the '478 patent by making and unlawfully selling or offering to sell to customers software products or services,

including without limitation EBS and iLearning, that constitute a material part of the invention and are not a staple article or commodity of commerce suitable for substantial noninfringing use. Further, after being served with the Complaint in this action, Oracle has induced infringement, and continues to induce infringement, of one or more of the claims of the '478 patent by making and unlawfully selling or offering to sell to customers software products or services, including without limitation EBS and iLearning, with specific intent that these software products or services be used by Oracle customers to infringe the '478 patent.

27.     IpLearn has been, and continues to be, damaged by Oracle's infringement of the '478 patent.

## COUNT II

### (Infringement of U.S. Patent No. 6,213,780 by Beeline, Halogen, Kenexa, Meta4, Mzinga, Oracle, Lumesse, Technomedia, and Ultimate Software)

28.     IpLearn realleges and incorporates by reference paragraphs 1-22 of this Complaint as if fully set forth herein.

29.     On April 10, 2001, U.S. Patent No. 6,213,780 ("the '780 patent"), entitled "Computer-Aided Learning and Counseling Methods and Apparatus for a Job," issued to Chi Fai Ho and Peter P. Tong, and is valid and enforceable.   A true and correct copy of the '780 patent is attached hereto as Exhibit 2.

30.     IpLearn is the assignee and sole holder of all right, title, and interest in the '780 patent, including all rights to enforce the '780 patent and collect past and future damages for infringement.

31.     Defendant Beeline, in making, using, selling, offering for sale, importing into the United States and/or exporting from the United States its Orchestrata Talent Management and reasonably similar products or services, has directly infringed and continues to infringe one or more claims of the '780 patent  under 35 U.S.C. § 271. After being served with the Complaint in this action, Beeline has knowingly contributed to the infringement, and continues to contribute to the infringement, of one or more of the claims of the '780 patent by making and unlawfully selling or offering to sell to customers software products or services, including without limitation Orchestrata Talent Management, that constitute a material part of the invention and are not a staple article or commodity of commerce suitable for substantial noninfringing use. Further, after being served with the Complaint in this action, Beeline has induced infringement, and continues to induce infringement, of one or more of the claims of the '780 patent by making and unlawfully selling or offering to sell to customers software products or services, including without limitation Orchestrata Talent Management, with specific intent that these software products or services be used by Beeline customers to infringe the '780 patent.

32.     Defendant Halogen, in making, using, selling, offering for sale, importing into the United States and/or exporting from the United States its Halogen Talent Management Suite (TMS) and reasonably similar products or services, has directly infringed and continues to infringe one or more claims of the '780 patent under 35 U.S.C. § 271. After being served with the Complaint in this action, Halogen has knowingly contributed to the infringement, and continues to contribute to the infringement, of one or more of the claims of the '780 patent by making and unlawfully selling or offering to sell to customers software products or services, including without limitation Halogen Talent Management Suite, that constitute a material part of

the invention and are not a staple article or commodity of commerce suitable for substantial noninfringing use. Further, after being served with the Complaint in this action, Halogen has induced infringement, and continues to induce infringement, of one or more of the claims of the '780 patent by making and unlawfully selling or offering to sell to customers software products or services, including without limitation Halogen Talent Management Suite, with specific intent that these software products or services be used by Halogen customers to infringe the '780 patent.

33.     Defendant Kenexa, in making, using, selling, offering for sale, importing into the United States and/or exporting from the United States its Kenexa 2X and reasonably similar products or services, has directly infringed and continues to infringe one or more claims of the '780 patent under 35 U.S.C. § 271. After being served with the Complaint in this action, Kenexa has knowingly contributed to the infringement, and continues to contribute to the infringement, of one or more of the claims of the '780 patent by making and unlawfully selling or offering to sell to customers software products or services, including without limitation Kenexa 2X, that constitute a material part of the invention and are not a staple article or commodity of commerce suitable for substantial noninfringing use. Further, after being served with the Complaint in this action, Kenexa has induced infringement, and continues to induce infringement, of one or more of the claims of the '780 patent by making and unlawfully selling or offering to sell to customers software products or services, including without limitation Kenexa 2X, with specific intent that these software products or services be used by Kenexa customers to infringe the '780 patent.

34.     Defendant Meta4, in making, using, selling, offering for sale, importing into the United States and/or exporting from the United States its PeopleNet and reasonably similar

products or services, has directly infringed and continues to infringe one or more claims of the '780 patent under 35 U.S.C. § 271. After being served with the Complaint in this action, Meta4 has knowingly contributed to the infringement, and continues to contribute to the infringement, of one or more of the claims of the '780 patent by making and unlawfully selling or offering to sell to customers software products or services, including without limitation PeopleNet, that constitute a material part of the invention and are not a staple article or commodity of commerce suitable for substantial noninfringing use. Further, after being served with the Complaint in this action, Meta4 has induced infringement, and continues to induce infringement, of one or more of the claims of the '780 patent by making and unlawfully selling or offering to sell to customers software products or services, including without limitation PeopleNet, with specific intent that these software products or services be used by Meta4 customers to infringe the '780 patent.

35.     Defendant Mzinga, in making, using, selling, offering for sale, importing into the United States and/or exporting from the United States its OmniSocial and reasonably similar products or services, has directly infringed and continues to infringe one or more claims of the '780 patent under 35 U.S.C. § 271. After being served with the Complaint in this action, Mzinga has knowingly contributed to the infringement, and continues to contribute to the infringement, of one or more of the claims of the '780 patent by making and unlawfully selling or offering to sell to customers software products or services, including without limitation OmniSocial, that constitute a material part of the invention and are not a staple article or commodity of commerce suitable for substantial noninfringing use. Further, after being served with the Complaint in this action, Mzinga has induced infringement, and continues to induce infringement, of one or more of the claims of the '780 patent by making and unlawfully selling or offering to sell to customers

software products or services, including without limitation OmniSocial, with specific intent that these software products or services be used by Mzinga customers to infringe the '780 patent.

36.     Defendant Oracle, in making, using, selling, offering for sale, importing into the United States and/or exporting from the United States its PeopleSoft Enterprise and reasonably similar products or services, has directly infringed and continues to infringe one or more claims of the '780 patent under 35 U.S.C. § 271. After being served with the Complaint in this action, Oracle has knowingly contributed to the infringement, and continues to contribute to the infringement, of one or more of the claims of the '780 patent by making and unlawfully selling or offering to sell to customers software products or services, including without limitation PeopleSoft Enterprise, that constitute a material part of the invention and are not a staple article or commodity of commerce suitable for substantial noninfringing use. Further, after being served with the Complaint in this action, Oracle has induced infringement, and continues to induce infringement, of one or more of the claims of the '780 patent by making and unlawfully selling or offering to sell to customers software products or services, including without limitation PeopleSoft Enterprise, with specific intent that these software products or services be used by Oracle customers to infringe the '780 patent.

