## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| IpLEARN, LLC, | : | |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | C.A. NO. 11-825-LPS |
| | : | |
| WBT SYSTEMS LTD., et al., | : | **JURY TRIAL DEMANDED** |
| | : | |
| Defendants. | : | |

## DEFENDANT TRIVANTIS CORPORATION, INC.'S ANSWER AND COUNTERCLAIM TO PLAINTIFF'S FIRST AMENDED COMPLAINT FOR PATENT INFRINGEMENT

Defendant Trivantis Corporation, Inc. ("Trivantis"), by and through its attorneys, hereby answers Plaintiff's First Amended Complaint for Patent Infringement ("First Amended Complaint") as follows:

1.  Trivantis admits that this action recites allegations of infringement under the Patent Laws of the United States conferring this Court with subject matter jurisdiction but denies that Plaintiff has any valid cause of action against Trivantis.

2.  Trivantis admits the allegations contained in paragraph 2 of the First Amended Complaint that this Court has personal jurisdiction over it; however, Trivantis is without knowledge sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 2 of the First Amended Complaint, and therefore denies same.

3.  Trivantis denies the allegations contained in paragraph 3 of the First Amended Complaint against Trivantis, and is without knowledge sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 3 of the First Amended Complaint against the other Defendants, and therefore denies same.

4. Trivantis is without knowledge sufficient to form a belief as to the truth of the allegations contained in paragraphs 4 through 20 and 22 of the First Amended Complaint, and therefore denies same.

5. Trivantis admits that it is a Delaware corporation with a principal place of business located at 311 Elm Street, Suite 200, Cincinnati, Ohio 45202; however, Trivantis denies the remaining allegations contained in paragraph 21 of the First Amended Complaint.

6. Trivantis incorporates herein in response to paragraph 23 of the First Amended Complaint each of its admissions and denials stated in this Answer in response to paragraphs 1 through 22 of the First Amended Complaint.

7. Paragraphs 24 through 45 of the First Amended Complaint are not directed to Trivantis; and, accordingly, no answer is required.

8. Trivantis incorporates herein in response to paragraph 46 of the First Amended Complaint each of its admissions and denials stated in this Answer in response to paragraphs 1 through 22 of the First Amended Complaint.

9. Trivantis admits that U.S. Patent No. 6,688,888 ("the '888 Patent"), shows on its face that it was issued to Chi Fai Ho and Peter P. Tong on February 10, 2004 and that a copy of the '888 Patent was attached to the First Amended Complaint. Trivantis denies the remaining allegations contained in paragraph 47 of the First Amended Complaint.

10. Trivantis is without knowledge sufficient to form a belief as to the truth of the allegations contained in paragraph 48 of the First Amended Complaint, and therefore denies same.

11. Paragraphs 49 through 55 of the First Amended Complaint are not directed to Trivantis; and, accordingly, no answer is required.

12. Trivantis denies the allegations contained in paragraphs 56 and 57 of the First Amended Complaint against Trivantis, and is without knowledge sufficient to form a belief as to the truth of the remaining allegations contained in paragraphs 56 and 57 of the First Amended Complaint against the other Defendants, and therefore denies same.

13. Trivantis incorporates herein in response to paragraph 58 of the First Amended Complaint each of its admissions and denials stated in this Answer in response to paragraphs 1 through 22 of the First Amended Complaint.

14. Trivantis admits that U.S. Patent No. 5,779,486 ("the '486 Patent"), shows on its face that it was issued to Chi Fai Ho and Peter P. Tong on July 14, 1998 and that a copy of the '486 Patent was attached to the First Amended Complaint. Trivantis denies the remaining allegations contained in paragraph 59 of the First Amended Complaint.

15. Trivantis is without knowledge sufficient to form a belief as to the truth of the allegations contained in paragraph 60 of the First Amended Complaint, and therefore denies same.

16. Paragraphs 61 through 67 of the First Amended Complaint are not directed to Trivantis; and, accordingly, no answer is required.

17. Trivantis denies the allegations contained in paragraphs 68 and 69 of the First Amended Complaint against Trivantis, and is without knowledge sufficient to form a belief as to the truth of the remaining allegations contained in paragraphs 68 and 69 of the First Amended Complaint against the other Defendants, and therefore denies same.

18. Trivantis incorporates herein in response to paragraph 70 of the First Amended Complaint each of its admissions and denials stated in this Answer in response to paragraphs 1 through 22 of the First Amended Complaint.

