IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| IpLEARN, LLC,<br><br>                    Plaintiff,<br>    v.<br><br>WBT SYSTEMS, LTD., *et al.*,<br><br>                  Defendants. | **Civil Action No. 11-825-LPS**<br><br>**DEMAND FOR JURY TRIAL** |

## IpLEARN, LLC'S ANSWER TO DEFENDANT ELEMENT K CORPORATION'S

## COUNTERCLAIMS

Plaintiff and Cross-Defendant IpLearn, LLC ("IpLearn"), by and through its undersigned counsel, answers the Counterclaims of Defendant Element K Corporation ("Element K") by corresponding paragraph number as follows:

132.    IpLearn realleges and incorporates the allegations in its First Amended Complaint for Patent Infringement as if fully set forth herein.

### I. THE PARTIES

133.    Admitted.

134..    IpLearn lacks sufficient information to admit or deny the allegations in paragraph 134 on that basis denies the allegations contained in paragraph 134 of Element K's Counterclaims.

135.    Admitted that Element K purports to develop and sell or offer for sale learning and development systems.

136.    Admitted.

137.    Admitted that IpLearn is a technology development company for web and computer-based learning technologies.  IpLearn denies the remaining allegations in paragraph 137 of Element K's Counterclaims.

### II. JURISDICTION

138.    Admitted.

139.   Admitted that this Court has personal jurisdiction over IpLearn.

140.   Admitted.

141.   Admitted that this Court may declare the rights and legal relations of the parties pursuant to 28 U.S.C. §§ 2201 and 2202.  IpLearn denies the remaining allegations in paragraph 141 of Element K's Counterclaims.

### III.  BACKGROUND

142.   Paragraph 142 does not require a response by IpLearn.

143.   Paragraph 143 does not require a response by IpLearn.

144.   Paragraph 144 does not require a response by IpLearn.

145.   Paragraph 145 does not require a response by IpLearn.

146.   Paragraph 146 does not require a response by IpLearn.

### FIRST COUNTERCLAIM

### (Declaratory Judgment of Non-Infringement of the '888 Patent)

147.   IpLearn incorporates the allegations in its First Amended Complaint for Patent Infringement and its response to paragraphs 132-146 of Element K's Counterclaims as if fully set forth herein.

148.   Admitted that an actual, substantial, and justiciable controversy exists between IpLearn and Element K concerning the Asserted Patents.  Admitted that Element K purports to assert a claim for declaratory judgment of non-infringement of the '88 Patent.

149.   Admitted.

150.   Denied.

151.   Denied.

### SECOND COUNTERCLAIM

### (Declaratory Judgment of Non-Infringement of the '486 Patent)

152.   IpLearn incorporates the allegations in its First Amended Complaint for Patent Infringement and its response to paragraphs 132-151 of Element K's Counterclaims as if fully set forth herein.

153.    Admitted that an actual, substantial, and justiciable controversy exists between IpLearn and Element K concerning the Asserted Patents.  Admitted that Element K purports to assert a claim for declaratory judgment of non-infringement of the '486 Patent.

154.    Admitted.

155.    Denied.

156.    Denied.

## THIRD COUNTERCLAIM

### (Declaratory Judgment of Non-Infringement of the '556 Patent)

157.    IpLearn incorporates the allegations in its First Amended Complaint for Patent Infringement and its response to paragraphs 132-156 of Element K's Counterclaims as if fully set forth herein.

158.    Admitted that an actual, substantial, and justiciable controversy exists between IpLearn and Element K concerning the Asserted Patents.  Admitted that Element K purports to assert a claim for declaratory judgment of non-infringement of the '556 Patent.

159.    Admitted.

160.    Denied.

161.    Denied.

## FOURTH COUNTERCLAIM

### (Declaratory Judgment of Non-Infringement of the '432 Patent)

162.    IpLearn incorporates the allegations in its First Amended Complaint for Patent Infringement and its response to paragraphs 132-161 of Element K's Counterclaims as if fully set forth herein.

163.    Admitted that an actual, substantial, and justiciable controversy exists between IpLearn and Element K concerning the Asserted Patents.  Admitted that Element K purports to assert a claim for declaratory judgment of non-infringement of the '432 Patent.

