IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| IpLEARN, LLC.<br><br>Plaintiff,<br><br>vs.<br><br>AVNET, INC., BEELINE ACQUISITION CORP., CENGAGE LEARNING, INC., CONNECTIONS EDUCATION LLC, ELEMENT K. CORPORATION, HALOGEN SOFTWARE INC. KENEXA CORPORATION, LAWSON SOFTWARE INC., META4 USA INC., MZINGA, INC., OPERITEL CORPORATION, ORACLE CORPORATION, PEARSON, INC., STEPSTONE AS, TECHNOMEDIA INTERNATIONAL, INC., TRAVANTIS CORPORATION INC., THE ULTIMATE SOFTWARE GROUP, INC.<br><br>Defendants. | ) | Civil Action No. 1:11-cv-00825-LPS<br><br>**Jury Trial Demanded** |

DEFENDANT, CONNECTIONS EDUCATION LLC.'S ANSWER TO
PLAINTIFF'S FIRST AMENDED COMPLAINT FOR PATENT INFRINGEMENT

Defendant Connections Education LLC ("Connections"), by and through its attorneys of record, hereby answers the First Amended Complaint for Patent Infringement (the "Amended Complaint") filed by IpLearn, LLC ("IpLearn") as follows:

## JURISDICTION

1. Connections admits that this action purports to state a cause of action under the Patent Laws of the United States, 35 U.S.C. § 1, *et seq.* which confers subject matter jurisdiction in this Court pursuant to 28 U.S.C. §§ 1331 and 1338(a) as alleged in Paragraph 1 of the Amended Complaint. Connections denies that Plaintiff has any valid causes of action

against Connections.

2. Connections admits that this Court has personal jurisdiction over Connections, a Delaware LLC, but otherwise denies the allegations of Paragraph 2 of the Amended Complaint. As to allegations pertaining to any Defendant other than Connections, Connections lacks sufficient information or knowledge on which to form a belief as to the truth of the allegations, and therefore denies them.

**VENUE**

3. Connections admits that venue is proper in this judicial district, but otherwise denies the allegations of Paragraph 3 of the Amended Complaint. As to allegations pertaining to any Defendant other than Connections, Connections lacks sufficient information or knowledge on which to form a belief as to the truth of the allegations, and therefore denies them.

**THE PARTIES**

4. Connections lacks sufficient information or knowledge on which to form a belief as to the truth of the allegations contained in Paragraph 4 of the Amended Complaint, and therefore denies them.

5. Connections lacks sufficient information or knowledge on which to form a belief as to the truth of the allegations contained in Paragraph 5 of the Amended Complaint, and therefore denies them.

6. Connections lacks sufficient information or knowledge on which to form a belief as to the truth of the allegations contained in Paragraph 6 of the Amended Complaint, and therefore denies them.

7. Connections lacks sufficient information or knowledge on which to form a belief

as to the truth of the allegations contained in Paragraph 7 of the Amended Complaint, and therefore denies them.

8. Connections lacks sufficient information or knowledge on which to form a belief as to the truth of the allegations contained in Paragraph 8 of the Amended Complaint, and therefore denies them

9. Connections admits that it is a Delaware limited liability company with a place of business located at 1001 Fleet St., Floor 5, Baltimore, MD 21202. Connections admits that it is owned by Connections Education, Inc., which is, in turn owned by Person Education Inc. Connections further admits that it utilizes its Connexus system to offer services, including the service of providing on-line courses and education management. Connections further admits that its subsidiary, K to the 8th Power, Inc., utilizes a system known as K to the 8th Power to offer a computer literacy curriculum. Connections otherwise denies the allegations contained in Paragraph 9.

10. Connections lacks sufficient information or knowledge on which to form a belief as to the truth of the allegations contained in Paragraph 10 of the Amended Complaint, and therefore denies them.

11. Connections lacks sufficient information or knowledge on which to form a belief as to the truth of the allegations contained in Paragraph 11 of the Amended Complaint, and therefore denies them.

12. Connections lacks sufficient information or knowledge on which to form a belief as to the truth of the allegations contained in Paragraph 12 of the Amended Complaint, and therefore denies them.

13. Connections lacks sufficient information or knowledge on which to form a belief as to the truth of the allegations contained in Paragraph 13 of the Amended Complaint,

and therefore denies them.

