# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| IpLEARN, LLC,<br><br>             Plaintiff,<br>    v.<br><br>WBT SYSTEMS, LTD., *et al.*,<br><br>             Defendants. | Civil Action No. 11-825-LPS<br><br>**DEMAND FOR JURY TRIAL** |

## IpLEARN, LLC'S ANSWER TO DEFENDANT THE ULTIMATE SOFTWARE INC.'S COUNTERCLAIMS

Plaintiff and Cross-Defendant IpLearn, LLC ("IpLearn"), by and through its undersigned attorneys, answers the Counterclaim of Defendant The Ultimate Software Inc. ("Ultimate") by corresponding paragraph number as follows:

### PARTIES

1.     Admitted.

2.     Admitted that Ultimate purports to develop and sell or offer for sale human resources and payroll software.

3.     Admitted.

4.     Admitted.

### JURISDICTION AND VENUE

5.     Admitted that Ultimate purports to assert Counterclaims based upon the Patent Laws of the United States, Title 35 of the United States Code, § 1 *et seq.*, but IpLearn denies that it is entitled to any such relief.

6.     Admitted.

7.     Admitted.

8.     Admitted.

9.     Admitted.

10. Admitted that this Court has subject matter jurisdiction under the Federal Declaratory Judgments Act, 28 U.S.C. §§ 2201 and 2202 to decide the rights and legal relation between the parties and under the patent laws of the United States, Title 35, United States Code to determine infringement and invalidity. IpLearn denies all remaining allegations in paragraph 10 of Ultimate's Counterclaims.

## FIRST COUNTERCLAIM

### (Declaration of Non-Infringement of the '780 Patent)

11. IpLearn incorporates the allegations in its First Amended Complaint for Patent Infringement and its response to paragraphs 1-10 of Ultimate's Counterclaim as if fully set forth herein.

12. IpLearn admits that there is an actual case or controversy between the parties over the infringement of the '780 patent but denies that Ultimate is entitled to any declaratory relief pursuant to that case or controversy.

13. Admitted.

14. Denied.

15. Denied.

## SECOND COUNTERCLAIM

### (Declaration of Non-Infringement of the '556 Patent)

16. IpLearn incorporates the allegations in its First Amended Complaint for Patent Infringement and its responses to paragraphs 1-15 of Ultimate's Counterclaim as if fully set forth herein.

17. IpLearn admits that there is an actual case or controversy between the parties over the infringement of the '556 patent but denies that Ultimate is entitled to any declaratory relief pursuant to that case or controversy.

18. Admitted.

19. Denied.

20. Denied.

## THIRD COUNTERCLAIM

### (Declaration of Non-Infringement of the '448 Patent)

21. IpLearn incorporates the allegations in its First Amended Complaint for Patent Infringement and its response to paragraphs 1-20 of Ultimate's Counterclaim as if fully set forth herein.

22. IpLearn admits that there is an actual case or controversy between the parties over the infringement of the '448 patent but denies that Ultimate is entitled to any declaratory relief pursuant to that case or controversy.

23. Admitted.

24. Denied.

25. Denied.

## FOURTH COUNTERCLAIM

### (Declaration of Invalidity of the '780 Patent)

26. IpLearn incorporates the allegations in its First Amended Complaint for Patent Infringement and its response to paragraphs 1-25 of Ultimate's Counterclaim as if fully set forth herein.

27. IpLearn admits that there is an actual case or controversy between the parties over the validity of the '780 patent but denies that Ultimate is entitled to any declaratory relief pursuant to that case or controversy.

28. Admitted.

29. Denied.

30. Denied.

## FIFTH COUNTERCLAIM

### (Declaration of Invalidity of the '556 Patent)

31. IpLearn incorporates the allegations in its First Amended Complaint for Patent Infringement and its response to paragraphs 1-30 of Ultimate's Counterclaim as if fully set forth herein.

32. IpLearn admits that there is an actual case or controversy between the parties over the validity of the '556 patent but denies that Ultimate is entitled to any declaratory relief pursuant to that case or controversy.

33. Admitted.

34. Denied.

35. Denied.

## SIXTH COUNTERCLAIM

### (Declaration of Invalidity of the '448 Patent)

36. IpLearn incorporates its response to paragraphs 1-35 of Ultimate's Counterclaim as if fully set forth herein.

37. IpLearn admits that there is an actual case or controversy between the parties over the validity of the '448 patent but denies that Ultimate is entitled to any declaratory relief pursuant to that case or controversy.

38. Admitted.

39. Denied.

40. Denied.

## RESERVATION OF COUNTERCLAIMS

41. IpLearn denies Ultimate's asserted right to amend its pleadings to add or amend its counterclaims except to the extent permitted by the Court.

## PRAYER FOR RELIEF

WHEREFORE, IpLearn prays for the following relief with regard to Ultimate's counterclaims:

A. A dismissal with prejudice of Ultimate's counterclaims;

B. An adjudication that Ultimate is not entitled to any relief on its counterclaim, including, without limitation, any fine or damages; and

C. Costs and such further relief to which IpLearn is entitled, and which the Court deems just and equitable.

**DEMAND FOR JURY TRIAL**

IpLearn demands a trial by jury on all issues so triable.

| | |
|---|---|
| Dated:   December 5, 2011 | CONNOLLY BOVE LODGE & HUTZ LLP |
| | /s/ *Arthur G. Connolly, III*  |
| | Arthur G. Connolly, III (#2667) |
| | Kristen Healey Cramer (#4512) |
| Of Counsel: | Jeremy D. Anderson (#4515) |
| | The Nemours Building |
| Marc A. Fenster | 1007 North Orange Street |
| Russ, August & Kabat | Wilmington, DE  19801 |
| 12424 Wilshire Boulevard, 12th Floor | (302) 302-888-6318 (phone) |
| Los Angeles, CA  90025-1031 | (302) 255-4318 (fax) |
| (310) 826-7474 (phone) | aconnollyIII@cblh.com |
| (310) 826-6991 (fax) | kcramer@cblh.com |
| mfenster@raklaw.com | janderson@cblh.com |
| | *Attorneys for Plaintiff, IpLearn, LLC* |