## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| **IpLEARN, LLC,** | |
| Plaintiff, | |
| v. | **C.A. No. 11-825-LPS** |
| **WBT SYSTEMS LTD**., *et al.*, | |
| Defendants. | |

## DEFENDANT CENGAGE LEARNING, INC.'S ANSWER
## AND COUNTERCLAIM TO PLAINTIFF'S FIRST AMENDED
## <u>COMPLAINT FOR PATENT INFRINGEMENT</u>

Defendant Cengage Learning, Inc. ("Cengage"), by its attorneys, answers Plaintiff's First Amended Complaint for Patent Infringement ("First Amended Complaint") as follows:

1.     Cengage admits that this action arises under the Patent Laws of the United States and that this Court has subject matter jurisdiction but denies that Plaintiff has any valid cause of action against Cengage.

2.     Cengage admits the allegations contained in paragraph 2 of the First Amended Complaint that this Court has personal jurisdiction over it.  Cengage denies knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 2 of the First Amended Complaint.

3.     Cengage admits that it solicits and does business in this judicial district and denies any other allegation contained in paragraph 3 of the First Amended Complaint directed to Cengage.  Cengage denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 3 of the First Amended Complaint directed to the other Defendants.

4.      Cengage denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraphs 4 through 7 of the First Amended Complaint.

5.      Cengage admits that it is a Delaware corporation with a principal place of business located at 200 First Stamford Place, Suite 400, Stamford, CT 06902; Cengage denies the remaining allegations contained in paragraph 8 of the First Amended Complaint.

6.      Cengage denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraphs 9 through 22 of the First Amended Complaint.

7.      In response to paragraph 23 of the First Amended Complaint, Cengage incorporates herein each admission and denial stated above in response to paragraphs 1 through 22 of the First Amended Complaint.

8.      Cengage denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraphs 24 through 45 of the First Amended Complaint, none of which are directed to Cengage.

9.      In response to paragraph 46 of the First Amended Complaint, Cengage incorporates herein each admission and denial stated above in response to paragraphs 1 through 45 of the First Amended Complaint.

10.     Cengage admits that a copy of U.S. Patent No. 6,688,888 ("the '888 Patent"), was attached to the First Amended Complaint and that the '888 Patent indicates on its face that it was issued to Chi Fai Ho and Peter P. Tong on February 10, 2004.   Cengage denies the remaining allegations contained in paragraph 47 of the First Amended Complaint.

11.     Cengage denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraphs 48 and 49 of the First Amended Complaint.

12.     Cengage denies the allegations contained in paragraph 50 of the First Amended Complaint.

13.     Cengage denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraphs 51 through 56 of the First Amended Complaint.

14.     Cengage denies the allegations contained in paragraph 57 of the First Amended Complaint to the extent that those allegations are directed to Cengage.  Cengage denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 57 of the First Amended Complaint to the extent that those allegations concern the activities of any other defendant.

15.     In response to paragraph 58 of the First Amended Complaint, Cengage incorporates herein each admission and denial stated above in response to paragraphs 1 through 57 of the First Amended Complaint.

16.     Cengage admits that U.S. Patent No. 5,779,486 ("the '486 Patent"), indicates on its face that it was issued to Chi Fai Ho and Peter P. Tong on July 14, 1998 and that a copy of the '486 Patent was attached to the First Amended Complaint.    Cengage denies the remaining allegations contained in paragraph 59 of the First Amended Complaint.

17.     Cengage denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraphs 60 and 61 of the First Amended Complaint.

18.     Cengage denies the allegations contained in paragraph 62 of the First Amended Complaint.

19.     Cengage denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraphs 63 through 68 of the First Amended Complaint.

20.     Cengage denies the allegations contained in paragraph 69 of the First Amended Complaint to the extent that those allegations are directed to Cengage.  Cengage denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 69 of the First Amended Complaint to the extent that those allegations concern the activities of any other defendant.

21.     In response to paragraph 70 of the First Amended Complaint, Cengage incorporates herein each admission and denial stated above in response to paragraphs 1 through 69 of the First Amended Complaint.

