IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| IPLEARN LLC, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | C.A. No. 11-825 (LPS) |
| | ) | |
| WBT SYSTEMS LTD., et al., | ) | |
| | ) | |
| Defendants. | ) | |

**OPENING BRIEF IN SUPPORT OF ORACLE'S MOTION
TO DISMISS PLAINTIFF'S FIRST AMENDED COMPLAINT OR,
IN THE ALTERNATIVE, FOR A MORE DEFINITE STATEMENT**

<div style="margin-left:40%">

MORRIS, NICHOLS, ARSHT & TUNNELL LLP
Mary B. Graham (#2256)
1201 N. Market Street
P.O. Box 1347
Wilmington, DE  19899-1347
(302) 658-9200
mgraham@mnat.com
    *Attorneys for Oracle Corporation*

</div>

OF COUNSEL:

Mark D. Selwyn
WILMER CUTLER
PICKERING HALE AND DORR LLP
950 Page Mill Road
Palo Alto, CA  94304

Andrew B. Grossman
WILMER CUTLER
PICKERING HALE AND DORR LLP
350 South Grand Avenue, Suite 2100
Los Angeles, CA  90071

Robert Sloss
Peter O'Rourke
ORACLE CORPORATION
500 Oracle Parkway
Redwood Shores, CA  94065

December 13, 2011

<u>TABLE OF CONTENTS</u>

<div align="right">Page</div>

TABLE OF AUTHORITIES ................................................................................................ ii

INTRODUCTION ..............................................................................................................1

BACKGROUND ................................................................................................................2

ARGUMENT .....................................................................................................................6

I.      TO AVOID DISMISSAL, A COMPLAINT MUST PLEAD
        FACTS THAT RAISE THE RIGHT TO RELIEF BEYOND THE
        SPECULATIVE LEVEL. .............................................................................6

II.     IPLEARN'S COMPLAINT FAILS TO ALLEGE FACTS
        SUFFICIENT TO SUPPORT ITS CLAIMS OF PATENT
        INFRINGEMENT.........................................................................................7

III.    PLAINTIFF'S INDIRECT INFRINGEMENT CLAIMS ARE
        FURTHER DEFICIENT AND SHOULD BE DISMISSED...............................11

        A.      IpLearn's Induced Infringement Allegations Are Further
                Deficient For Additional Failures To Allege A Sufficient
                Factual Basis. ...............................................................................11

        B.      IpLearn's Contributory Infringement Allegations Are
                Further Deficient For Additional Failures To Allege A
                Sufficient Factual Basis. ...............................................................13

IV.     IN THE ALTERNATIVE, IPLEARN SHOULD BE REQUIRED
        TO FILE A MORE DEFINITE STATEMENT....................................................14

CONCLUSION...................................................................................................................15

TABLE OF AUTHORITIES

Page(s)

CASES

*Ashcroft v. Iqbal*,
 129 S. Ct. 1937 (2009)..................................................................................1, 6, 7, 14

*Bay Indus., Inc. v. Tru-Arx Manuf.*, LLC,
 No. 06-1010, 2006 WL 3469599 (E.D. Wis. Nov. 29, 2006)...................................9

*Bell Atl. Corp. v. Twombly*,
 550 U.S. 544 (2007).......................................................................6, 7, 11, 12

*Broadcom Corp. v. Qualcomm Inc.*,
 543 F.3d 683 (Fed. Cir. 2008)...................................................................13

*In re Burlington Coat Factory Sec. Litig.*,
 114 F.3d 1410 (3d Cir. 1997).....................................................................6

*Conley v. Gibson*,
 355 U.S. 41 (1957)...................................................................................6

*DSU Med. Corp. v. JMS Co., Ltd.*,
 471 F.3d 1293 (Fed. Cir. 2006)..................................................................11

*EON Corp. IP Holdings LLC v. FLO TV Inc.*,
 No. 10-812-SLR, 2001 WL 2708945 (D. Del. July 12, 2011) ..........................12, 13

*Fifth Marker, Inc. v. CME Grp., Inc.*,
 No. 08-520-GMS, 2009 WL 5966836 (D. Del. May 14, 2009) ..............................7