37.     Defendant Lumesse, in making, using, selling, offering for sale, importing into the United States and/or exporting from the United States its Lumesse ETWeb and reasonably similar products or services, has directly infringed and continues to infringe one or more claims of the '780 patent under 35 U.S.C. § 271. After being served with the Complaint in this action, Lumesse has knowingly contributed to the infringement, and continues to contribute to the infringement, of one or more of the claims of the '780 patent by making and unlawfully selling

or offering to sell to customers software products or services, including without limitation Lumesse ETWeb, that constitute a material part of the invention and are not a staple article or commodity of commerce suitable for substantial noninfringing use. Further, after being served with the Complaint in this action, Lumesse has induced infringement, and continues to induce infringement, of one or more of the claims of the '780 patent by making and unlawfully selling or offering to sell to customers software products or services, including without limitation Lumesse ETWeb, with specific intent that these software products or services be used by Lumesse customers to infringe the '780 patent.

38.     Defendant Technomedia, in making, using, selling, offering for sale, importing into the United States and/or exporting from the United States its TM Sigal and reasonably similar products or services, has directly infringed and continues to infringe one or more claims of the '780 patent under 35 U.S.C. § 271.

39.     Defendant Ultimate Software, in making, using, selling, offering for sale, importing into the United States and/or exporting from the United States its UltiPro and reasonably similar products or services, has directly infringed and continues to infringe one or more claims of the '780 patent under 35 U.S.C. § 271. After being served with the Complaint in this action, Ultimate Software has knowingly contributed to the infringement, and continues to contribute to the infringement, of one or more of the claims of the '780 patent by making and unlawfully selling or offering to sell to customers software products or services, including without limitation UltiPro, that constitute a material part of the invention and are not a staple article or commodity of commerce suitable for substantial noninfringing use. Further, after being served with the Complaint in this action, Ultimate Software has induced infringement, and

continues to induce infringement, of one or more of the claims of the '780 patent by making and unlawfully selling or offering to sell to customers software products or services, including without limitation UltiPro, with specific intent that these software products or services be used by Ultimate Software customers to infringe the '780 patent.

40.     IpLearn has been, and continues to be, damaged by Beeline, Halogen, Kenexa, Meta4, Mzinga, Oracle, Lumesse, Technomedia, and Ultimate Software's infringement of the '780 patent.

## COUNT III

### (Infringement of U.S. Patent No. 6,118,973 by Oracle)

41.     IpLearn realleges and incorporates by reference paragraphs 1-22 of this Complaint as if fully set forth herein.

42.     On September 12, 2000, U.S. Patent No. 6,118,973 ("the '973 patent"), entitled "Methods and Apparatus to Assess and Enhance a Student's Understanding in a Subject," issued to Chi Fai Ho and Peter P. Tong, and is valid and enforceable.    A true and correct copy of the '973 patent is attached hereto as Exhibit 3.

43.     IpLearn is the assignee and sole holder of all right, title, and interest in the '973 patent, including all rights to enforce the '973 patent and collect past and future damages for infringement.

44.     Defendant Oracle, in making, using, selling, offering for sale, importing into the United States and/or exporting from the United States its iLearning and reasonably similar products or services, has directly infringed and continues to infringe one or more claims of the '973 patent under 35 U.S.C. § 271. After being served with the Complaint in this action, Oracle

has knowingly contributed to the infringement, and continues to contribute to the infringement, of one or more of the claims of the '973 patent by making and unlawfully selling or offering to sell to customers software products or services, including without limitation iLearning, that constitute a material part of the invention and are not a staple article or commodity of commerce suitable for substantial noninfringing use. Further, after being served with the Complaint in this action, Oracle has induced infringement, and continues to induce infringement, of one or more of the claims of the '973 patent by making and unlawfully selling or offering to sell to customers software products or services, including without limitation iLearning, with specific intent that these software products or services be used by Oracle customers to infringe the '973 patent.

45.     IpLearn has been, and continues to be, damaged by Oracle's infringement of the '973 patent.

## COUNT IV

### (Infringement of U.S. Patent No. 6,688,888 by WBT, Cengage, Connections Education, Element K, Operitel, Oracle, Pearson, and Trivantis)

46.     IpLearn realleges and incorporates by reference paragraphs 1-22 of this Complaint as if fully set forth herein.

47.     On February 10, 2004, U.S. Patent No. 6,688,888 ("the '888 patent"), entitled "Computer-Aided Learning System and Method," issued to Chi Fai Ho and Peter P. Tong, and is valid and enforceable. A true and correct copy of the '888 patent is attached hereto as Exhibit 4.

48.     IpLearn is the assignee and sole holder of all right, title, and interest in the '888 patent, including all rights to enforce the '888 patent and collect past and future damages for infringement.

49.     Defendant WBT, in making, using, selling, offering for sale, importing into the United States and/or exporting from the United States its TopClass and reasonably similar products or services, has directly infringed and continues to infringe one or more claims of the '888 patent under 35 U.S.C. § 271. After being served with the Complaint in this action, WBT has knowingly contributed to the infringement, and continues to contribute to the infringement, of one or more of the claims of the '888 patent by making and unlawfully selling or offering to sell to customers software products or services, including without limitation TopClass, that constitute a material part of the invention and are not a staple article or commodity of commerce suitable for substantial noninfringing use. Further, after being served with the Complaint in this action, WBT has induced infringement, and continues to induce infringement, of one or more of the claims of the '888 patent by making and unlawfully selling or offering to sell to customers software products or services, including without limitation TopClass, with specific intent that these software products or services be used by WBT customers to infringe the '888 patent.

50.     Defendant Cengage, in making, using, selling, offering for sale, importing into the United States and/or exporting from the United States its iLrn Heinle Learning Center and reasonably similar products or services, has directly infringed and continues to infringe one or more claims of the '888 patent under 35 U.S.C. § 271. After being served with the Complaint in this action, Cengage has knowingly contributed to the infringement, and continues to contribute to the infringement, of one or more of the claims of the '888 patent by making and unlawfully selling or offering to sell to customers software products or services, including without limitation iLrn Heinle Learning Center, that constitute a material part of the invention and are not a staple article or commodity of commerce suitable for substantial noninfringing use. Further, after being

served with the Complaint in this action, Cengage has induced infringement, and continues to induce infringement, of one or more of the claims of the '888 patent by making and unlawfully selling or offering to sell to customers software products or services, including without limitation iLrn Heinle Learning Center, with specific intent that these software products or services be used by Cengage customers to infringe the '888 patent.

51.     Defendant Connections Education, in making, using, selling, offering for sale, importing into the United States and/or exporting from the United States its K to the 8th Power (Kto8), Connexus, and reasonably similar products or services, has directly infringed and continues to infringe one or more claims of the '888 patent under 35 U.S.C. § 271. After being served with the Complaint in this action, Connections Education has knowingly contributed to the infringement, and continues to contribute to the infringement, of one or more of the claims of the '888 patent by making and unlawfully selling or offering to sell to customers software products or services, including without limitation K to the 8th Power and Connexus, that constitute a material part of the invention and are not a staple article or commodity of commerce suitable for substantial noninfringing use. Further, after being served with the Complaint in this action, Connections Education has induced infringement, and continues to induce infringement, of one or more of the claims of the '888 patent by making and unlawfully selling or offering to sell to customers software products or services, including without limitation K to the 8th Power and Connexus, with specific intent that these software products or services be used by Connections Education customers to infringe the '888 patent.