19. Trivantis admits that U.S. Patent No. 6,398,556 ("the '556 Patent"), shows on its face that it was issued to Chi Fai Ho, John P. Del Favero, Jr., and Peter P. Tong on June 4, 2002 and that a copy of the '556 Patent was attached to the First Amended Complaint. Trivantis denies the remaining allegations contained in paragraph 71 of the First Amended Complaint.

20. In response to the allegation of paragraph 72 of the First Amended Complaint, Trivantis admits that an Ex Parte Reexamination Certificate attached to the '556 Patent shows on its face that it was issued on June 12, 2007.

21. Trivantis is without knowledge sufficient to form a belief as to the truth of the allegations contained in paragraph 73 of the First Amended Complaint, and therefore denies same.

22. Paragraphs 74 through 85 and 87 of the First Amended Complaint are not directed to Trivantis; and, accordingly, no answer is required.

23. Trivantis denies the allegations contained in paragraph 86 of the First Amended Complaint against Trivantis.

24. Trivantis denies the allegations contained in paragraph 88 of the First Amended Complaint against Trivantis, and is without knowledge sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 88 of the First Amended Complaint against the other Defendants, and therefore denies same.

25. Trivantis incorporates herein in response to paragraph 89 of the First Amended Complaint each of its admissions and denials stated in this Answer in response to paragraphs 1 through 22 of the First Amended Complaint.

26. Paragraphs 90 through 113 of the First Amended Complaint are not directed to Trivantis; and, accordingly, no answer is required.

## AFFIRMATIVE DEFENSES

By and for it affirmative defenses, Trivantis alleges as follows:

### FIRST AFFIRMATIVE DEFENSE

27.     The First Amended Complaint fails to state a claim upon which relief may be granted.

### SECOND AFFIRMATIVE DEFENSE

28.     The First Amended Complaint in this action is defective in that it fails to specify what claims of the '888, '486, and '556 Patents are allegedly infringed by Trivantis.

### THIRD AFFIRMATIVE DEFENSE

29.     The parties to this action are improperly joined in violation of Rule 20 of the Federal Rules of Civil Procedure.

### FOURTH AFFIRMATIVE DEFENSE

30.     The '888, '486, and '556 Patents are an attempt to patent unpatentable mental processes and abstract ideas and are invalid under 35 U.S.C. § 101.

### FIFTH AFFIRMATIVE DEFENSE

31.     Those claims of the '888 Patent, the '486 Patent, and the '556 Patent asserted by Plaintiffs against Trivantis in this litigation are anticipated and/or made obvious by prior art and are invalid under 35 U.S.C. §§102 and 103.

### SIXTH AFFIRMATIVE DEFENSE

32.     Upon information and belief, and as will likely be supported by the evidence after a reasonable opportunity for further investigation and discovery, those claims of the '888 Patent, the '486 Patent, and the '556 Patent asserted by Plaintiff against Trivantis in this litigation are

invalid for failure to comply with the conditions and requirements for patentability specified in Title 35 U.S.C., including, but not limited to, 35 U.S.C. §§ 112, 115, and/or 116.

### SEVENTH AFFIRMATIVE DEFENSE

33. Trivantis has not infringed and is not now infringing any valid and enforceable claim of the '888 Patent, the '486 Patent, and the '556 Patent, and is not liable for infringement thereof.

### EIGHTH AFFIRMATIVE DEFENSE

34. Upon information and belief, and as will likely be supported by the evidence after a reasonable opportunity for further investigation and discovery, those claims of the '888 Patent, the '486 Patent, and the '556 Patent asserted by plaintiff against Trivantis are so limited by the prior art, by their terms, and/or by representations made to the United States Patent and Trademark Office during prosecution of the applications that resulted in the issued patents, that none of the asserted claims of the issued patents are infringed by Trivantis.

### NINTH AFFIRMATIVE DEFENSE

35. Plaintiff's claims are barred, in whole or in part, by the equitable doctrine of laches.

### TENTH AFFIRMATIVE DEFENSE

36. To the extent that IpLearn seeks recovery for any alleged infringement committed more than six years prior to the filing of the Complaint, such recovery is barred by 35 U.S.C. §286.

### ELEVENTH AFFIRMATIVE DEFENSE

37. IpLearn is precluded from recovery of its costs under 35 U.S.C. §288.

### TWELFTH AFFIRMATIVE DEFENSE

38. To the extent that IpLearn seeks recovery for any alleged infringement of claims of the '565 Patent that were altered during reexamination, under 35 U.S.C. §252, such recovery is barred for acts allegedly occurring prior to the issuance of the '556 Patent reexamination certification.