164.    Admitted.

165.    Denied.

166.   Denied.

## FIFTH COUNTERCLAIM

### (Declaratory Judgment of Invalidity of the '888 Patent)

167.   IpLearn incorporates the allegations in its First Amended Complaint for Patent Infringement and its response to paragraphs 132-166 of Element K's Counterclaims as if fully set forth herein.

168.   Admitted that an actual, substantial, and justiciable controversy exists between IpLearn and Element K concerning the Asserted Patents.  Admitted that Element K purports to assert a claim for declaratory judgment of non-infringement of the '888 Patent.

169.   Admitted.

170.   Denied.

171.   Denied.

## SIXTH COUNTERCLAIM

### (Declaratory Judgment of Invalidity of the '486 Patent)

172.   IpLearn incorporates the allegations in its First Amended Complaint for Patent Infringement and its response to paragraphs 132-171 of Element K's Counterclaims as if fully set forth herein.

173.   Admitted that an actual, substantial, and justiciable controversy exists between IpLearn and Element K concerning the Asserted Patents.  Admitted that Element K purports to assert a claim for declaratory judgment of invalidity of the '486 Patent.

174.   Admitted.

175.   Denied.

176.   Denied.

## SEVENTH COUNTERCLAIM

### (Declaratory Judgment of Invalidity of the '556 Patent)

177.    IpLearn incorporates the allegations in its First Amended Complaint for Patent Infringement and its response to paragraphs 132-176 of Element K's Counterclaims as if fully set forth herein.

178.    Admitted that an actual, substantial, and justiciable controversy exists between IpLearn and Element K concerning the Asserted Patents.  Admitted that Element K purports to assert a claim for declaratory judgment of invalidity of the '556 Patent.

179.    Admitted.

180.    Denied.

181.    Denied.

## EIGHTH COUNTERCLAIM

### (Declaratory Judgment of Invalidity of the '432 Patent)

182.    IpLearn incorporates the allegations in its First Amended Complaint for Patent Infringement and its response to paragraphs 132-181 of Element K's Counterclaims as if fully set forth herein.

183.    Admitted that an actual, substantial, and justiciable controversy exists between IpLearn and Element K concerning the Asserted Patents.  Admitted that Element K purports to assert a claim for declaratory judgment of invalidity of the '432 Patent.

184.    Admitted

185.    Denied.

186.    Denied.

## NINTH COUNTERCLAIM

### (Declaratory Judgment that Certain Claims Are Barred by License)

187.    IpLearn incorporates the allegations in its First Amended Complaint for Patent Infringement and its response to paragraphs 132-186 of Element K's Counterclaims as if fully set forth herein.

188.    Admitted that IpLearn and SkillSoft PLC entered into a Settlement and License Agreement effective June 10, 2003 ("License Agreement").  IpLearn lacks sufficient information to admit or deny the remaining allegations in paragraph 188 on that basis denies all remaining allegations contained in paragraph 188 of Element K's Counterclaims.

189.    IpLearn lacks sufficient information to admit or deny the allegations in paragraph 189 on that basis denies all remaining allegations contained in paragraph 189 of Element K's Counterclaims.

190.    Denied.

191.    Denied.

## PRAYER FOR RELIEF

WHEREFORE, IpLearn prays for the following relief with regard to Element K's counterclaims:

A.    A dismissal with prejudice of Element K counterclaims;

B.    An adjudication that Element K is not entitled to any relief on its counterclaims, including, without limitation, any fine or damages; and

C.    Costs and such further relief to which IpLearn is entitled, and which the Court deems just and equitable.

## DEMAND FOR JURY TRIAL

IpLearn demands a trial by jury on all issues so triable.

November 28, 2011

CONNOLLY BOVE LODGE & HUTZ LLP

/s/ *Arthur G. Connolly, III*
Arthur G. Connolly, III (#2667)
Kristen Healey Cramer (#4512)
Jeremy D. Anderson (#4515)
The Nemours Building
1007 North Orange Street
Wilmington, DE  19801
(302) 302-888-6318 (phone)
(302) 255-4318 (fax)
aconnollyIII@cblh.com
kcramer@cblh.com
janderson@cblh.com

Of Counsel:

Marc A. Fenster
Russ, August & Kabat
12424 Wilshire Boulevard, 12th Floor
Los Angeles, CA  90025-1031
(310) 826-7474 (phone)
(310) 826-6991 (fax)
mfenster@raklaw.com

Attorneys for Plaintiff,
IpLearn, LLC