14. Connections lacks sufficient information or knowledge on which to form a belief as to the truth of the allegations contained in Paragraph 14 of the Amended Complaint, and therefore denies them.

15. Connections lacks sufficient information or knowledge on which to form a belief as to the truth of the allegations contained in Paragraph 15 of the Amended Complaint, and therefore denies them.

16. Connections lacks sufficient information or knowledge on which to form a belief as to the truth of the allegations contained in Paragraph 16 of the Amended Complaint, and therefore denies them.

17. Connections lacks sufficient information or knowledge on which to form a belief as to the truth of the allegations contained in Paragraph 17 of the Amended Complaint, and therefore denies them.

18. Connections lacks sufficient information or knowledge on which to form a belief as to the truth of the allegations contained in Paragraph 18 of the Amended Complaint, and therefore denies them.

19. Connections lacks sufficient information or knowledge on which to form a belief as to the truth of the allegations contained in Paragraph 19 of the Amended Complaint, and therefore denies them.

20. Connections lacks sufficient information or knowledge on which to form a belief as to the truth of the allegations contained in Paragraph 20 of the Amended Complaint, and therefore denies them.

21. Connections lacks sufficient information or knowledge on which to form a

belief as to the truth of the allegations contained in Paragraph 21 of the Amended Complaint, and therefore denies them.

22. Connections lacks sufficient information or knowledge on which to form a belief as to the truth of the allegations contained in Paragraph 22 of the Amended Complaint, and therefore denies them.

**COUNT I**

(Infringement of U.S. Patent No. 6,685,478 by Oracle)

23-27. Paragraphs 23-27 of the Amended Complaint pertain to a Defendant other than Connections, and therefore no response is required. To the extent a response is required, Connections lacks sufficient information or knowledge on which to form a belief as to the truth of the allegations contained in Paragraphs 23-27 of the Amended Complaint, and therefore denies them.

**COUNT II**

(Infringement of U.S. Patent No. 6,213,780 by Beeline, Halogen, Kenexa, Meta4, Mzinga, Oracle, Lumesse, Technomedia, and Ultimate Software)

28-40. Paragraphs 28-40 of the Amended Complaint pertain to a Defendant(s) other than Connections, and therefore no response is required. To the extent a response is required, Connections lacks sufficient information or knowledge on which to form a belief as to the truth of the allegations contained in Paragraphs 28-40 of the Amended Complaint, and therefore denies them.

**COUNT III**

(Infringement of U.S. Patent No. 6,118,973 by Oracle)

41-45. Paragraphs 41-45 of the Amended Complaint pertain to a Defendant other than Connections, and therefore no response is required. To the extent a response is required,

Connections lacks sufficient information or knowledge on which to form a belief as to the truth of the allegations contained in Paragraphs 41-45 of the Amended Complaint, and therefore denies them.

**COUNT IV**

(Infringement of U.S. Patent No. 6,688,888 by WBT, Cengage, Connections Education, Element K, Operitel, Oracle, Pearson, and Trivantis)

46. Connections realleges and incorporates by reference its answers to the Amended Complaint in the preceding paragraphs of this Answer as if fully set forth herein.

47. Connections admits that U.S. Patent No. 6,688,888 ("the '888 Patent"), shows on its face that it was issued on February 10, 2004 and names as inventors, Chi Fai Ho and Peter P. Tong, and that a copy of the '888 Patent was attached to the Amended Complaint as Exhibit 4. Connections denies the remaining allegations contained in Paragraph 47 of the Amended Complaint.

48. Connections lacks sufficient information or knowledge on which to form a belief as to the truth of the allegations contained in Paragraph 48 of the Amended Complaint, and therefore denies them.

49. Paragraph 49 of the Amended Complaint pertains to a Defendant other than Connections, and therefore no response is required. To the extent a response is required, Connections lacks sufficient information or knowledge on which to form a belief as to the truth of the allegations contained in Paragraph 49 of the Amended Complaint, and therefore denies them.

50. Paragraph 50 of the Amended Complaint pertains to a Defendant other than Connections, and therefore no response is required. To the extent a response is required, Connections lacks sufficient information or knowledge on which to form a belief as to the truth

of the allegations contained in Paragraph 50 of the Amended Complaint, and therefore denies them.

51. Connections denies the allegations of Paragraph 51 of the Amended Complaint.

52. Paragraph 52 of the Amended Complaint pertains to a Defendant other than Connections, and therefore no response is required. To the extent a response is required, Connections lacks sufficient information or knowledge on which to form a belief as to the truth of the allegations contained in Paragraph 52 of the Amended Complaint, and therefore denies them.