22.     Cengage admits that U.S. Patent No. 6,398,556 ("the '556 Patent"), indicates on its face that it was issued to Chi Fai Ho and Peter P. Tong on June 4, 2002, and that a copy of the '486 Patent was attached to the First Amended Complaint.    Cengage denies the remaining allegations contained in paragraph 71 of the First Amended Complaint.

23.     Cengage admits the allegations contained in paragraph 72 of the First Amended Complaint.

24.     Cengage denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraphs 73 through 75 of the First Amended Complaint.

25.     Cengage denies the allegations contained in paragraph 76 of the First Amended Complaint.

26.    Cengage denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraphs 77 through 87 of the First Amended Complaint.

27.    Cengage denies the allegations contained in paragraph 88 of the First Amended Complaint to the extent that those allegations are directed to Cengage.  Cengage denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 88 of the First Amended Complaint to the extent that those allegations concern the activities of any other defendant.

28.    In response to paragraph 89 of the First Amended Complaint, Cengage incorporates herein each admission and denial stated above in response to paragraphs 1 through 88 of the First Amended Complaint.

29.    Cengage denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraphs 90 through 95 of the First Amended Complaint, none of which are directed to Cengage.

30.    In response to paragraph 96 of the First Amended Complaint, Cengage incorporates herein each admission and denial stated above in response to paragraphs 1 through 95 of the First Amended Complaint.

31.    Cengage denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraphs 97 through 100 of the First Amended Complaint, none of which are directed to Cengage.

32.    In response to paragraph 101 of the First Amended Complaint, Cengage incorporates herein each admission and denial stated above in response to paragraphs 1 through 100 of the First Amended Complaint.

33.     Cengage denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraphs 102 through 113 of the First Amended Complaint, none of which are directed to Cengage.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

The First Amended Complaint fails to state a claim upon which relief may be granted.

### SECOND AFFIRMATIVE DEFENSE

The parties to this action are improperly joined in violation of Rule 20 of the Federal Rules of Civil Procedure.

### THIRD AFFIRMATIVE DEFENSE

The '888, '486, and '556 Patents describe mental processes and abstract ideas that are not patentable and as such are invalid under 35 U.S.C. § 101.

### FOURTH AFFIRMATIVE DEFENSE

The '888, '486, and '556 Patents and each claim of those patents asserted against Cengage are anticipated and/or made obvious by prior art and are invalid under 35 U.S.C. §§102 and 103.

### FIFTH AFFIRMATIVE DEFENSE

The claims of the '888, '486, and '556 Patents asserted by Plaintiff against Cengage are invalid for failure to comply with Title 35 U.S.C. § 112.

### SIXTH AFFIRMATIVE DEFENSE

The claims of the '888, '486, and '556 Patents asserted by plaintiff against Cengage are so limited by the by representations made to the United States Patent and Trademark Office

during prosecution of the applications that resulted in the issued patents that none of the asserted claims of the issued patents are infringed by Cengage.

## SEVENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred by the equitable doctrine of laches.

## EIGHTH AFFIRMATIVE DEFENSE

Any recovery sought by Plaintiff for an infringement allegedly committed more than six years prior to the filing of the Complaint is barred by 35 U.S.C. §286.

## NINTH AFFIRMATIVE DEFENSE

Plaintiff is precluded from recovery of its costs under 35 U.S.C. §288.

## TENTH AFFIRMATIVE DEFENSE

To the extent that Plaintiff seeks recovery for any alleged infringement of claims of the '556 Patent that were altered during reexamination, under 35 U.S.C. §252, such recovery is barred for acts allegedly occurring prior to the issuance of the '556 Patent reexamination certification.

## DEMAND FOR RELIEF

WHEREFORE, Cengage demands that:

A.      Plaintiff's First Amended Complaint against Cengage be dismissed with prejudice and that judgment be entered for Cengage;

B.      This case be adjudged and decreed exceptional under 35 U.S.C. § 285 entitling Cengage to an award of its reasonable attorneys' fees, and that such reasonable attorneys' fees be awarded;

C.      Cengage be awarded its costs and expenses;

D.      For such other and further relief as the Court deems just and proper.

## COUNTERCLAIM FOR DECLARATORY JUDGMENT

Cengage, for its counterclaim for declaratory judgment against Plaintiff, alleges as follows:

### THE PARTIES

1.      Cengage is a Delaware corporation with a principal place of business located at 200 First Stamford Place, Stamford, Connecticut 06902.