*Gen-Probe, Inc. v. Amoco Corp., Inc.*,
 926 F. Supp. 948 (S.D. Cal. 1996)...............................................................8

*Global-Tech Appliances, Inc. v. SEB S.A.*,
 131 S. Ct. 2060 (2011).........................................................................11, 13

*Lucent Techs. v. Gateway, Inc.*,
 580 F.3d 1301 (Fed. Cir. 2009)..................................................................13

*Mallinckodt Inc. v. E-Z-EM Inc.*,
 670 F. Supp. 2d 349 (D. Del. 2009)............................................................14

*Morse v. Lower Merion Sch. Dist.*,
 132 F.3d 902 (3d Cir. 1997).......................................................................6

*Ondeo Nalco Co. v. Eka Chems., Inc.*,
    No. 01-537-SLR, 2002 WL 1458853 (D. Del. June 10, 2002)....................................8

*Phillips v. Cnty. of Allegheny*,
    515 F.3d 224 (3d Cir. 2008)......................................................................11, 12

*Santiago v. Warminster Twp.*,
    629 F.3d 121 (3d Cir. 2010)................................................................................6

*Xpoint Techs., Inc. v. Microsoft Corp.*,
    730 F. Supp. 2d 349 (D. Del. 2010)...........................................................11, 13

*In re Papst Licensing GmbH Patent Litig.*,
    No. MDL 1298, Civ. A 99-3118, 2001 WL 179926 (E.D. La. Feb. 22, 2001) .....................10

## RULES AND STATUTES

35 U.S.C. § 271 .......................................................................................8, 9, 13

Fed. R. Civ. P. 8 .........................................................................................Passim

Fed. R. Civ. P. 12 .................................................................................1, 2, 14

Pursuant to Federal Rule of Civil Procedure 12(b)(6), Defendant Oracle Corporation ("Oracle") moves to dismiss all claims asserted against Oracle by Plaintiff IpLearn, LLC ("IpLearn") in its First Amended Complaint for Patent Infringement ("Complaint") (D.I. 15).   In the alternative, Oracle requests that the Court order IpLearn to re-plead its complaint with sufficient specificity to give Oracle fair notice of the patent infringement claims asserted against it.

## INTRODUCTION

As the United States Supreme Court held in *Ashcroft v. Iqbal*, 129 S. Ct. 1937 (2009), Federal Rule of Civil Procedure 8 "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Id.* at 1949.  However, IpLearn's Complaint is just that – a bald allegation of the legal conclusion that "Oracle infringes" some unidentified claims from the more than 500 claims in the nine asserted patents.  The deficiencies in IpLearn's Complaint are magnified by the fact that, for most patents, IpLearn accuses broad product suites that include multiple software applications and services.  In some cases, the accused product suites include literally hundreds of different software applications.  The result of IpLearn's vague pleading is that Oracle is left to guess at the particular acts, products, or services that are allegedly infringing.

IpLearn also fails to adequately plead the necessary facts to support its indirect infringement allegations against Oracle.  The Complaint only provides "threadbare recitals . . . supported by mere conclusory statements" that lack support for the requisite elements of either induced or contributory infringement. *See Iqbal*, 129 S. Ct. at 1949.  Specifically, IpLearn fails to plead the requisite knowledge and intent, and fails to identify a direct infringer or an act of direct infringement.

For these reasons, as set forth more fully below, IpLearn's complaint should be dismissed pursuant to Rules 8 and 12(b)(6).  At a minimum, IpLearn should be required pursuant to Rule 12(e) to file an amended complaint alleging with the detail required by Rule 8 precisely what products or services IpLearn contends infringes.

## BACKGROUND

On September 15, 2011, IpLearn filed its Original Complaint (D.I. 1) against Oracle and 18 other unrelated defendants.  On October 5, 2011, IpLearn filed its First Amended Complaint for Patent Infringement (D.I. 15), which modified references to some defendants but otherwise remained identical to the Original Complaint.