52.     Defendant Element K, in making, using, selling, offering for sale, importing into the United States and/or exporting from the United States its Learning Management System

KnowledgeHub and reasonably similar products or services, has directly infringed and continues to infringe one or more claims of the '888 patent under 35 U.S.C. § 271. After being served with the Complaint in this action, Element K has knowingly contributed to the infringement, and continues to contribute to the infringement, of one or more of the claims of the '888 patent by making and unlawfully selling or offering to sell to customers software products or services, including without limitation Learning Management System KnowledgeHub, that constitute a material part of the invention and are not a staple article or commodity of commerce suitable for substantial noninfringing use. Further, after being served with the Complaint in this action, Element K has induced infringement, and continues to induce infringement, of one or more of the claims of the '888 patent by making and unlawfully selling or offering to sell to customers software products or services, including without limitation Learning Management System KnowledgeHub, with specific intent that these software products or services be used by Element K customers to infringe the '888 patent.

53.     Defendant Operitel, in making, using, selling, offering for sale, importing into the United States and/or exporting from the United States its LearnFlex and reasonably similar products or services, has directly infringed and continues to infringe one or more claims of the '888 patent under 35 U.S.C. § 271. After being served with the Complaint in this action, Operitel has knowingly contributed to the infringement, and continues to contribute to the infringement, of one or more of the claims of the '888 patent by making and unlawfully selling or offering to sell to customers software products or services, including without limitation LearnFlex, that constitute a material part of the invention and are not a staple article or commodity of commerce suitable for substantial noninfringing use. Further, after being served with the Complaint in this

action, Operitel has induced infringement, and continues to induce infringement, of one or more

of the claims of the '888 patent by making and unlawfully selling or offering to sell to customers

software products or services, including without limitation LearnFlex, with specific intent that

these software products or services be used by Operitel customers to infringe the '888 patent.

54.    Defendant Oracle, in making, using, selling, offering for sale, importing into the

United States and/or exporting from the United States its Enterprise Business Suite (EBS),

iLearning, PeopleSoft Enterprise, and reasonably similar products or services, has directly

infringed and continues to infringe one or more claims of the '888 patent under 35 U.S.C. § 271.

After being served with the Complaint in this action, Oracle has knowingly contributed to the

infringement, and continues to contribute to the infringement, of one or more of the claims of the

'888 patent by making and unlawfully selling or offering to sell to customers software products

or services, including without limitation EBS, iLearning, and PeopleSoft Enterprise, that

constitute a material part of the invention and are not a staple article or commodity of commerce

suitable for substantial noninfringing use. Further, after being served with the Complaint in this

action, Oracle has induced infringement, and continues to induce infringement, of one or more of

the claims of the '888 patent by making and unlawfully selling or offering to sell to customers

software products or services, including without limitation EBS, iLearning, and PeopleSoft

Enterprise, with specific intent that these software products or services be used by Oracle

customers to infringe the '888 patent.

55.    Defendant Pearson, in making, using, selling, offering for sale, importing into the

United States and/or exporting from the United States its LearningStudio, NovaNET, and

reasonably similar products or services, has directly infringed and continues to infringe one or

more claims of the '888 patent under 35 U.S.C. § 271. After being served with the Complaint in this action, Pearson has knowingly contributed to the infringement, and continues to contribute to the infringement, of one or more of the claims of the '888 patent by making and unlawfully selling or offering to sell to customers software products or services, including without limitation LearningStudio and NovaNET, that constitute a material part of the invention and are not a staple article or commodity of commerce suitable for substantial noninfringing use. Further, after being served with the Complaint in this action, Pearson has induced infringement, and continues to induce infringement, of one or more of the claims of the '888 patent by making and unlawfully selling or offering to sell to customers software products or services, including without limitation LearningStudio and NovaNET, with specific intent that these software products or services be used by Pearson customers to infringe the '888 patent.

56.     Defendant Trivantis, in making, using, selling, offering for sale, importing into the United States and/or exporting from the United States its CourseMill and reasonably similar products or services, has directly infringed and continues to infringe one or more claims of the '888 patent under 35 U.S.C. § 271. After being served with the Complaint in this action, Trivantis has knowingly contributed to the infringement, and continues to contribute to the infringement, of one or more of the claims of the '888 patent by making and unlawfully selling or offering to sell to customers software products or services, including without limitation CourseMill, that constitute a material part of the invention and are not a staple article or commodity of commerce suitable for substantial noninfringing use. Further, after being served with the Complaint in this action, Trivantis has induced infringement, and continues to induce infringement, of one or more of the claims of the '888 patent by making and unlawfully selling

or offering to sell to customers software products or services, including without limitation CourseMill, with specific intent that these software products or services be used by Trivantis customers to infringe the '888 patent.

57.    IpLearn has been, and continues to be, damaged by WBT, Cengage, Connections Education, Element K, Operitel, Oracle, Pearson, and Trivantis' infringement of the '888 patent.

## COUNT V

### (Infringement of U.S. Patent No. 5,779,486 by WBT, Cengage, Connections Education, Element K, Operitel, Oracle, Pearson, and Trivantis)

58.    IpLearn realleges and incorporates by reference paragraphs 1-22 of this Complaint as if fully set forth herein.

59.    On July 14, 1998, U.S. Patent No. 5,779,486 ("the '486 patent"), entitled "Methods and Apparatus to Assess and Enhance a Student's Understanding in a Subject," issued to Chi Fai Ho and Peter P. Tong, and is valid and enforceable.    A true and correct copy of the '486 patent is attached hereto as Exhibit 5.

60.    IpLearn is the assignee and sole holder of all right, title, and interest in the '486 patent, including all rights to enforce the '486 patent and collect past and future damages for infringement.

61.    Defendant WBT, in making, using, selling, offering for sale, importing into the United States and/or exporting from the United States its TopClass and reasonably similar products or services, has directly infringed and continues to infringe one or more claims of the '486 patent under 35 U.S.C. § 271. After being served with the Complaint in this action, WBT has knowingly contributed to the infringement, and continues to contribute to the infringement,

of one or more of the claims of the '486 patent by making and unlawfully selling or offering to sell to customers software products or services, including without limitation TopClass, that constitute a material part of the invention and are not a staple article or commodity of commerce suitable for substantial noninfringing use. Further, after being served with the Complaint in this action, WBT has induced infringement, and continues to induce infringement, of one or more of the claims of the '486 patent by making and unlawfully selling or offering to sell to customers software products or services, including without limitation TopClass, with specific intent that these software products or services be used by WBT customers to infringe the '486 patent.

62.     Defendant Cengage, in making, using, selling, offering for sale, importing into the United States and/or exporting from the United States its iLrn Heinle Learning Center and reasonably similar products or services, has directly infringed and continues to infringe one or more claims of the '486 patent under 35 U.S.C. § 271. After being served with the Complaint in this action, Cengage has knowingly contributed to the infringement, and continues to contribute to the infringement, of one or more of the claims of the '486 patent by making and unlawfully selling or offering to sell to customers software products or services, including without limitation iLrn Heinle Learning Center, that constitute a material part of the invention and are not a staple article or commodity of commerce suitable for substantial noninfringing use. Further, after being served with the Complaint in this action, Cengage has induced infringement, and continues to induce infringement, of one or more of the claims of the '486 patent by making and unlawfully selling or offering to sell to customers software products or services, including without limitation iLrn Heinle Learning Center, with specific intent that these software products or services be used by Cengage customers to infringe the '486 patent.