### DEMAND FOR RELIEF

WHEREFORE, Trivantis demands that:

A. Plaintiff's First Amended Complaint against Trivantis be dismissed with prejudice and that judgment be entered for Trivantis;

B. This case be adjudged and decreed exceptional under 35 U.S.C. § 285 entitling Trivantis to an award of its reasonable attorneys' fees, and that such reasonable attorneys' fees be awarded;

C. Trivantis be awarded its costs and expenses;

D. For such other and further relief as the Court deems just and proper.

### COUNTERCLAIM FOR DECLARATORY JUDGMENT

Trivantis, for its counterclaims for declaratory judgment against Plaintiff, alleges as follows:

## THE PARTIES

1.  Trivantis is a Delaware corporation with a principal place of business located at 311 Elm Street, Suite 200, Cincinnati, Ohio 45202.

2.  Plaintiff IpLearn, LLC ("IpLearn"), is a California limited liability company located at 1807 Limetree Lane, Mountain View, California 94040. Plaintiff has filed its Complaint and First Amended Complaint thereby submitting to the jurisdiction of this Court.

## JURISDICTION AND VENUE

3.  This action arises under the Patent Laws of the United States, Title 35, United States Code. Jurisdiction is invoked pursuant to 28 U.S.C. §§ 1331 and 1338(a), and the Federal Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202 for a declaratory judgment of invalidity and non-infringement of United States Letters Patent Nos. 6,688,888 ("the '888 Patent"), 5,779,486 ("the '486 Patent"), and 6,398,556 ("the '556 Patent"). Copies of the '888, '486, and '556 Patents are attached to the First Amended Complaint as Exhibits 4, 5, and 6, respectively, and are incorporated herein as if attached hereto.

4.  This action is based upon an actual and continuing controversy between the parties with respect to the purported validity and infringement of the '888, '486, and '556 Patents.

5.  Based upon Plaintiff initiating this action in the District of Delaware, and Defendant Trivantis being a Delaware corporation and a Defendant in this action, this Court has personal jurisdiction over both parties.

6.  Venue in this Court is based upon 28 U.S.C. §§ 1391 and 1400(b).

## COUNT I

7.  Based upon the Complaint and First Amended Complaint filed by Plaintiff IpLearn, in which IpLearn alleges infringement by Trivantis of the '888, '486, and '556 Patents,

there is an actual controversy pursuant to 28 U.S.C. § 2201 regarding the validity and infringement of the claims of those patents.

8. Trivantis has not and is not now infringing any valid claim of the '888, '486, or '556 Patents, and has not contributed to or induced and is not contributing to or inducing infringement of any valid and enforceable claim of the '888, '486, or '556 Patents.

9. Upon information and belief, the '888, '486, and '556 Patents are invalid and void for failure to comply with the statutory requirements of patentability specified in Title 35 U.S.C., including, but not limited to, 35 U.S.C. §§ 101, 102, 103, 112, 115, and/or 116.

## DEMAND FOR RELIEF

WHEREFORE, Trivantis demands:

A. That a declaratory judgment be entered that U.S. Patent No. 6,688,888 is invalid and void.

B. That a declaratory judgment be entered that U.S. Patent No. 5,779,486 is invalid and void.

C. That a declaratory judgment be entered that U.S. Patent No. 6,398,556 is invalid and void.

D. That a declaratory judgment be entered that Trivantis has not infringed and is not infringing any valid and enforceable claim of U.S. Patent No. 6,688,888, and has not contributed to or induced and is not contributing to or inducing infringement of any valid and enforceable claim of the '888 Patent.

E. That a declaratory judgment be entered that Trivantis has not infringed and is not infringing any valid and enforceable claim of U.S. Patent No. 5,779.486, and has not contributed

to or induced and is not contributing to or inducing infringement of any valid and enforceable claim of the '486 Patent.

F. That a declaratory judgment be entered that Trivantis has not infringed and is not infringing any valid and enforceable claim of U.S. Patent No. 6,398,556, and has not contributed to or induced and is not contributing to or inducing infringement of any valid and enforceable claim of the '556 Patent.

G. That the costs of this action be adjudged against IpLearn.

H. That this case be adjudged and decreed exceptional pursuant to 35 U.S.C. § 285, and that Trivantis be awarded its reasonable attorneys' fees.

I. That Trivantis be awarded other and further relief as the Court deems just and proper.

## DEMAND FOR JURY TRIAL

Pursuant to Federal Rules of Civil Procedure 38, Defendant Trivantis hereby demands a trial by jury on all issues so triable.