53. Paragraph 53 of the Amended Complaint pertains to a Defendant other than Connections, and therefore no response is required. To the extent a response is required, Connections lacks sufficient information or knowledge on which to form a belief as to the truth of the allegations contained in Paragraph 53 of the Amended Complaint, and therefore denies them.

54. Paragraph 54 of the Amended Complaint pertains to a Defendant other than Connections, and therefore no response is required. To the extent a response is required, Connections lacks sufficient information or knowledge on which to form a belief as to the truth of the allegations contained in Paragraph 54 of the Amended Complaint, and therefore denies them.

55. Paragraph 55 of the Amended Complaint pertains to a Defendant other than Connections, and therefore no response is required. To the extent a response is required, Connections lacks sufficient information or knowledge on which to form a belief as to the truth of the allegations contained in Paragraph 55 of the Amended Complaint, and therefore denies

them.

56. Paragraph 56 of the Amended Complaint pertains to a Defendant other than Connections, and therefore no response is required. To the extent a response is required, Connections lacks sufficient information or knowledge on which to form a belief as to the truth of the allegations contained in Paragraph 56 of the Amended Complaint, and therefore denies them.

57. Connections denies the allegations of Paragraph 57 of the Amended Complaint to the extent the allegations relate to Connections. To the extent the allegations pertain to a Defendant other than Connections, no response is required. To the extent a response is required, Connections lacks sufficient information or knowledge on which to form a belief as to the truth of the allegations contained in Paragraph 57 of the Amended Complaint, and therefore denies them.

## COUNT V

(Infringement of U.S. Patent No. 5,779,486 by WBT, Cengage, Connections Education, Element K, Operitel, Oracle, Pearson, and Trivantis)

58. Connections realleges and incorporates by reference its answers to the Amended Complaint in the preceding paragraphs of this Answer as if fully set forth herein.

59. Connections admits that U.S. Patent No. 5,779,486 ("the '486 patent"), shows on its face that it was issued on July 14, 1998 and names as inventors, Chi Fai Ho and Peter P. Tong, and that a copy of the '486 Patent was attached to the Amended Complaint as Exhibit 5. Connections denies the remaining allegations contained in Paragraph 59 of the Amended Complaint.

60. Connections lacks sufficient information or knowledge on which to form a belief as to the truth of the allegations contained in Paragraph 60 of the Amended Complaint,

and therefore denies them.

61. Paragraph 61 of the Amended Complaint pertains to a Defendant other than Connections, and therefore no response is required. To the extent a response is required, Connections lacks sufficient information or knowledge on which to form a belief as to the truth of the allegations contained in Paragraph 61 of the Amended Complaint, and therefore denies them.

62. Paragraph 62 of the Amended Complaint pertains to a Defendant other than Connections, and therefore no response is required. To the extent a response is required, Connections lacks sufficient information or knowledge on which to form a belief as to the truth of the allegations contained in Paragraph 62 of the Amended Complaint, and therefore denies them.

63. Connections denies the allegations in Paragraph 63 of the Amended Complaint.

64. Paragraph 64 of the Amended Complaint pertains to a Defendant other than Connections, and therefore no response is required. To the extent a response is required, Connections lacks sufficient information or knowledge on which to form a belief as to the truth of the allegations contained in Paragraph 64 of the Amended Complaint, and therefore denies them.

65. Paragraph 65 of the Amended Complaint pertains to a Defendant other than Connections, and therefore no response is required. To the extent a response is required, Connections lacks sufficient information or knowledge on which to form a belief as to the truth of the allegations contained in Paragraph 65 of the Amended Complaint, and therefore denies them.

66. Paragraph 66 of the Amended Complaint pertains to a Defendant other than Connections, and therefore no response is required. To the extent a response is required, Connections lacks sufficient information or knowledge on which to form a belief as to the truth of the allegations contained in Paragraph 66 of the Amended Complaint, and therefore denies them.

67. Paragraph 67 of the Amended Complaint pertains to a Defendant other than Connections, and therefore no response is required. To the extent a response is required, Connections lacks sufficient information or knowledge on which to form a belief as to the truth of the allegations contained in Paragraph 67 of the Amended Complaint, and therefore denies them.