2.      IpLearn is a California limited liability company located at 1807 Limetree Lane, Mountain View, California 94040.   IpLearn has filed its Complaint and First Amended Complaint thereby submitting to the jurisdiction of this Court.

### JURISDICTION AND VENUE

3.      This action arises under the Patent Laws of the United States, Title 35, United States Code.  This Court has jurisdiction over this claim pursuant to 28 U.S.C. §§ 1331 and 1338(a), and the Federal Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202, for a declaratory judgment of invalidity and non-infringement of United States Letters Patent Nos. 6,688,888 ("the '888 Patent"), 5,779,486 ("the '486 Patent"), and 6,398,556 ("the '556 Patent").  Copies of the '888, '486, and '556 Patents are attached to the First Amended Complaint as Exhibits 4, 5, and 6, respectively, and are incorporated herein by reference.

4.      This action is based upon an actual and continuing controversy between the parties with respect to the purported validity and infringement of the '888, '486, and '556 Patents.

5.      This Court has personal jurisdiction over both parties because IpLearn initiated this action in the District of Delaware and Cengage is a Delaware corporation.

6.      Venue in this Court is based upon 28 U.S.C. §§ 1391 and 1400(b).

## COUNT I

7.      There is an actual controversy pursuant to 28 U.S.C. § 2201 regarding the validity  and infringement of the claims of the '888, '486, and '556 Patents.

8.      Cengage has not and is not now infringing any valid claim of the '888, '486, or '556 Patents, and has not contributed to or induced and is not contributing to or inducing infringement of any valid and enforceable claim of the '888, '486, or '556 Patents.

9.      Upon information and belief, the '888, '486, and '556 Patents are invalid and void for failure to comply with the statutory requirements of patentability specified in Title 35 U.S.C., including, but not limited to, 35 U.S.C. §§ 101, 102, 103, 112, 115, and/or 116.

## DEMAND FOR RELIEF

WHEREFORE, Cengage demands:

A.      That a declaratory judgment be entered that U.S. Patent No. 6,688,888 is invalid and void.

B.      That a declaratory judgment be entered that U.S. Patent No. 5,779,486 is invalid and void.

C.      That a declaratory judgment be entered that U.S. Patent No. 6,398,556 is invalid and void.

D.      That a declaratory judgment be entered that Cengage has not infringed and is not infringing any valid and enforceable claim of U.S. Patent No. 6,688,888, and has not contributed to or induced and is not contributing to or inducing infringement of any valid and enforceable claim of the '888 Patent.

E.      That a declaratory judgment be entered that Cengage has not infringed and is not infringing any valid and enforceable claim of U.S. Patent No. 5,779,486, and has not contributed to or induced and is not contributing to or inducing infringement of any valid and enforceable claim of the '486 Patent.

F.      That a declaratory judgment be entered that Cengage has not infringed and is not infringing any valid and enforceable claim of U.S. Patent No. 6,398,556, and has not contributed to or induced and is not contributing to or inducing infringement of any valid and enforceable claim of the '556 Patent.

G.      That the costs of this action be awarded to Cengage and against IpLearn.

H.      That this case be adjudged and decreed exceptional pursuant to 35 U.S.C. § 285, and that Cengage be awarded its reasonable attorneys' fees.

I.      That Cengage be awarded other and further relief as the Court deems just and proper.

### DEMAND FOR JURY TRIAL

Pursuant to Federal Rules of Civil Procedure 38, Defendant Cengage hereby demands a trial by jury on all issues so triable.

December 13, 2011

OF COUNSEL:
Mario Aieta
230 Park Ave, Suite 1130
New York, NY 10169
(212) 404-8755
maieta@ssbb.com

BAYARD, P.A.

/s/ Stephen B. Brauerman
Richard D. Kirk (rk922)
Stephen B. Brauerman (sb4952)
222 Delaware Avenue, Suite 900
Wilmington, DE 19899
(302) 429-4232
rkirk@bayardlaw.com
sbrauerman@bayardlaw.com

*Counsel for Defendant Cengage Learning, Inc.*