IpLearn accuses Oracle of directly and indirectly infringing nine patents:  U.S. Patent Nos. 6,685,478 ("the '478 patent"), 6,213,780 ("the '780 patent"), 6,118,973 ("the '973 patent"), 6,688,888 ("the '888 patent"), 5,779,486 ("the '486 patent"), 6,398,556 ("the '556 patent"), RE38,432 ("the '432 patent"), RE39,942 ("the '942 patent"), and 6,126,448 ("the '448 patent") (collectively, "the asserted patents").  *See* Complaint ¶¶ 26, 36, 44, 54, 66, 85, 94, 99, 109.  The Complaint largely fails to specifically identify the accused Oracle products or the patent claims that the products allegedly infringe.  Instead, it merely points to broad Oracle software suites that include several (in some cases hundreds) software applications and services and concludes simply that Oracle infringes.  *Id.*  Nor does the Complaint identify a single third party Oracle supposedly induced to infringe or to whose infringement Oracle supposedly contributed.  Consequently, although IpLearn's Complaint pleads the legal conclusion of "infringement," it sets forth no facts sufficient to put Oracle on notice of the basis for its claims. In short, it is not possible to determine from IpLearn's Complaint what it is that IpLearn contends Oracle has done wrong and what it is that Oracle must defend.

As illustrated by Table 1 below and the attached Exhibit A, IpLearn's Complaint lacks the specificity required by Rule 8. Table 1 shows the "accused products" identified in the Complaint and the number of claims in each asserted patent the "accused products" allegedly infringe. Exhibit A shows the various categories of software, and the large number of actual software applications, that comprise the purported "accused products." Together, Table 1 and Exhibit A reveal that the Complaint accuses multiple Oracle product suites, many of which are further comprised of several categories of software applications, and dozens, if not hundreds, of actual software applications, of infringing the asserted patents, which together include over 500 claims.

**Table 1.       Asserted Patents**

| Patent | "Accused Product" | No. of Claims |
|---|---|---|
| 6,685,478<br>Inexpensive Computer-Aided Learning Methods and Apparatus for Learners | Enterprise Business Suite (EBS), iLearning, and "reasonably similar products or services" *See* Complaint ¶ 26. | 79 |
| 6,213,780<br>Computer-Aided Learning and Counseling Methods and Apparatus for a Job | PeopleSoft Enterprise and "reasonably similar products or services" *See* Complaint ¶ 36. | 47 |
| 6,118,973<br>Methods and Apparatus to Assess and Enhance a Student's Understanding in a Subject | iLearning and "reasonably similar products or services" *See* Complaint ¶ 44. | 26 |
| 6,688,888<br>Computer-Aided Learning System and Method | Enterprise Business Suite (EBS), iLearning, PeopleSoft Enterprise, and "reasonably similar products or services" *See* Complaint ¶ 54. | 35 |

| Patent | "Accused Product" | No. of Claims |
|---|---|---|
| 5,779,486<br>Methods and Apparatus to Assess and Enhance a Student's Understanding in a Subject | Enterprise Business Suite (EBS),<br>iLearning,<br>PeopleSoft Enterprise, and<br>"reasonably similar products or services"<br>*See* Complaint ¶ 66. | 55 |
| 6,398,556<br>Inexpensive Computer-Aided Learning Methods and Apparatus for Learners | Enterprise Business Suite (EBS),<br>PeopleSoft Enterprise, and<br>"reasonably similar products or services"<br>*See* Complaint ¶ 85. | 78 |
| RE38,432<br>Computer-Aided Group-Learning Methods and Systems | Beehive,<br>iLearning,<br>Live Virtual Class and<br>"reasonably similar products or services"<br>*See* Complaint ¶ 94. | 81 |
| RE39,942<br>Computer-Aided Group-Learning Methods and Systems | Beehive,<br>iLearning,<br>Live Virtual Class and<br>"reasonably similar products or services"<br>*See* Complaint ¶ 99. | 55 |
| 6,126,448<br>Computer-Aided Learning Methods and Apparatus for a Job | Enterprise Business Suite (EBS),<br>PeopleSoft Enterprise, and<br>"reasonably similar products or services"<br>*See* Complaint ¶ 109. | 47 |
| Total No. Claims | | 503 |