63.     Defendant Connections Education, in making, using, selling, offering for sale, importing into the United States and/or exporting from the United States its K to the 8th Power (Kto8), Connexus, and reasonably similar products or services, has directly infringed and continues to infringe one or more claims of the '486 patent under 35 U.S.C. § 271. After being served with the Complaint in this action, Connections Education has knowingly contributed to the infringement, and continues to contribute to the infringement, of one or more of the claims of the '486 patent by making and unlawfully selling or offering to sell to customers software products or services, including without limitation K to the 8th Power and Connexus, that constitute a material part of the invention and are not a staple article or commodity of commerce suitable for substantial noninfringing use. Further, after being served with the Complaint in this action, Connections Education has induced infringement, and continues to induce infringement, of one or more of the claims of the '486 patent by making and unlawfully selling or offering to sell to customers software products or services, including without limitation K to the 8th Power and Connexus, with specific intent that these software products or services be used by Connections Education customers to infringe the '486 patent.

64.     Defendant Element K, in making, using, selling, offering for sale, importing into the United States and/or exporting from the United States its Learning Management System KnowledgeHub and reasonably similar products or services, has directly infringed and continues to infringe one or more claims of the '486 patent under 35 U.S.C. § 271. After being served with the Complaint in this action, Element K has knowingly contributed to the infringement, and continues to contribute to the infringement, of one or more of the claims of the '486 patent by making and unlawfully selling or offering to sell to customers software products or services,

including without limitation Learning Management System KnowledgeHub, that constitute a material part of the invention and are not a staple article or commodity of commerce suitable for substantial noninfringing use. Further, after being served with the Complaint in this action, Element K has induced infringement, and continues to induce infringement, of one or more of the claims of the '486 patent by making and unlawfully selling or offering to sell to customers software products or services, including without limitation Learning Management System KnowledgeHub, with specific intent that these software products or services be used by Element K customers to infringe the '486 patent.

65.     Defendant Operitel, in making, using, selling, offering for sale, importing into the United States and/or exporting from the United States its LearnFlex and reasonably similar products or services, has directly infringed and continues to infringe one or more claims of the '486 patent under 35 U.S.C. § 271. After being served with the Complaint in this action, Operitel has knowingly contributed to the infringement, and continues to contribute to the infringement, of one or more of the claims of the '486 patent by making and unlawfully selling or offering to sell to customers software products or services, including without limitation LearnFlex, that constitute a material part of the invention and are not a staple article or commodity of commerce suitable for substantial noninfringing use. Further, after being served with the Complaint in this action, Operitel has induced infringement, and continues to induce infringement, of one or more of the claims of the '486 patent by making and unlawfully selling or offering to sell to customers software products or services, including without limitation LearnFlex, with specific intent that these software products or services be used by Operitel customers to infringe the '486 patent.

66.     Defendant Oracle, in making, using, selling, offering for sale, importing into the United States and/or exporting from the United States its Enterprise Business Suite (EBS), iLearning, PeopleSoft Enterprise, and reasonably similar products or services, has directly infringed and continues to infringe one or more claims of the '486 patent under 35 U.S.C. § 271. After being served with the Complaint in this action, Oracle has knowingly contributed to the infringement, and continues to contribute to the infringement, of one or more of the claims of the '486 patent by making and unlawfully selling or offering to sell to customers software products or services, including without limitation EBS, iLearning, and PeopleSoft Enterprise, that constitute a material part of the invention and are not a staple article or commodity of commerce suitable for substantial noninfringing use. Further, after being served with the Complaint in this action, Oracle has induced infringement, and continues to induce infringement, of one or more of the claims of the '486 patent by making and unlawfully selling or offering to sell to customers software products or services, including without limitation EBS, iLearning, and PeopleSoft Enterprise, with specific intent that these software products or services be used by Oracle customers to infringe the '486 patent.

67.     Defendant Pearson, in making, using, selling, offering for sale, importing into the United States and/or exporting from the United States its LearningStudio, NovaNET, and reasonably similar products or services, has directly infringed and continues to infringe one or more claims of the '486 patent under 35 U.S.C. § 271. After being served with the Complaint in this action, Pearson has knowingly contributed to the infringement, and continues to contribute to the infringement, of one or more of the claims of the '486 patent by making and unlawfully selling or offering to sell to customers software products or services, including without limitation

LearningStudio and NovaNET, that constitute a material part of the invention and are not a staple article or commodity of commerce suitable for substantial noninfringing use. Further, after being served with the Complaint in this action, Pearson has induced infringement, and continues to induce infringement, of one or more of the claims of the '486 patent by making and unlawfully selling or offering to sell to customers software products or services, including without limitation LearningStudio and NovaNET, with specific intent that these software products or services be used by Pearson customers to infringe the '486 patent.

68.    Defendant Trivantis, in making, using, selling, offering for sale, importing into the United States and/or exporting from the United States its CourseMill and reasonably similar products or services, has directly infringed and continues to infringe one or more claims of the '486 patent under 35 U.S.C. § 271. After being served with the Complaint in this action, Trivantis has knowingly contributed to the infringement, and continues to contribute to the infringement, of one or more of the claims of the '486 patent by making and unlawfully selling or offering to sell to customers software products or services, including without limitation CourseMill, that constitute a material part of the invention and are not a staple article or commodity of commerce suitable for substantial noninfringing use. Further, after being served with the Complaint in this action, Trivantis has induced infringement, and continues to induce infringement, of one or more of the claims of the '486 patent by making and unlawfully selling or offering to sell to customers software products or services, including without limitation CourseMill, with specific intent that these software products or services be used by Trivantis customers to infringe the '486 patent.

69.     IpLearn has been, and continues to be, damaged by WBT, Cengage, Connections Education, Element K, Operitel, Oracle, Pearson, and Trivantis' infringement of the '486 patent.

## COUNT VI

### (Infringement of U.S. Patent No. 6,398,556 by WBT, Beeline, Cengage, Connections Education, Element K, Halogen, Kenexa, Lawson, Meta4, Mzinga, Operitel, Oracle, Trivantis, and Ultimate Software)

70.     IpLearn realleges and incorporates by reference paragraphs 1-22 of this Complaint as if fully set forth herein.

71.     On June 4, 2002, U.S. Patent No. 6,398,556 ("the '556 patent"), entitled "Inexpensive Computer-Aided Learning Methods and Apparatus for Learners," issued to Chi Fai Ho, John P. Del Favero, Jr., and Peter P. Tong, and is valid and enforceable.   A true and correct copy of the '556 patent is attached hereto as Exhibit 6.

72.     On June 12, 2007, the U.S. Patent and Trademark Office issued a reexamination certificate for the '556 patent.

73.     IpLearn is the assignee and sole holder of all right, title, and interest in the '556 patent, including all rights to enforce the '556 patent and collect past and future damages for infringement.