November 11, 2011

YOUNG CONAWAY STARGATT & TAYLOR LLP

*/s/ Karen L. Pascale*
_____
Karen L. Pascale (# 2903)
The Brandywine Building
1000 West St., 17th Floor
P.O. Box 391
Wilmington, Delaware 19899-0391
Telephone: (302) 571-6600
*kpascale@ycst.com*

*Attorneys for Defendant*
*Trivantis Corporation, Inc.*

OF COUNSEL:

**WOOD, HERRON & EVANS LLP**
J. Robert Chambers
Carew Tower
441 Vine St., Suite 2700
Cincinnati, OH  45202
Telephone:  (513) 241-2324
E-mail:  bchambers@whepatent.com

**STRAUSS & TROY, LPA**
R. Guy Taft
Stuart C. Brinn
The Federal Reserve Building
150 East Fourth Street, 4th Floor
Cincinnati, OH  45202-4018
Telephone:  (513) 621-2120
E-mail:  rgtaft@strausstroy.com
E-mail:  scbrinn@strausstroy.com

**CERTIFICATE OF SERVICE**

I, Karen L. Pascale, Esquire, hereby certify that on November 11, 2011, I caused to be electronically filed a true and correct copy of the foregoing document with the Clerk of the Court using CM/ECF (which will send notification that such filing is available for viewing and downloading to all registered counsel), and in addition caused true and correct copies of the foregoing document to be served upon the following counsel of record in the manner indicated::

*By E-Mail*

| | |
|---|---|
| Arthur G. Connolly, III ("Chip") [aconnollyIII@cblh.com]<br>Jeremy Douglas Anderson [janderson@cblh.com]<br>Kristen Healey Cramer [kcramer@cblh.com]<br>CONNOLLY, BOVE, LODGE & HUTZ LLP<br>The Nemours Building<br>1007 North Orange Street<br>P.O. Box 2207<br>Wilmington, DE 19899 | *Plaintiff, IpLearn, LLC* |
| Marc A. Fenster [mfenster@raklaw.com]<br>Benjamin T. Wang [bwang@raklaw.com]<br>Fredricka Ung [fung@raklaw.com]<br>RUSS AUGUST & KABAT<br>12424 Wilshire Blvd., Suite 1200<br>Los Angeles, CA 90025 | *Plaintiff, IpLearn, LLC* |
| William J. Wade [wade@rlf.com]<br>Anne Shea Gaza [gaza@rlf.com]<br>Travis S. Hunter [hunter@rlf.com]<br>RICHARDS, LAYTON & FINGER, PA<br>One Rodney Square<br>920 N. King Street<br>Wilmington, DE 19801 | *Defendant Beeline Acquisition Corp.* |
| Richard D. Kirk [rkirk@bayardlaw.com]<br>Stephen P. Brauerman [sbrauerman@bayardlaw.com]<br>THE BAYARD FIRM<br>222 Delaware Avenue, Suite 900<br>P.O. Box. 25130<br>Wilmington, DE 19899-5130 | *Defendant Cengage Learning Inc.*<br>*Defendants Lumesse AS and Lumesse, Inc.* |

| | |
|---|---|
| Daniel M. Silver [dsilver@mccarter.com]<br>MCCARTER & ENGLISH, LLP<br>Renaissance Centre<br>405 N. King Street, 8th Floor<br>Wilmington, DE 19801 | *Defendant Connections Education LLC* |
| Philip A. Rovner [provner@potteranderson.com]<br>POTTER ANDERSON & CORROON, LLP<br>1313 N. Market St., Hercules Plaza, 6th Flr.<br>P.O. Box 951<br>Wilmington, DE 19899-0951 | *Defendant Element K Corporation*<br>*Defendant The Ultimate Software Group Inc.* |
| Alisa E. Moen [moen@blankrome.com]<br>BLANK ROME LLP<br>1201 North Market Street<br>Suite 800<br>Wilmington, DE 19801-4226 | *Defendant Lawson Software Inc.* |
| Mary B. Graham [mgraham@mnat.com]<br>MORRIS, NICHOLS, ARSHT & TUNNEL LLP<br>1201 N. Market Street<br>Wilmington, DE 19801 | *Defendant Oracle Corporation* |
| John W. Shaw [jshaw@shawkeller.com]<br>SHAW KELLER LLP<br>800 Delaware Avenue, 4th Floor<br>Wilmington, DE 19801 | *Defendant NCS Pearson Inc.* |

**YOUNG CONAWAY STARGATT & TAYLOR, LLP**

*/s/ Karen L. Pascale*

November 11, 2011

Karen L. Pascale (No. 2903) *[kpascale@ycst.com]*
The Brandywine Building
1000 West St., 17th Floor
P.O. Box 391
Wilmington, Delaware 19899-0391
Telephone: 302-571-6600

*Attorneys for Defendant Trivantis Corporation, Inc.*