68. Paragraph 68 of the Amended Complaint pertains to a Defendant other than Connections, and therefore no response is required. To the extent a response is required, Connections lacks sufficient information or knowledge on which to form a belief as to the truth of the allegations contained in Paragraph 68 of the Amended Complaint, and therefore denies them.

69. Connections denies the allegations of Paragraph 69 of the Amended Complaint to the extent the allegations relate to Connections. To the extent the allegations pertain to a Defendant other than Connections, no response is required. To the extent a response is required, Connections lacks sufficient information or knowledge on which to form a belief as to the truth of the allegations contained in Paragraph 69 of the Amended Complaint, and therefore denies them.

COUNT VI

(Infringement of U.S. Patent No. 6,398,556 by WBT, Beeline, Cengage, Connections Education, Element K, Halogen, Kenexa, Lawson, Meta4, Mzinga, Operitel, Oracle, Trivantis, and Ultimate Software)

70. Connections realleges and incorporates by reference its answers to the Amended Complaint in the preceding paragraphs of this Answer as if fully set forth herein.

71. Connections admits that U.S. Patent No. 6,398,556 ("the '556 patent"), shows on its face that it was issued on June 4, 2002 and names as inventors, Chi Fai Ho, John P. Del Favero, Jr., and Peter P. Tong, and that a copy of the '556 Patent was attached to the Amended Complaint as Exhibit 6. Connections denies the remaining allegations contained in Paragraph 71 of the Amended Complaint.

72. Connections admits that Ex Parte Reexamination Certificate No. 6,398,556 shows on its face that it issued on June 12, 2007.

73. Connections lacks sufficient information or knowledge on which to form a belief as to the truth of the allegations contained in Paragraph 73 of the Amended Complaint, and therefore denies them.

74. Paragraph 74 of the Amended Complaint pertains to a Defendant other than Connections, and therefore no response is required. To the extent a response is required, Connections lacks sufficient information or knowledge on which to form a belief as to the truth of the allegations contained in Paragraph 74 of the Amended Complaint, and therefore denies them.

75. Paragraph 75 of the Amended Complaint pertains to a Defendant other than Connections, and therefore no response is required. To the extent a response is required, Connections lacks sufficient information or knowledge on which to form a belief as to the truth

of the allegations contained in Paragraph 75 of the Amended Complaint, and therefore denies them.

76. Paragraph 76 of the Amended Complaint pertains to a Defendant other than Connections, and therefore no response is required. To the extent a response is required, Connections lacks sufficient information or knowledge on which to form a belief as to the truth of the allegations contained in Paragraph 76 of the Amended Complaint, and therefore denies them.

77. Connections denies the allegations contained in Paragraph 77 of the Amended Complaint.

78. Paragraph 78 of the Amended Complaint pertains to a Defendant other than Connections, and therefore no response is required. To the extent a response is required, Connections lacks sufficient information or knowledge on which to form a belief as to the truth of the allegations contained in Paragraph 78 of the Amended Complaint, and therefore denies them.

79. Paragraph 79 of the Amended Complaint pertains to a Defendant other than Connections, and therefore no response is required. To the extent a response is required, Connections lacks sufficient information or knowledge on which to form a belief as to the truth of the allegations contained in Paragraph 79 of the Amended Complaint, and therefore denies them.

80. Paragraph 80 of the Amended Complaint pertains to a Defendant other than Connections, and therefore no response is required. To the extent a response is required, Connections lacks sufficient information or knowledge on which to form a belief as to the truth of the allegations contained in Paragraph 80 of the Amended Complaint, and therefore denies them.

81. Paragraph 81 of the Amended Complaint pertains to a Defendant other than Connections, and therefore no response is required. To the extent a response is required, Connections lacks sufficient information or knowledge on which to form a belief as to the truth of the allegations contained in Paragraph 81 of the Amended Complaint, and therefore denies them.

82. Paragraph 82 of the Amended Complaint pertains to a Defendant other than Connections, and therefore no response is required. To the extent a response is required, Connections lacks sufficient information or knowledge on which to form a belief as to the truth of the allegations contained in Paragraph 82 of the Amended Complaint, and therefore denies them.

83. Paragraph 83 of the Amended Complaint pertains to a Defendant other than Connections, and therefore no response is required. To the extent a response is required, Connections lacks sufficient information or knowledge on which to form a belief as to the truth of the allegations contained in Paragraph 83 of the Amended Complaint, and therefore denies them.