For example, Oracle's Enterprise Business Suite, which is accused of infringing five separate patents and "one or more" of 294 separate claims, includes nearly two hundred software applications, many of which have no apparent relevance to the asserted patents covering "web and computer-based learning technologies." Complaint, ¶¶ 4, 5; *see* Exhibit A. As detailed in the attached Exhibit A, Enterprise Business Suite includes diverse categories of software applications designed to enable a user to manage broad aspects of their business, from customer relationship management to supply chain management. *See also* http://www.oracle.com/us/products/applications/ebusiness/index.html (copy attached at

Exhibit B).  To enable this functionality, Enterprise Business Suite includes business applications for implementing procurement, telephony, financial analytics, and real estate management, among others.  *Id.*; *see* Exhibit A.  The various software applications within the product suites are separately licensed and sold to Oracle's customers.  While Oracle submits that none of these products could fairly be categorized as implementing "web and computer-based learning," it is unclear from the Complaint if these products are being accused, and if not, what Enterprise Business Suite products actually are being accused.  Thus, instead of providing fair notice of its claims as required by Rule 8, IpLearn's Complaint would require Oracle to guess and predict what might be accused.  And, further adding to the ambiguity of the Complaint is IpLearn's catch-all of "reasonably similar products or services."  Such an allegation effectively requires Oracle to determine which of its products IpLearn contends may be infringing "one or more" of the over 500 asserted claims.

IpLearn also alleges indirect infringement in its Complaint, accusing Oracle of both contributory infringement and active inducement of infringement.  For each of the nine counts of infringement, IpLearn repeats the same boilerplate recitations of the claimed elements of indirect infringement, substituting in the patent name and accused products for each count:

> After being served with the Complaint in this action, Oracle has knowingly contributed to the infringement, and continues to contribute to the infringement, of one or more of the claims of **[the patent]** by making and unlawfully selling or offering to sell to customers software products or services, including without limitation **[software suite(s)]**, that constitute a material part of the invention and are not a staple article or commodity of commerce suitable for substantial noninfringing use.  Further, after being served with the Complaint in this action, Oracle has induced infringement and continues to induce infringement, of one or more of the claims of **[the patent]** by making and unlawfully selling or offering to sell to customers software products or services, including without limitation **[software suite(s)]**, with specific

> intent that these software products or services be used by Oracle's
> customers to infringe **[the patent]**.

Complaint ¶¶ 26, 36, 44, 54, 66, 85, 94, 99, 109.

## ARGUMENT

### I.     TO AVOID DISMISSAL, A COMPLAINT MUST PLEAD FACTS THAT RAISE THE RIGHT TO RELIEF BEYOND THE SPECULATIVE LEVEL.

Rule 8 "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 129 S. Ct. at 1949.  Rather, Rule 8 requires "fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citing *Conley v. Gibson*, 355 U.S. 41, 47 (1957)).  A complaint that contains only "labels and conclusions" or "a formulaic recitation of the elements of a cause of action" is inadequate to meet this standard.  *See Twombly*, 550 U.S. at 555.  The "[f]actual allegations must be enough to raise a right to relief above the speculative level."  *Id.*  To assert a claim with "facial plausibility," a plaintiff must plead "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 129 S. Ct. at 1949.  A court is not obligated to "accept the 'bald assertions' or 'legal conclusions' contained in the complaint." *Morse v. Lower Merion Sch. Dist.*, 132 F.3d 902, 908 (3d Cir. 1997) (citing *In re Burlington Coat Factory Sec. Litig.*, 114 F.3d 1410, 1429-30 (3d Cir. 1997).

The Third Circuit has adopted a three-step approach to determine whether a complaint states a plausible claim for relief.  *See Santiago v. Warminster Twp.*, 629 F.3d 121, 130 n.7 (3d Cir. 2010) ("[W]e view *Iqbal* as outlining three steps.").  The Court should: (1) "tak[e] note of the elements a plaintiff must plead to state a claim"; (2) "identify allegations that 'because they are no more than conclusions, are not entitled to the assumption of truth"; and (3) "where there are well-pleaded factual allegations, . . . assume their veracity and then determine whether they plausibly give rise to an entitlement for relief."  *Id.* at 130 (internal

citations omitted).  Where, as here, "the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct," the claim must be dismissed.  *Iqbal*, 129 S. Ct. at 1950.