74.     Defendant WBT, in making, using, selling, offering for sale, importing into the United States and/or exporting from the United States its TopClass and reasonably similar products or services, has directly infringed and continues to infringe one or more claims of the '556 patent under 35 U.S.C. § 271. After being served with the Complaint in this action, WBT has knowingly contributed to the infringement, and continues to contribute to the infringement, of one or more of the claims of the '556 patent by making and unlawfully selling or offering to

sell to customers software products or services, including without limitation TopClass, that constitute a material part of the invention and are not a staple article or commodity of commerce suitable for substantial noninfringing use. Further, after being served with the Complaint in this action, WBT has induced infringement, and continues to induce infringement, of one or more of the claims of the '556 patent by making and unlawfully selling or offering to sell to customers software products or services, including without limitation TopClass, with specific intent that these software products or services be used by WBT customers to infringe the '556 patent.

75.     Defendant Beeline, in making, using, selling, offering for sale, importing into the United States and/or exporting from the United States its Orchestrata Talent Management and reasonably similar products or services, has directly infringed and continues to infringe one or more claims of the '556 patent under 35 U.S.C. § 271. After being served with the Complaint in this action, Beeline has knowingly contributed to the infringement, and continues to contribute to the infringement, of one or more of the claims of the '556 patent by making and unlawfully selling or offering to sell to customers software products or services, including without limitation Orchestrata Talent Management, that constitute a material part of the invention and are not a staple article or commodity of commerce suitable for substantial noninfringing use. Further, after being served with the Complaint in this action, Beeline has induced infringement, and continues to induce infringement, of one or more of the claims of the '556 patent by making and unlawfully selling or offering to sell to customers software products or services, including without limitation Orchestrata Talent Management, with specific intent that these software products or services be used by Beeline customers to infringe the '556 patent.

76.     Defendant Cengage, in making, using, selling, offering for sale, importing into the United States and/or exporting from the United States its iLrn Heinle Learning Center and reasonably similar products or services, has directly infringed and continues to infringe one or more claims of the '556 patent under 35 U.S.C. § 271. After being served with the Complaint in this action, Cengage has knowingly contributed to the infringement, and continues to contribute to the infringement, of one or more of the claims of the '556 patent by making and unlawfully selling or offering to sell to customers software products or services, including without limitation iLrn Heinle Learning Center, that constitute a material part of the invention and are not a staple article or commodity of commerce suitable for substantial noninfringing use. Further, after being served with the Complaint in this action, Cengage has induced infringement, and continues to induce infringement, of one or more of the claims of the '556 patent by making and unlawfully selling or offering to sell to customers software products or services, including without limitation iLrn Heinle Learning Center, with specific intent that these software products or services be used by Cengage customers to infringe the '556 patent.

77.     Defendant Connections Education, in making, using, selling, offering for sale, importing into the United States and/or exporting from the United States its K to the 8th Power (Kto8) and reasonably similar products or services, has directly infringed and continues to infringe one or more claims of the '556 patent under 35 U.S.C. § 271. After being served with the Complaint in this action, Connections Education has knowingly contributed to the infringement, and continues to contribute to the infringement, of one or more of the claims of the '556 patent by making and unlawfully selling or offering to sell to customers software products or services, including without limitation K to the 8th Power, that constitute a material part of the

invention and are not a staple article or commodity of commerce suitable for substantial noninfringing use. Further, after being served with the Complaint in this action, Connections Education has induced infringement, and continues to induce infringement, of one or more of the claims of the '556 patent by making and unlawfully selling or offering to sell to customers software products or services, including without limitation K to the 8th Power, with specific intent that these software products or services be used by Connections Education customers to infringe the '556 patent.

78.     Defendant Element K, in making, using, selling, offering for sale, importing into the United States and/or exporting from the United States its Learning Management System KnowledgeHub and reasonably similar products or services, has directly infringed and continues to infringe one or more claims of the '556 patent under 35 U.S.C. § 271. After being served with the Complaint in this action, Element K has knowingly contributed to the infringement, and continues to contribute to the infringement, of one or more of the claims of the '556 patent by making and unlawfully selling or offering to sell to customers software products or services, including without limitation Learning Management System KnowledgeHub, that constitute a material part of the invention and are not a staple article or commodity of commerce suitable for substantial noninfringing use. Further, after being served with the Complaint in this action, Element K has induced infringement, and continues to induce infringement, of one or more of the claims of the '556 patent by making and unlawfully selling or offering to sell to customers software products or services, including without limitation Learning Management System KnowledgeHub, with specific intent that these software products or services be used by Element K customers to infringe the '556 patent.

79.     Defendant Halogen, in making, using, selling, offering for sale, importing into the United States and/or exporting from the United States its Halogen Talent Management Suite (TMS) and reasonably similar products or services, has directly infringed and continues to infringe one or more claims of the '556 patent under 35 U.S.C. § 271. After being served with the Complaint in this action, Halogen has knowingly contributed to the infringement, and continues to contribute to the infringement, of one or more of the claims of the '556 patent by making and unlawfully selling or offering to sell to customers software products or services, including without limitation Halogen Talent Management Suite, that constitute a material part of the invention and are not a staple article or commodity of commerce suitable for substantial noninfringing use. Further, after being served with the Complaint in this action, Halogen has induced infringement, and continues to induce infringement, of one or more of the claims of the '556 patent by making and unlawfully selling or offering to sell to customers software products or services, including without limitation Halogen Talent Management Suite, with specific intent that these software products or services be used by Halogen customers to infringe the '556 patent.

80.     Defendant Kenexa, in making, using, selling, offering for sale, importing into the United States and/or exporting from the United States its Kenexa 2X and reasonably similar products or services, has directly infringed and continues to infringe one or more claims of the '556 patent under 35 U.S.C. § 271. After being served with the Complaint in this action, Kenexa has knowingly contributed to the infringement, and continues to contribute to the infringement, of one or more of the claims of the '556 patent by making and unlawfully selling or offering to sell to customers software products or services, including without limitation Kenexa 2X, that

constitute a material part of the invention and are not a staple article or commodity of commerce suitable for substantial noninfringing use. Further, after being served with the Complaint in this action, Kenexa has induced infringement, and continues to induce infringement, of one or more of the claims of the '556 patent by making and unlawfully selling or offering to sell to customers software products or services, including without limitation Kenexa 2X, with specific intent that these software products or services be used by Kenexa customers to infringe the '556 patent.

81.     Defendant Lawson, in making, using, selling, offering for sale, importing into the United States and/or exporting from the United States its Lawson Learning Management System (LLMS), Talent Management Suite (TMS), and reasonably similar products or services, has directly infringed and continues to infringe one or more claims of the '556 patent under 35 U.S.C. § 271. After being served with the Complaint in this action, Lawson has knowingly contributed to the infringement, and continues to contribute to the infringement, of one or more of the claims of the '556 patent by making and unlawfully selling or offering to sell to customers software products or services, including without limitation LLMS and TMS, that constitute a material part of the invention and are not a staple article or commodity of commerce suitable for substantial noninfringing use. Further, after being served with the Complaint in this action, Lawson has induced infringement, and continues to induce infringement, of one or more of the claims of the '556 patent by making and unlawfully selling or offering to sell to customers software products or services, including without limitation LLMS and TMS, with specific intent that these software products or services be used by Lawson customers to infringe the '556 patent.