84. Paragraph 84 of the Amended Complaint pertains to a Defendant other than Connections, and therefore no response is required. To the extent a response is required, Connections lacks sufficient information or knowledge on which to form a belief as to the truth of the allegations contained in Paragraph 84 of the Amended Complaint, and therefore denies them.

85. Paragraph 85 of the Amended Complaint pertains to a Defendant other than Connections, and therefore no response is required. To the extent a response is required, Connections lacks sufficient information or knowledge on which to form a belief as to the truth

of the allegations contained in Paragraph 85 of the Amended Complaint, and therefore denies them.

86. Paragraph 86 of the Amended Complaint pertains to a Defendant other than Connections, and therefore no response is required. To the extent a response is required, Connections lacks sufficient information or knowledge on which to form a belief as to the truth of the allegations contained in Paragraph 86 of the Amended Complaint, and therefore denies them.

87. Paragraph 87 of the Amended Complaint pertains to a Defendant other than Connections, and therefore no response is required. To the extent a response is required, Connections lacks sufficient information or knowledge on which to form a belief as to the truth of the allegations contained in Paragraph 87 of the Amended Complaint, and therefore denies them.

88. Connections denies the allegations of Paragraph 88 of the Amended Complaint to the extent the allegations relate to Connections. To the extent the allegations pertain to a Defendant other than Connections, no response is required. To the extent a response is required, Connections lacks sufficient information or knowledge on which to form a belief as to the truth of the allegations contained in Paragraph 88 of the Amended Complaint, and therefore denies them.

**COUNT VII**

(Infringement of U.S. Patent No. RE38,432 by
Element K, Mzinga, and Oracle)

89-95. Paragraphs 89-95 of the Amended Complaint pertain to a Defendant other than Connections, and therefore no response is required. To the extent a response is required, Connections lacks sufficient information or knowledge on which to form a belief as to the truth

of the allegations contained in Paragraphs 89-95 of the Amended Complaint, and therefore denies them.

**COUNT VIII**

(Infringement ofU.S. Patent No. RE39,942 by Oracle)

96-100. Paragraphs 96-100 of the Amended Complaint pertain to a Defendant other than Connections, and therefore no response is required. To the extent a response is required, Connections lacks sufficient information or knowledge on which to form a belief as to the truth of the allegations contained in Paragraphs 96-100 of the Amended Complaint, and therefore denies them.

**COUNT IX**

(Infringement of U.S. Patent No. 6,126,448 by Beeline, Halogen, Kenexa, Meta4, Mzinga, Oracle, Lumesse, Technomedia, and Ultimate Software)

101-113. Paragraphs 101-113 of the Amended Complaint pertain to a Defendant(s) other than Connections, and therefore no response is required. To the extent a response is required, Connections lacks sufficient information or knowledge on which to form a belief as to the truth of the allegations contained in Paragraphs 101-113 of the Amended Complaint, and therefore denies them.

**AFFIRMATIVE DEFENSES**

For its affirmative defenses, Connections alleges as follows:

1. Plaintiff's Amended Complaint fails to state a claim upon which relief may be granted.

2. Plaintiff's Amended Complaint lacks specificity and is defective in that it fails to identify which claims of the asserted patents are allegedly infringed by Connections.

3. The parties to this action are improperly joined in violation of Rule 20 of the

Federal Rules of Civil Procedure.

4. The asserted patents claim unpatentable subject matter and are invalid under 35 U.S.C. § 101.

5. The asserted claims are anticipated and/or obvious in view of prior art and are invalid under 35 U.S.C. §§ 102 and/or 103.

6. The asserted claims are invalid for failure to comply with one or more statutory requirements for patentability as set forth in Title 35, United States Code, including but not limited to, 35 U.S.C. §§ 112, 115 and/or 116.

7. Connections has not infringed, literally or under the doctrine of equivalents, directly, by contributory infringement, by inducement, or by any other way, any valid or enforceable claim of the asserted patents.

8. Connections has not willfully infringed any valid or enforceable claim of the asserted patents.

9. Plaintiff's claims are barred in whole or in part by the Doctrine of Laches, Waiver, Estoppel and/or Unclean Hands.

10. To the extent that Plaintiff seeks recovery for any alleged infringement committed more than six years prior to the filing of the Complaint, such recovery is barred by 35 U.S.C. §286.