None of the claims in IpLearn's Complaint complies with the requirements of Rule 8(a)(2) under the Third Circuit's test.  As pleaded, the claims do not narrow the universe of accused products in a manner that puts Oracle on notice of the accusations against it, nor do they raise a plausible claim for relief.  Instead, the Complaint states that IpLearn has patents, and that one or more broadly-defined Oracle product suites has supposedly infringed its patents, without sufficient factual content to support that legal conclusion.  Complaint, ¶¶ 26, 36, 44, 54, 66, 85, 94, 99, 109.  Rather than include factual content specifically identifying the accused products giving rise to IpLearn's claim for relief, the Complaint provides only a vague pointer to several diverse software suites offered by Oracle, each of which includes many applications that do not appear to have any relevance to the asserted patents and are unrelated to "web and computer-based learning technologies."  *See* Exhibit A.  IpLearn compounds the factual deficiencies in its Complaint by stating that "reasonably similar products or services" also infringe the asserted patents.  Such vague allegations, devoid of even a sprinkling of factual content, cannot raise a right to relief above the speculative level.

## II.    IPLEARN'S COMPLAINT FAILS TO ALLEGE FACTS SUFFICIENT TO SUPPORT ITS CLAIMS OF PATENT INFRINGEMENT.

As with any complaint, a complaint for patent infringement must provide a statement of each claim sufficient "to give the defendant fair notice of what the . . . claim is and the grounds upon which it rests."  *Fifth Marker, Inc. v. CME Grp., Inc.*, No. 08-520-GMS, 2009 WL 5966836, at *1 (D. Del. May 14, 2009) (quoting *Twombly*, 550 U.S. at 555, and dismissing plaintiff's complaint because "it fail[ed] to provide the CME defendants with fair notice regarding how they infringe the patents-in-suit").  Identification of an accused product that is

simply too large and vague to be meaningful is a defect that cannot be cured by a further allegation identifying a specific product by name as an example. *See Ondeo Nalco Co. v. EKA Chems., Inc.*, No. 01-537-SLR, 2002 WL 1458853, at *1 (D. Del. June 10, 2002).

For example, in *Ondeo Nalco Co. v. EKA Chemicals, Inc.*, the district court dismissed a patent counterclaim under Rule 8(a) because it "insufficiently identif[ied] which products [we]re accused of infringement." *Id.* Specifically, EKA Chemicals' counterclaims alleged that "'Nalco's products, including the *8692 product*'" infringed its patent, and that "Nalco makes and sells products, *including the product numbered 8692*, . . . that are used in [infringing] papermaking processes . . ." *Id.* (emphasis added). Despite EKA Chemicals having identified at least one accused product (the 8692 product), the court found this pleading "too vague to provide plaintiff with fair notice of which products [we]re accused of infringing defendant's patents." *Id.* at *1 & n.2; *see also Gen-Probe, Inc. v. Amoco Corp., Inc.*, 926 F. Supp. 948, 962 (S.D. Cal. 1996) (dismissing infringement claims where the complaint pointed "vaguely to 'products and/or kits'" of the defendants, but was otherwise "devoid of any reference to infringing products").

IpLearn's complaint provides even less notice than the counterclaim rejected in *Ondeo*. For each of the nine patents, the Complaint makes only a conclusory allegation that fails to provide Oracle with fair notice of IpLearn's claims and the grounds upon which they rest:

> Defendant Oracle, in making, using, selling, offering for sale, importing into the United States and/or exporting from the United States its [accused product suites], and reasonably similar products or services, has directly infringed and continues to infringe one or more claims of [the patent] under 35 U.S.C. § 271.

Complaint ¶¶ 26, 36, 44, 54, 66, 85, 94, 99, 109.

Indeed, because the accused products are insufficiently identified in the Complaint, IpLearn fails to meet the standard required by Rule 8 for several reasons.