82.     Defendant Meta4, in making, using, selling, offering for sale, importing into the United States and/or exporting from the United States its PeopleNet and reasonably similar

products or services, has directly infringed and continues to infringe one or more claims of the '556 patent under 35 U.S.C. § 271. After being served with the Complaint in this action, Meta4 has knowingly contributed to the infringement, and continues to contribute to the infringement, of one or more of the claims of the '556 patent by making and unlawfully selling or offering to sell to customers software products or services, including without limitation PeopleNet, that constitute a material part of the invention and are not a staple article or commodity of commerce suitable for substantial noninfringing use. Further, after being served with the Complaint in this action, Meta4 has induced infringement, and continues to induce infringement, of one or more of the claims of the '556 patent by making and unlawfully selling or offering to sell to customers software products or services, including without limitation PeopleNet, with specific intent that these software products or services be used by Meta4 customers to infringe the '556 patent.

83.     Defendant Mzinga, in making, using, selling, offering for sale, importing into the United States and/or exporting from the United States its OmniSocial and reasonably similar products or services, has directly infringed and continues to infringe one or more claims of the '556 patent under 35 U.S.C. § 271. After being served with the Complaint in this action, Mzinga has knowingly contributed to the infringement, and continues to contribute to the infringement, of one or more of the claims of the '556 patent by making and unlawfully selling or offering to sell to customers software products or services, including without limitation OmniSocial, that constitute a material part of the invention and are not a staple article or commodity of commerce suitable for substantial noninfringing use. Further, after being served with the Complaint in this action, Mzinga has induced infringement, and continues to induce infringement, of one or more of the claims of the '556 patent by making and unlawfully selling or offering to sell to customers

software products or services, including without limitation OmniSocial, with specific intent that these software products or services be used by Mzinga customers to infringe the '556 patent.

84.    Defendant Operitel, in making, using, selling, offering for sale, importing into the United States and/or exporting from the United States its LearnFlex and reasonably similar products or services, has directly infringed and continues to infringe one or more claims of the '556 patent under 35 U.S.C. § 271. After being served with the Complaint in this action, Operitel has knowingly contributed to the infringement, and continues to contribute to the infringement, of one or more of the claims of the '556 patent by making and unlawfully selling or offering to sell to customers software products or services, including without limitation LearnFlex, that constitute a material part of the invention and are not a staple article or commodity of commerce suitable for substantial noninfringing use. Further, after being served with the Complaint in this action, Operitel has induced infringement, and continues to induce infringement, of one or more of the claims of the '556 patent by making and unlawfully selling or offering to sell to customers software products or services, including without limitation LearnFlex, with specific intent that these software products or services be used by Operitel customers to infringe the '556 patent.

85.    Defendant Oracle, in making, using, selling, offering for sale, importing into the United States and/or exporting from the United States its Enterprise Business Suite (EBS), PeopleSoft Enterprise, and reasonably similar products or services, has directly infringed and continues to infringe one or more claims of the '556 patent under 35 U.S.C. § 271. After being served with the Complaint in this action, Oracle has knowingly contributed to the infringement, and continues to contribute to the infringement, of one or more of the claims of the '556 patent by making and unlawfully selling or offering to sell to customers software products or services,

including without limitation EBS and PeopleSoft Enterprise, that constitute a material part of the invention and are not a staple article or commodity of commerce suitable for substantial noninfringing use. Further, after being served with the Complaint in this action, Oracle has induced infringement, and continues to induce infringement, of one or more of the claims of the '556 patent by making and unlawfully selling or offering to sell to customers software products or services, including without limitation EBS and PeopleSoft Enterprise, with specific intent that these software products or services be used by Oracle customers to infringe the '556 patent.

86.     Defendant Trivantis, in making, using, selling, offering for sale, importing into the United States and/or exporting from the United States its CourseMill and reasonably similar products or services, has directly infringed and continues to infringe one or more claims of the '556 patent under 35 U.S.C. § 271. After being served with the Complaint in this action, Trivantis has knowingly contributed to the infringement, and continues to contribute to the infringement, of one or more of the claims of the '556 patent by making and unlawfully selling or offering to sell to customers software products or services, including without limitation CourseMill, that constitute a material part of the invention and are not a staple article or commodity of commerce suitable for substantial noninfringing use. Further, after being served with the Complaint in this action, Trivantis has induced infringement, and continues to induce infringement, of one or more of the claims of the '556 patent by making and unlawfully selling or offering to sell to customers software products or services, including without limitation CourseMill, with specific intent that these software products or services be used by Trivantis customers to infringe the '556 patent.

87.     Defendant Ultimate Software, in making, using, selling, offering for sale, importing into the United States and/or exporting from the United States its UltiPro and reasonably similar products or services, has directly infringed and continues to infringe one or more claims of the '556 patent under 35 U.S.C. § 271. After being served with the Complaint in this action, Ultimate Software has knowingly contributed to the infringement, and continues to contribute to the infringement, of one or more of the claims of the '556 patent by making and unlawfully selling or offering to sell to customers software products or services, including without limitation UltiPro, that constitute a material part of the invention and are not a staple article or commodity of commerce suitable for substantial noninfringing use. Further, after being served with the Complaint in this action, Ultimate Software has induced infringement, and continues to induce infringement, of one or more of the claims of the '556 patent by making and unlawfully selling or offering to sell to customers software products or services, including without limitation UltiPro, with specific intent that these software products or services be used by Ultimate Software customers to infringe the '556 patent.

88.     IpLearn has been, and continues to be, damaged by WBT, Beeline, Cengage, Connections Education, Element K, Halogen, Kenexa, Lawson, Meta4, Mzinga, Operitel, Oracle, Trivantis, and Ultimate Software's infringement of the '556 patent.

## COUNT VII

### (Infringement of U.S. Patent No. RE38,432 by Element K, Mzinga, and Oracle)

89.     IpLearn realleges and incorporates by reference paragraphs 1-22 of this Complaint as if fully set forth herein.

90.    On February 24, 2004, U.S. Patent No. RE38,432 ("the '432 patent"), entitled "Computer-Aided Group-Learning Methods and Systems," reissued to Chi Fai Ho and Peter P. Tong, and is valid and enforceable.   A true and correct copy of the '432 patent is attached hereto as Exhibit 7.

91.    IpLearn is the assignee and sole holder of all right, title, and interest in the '432 patent, including all rights to enforce the '432 patent and collect past and future damages for infringement.

92.    Defendant Element K, in making, using, selling, offering for sale, importing into the United States and/or exporting from the United States its Learning Management System KnowledgeHub and reasonably similar products or services, has directly infringed and continues to infringe one or more claims of the '432 patent under 35 U.S.C. § 271. After being served with the Complaint in this action, Element K has knowingly contributed to the infringement, and continues to contribute to the infringement, of one or more of the claims of the '432 patent by making and unlawfully selling or offering to sell to customers software products or services, including without limitation Learning Management System KnowledgeHub, that constitute a material part of the invention and are not a staple article or commodity of commerce suitable for substantial noninfringing use. Further, after being served with the Complaint in this action, Element K has induced infringement, and continues to induce infringement, of one or more of the claims of the '432 patent by making and unlawfully selling or offering to sell to customers software products or services, including without limitation Learning Management System KnowledgeHub, with specific intent that these software products or services be used by Element K customers to infringe the '432 patent.