11. Plaintiff cannot meet the requirements for an award of enhanced damages or attorneys' fees.

Connections reserves the right to assert additional affirmative defenses as discovery and further investigation into this matter proceeds.

**COUNTERCLAIM FOR DECLARATORY JUDGMENT**

Defendant/Counterclaimant Connections Education LLC ("Connections"), in support of the following Counterclaims against Plaintiff, hereby alleges as follows:

1. Connections is a Delaware limited liability company maintaining corporate offices at 1001 Fleet St., Floor 5, Baltimore, MD 21202.

2. Upon information and belief, Plaintiff IpLearn, LLC ("IpLearn"), is a California limited liability company located at 1807 Limetree Lane, Mountain View, California 94040.

3. IpLearn claims to be the owner of all right and title to U.S. Patent Nos. 6,688,888 ("the '888 patent"), 5,779,486 ("the '486 patent") and 6,398,556 ("the '556 patent") (collectively "the Asserted Patents"). Copies of the '888, '486, and '556 Patents are attached to the First Amended Complaint as Exhibits 4, 5, and 6, respectively, and are incorporated herein as if attached hereto.

4. On September 15, 2011, IpLearn filed a Complaint, and later an Amended Complaint, in the United States District Court for the District of Delaware alleging that Connections has infringed, and continues to infringe, the Asserted Patents.

**Jurisdiction and Venue**

5. Based on the Complaint and Amended Complaint filed by IpLearn, an actual, justiciable controversy now exists between IpLearn and Connections relating to the Asserted Patents.

6. This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1338(a), and the Federal Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202 for a declaratory judgment of invalidity and non-infringement of the Asserted Patents.

7. Based upon Plaintiff initiating this action in the District of Delaware, and Defendant Connections being a Delaware limited liability company, this Court has personal

jurisdiction over both parties.

8. Venue is proper in this Court pursuant to 28 U.S.C. § 1391 and 1400(b).

**COUNTERCLAIM COUNT I**
**(Declaratory Judgment of Non-infringement of the Asserted Patents)**

9. Connections restates and realleges each and every allegation contained in the paragraphs above.

10. Connections has not and is not now infringing any valid claim of the Asserted Patents, and has not contributed to or induced and is not contributing to or inducing infringement of any valid and enforceable claim of Asserted Patents.

11. Connections is entitled to a declaratory judgment that it has not infringed, either directly, contributorily, or by inducement, any claim of the Asserted Patents, literally or under the doctrine of equivalents.

**COUNTERCLAIM COUNT II**
**(Declaratory Judgment of Invalidity and/or Unenforceability of the Asserted Patents)**

12. Connections restates and realleges each and every allegation contained in the paragraphs above.

13. Upon information and belief, the Asserted Patents are invalid and/or unenforceable for failure to comply with the statutory requirements of patentability specified in Title 35 U.S.C., including, but not limited to, 35 U.S.C. §§ 101, 102, 103, 112, 115, and/or 116.

14. Connections is entitled to a declaratory judgment that the Asserted Patents are invalid and/or unenforceable.

**PRAYER FOR RELIEF**

WHEREFORE, defendant/counterclaimant Connections prays that judgment be entered in its favor and that the Court:

(a) dismiss the Amended Complaint with prejudice;

(b) issue an Order declaring that Connections has not infringed any valid claim of the Asserted Patent;

(d) issue an Order declaring the Asserted Patents are invalid or unenforceable;

(e) issue an Order declaring the case exceptional and awarding Connections its reasonable attorney's fees incurred in this action pursuant to 35 U.S.C. § 285;

(f) award Connections its costs; and

(g) award Connections such other and further relief as the Court may deem just and proper.

Dated: November 28, 2011

Respectfully submitted,

/s/ Kara R. Fussner
Kara R. (Yancey) Fussner, Del. Bar No. 3884
Rudolph A. Telscher, *pro hac vice*
HARNESS, DICKEY & PIERCE, PLC
7700 Bonhomme, Suite 400
St. Louis, MO 63105
(314)726-7500 Telephone
(314)726-7501 Facsimile
Email: kfussner@hdp.com
Email: rtelscher@hdp.com

-and-

Daniel Silver, Del. Bar No. 4758
McCarter & English, LLP
Renaissance Centre
405 N. King Street, 8th Flr.
Wilmington, DE 19801
(302)984-6331 Telephone
(302)691-1260 Facsimile
dsilver@mccarter.com

*Attorneys for Connections Education LLC*