*__First,__* unlike EKA Chemicals' counterclaim, which was dismissed even though it specifically identified by model number the single accused product and only involved three patents with 59 total claims, IpLearn's Complaint leaves Oracle to guess which aspects of multiple large product suites allegedly infringe over 500 claims in nine patents.  Because the Complaint does not specifically identify the accused products and nowhere states how Oracle infringed the asserted patents, it does not provide Oracle sufficient knowledge of the facts alleged to enable it to answer the complaint and defend itself.  Oracle "should not have to guess which of its products infringe [some or all of over 500 claims in the nine asserted patents], nor guess how its products might fall within plaintiff's interpretation of those claims."  *Bay Indus., Inc. v. Tru-Arx Manuf.*, LLC, No. 06-1010, 2006 WL 3469599, at *2 (E.D. Wis. Nov. 29, 2006) (granting defendant's motion for a more definite statement).

*__Second,__* IpLearn's Complaint fails even to meet the modest requirements of Form 18.  In this case, the Complaint accuses Oracle of infringing "one or more claims," out of hundreds, but fails to provide Oracle notice of specifically which products or claims, within several large product suites, it is accused of infringing.  Form 18 requires that IpLearn (1) properly allege jurisdiction; (2) state the patents-in-suit by number; (3) identify the alleged infringement and provide identifying information for a specific product accused of infringement; (4) give Oracle notice of its infringement by stating the sections of 35 U.S.C. § 271 under which the lawsuit is being brought; and (5) make a demand for relief.  Again, at a minimum, IpLearn's Complaint leaves Oracle to guess at the identity of the specific product accused of infringement. In fact, IpLearn's Complaint fails to even identify a category of products allegedly infringing

- 9 -

because several of the "accused products" include multiple categories of software applications. For example, as shown in Exhibit A, Enterprise Business Suite and PeopleSoft Enterprise include several categories of products ranging from supply chain management to financial analytics, among others. *In re Papst Licensing GmbH Patent Litig.*, No. MDL 1298, Civ. A 99-3118, 2001 WL 179926, at *1 (E.D. La. Feb. 22, 2001) (finding that defendant's request for greater specificity in the complaint was justified where there were 20 patents with a total of 503 claims along with several hundred products at issue which was "far greater than those contemplated in the sample complaint [Form 18]").

*Third,* there is no legitimate reason that IpLearn could not have identified *by name* in its Complaint all accused products.  Oracle's product offerings are identified on its public website, and detailed data sheets, brochures, white papers, and other technical information for each product are also available there.  *See*, *e.g.*, http://www.oracle.com/products/index.html. IpLearn should not be permitted to litigate by surprise through hiding the identity of the accused products.  IpLearn's threadbare recitals interfere with Oracle's ability to conduct a full investigation to formulate an answer, and, thereafter, with the efficient progress of discovery.

*Fourth,* the threadbare recitals in the Complaint hinder Oracle's ability to meet its discovery obligations, particularly under the newly promulgated Delaware default standard for discovery.  Because IpLearn has accused broad software suites that include functionality unrelated to the asserted patent, the Complaint does not frame a proper boundary for discovery. Under the new default standards for discovery, within 30 days after the Rule 16 conference, Oracle would be obligated to identify the "10 custodians most likely to have discoverable information in their possession, custody or control, from the most likely to the least likely." *See* Default Standard for Discovery, Including Discovery of Electronically Stored Information

("ESI") at 3.  Additionally, within 60 days of the Rule 16 conference, Oracle could be required to produce "core technical documents related to the accused products(s), including but not limited to operation manuals, product literature, schematics, and specifications."  *Id.* at 4.  By not knowing specifically which software applications IpLearn is accusing of infringing which patents, Oracle faces an unnecessarily onerous burden in fulfilling its obligation to identify individuals who may have relevant information, or even make fully informed judgments about the identification, preservation and production of relevant documents and other data.