93.     Defendant Mzinga, in making, using, selling, offering for sale, importing into the United States and/or exporting from the United States its OmniSocial and reasonably similar products or services, has directly infringed and continues to infringe one or more claims of the '432 patent under 35 U.S.C. § 271. After being served with the Complaint in this action, Mzinga has knowingly contributed to the infringement, and continues to contribute to the infringement, of one or more of the claims of the '432 patent by making and unlawfully selling or offering to sell to customers software products or services, including without limitation OmniSocial, that constitute a material part of the invention and are not a staple article or commodity of commerce suitable for substantial noninfringing use. Further, after being served with the Complaint in this action, Mzinga has induced infringement, and continues to induce infringement, of one or more of the claims of the '432 patent by making and unlawfully selling or offering to sell to customers software products or services, including without limitation OmniSocial, with specific intent that these software products or services be used by Mzinga customers to infringe the '432 patent.

94.     Defendant Oracle, in making, using, selling, offering for sale, importing into the United States and/or exporting from the United States its Beehive, iLearning, Live Virtual Class, and reasonably similar products or services, has directly infringed and continues to infringe one or more claims of the '432 patent under 35 U.S.C. § 271. After being served with the Complaint in this action, Oracle has knowingly contributed to the infringement, and continues to contribute to the infringement, of one or more of the claims of the '432 patent by making and unlawfully selling or offering to sell to customers software products or services, including without limitation Beehive, iLearning, and Live Virtual Class, that constitute a material part of the invention and are not a staple article or commodity of commerce suitable for substantial noninfringing use.

Further, after being served with the Complaint in this action, Oracle has induced infringement, and continues to induce infringement, of one or more of the claims of the '432 patent by making and unlawfully selling or offering to sell to customers software products or services, including without limitation Beehive, iLearning, and Live Virtual Class, with specific intent that these software products or services be used by Oracle customers to infringe the '432 patent.

95.     IpLearn has been, and continues to be, damaged by Element K, Mzinga, and Oracle's infringement of the '432 patent.

## COUNT VIII

### (Infringement of U.S. Patent No. RE39,942 by Oracle)

96.     IpLearn realleges and incorporates by reference paragraphs 1-22 of this Complaint as if fully set forth herein.

97.     On December 18, 2007, U.S. Patent No. RE39,942 ("the '942 patent"), entitled "Computer-Aided Group-Learning Methods and Systems," reissued to Chi Fai Ho and Peter P. Tong, and is valid and enforceable. A true and correct copy of the '942 patent is attached hereto as Exhibit 8.

98.     IpLearn is the assignee and sole holder of all right, title, and interest in the '942 patent, including all rights to enforce the '942 patent and collect past and future damages for infringement.

99.     Defendant Oracle, in making, using, selling, offering for sale, importing into the United States and/or exporting from the United States its Beehive, iLearning, Live Virtual Class, and reasonably similar products or services, has directly infringed and continues to infringe one or more claims of the '942 patent under 35 U.S.C. § 271. After being served with the Complaint

in this action, Oracle has knowingly contributed to the infringement, and continues to contribute to the infringement, of one or more of the claims of the '942 patent by making and unlawfully selling or offering to sell to customers software products or services, including without limitation Beehive, iLearning, and Live Virtual Class, that constitute a material part of the invention and are not a staple article or commodity of commerce suitable for substantial noninfringing use. Further, after being served with the Complaint in this action, Oracle has induced infringement, and continues to induce infringement, of one or more of the claims of the '942 patent by making and unlawfully selling or offering to sell to customers software products or services, including without limitation Beehive, iLearning, and Live Virtual Class, with specific intent that these software products or services be used by Oracle customers to infringe the '942 patent.

100.    IpLearn has been, and continues to be, damaged by Oracle's infringement of the '942 patent.

## COUNT IX

### (Infringement of U.S. Patent No. 6,126,448 by Beeline, Halogen, Kenexa, Meta4, Mzinga, Oracle, Lumesse, Technomedia, and Ultimate Software)

101.    IpLearn realleges and incorporates by reference paragraphs 1-22 of this Complaint as if fully set forth herein.

102.    On October 3, 2000, U.S. Patent No. 6,126,448 ("the '448 patent"), entitled "Computer-Aided Learning Methods and Apparatus for a Job," issued to Chi Fai Ho and Peter P. Tong, and is valid and enforceable. A true and correct copy of the '448 patent is attached hereto as Exhibit 9.

103.    IpLearn is the assignee and sole holder of all right, title, and interest in the '448 patent, including all rights to enforce the '448 patent and collect past and future damages for infringement.

104.    Defendant Beeline, in making, using, selling, offering for sale, importing into the United States and/or exporting from the United States its Orchestrata Talent Management and reasonably similar products or services, has directly infringed and continues to infringe one or more claims of the '448 patent under 35 U.S.C. § 271. After being served with the Complaint in this action, Beeline has knowingly contributed to the infringement, and continues to contribute to the infringement, of one or more of the claims of the '448 patent by making and unlawfully selling or offering to sell to customers software products or services, including without limitation Orchestrata Talent Management, that constitute a material part of the invention and are not a staple article or commodity of commerce suitable for substantial noninfringing use. Further, after being served with the Complaint in this action, Beeline has induced infringement, and continues to induce infringement, of one or more of the claims of the '448 patent by making and unlawfully selling or offering to sell to customers software products or services, including without limitation Orchestrata Talent Management, with specific intent that these software products or services be used by Beeline customers to infringe the '448 patent.

105.    Defendant Halogen, in making, using, selling, offering for sale, importing into the United States and/or exporting from the United States its Halogen Talent Management Suite (TMS) and reasonably similar products or services, has directly infringed and continues to infringe one or more claims of the '448 patent under 35 U.S.C. § 271. After being served with the Complaint in this action, Halogen has knowingly contributed to the infringement, and

continues to contribute to the infringement, of one or more of the claims of the '448 patent by making and unlawfully selling or offering to sell to customers software products or services, including without limitation Halogen Talent Management Suite, that constitute a material part of the invention and are not a staple article or commodity of commerce suitable for substantial noninfringing use. Further, after being served with the Complaint in this action, Halogen has induced infringement, and continues to induce infringement, of one or more of the claims of the '448 patent by making and unlawfully selling or offering to sell to customers software products or services, including without limitation Halogen Talent Management Suite, with specific intent that these software products or services be used by Halogen customers to infringe the '448 patent.

106.    Defendant Kenexa, in making, using, selling, offering for sale, importing into the United States and/or exporting from the United States its Kenexa 2X and reasonably similar products or services, has directly infringed and continues to infringe one or more claims of the '448 patent under 35 U.S.C. § 271. After being served with the Complaint in this action, Kenexa has knowingly contributed to the infringement, and continues to contribute to the infringement, of one or more of the claims of the '448 patent by making and unlawfully selling or offering to sell to customers software products or services, including without limitation Kenexa 2X, that constitute a material part of the invention and are not a staple article or commodity of commerce suitable for substantial noninfringing use. Further, after being served with the Complaint in this action, Kenexa has induced infringement, and continues to induce infringement, of one or more of the claims of the '448 patent by making and unlawfully selling or offering to sell to customers

software products or services, including without limitation Kenexa 2X, with specific intent that these software products or services be used by Kenexa customers to infringe the '448 patent.