## III.  PLAINTIFF'S INDIRECT INFRINGEMENT CLAIMS ARE FURTHER DEFICIENT AND SHOULD BE DISMISSED.

While a plaintiff alleging indirect patent infringement need not plead detailed factual support for each and every nuanced element of the claim, it must plead "enough facts to state a claim to relief that is plausible on its face."  *Twombly*, 550 U.S. at 570.  To satisfy *Twombly's* "plausibility" requirement, a complaint must contain "enough factual matter (taken as true)" to establish the necessary elements of a cause of action.  *Phillips v. Cnty. of Allegheny*, 515 F.3d 224, 234 (3d Cir. 2008). This standard applies to claims of patent infringement, including claims of indirect infringement. *See Xpoint Techs., Inc. v. Microsoft Corp.*, 730 F. Supp. 2d 349, 356-357 (D. Del. 2010).

### A.  IpLearn's Induced Infringement Allegations Are Further Deficient For Additional Failures To Allege A Sufficient Factual Basis.

To properly allege inducement of infringement, a plaintiff must plead facts sufficient to show that there has been direct infringement by someone other than Oracle, *DSU Med. Corp. v. JMS Co., Ltd.*, 471 F.3d 1293, 1303 (Fed. Cir. 2006), and that Oracle knowingly and with specific intent induced acts which it knew constituted patent infringement.  *Global-Tech Appliances, Inc. v. SEB S.A.*, 131 S. Ct. 2060, 2068 (2011) (holding that "induced

infringement under § 271(b) requires knowledge that the induced acts constitute patent infringement"); *EON Corp. IP Holdings LLC v. FLO TV Inc.*, No. 10-812-SLR, 2001 WL 2708945, at *3 (D. Del. July 12, 2011) ("a complaint stating a claim for inducement must allege the requisite knowledge and intent.").

IpLearn's Complaint fails to plead any facts to support its inducement allegations. At best, it contains "a formulaic recitation of the elements of [this] cause of action," which is insufficient under *Twombly*. For each of the asserted patents, the Complaint alleges that Oracle has induced infringement as follows:

> Further, after being served with the Complaint in this action, Oracle has induced infringement and continues to induce infringement, of one or more of the claims of [the patent] by making and unlawfully selling or offering to sell to customers software products or services, including without limitation [accused product suite(s)], with specific intent that these software products or services be used by Oracle's customers to infringe [the patent].

Complaint ¶¶ 26, 36, 44, 54, 66, 85, 94, 99, 109.

IpLearn's Complaint fails to identify a direct infringer whom Oracle allegedly has induced to infringe and to plead any facts indicating what Oracle has done to induce others to infringe. Indeed, based on IpLearn's allegation that Oracle's inducement began only "after being served with the Complaint," it is simply not plausible that IpLearn has, or even could, plead "enough factual matter" to establish the necessary elements of a cause of action. *Phillips*, 515 F.3d at 234.

IpLearn also fails to plead any *facts* demonstrating that Oracle induced infringement with knowledge of any of the asserted patents, much less specifically intended to encourage acts that constitute infringement. Moreover, it is again not plausible that IpLearn's pleading could meet the requirements of Rule 8 insofar as it contends that Oracle specifically

intended to encourage infringement *after* the Complaint was filed.  Failure to so plead is a basis for dismissal.  *See*, *e.g.*, *Xpoint Techs.*, 730 F. Supp. 2d at 356 ("[A] complaint stating a claim for inducement must allege the requisite knowledge and intent") (citing *Broadcom Corp. v. Qualcomm Inc.*, 543 F.3d 683, 697-98 (Fed. Cir. 2008)).

**B.    IpLearn's Contributory Infringement Allegations Are Further Deficient For Additional Failures To Allege A Sufficient Factual Basis.**

To show contributory infringement under 35 U.S.C. § 271(c), IpLearn must plead that Oracle offered to sell, sold, or imported a "component of a patented machine . . . or a material or apparatus for use in practicing a patented process, constituting a material part of the invention, ***knowing the same to be especially made or especially adapted for use in an infringement of such patent . . . .***"  35 U.S.C. § 271(c) (emphasis added); *Lucent Techs. v. Gateway, Inc.*, 580 F.3d 1301, 1320 (Fed. Cir. 2009).  Further, IpLearn must plead that Oracle knew "that the combination for which his component was especially designed was both patented and infringing" and knew that Oracle's component has "no substantial non-infringing uses." *Global-Tech*, 131 S. Ct. at 2067.  "[A]n allegation of contributory infringement must also plead the requesting knowledge of the patents-in-suit at the time of infringement."  *Eon*, 2011 WL 2708945, at *3; *Xpoint Techs.*, 730 F. Supp. 2d at 356 (same).