107.   Defendant Meta4, in making, using, selling, offering for sale, importing into the United States and/or exporting from the United States its PeopleNet and reasonably similar products or services, has directly infringed and continues to infringe one or more claims of the '448 patent under 35 U.S.C. § 271. After being served with the Complaint in this action, Meta4 has knowingly contributed to the infringement, and continues to contribute to the infringement, of one or more of the claims of the '448 patent by making and unlawfully selling or offering to sell to customers software products or services, including without limitation PeopleNet, that constitute a material part of the invention and are not a staple article or commodity of commerce suitable for substantial noninfringing use. Further, after being served with the Complaint in this action, Meta4 has induced infringement, and continues to induce infringement, of one or more of the claims of the '448 patent by making and unlawfully selling or offering to sell to customers software products or services, including without limitation PeopleNet, with specific intent that these software products or services be used by Meta4 customers to infringe the '448 patent.

108.   Defendant Mzinga, in making, using, selling, offering for sale, importing into the United States and/or exporting from the United States its OmniSocial and reasonably similar products or services, has directly infringed and continues to infringe one or more claims of the '448 patent under 35 U.S.C. § 271. After being served with the Complaint in this action, Mzinga has knowingly contributed to the infringement, and continues to contribute to the infringement, of one or more of the claims of the '448 patent by making and unlawfully selling or offering to sell to customers software products or services, including without limitation OmniSocial, that

constitute a material part of the invention and are not a staple article or commodity of commerce suitable for substantial noninfringing use. Further, after being served with the Complaint in this action, Mzinga has induced infringement, and continues to induce infringement, of one or more of the claims of the '448 patent by making and unlawfully selling or offering to sell to customers software products or services, including without limitation OmniSocial, with specific intent that these software products or services be used by Mzinga customers to infringe the '448 patent.

109.    Defendant Oracle, in making, using, selling, offering for sale, importing into the United States and/or exporting from the United States its Enterprise Business Suite (EBS), PeopleSoft Enterprise, and reasonably similar products or services, has directly infringed and continues to infringe one or more claims of the '448 patent under 35 U.S.C. § 271. After being served with the Complaint in this action, Oracle has knowingly contributed to the infringement, and continues to contribute to the infringement, of one or more of the claims of the '448 patent by making and unlawfully selling or offering to sell to customers software products or services, including without limitation EBS and PeopleSoft Enterprise, that constitute a material part of the invention and are not a staple article or commodity of commerce suitable for substantial noninfringing use. Further, after being served with the Complaint in this action, Oracle has induced infringement, and continues to induce infringement, of one or more of the claims of the '448 patent by making and unlawfully selling or offering to sell to customers software products or services, including without limitation EBS and PeopleSoft Enterprise, with specific intent that these software products or services be used by Oracle customers to infringe the '448 patent.

110.    Defendant Lumesse, in making, using, selling, offering for sale, importing into the United States and/or exporting from the United States its Lumesse ETWeb and reasonably

similar products or services, has directly infringed and continues to infringe one or more claims of the '448 patent under 35 U.S.C. § 271. After being served with the Complaint in this action, Lumesse has knowingly contributed to the infringement, and continues to contribute to the infringement, of one or more of the claims of the '448 patent by making and unlawfully selling or offering to sell to customers software products or services, including without limitation Lumesse ETWeb, that constitute a material part of the invention and are not a staple article or commodity of commerce suitable for substantial noninfringing use. Further, after being served with the Complaint in this action, Lumesse has induced infringement, and continues to induce infringement, of one or more of the claims of the '448 patent by making and unlawfully selling or offering to sell to customers software products or services, including without limitation Lumesse ETWeb, with specific intent that these software products or services be used by Lumesse customers to infringe the '448 patent.

111.    Defendant Technomedia, in making, using, selling, offering for sale, importing into the United States and/or exporting from the United States its TM Sigal and reasonably similar products or services, has directly infringed and continues to infringe one or more claims of the '448 patent under 35 U.S.C. § 271.

112.    Defendant Ultimate Software, in making, using, selling, offering for sale, importing into the United States and/or exporting from the United States its UltiPro and reasonably similar products or services, has directly infringed and continues to infringe one or more claims of the '448 patent under 35 U.S.C. § 271. After being served with the Complaint in this action, Ultimate Software has knowingly contributed to the infringement, and continues to contribute to the infringement, of one or more of the claims of the '448 patent by making and

unlawfully selling or offering to sell to customers software products or services, including without limitation UltiPro, that constitute a material part of the invention and are not a staple article or commodity of commerce suitable for substantial noninfringing use. Further, after being served with the Complaint in this action, Ultimate Software has induced infringement, and continues to induce infringement, of one or more of the claims of the '448 patent by making and unlawfully selling or offering to sell to customers software products or services, including without limitation UltiPro, with specific intent that these software products or services be used by Ultimate Software customers to infringe the '448 patent.

113.    IpLearn has been, and continues to be, damaged by Beeline, Halogen, Kenexa, Meta4, Mzinga, Oracle, Lumesse, Technomedia, and Ultimate Software's infringement of the '448 patent.

## PRAYER FOR RELIEF

**WHEREFORE**, IpLearn prays for judgment and relief as follows:

A.      An award of damages, including past damages under 35 U.S.C. § 287 in favor of IpLearn and against each Defendant sufficient to compensate IpLearn for each Defendant's infringement of the patents-in-suit;

B.      An accounting of damages incurred by IpLearn as a result of each Defendant's infringement during the period between the close of fact discovery and entry of a final judgment;

C.      An assessment of pre- and post-judgment interest in amounts determined by the Court;

D.      An ongoing royalty to recompense IpLearn for Defendant's future infringement;

E.      A finding by the Court that this case is exceptional under 35 U.S.C. § 285;

F.      An award to IpLearn of its reasonable expenses, including attorneys' fees and costs in this action; and

G.      Such other and further relief as the Court deems just and proper.

## DEMAND FOR JURY TRIAL

Pursuant to Federal Rule of Civil Procedure 38, Plaintiff IpLearn hereby demands a trial by jury on all issues so triable.

Dated:  October 5, 2011                    Respectfully submitted,


                                           /s/      *Arthur G. Connolly, III*
                                           Arthur G. (Chip) Connolly, III (#2667)
                                           Kristen Healey Cramer (#4512)
                                           Jeremy D. Anderson (#4515)
                                           CONNOLLY BOVE LODGE & HUTZ LLP
                                           The Nemours Building
                                           1007 North Orange Street
                                           Wilmington, DE 19801
                                           Direct Dial: 302-888-6318
                                           Desktop Fax: 302-255-4318
                                           Fax: 302-658-0380
                                           AConnollyIII@cblh.com
                                           kcramer@cblh.com
                                           janderson@cblh.com


                                           OF COUNSEL:

                                           Wayne O. Stacy
                                           wstacy@cooley.com
                                           Orion Armon
                                           oarmon@cooley.com
                                           COOLEY LLP
                                           380 Interlocken Crescent, Suite 900
                                           Broomfield, CO 80021-8023
                                           (720) 566-4000 (phone)
                                           (720) 566-4099 (fax)

                                           Tom Friel
                                           tfriel@cooley.com
                                           COOLEY LLP
                                            101 California Street, 5th Floor
                                           San Francisco, CA 94111-5800
                                           (415) 693-2000 (phone)
                                           (415) 693-2222 (fax)


                                           **Attorneys for IpLearn**

4497337