As with its induced infringement allegations, IpLearn has not plead the requisite knowledge of the patent at the time of infringement; nor does it plead any facts to show that Oracle knew that the accused products—whatever products those may be—were "especially made or especially adapted" for use in an infringement of the asserted patents.  IpLearn also fails to plead direct infringement and the identity of a third party direct infringer.  And, again, because IpLearn's allegation relates to purported activity by Oracle "[a]fter being served with the Complaint," it is difficult to understand how such allegations could ever contain "enough factual matter" to allege a

"plausible claim for relief." *Iqbal*, 129 S. Ct. at 1950.  Instead, IpLearn's Complaint merely recites the elements of a contributory infringement claim bereft of any facts:

> After being served with the Complaint in this action, Oracle has knowingly contributed to the infringement, and continues to contribute to the infringement, of one or more of the claims of [the patent] by making and unlawfully selling or offering to sell to customers software products or services, including without limitation [accused product suite], that constitute a material part of the invention and are not a staple article or commodity of commerce suitable for substantial noninfringing use.

Complaint ¶¶ 26, 36, 44, 54, 66, 85, 94, 99, 109.

While IpLearn's reference to actions by Oracle "[a]fter being served with the Complaint" may be an attempt to plead the knowledge component of contributory infringement, without additional information concerning who informed Oracle and in what manner, such allegation is insufficient.  As held in *Mallinckodt Inc. v. E-Z-EM Inc.*, 670 F. Supp. 2d 349, 354-55 (D. Del. 2009), without a ***factual*** showing "that the alleged contributory infringer knew that the combination for which his component was especially designed was both patented and infringing," IpLearn fails to state a contributory infringement claims.

## IV.   IN THE ALTERNATIVE, IPLEARN SHOULD BE REQUIRED TO FILE A MORE DEFINITE STATEMENT.

In the alternative, IpLearn should be required to file a more definite statement of its claims.   Under Rule 12(e), a party may move for a more definite statement where the complaint "is so vague or ambiguous that the party cannot reasonably prepare a response."  Here, the deficiencies of IpLearn's complaint make it impossible for Oracle to respond.

For the reasons detailed above, the Complaint is devoid of any factual support whatsoever for its legal claims.  As a consequence, Oracle is left to guess which of its range of software applications and services might be at issue, who the unnamed third-parties that are allegedly directly infringing the patents might be, and what Oracle could possibly have done to

incur the alleged vicarious liability.  Nor, for that matter, can Oracle hope to determine the full range of defenses available to it until it understands exactly what it is accused of doing.

Under these circumstances, a more definite statement from IpLearn, at the very least, is warranted.

## CONCLUSION

For the foregoing reasons, Oracle requests that the Court dismiss IpLearn's Complaint for failure to state a claim or, in the alternative, that the Court enter an Order directing IpLearn to re-plead its complaint with sufficient specificity to give Oracle fair notice of the claims against it.

MORRIS, NICHOLS, ARSHT & TUNNELL LLP

*/s/ Mary B. Graham*
Mary B. Graham (#2256)
1201 N. Market Street
P.O. Box 1347
Wilmington, DE  19899-1347
(302) 658-9200
mgraham@mnat.com
    *Attorneys for Oracle Corporation*

OF COUNSEL:

Mark D. Selwyn
WILMER CUTLER
PICKERING HALE AND DORR LLP
950 Page Mill Road
Palo Alto, CA  94304

Andrew B. Grossman
WILMER CUTLER
PICKERING HALE AND DORR LLP
350 South Grand Avenue, Suite 2100
Los Angeles, CA  90071

Robert Sloss
Peter O'Rourke
ORACLE CORPORATION
500 Oracle Parkway
Redwood Shores, CA  94065

December 13, 2011
4718808