# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| IpLEARN, LLC, a California Limited Liability Company, | ) ) ) | C.A. No. 11-825-LPS |
| Plaintiff, | ) ) ) | |
| v. | ) ) | |
| WBT SYSTEMS LTD., *et al.,* | ) ) ) | |
| Defendants. | ) | |

## DEFENDANT THE ULTIMATE SOFTWARE GROUP, INC.'S OPENING BRIEF IN SUPPORT OF MOTION TO SEVER

Philip A. Rovner (#3215)
Jonathan A. Choa (#5319)
POTTER ANDERSON & CORROON LLP
Hercules Plaza
P.O. Box 951
Wilmington, DE 19899
(302) 984-6000
provner@potteranderson.com
jchoa@potteranderson.com

OF COUNSEL:

Henry C. Bunsow
Matthew F. Greinert
DEWEY & LEBOEUF, LLP
Post Montgomery Tower
One Montgomery Street, Suite 3500
San Francisco, CA 94104
(415) 951-1100

*Attorneys for Defendant*
*The Ultimate Software Group, Inc.*

Dated:  December 16, 2011

# TABLE OF CONTENTS

**Page**

I.     Introduction ...........................................................................................................1

II.    Factual Background................................................................................................1

      A.    Parties ............................................................................................................3

      B.    Asserted Patents............................................................................................3

      C.    Allegations against Ultimate ......................................................................4

III.   Argument ...............................................................................................................5

      A.    Ultimate Should Be Dropped as a Party ....................................................6

      B.    At a Minimum, the Claims against Ultimate Should be Severed and Stayed .........9

IV.   Conclusion ...........................................................................................................11

## TABLE OF AUTHORITIES

Page(s)

**Cases**

*Androphy v. Smith & Nephew, Inc.,*
   31 F. Supp. 2d 620 (N.D. Ill. 1998) ................................................................................ 6

*Bilski v. Kappos,*
   130 S. Ct. 3218 (2010 .................................................................................................... 10

*Corry v. CFM Majestic, Inc.,*
   16 F. Supp. 2d 660 (E.D. Va. 1998) .............................................................................. 11

*EIT Holdings v. YELP!, Inc.,*
   No. C 10-05623 WHA, 2011 U.S. Dist. LEXIS 64034 (N.D. Cal. May 12, 2011) .................... 9

*Ethicon, Inc.* v. *Quigg,*
   849 F.2d 1422 (Fed. Cir. 1998) ..................................................................................... 10

*Landis v. N. Am. Co.,*
   299 U.S. 248 (1936) ....................................................................................................... 10

*MultiTech Sys., Inc. v.Net2Phone, Inc.,*
   Civil No. 00-346-ADM/RLE, 2000 U.S. Dist. LEXIS 22683 (D. Minn. June 26, 2000) .......... 6

*New Jersey Mach., Inc. v. Alford Indus., Inc.,* Civil Action No. 89-1879(JCL), 1991 U.S. Dist.
   LEXIS 20376 (D.N.J. Oct. 7, 1991), *aff'd* 983 F.2d 1087 (Fed. Cir. 1992) ............................. 7

*O2 Micro Int'l Ltd. V. Beyond Innovation Tech. Co.,*
   521 F.3d 1351 (Fed. Cir. 2008) ....................................................................................... 8

*Optimum Power Solutions LLC v. Apple, Inc.,*
   No. C 11-1509 SI, 2011 U.S. Dist. LEXIS 106436 (N.D. Cal. Sept. 20, 2011) .................... 6, 7

*Paine, Webber, Jackson & Curtis, Inc. v. Merrill Lynch,*
   564 F. Supp. 1358 (D. Del. 1983) .................................................................................. 5, 7

*Pergo, Inc. v. Alloc, Inc.,*
   262 F. Supp. 2d 122 (S.D.N.Y. 2003) .............................................................................. 6

*Philips Elecs. N. Am. Corp. v. Contec Corp.,*
   220 F.R.D. 415 (D. Del. 2004) .................................................................................. 5, 6, 7

*Rudd v. Lux Prods. Corp.,*
   Civil Action No. 09-cv-6957, 2011 U.S. Dist. LEXIS 4804 (N.D. Ill. Jan. 12, 2011) . 5, 6, 7, 10

*Teleconference Sys. v. Proctor & Gamble Pharms., Inc.*,
   676 F. Supp. 2d 321 (D. Del. 2009) ...................................................................................11

*WIAV Networks, LLC v. 3COM Corp.*,
   No. C10-03448 WHA, 2010 U.S. Dist. LEXIS 110957 (N.D. Cal. Oct. 1, 2010)............6, 9, 10

## Statutes and Rules

35 U.S. C § 101 ...............................................................................................................10

35 U.S.C. § 299 ...........................................................................................................1, 2, 6

Fed. R. Civ. P. 20................................................................................................. passim

Fed. R. Civ. P. 21.................................................................. .............................1, 5, 6, 9

## I.      INTRODUCTION

IpLearn, LLC's ("IpLearn") complaint for patent infringement is defective because it improperly joins multiple, unrelated defendants. On September 16, 2011, the Leahy-Smith American Invents Act ("AIA") became law. Knowing that the AIA included a new statute, 35 U.S.C. § 299, that expressly forbids IpLearn's multi-defendant form of action, IpLearn filed its complaint one day earlier, on September 15. In its complaint, IpLearn asserts that one or more of nine patents are allegedly infringed by one or more of 17 unrelated defendants including The Ultimate Software Group, Inc. ("Ultimate"). For the past several decades this Court, and nearly every other federal court, pursuant to Federal Rule of Civil Procedure 20, has prohibited joinder of unrelated defendants in a single patent infringement action. To join defendants in one action, Rule 20 requires a plaintiff to satisfy the "same transaction or occurrence" test. Here, IpLearn has not alleged and cannot sufficiently allege that Ultimate has any transaction or occurrence in common with any other defendant joined in this case. Because IpLearn cannot satisfy the Rule 20 test, Ultimate is misjoined and, pursuant to Rule 21, should be dropped as a party and dismissed from this case. At a minimum, IpLearn's claims against Ultimate should be severed and stayed until IpLearn's claims against a single defendant or defendant(s) proceed to a stage where at least invalidity and/or enforceability issues are resolved for the three patents asserted against Ultimate.

## II.     FACTUAL BACKGROUND

On September 15, 2011, IpLearn filed its complaint asserting infringement of nine patents against 17 unrelated defendants, including Ultimate. (D.I. 1.) The next day, the AIA became law. Newly created statute 35 U.S.C. § 299 states in relevant part:

§ 299. Joinder of parties

(a) JOINDER OF ACCUSED INFRINGERS.—With respect to any civil action arising under any Act of Congress relating to patents, other than an action or trial in which an act of infringement under section 271(e)(2) has been pled, **parties that are accused infringers may be joined in one action** as defendants or counterclaim defendants, or have their actions consolidated for trial, or counterclaim defendants **only if**—

(1) **any right to relief is** asserted against the parties jointly, severally, or in the alternative **with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences** relating to the making, using, importing into the United States, offering for sale, or selling of the same accused product or process; and

(2) questions of fact common to all defendants or counterclaim defendants will arise in the action.

(b) **ALLEGATIONS INSUFFICIENT FOR JOINDER.** For purposes of this subsection, **accused infringers may not be joined in one action as defendants** or counterclaim defendants, or have their actions consolidated for trial, **based solely on allegations that they each have infringed the patent or patents in suit.**[1]

Section 299 was intended to abrogate certain decisions from the Eastern District of Texas misapplying Rule 20(a)(2) and to ensure conformity with the practice in the majority of federal courts.[2]  Section 299 explicitly prohibits joining defendants in a patent case based solely on allegations that they infringe the same patent or patents.[3]  Three weeks after 35 U.S.C. § 299 became law; IpLearn filed a First Amended Complaint ("FAC") asserting the same nine patents against 19 defendants.[4]  (D.I. 15.)  The filing of the FAC shows that IpLearn's original complaint was just a shell designed to get something on file before Section 299 became law.

---

[1] 35 U.S.C. § 299 (emphasis added).
[2] *See* H.R. REP. NO. 112-98, pt. 1, at 54 and 55 n.61.
[3] 35 U.S.C. § 299(b).
[4] IpLearn's FAC asserts claims against essentially the same 17 defendants as in the original complaint, but identified actual parties of interest and separated out the foreign and domestic entities for two defendants.  (*Compare* D.I. 15 *with* D.I. 1.)

### A.   Parties

The present defendants other than Ultimate are WBT Systems Ltd. and WBT Systems

Inc., Beeline Acquisition Corporation, Cengage Learning Inc., Connections Education LLC,

Element K Corporation, Halogen Software Inc., Kenexa Corporation, Lawson Software Inc.

(Lawson), Mzinga Inc., Operitel Corporation, Oracle Corporation (Oracle), Pearson Inc.,

Lumesse AS and Lumesse Inc., Technomedia Training Inc., and Trivantis Corporation Inc.[5]

Many of the defendants are business competitors in the same or overlapping markets, but each

defendant offers their own diverse and unique products and services.

### B.   Asserted Patents

IpLearn's operative FAC asserts patent infringement counts for nine patents all directed

generally to web and computer-based learning:

- U.S. Patent No. 6,685,478 ('478)—"Inexpensive Computer-Aided Learning Methods and Apparatus for Learners"—with 79 claims.[6]
- U.S. Patent No. 6,213,780 ('780)—"Computer-Aided Learning and Counseling Methods and Apparatus for a Job"—with 47 claims.[7]
- U.S. Patent No. 6,118,973 ('973)—"Methods and Apparatus to Assess and Enhance a Student's Understanding in a Subject"—with 26 claims.[8]
- U.S. Patent No. 6,688,888 ('888)—"Computer-Aided Learning System and Method"—with 35 claims.[9]
- U.S. Patent No. 5,779,486 ('486)—"Methods and Apparatus to Assess and Enhance a Student's Understanding in a Subject"—with 55 claims.[10]

---

[5] IpLearn dismissed its claims against previous defendant Meta4 USA Inc. ("Meta4") by stipulation of the parties and order dated December 5, 2012. (*See* D.I. 88.) IpLearn accused only one of Meta4's products.
[6] *See* D.I. 15 at 9-10 & 15-1. Page numbers in D.I. 15 refer to original rather than Court endorsed page numbers.
[7] *See id.* at 10-16 & 15-2.
[8] *See id.* at 16-17 & 15-3.
[9] *See id.* at 17-23 & 15-4.
[10] *See id.* at 23-29 & 15-5.

- U.S. Patent No. 6,398,556 ('**556**)—"Inexpensive Computer-Aided Learning Methods and Apparatus for Learners"—with 78 claims.[11]
- U.S. Patent No. RE38,432 ('**432**)—"Computer-Aided Group-Learning Methods and Systems"—with 81 claims.[12]
- U.S. Patent No. RE39,942 ('**942**)—"Computer-Aided Group-Learning Methods and Systems"— with 55 claims.[13]
- U.S. Patent No. 6,126,448 ('**448**)—"Computer-Aided Learning Methods and Apparatus for a Job"—with 47 claims.[14]

IpLearn's FAC asserts infringement of these nine patents for a total of 503 patent claims against at least 24 of defendants' products.[15] IpLearn's remaining assertions comprise 67 combinations of asserted patents and the remaining 23 accused products. While the accused products all are likely to have a computer software component, each product is otherwise diverse, unconnected, and unique to each defendant. Moreover, IpLearn asserts all nine patents against only one defendant—Oracle. Notably, if the 503 patent claims currently asserted are considered in view of the remaining at least 23 accused products, IpLearn asserts and must prove over 33,700 instances of infringement.

### C.   Allegations against Ultimate

IpLearn asserts infringement against Ultimate for only three of the nine asserted patents: the '780, '556, and '448 patents.[16] Ultimate's sole accused product is UltiPro. Thus, only three of IpLearn's 70 separate claims in its FAC are asserted against Ultimate. Exhibit 1 attached

---

[11] *See* id. at 29-38 & 15-6.
[12] *See* id. at 38-41 & 15-7.
[13] *See* id. at 41-42 & 15-8.
[14] *See* id. at 42-48 & 15-9.
[15] *See* id. The actual number of accused products may be greater as IpLearn states after identification of each product "and reasonably similar products or services." *See, e.g.*, D.I. 15 at 9.
[16] *See* D.I. 15 at 10, 15-16, 29, 38, 42, and 47-48.

hereto shows IpLearn's at least 20 separate claims of infringement asserted against Oracle alone versus only three claims asserted against Ultimate.

IpLearn's FAC alleges no connection between Ultimate and any other defendant. Indeed, Ultimate competes with many of the other defendants in the same or overlapping marketplaces. Moreover, IpLearn's FAC alleges no connection or similarity between UltiPro and any of the other defendants' accused products. IpLearn's FAC also does not allege that any combination of defendants, let alone Ultimate and any of the other defendants, acted in concert to allegedly infringe any of the asserted patents. In fact, IpLearn's FAC does not allege any relationship at all between any of Ultimate's actions or UltiPro with any other defendants' actions or products.[17]

## III.    ARGUMENT

The starting point for a misjoinder analysis is the language of Rule 20, which states:

> Persons…may be joined in one action as defendants if:
>
> (A) any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; *and*
>
> (B) any question of law or fact common to all defendants will arise in the action.

Fed. R. Civ. P. 20(a)(2)(A) & (B) (emphasis added). To join multiple defendants, the plaintiff must satisfy **both prongs** of Rule 20.[18] Misjoinder is found if a plaintiff fails to satisfy either of the prongs.[19] Moreover, a plaintiff's interest in joinder must always be balanced against the defendants' interests in avoiding expense or prejudice, and the Court's interest in exercising

---

[17] Notably, IpLearn has filed at least three additional actions in this Court since September 15, 2011, asserting some of the same patents at issue in this case, but in each case against only a single defendant. *See* Case Nos. 11-cv-00876, 11-cv-00896, and 11-cv-01026 (D. Del.).
[18] Fed. R. Civ. P. 20(a); *see also Philips Elecs. N. Am. Corp. v. Contec Corp.*, 220 F.R.D. 415, 417 (D. Del. 2004); *Paine, Webber, Jackson & Curtis, Inc. v. Merrill Lynch*, 564 F. Supp. 1358, 1370 (D. Del. 1983).
[19] *See, e.g., Rudd v. Lux Prods. Corp.*, Civil Action No. 09-cv-6957, 2011 U.S. Dist. LEXIS 4804, at *11-12 (N.D. Ill. Jan. 12, 2011) (finding misjoinder where defendants unrelated and products different).

efficient case management, wisely using judicial resources, and minimizing trial burdens.[20]
Indeed, joinder is merely a procedural device rather than a substantive right.

If joinder is improper, Federal Rule of Civil Procedure 21 allows the Court to drop a
party or sever any claim against it.[21] Accordingly, a suitable remedy for misjoinder is to drop
and dismiss the misjoined party.[22] Whether to drop a party or sever a claim is left to the Court's
sound discretion.[23]

### A.      Ultimate Should Be Dropped as a Party

No fair application of Rule 20 supports IpLearn's form of action. Indeed, enactment of
35 U.S.C. § 299 the day after IpLearn filed this action demonstrates that IpLearn's multi-
defendant tactic was a disfavored practice at best. The Court should therefore follow the
overwhelming majority of courts — including this one — that hold defendants in a patent case
are improperly joined if their only connection is allegedly infringing one or more of the same
patents.[24] This is and has been the rule for decades in all federal courts but for in the Eastern
District of Texas, and § 299 was enacted to ensure all federal courts complied with Rule 20.

---

[20] *See Philips*, 220 F.R.D. at 418.
[21] *See* Fed. R. Civ. P. 21; *see Philips*, 220 F.R.D. at 417.
[22] *See Optimum Power Solutions LLC v. Apple, Inc.*, No. C 11-1509 SI, 2011 U.S. Dist. LEXIS 106436, at *11 (N.D. Cal. Sept. 20, 2011) ("the Court concludes that defendants are misjoined, and GRANTS defendants' motion to dismiss plaintiff's claims against all but one defendant.")
[23] *Philips*, 220 F.R.D. at 417 (citation omitted).
[24] *See Rudd*, 2011 U.S. Dist. LEXIS 4804 at *8-11 (collecting cases); *see also WIAV Networks, LLC v. 3COM Corp.*, No. C 10-03448 WHA, 2010 U.S. Dist. LEXIS 110957, at *19 (N.D. Cal. Oct. 1, 2010) ("joinder is often improper where multiple competing businesses have allegedly infringed the same patent by selling different products") (citations and internal punctuation omitted); *Philips*, 220 F.R.D. at 417 ("Allegations of infringement against two unrelated parties based on different acts do not arise from the same transaction."); *Pergo, Inc. v. Alloc, Inc.*, 262 F. Supp. 2d 122, 128 (S.D.N.Y. 2003) ("[T]he fact that two parties may manufacture or sell similar products, and that these sales may have infringed the identical patent owned by plaintiffs is not sufficient to join unrelated parties as defendants in the same lawsuit pursuant to Rule 20(a)."); *MultiTech Sys., Inc. v. Net2Phone, Inc.*, Civil No. 00-346-ADM/RLE, 2000 U.S. Dist. LEXIS 22683, at *21-25 (D. Minn. June 26, 2000) ("where patent infringement claims are brought against multiple, unrelated defendants, courts have held joinder to be inappropriate pursuant to Rule 20"); *Androphy v. Smith & Nephew, Inc.*, 31 F. Supp. 2d 620, 623 (N.D. Ill. 1998) (finding joinder of defendants selling competing products impermissible despite allegations that each

IpLearn has not and cannot demonstrate Ultimate's alleged acts of infringement are in any way connected to those alleged acts of infringement by other defendants.[25]  Moreover, IpLearn alleges no connection or substantial similarity between any of the accused defendants' products, let alone any similarity between Ultimate's UltiPro product and any other.  Even if IpLearn had made or was able to allege that defendants manufacture or sell similar products, such allegations do not support joinder under Rule 20.[26]  Ultimate simply does not share any common transaction or occurrence with any other defendant sufficient to satisfy both requirements of Rule 20.  Additionally, whatever common issues might exist from defendant to defendant or product to product will be overwhelmed by the individual issues unique to each defendant.

Nearly every issue relevant to IpLearn's claims against Ultimate, including at least infringement, claim construction, and damages, will be different than the issues relevant to IpLearn's claims against each of the other remaining 15 defendants.  First, proof of infringement necessarily will require proof of facts specific to each of the 16 defendants and each of the at least 23 accused products.  The mere fact that the 16 defendants all have products allegedly relating to the 503 claims of the nine asserted patents "does nothing to obviate the bone-crushing burden of individualized methods of proof unique to each accused product."[27]  While IpLearn's complaint identifies accused products only by name with no further explanations, based on Ultimate's knowledge of its own accused product, and reasonable assumptions based on the

---

infringed same patent); *New Jersey Mach., Inc. v. Alford Indus., Inc.*, Civil Action No. 89-1879(JCL), 1991 U.S. Dist. LEXIS 20376, at *4 (D.N.J. Oct. 7, 1991), *aff'd* 983 F.2d 1087 (Fed. Cir. 1992) ("Infringement of the same patent by different machines and parties does not constitute the same transaction or occurrence to justify joinder of the new defendants."); *Paine, Weber*, 564 F. Supp. at 1371.
[25] *See Philips*, 220 F.R.D. at 418; *Optimum Power*, 2011 U.S. Dist. LEXIS 106436 at *11.
[26] *See Philips*, 220 F.R.D. at 417; *see also Rudd*, 2011 U.S. Dist. LEXIS 4804 at *10-11.
[27] *Id.* at *3.

identifications of other defendants' accused products, all or most appear to be computer software products and services. Infringement issues will therefore undoubtedly vary between each defendant because not only does computer software cover a vast field of products with myriad implementations, each defendant's accused product(s) will certainly implement different functionalities through different programming and software, and each will work in potentially very different ways. Thus, infringement issues will undoubtedly be unique to each defendant.

Second, claim construction issues are sure to differ between defendants as well. The differences in each of the defendants' 23 accused products will certainly provoke differences concerning which claim terms should be construed and slants in the claim language that really matter. Each defendant also must be allowed to fully and independently defend itself, which includes the right to seek claim construction of disputed terms.[28] Proceeding *en masse* with 16 defendants and 503 claims will unfairly jeopardize each defendant's due process rights and unduly tax the Court's resources as it struggles to be fair in the process of reaching accurate constructions. Moreover, coordinating claim construction on, for example, the '556 patent, with 84 claims asserted against 13 defendants, would be a logistical nightmare for the Court and the parties alike.[29]

Additionally, the 16 defendants will undoubtedly have competing interests and strategies. For example, IpLearn asserts only one patent against two of Lawson's products, whereas, IpLearn asserts each of the nine patents-in-suit against one or more of at least five Oracle products, consisting of at least 20 combinations.[30] Oracle is clearly a principal defendant in this action. Therefore, the potential damages, risk, and goals between Lawson, and even Ultimate for

---

[28] *See O2 Micro Int'l Ltd. V. Beyond Innovation Tech. Co.*, 521 F.3d 1351, 1361-63 (Fed. Cir. 2008) (finding district court must construe all reasonably disputed terms).
[29] *See* Ex. 1.
[30] *See id.*

that matter, and Oracle are likely to be quite disparate. And, the damages and discovery issues will unquestionably be unique for each defendant.

Moreover, if this case proceeds as IpLearn intends, it will be difficult for the Court to ensure fairness to the defendants, provide for orderly administration of justice, and limit the drain on judicial resources. A case with nine asserted patents, 503 asserted claims, 16 defendants, and at least 23 accused products, and the 33,700+ combinations of alleged infringement that may result, guarantees nothing but a monumental mess for the Court and the parties. Even if IpLearn had asserted the *same two patent claims* against each defendant, joinder would still be improper.[31]

Rules 20 and 21 have long required the relief Ultimate seeks, which is now even further supported by codification of § 299 in the patent laws. IpLearn cannot escape the fact that it is suing unrelated defendants in this case each for their own alleged independent acts of patent infringement. Any allegedly infringing conduct of different defendants with different products, acting separately, simply cannot involve or arise out of "the same transaction, occurrence, or series of transactions or occurrences[,]" which Rule 20(a) states is a prerequisite for the permissive joinder of defendants.[32] Thus, Ultimate is misjoined in this case. There is no justifiable reason to keep 16 defendants in this case, and Ultimate respectfully requests to be dropped as a party and dismissed.[33]

## B.    At a Minimum, the Claims against Ultimate Should be Severed and Stayed

If the Court does not drop Ultimate as a party, it should sever IpLearn's claims against Ultimate pursuant to Rule 21 and stay proceedings on those claims until IpLearn's claims against

---

[31] *EIT Holdings v. YELP! Inc.*, No. C 10-05623 WHA, 2011 U.S. Dist. LEXIS 64034, at *6 (N.D. Cal. May 12, 2011).
[32] *See WIAV Networks*, 2010 U.S. Dist. LEXIS at *20.
[33] If IpLearn believes it truly has a viable infringement case against Ultimate, it may choose to file that case separately.

a single defendant or defendant(s) proceed to a stage where at least invalidity and/or enforceability issues are resolved for the three patents asserted against Ultimate.  To the extent there are common questions, what happens in the primary case against, for example, Oracle, is likely to influence what happens if and when a case against Ultimate goes forward. Additionally, although common defenses are insufficient for joinder of parties pursuant to Rule 20,[34] it is likely that other defendants in this case will assert a barrage of invalidity defenses against IpLearn's asserted patents.  In fact, in the present legal landscape there is a high potential that at least the claims in the three patents asserted against Ultimate, if not all the claims of the asserted patents, will be found invalid pursuant to 35 U.S.C. § 101 or on other grounds.[35]  It is fully within this Court's authority and discretion to stay IpLearn's claims against Ultimate until at a minimum some of those issues are resolved.[36]

Indeed, the Court has wide discretion to manage cases on its docket and precedents exist for streamlining an improper multi-patent, multi-defendant case like this one.  For example, in a case filed in 2010 in the District Court for the Eastern District of Virginia, plaintiff TecSec Inc. alleged patent infringement claims against 13 defendants involving 11 patents and 380 claims.[37] In that case Judge Leonie M. Brinkema concluded the case needed to be carved up, and after considering the parties' positions, ordered the litigation to proceed solely against the principal

---

[34] Rule 20(a)(2)(A) does not encompass any common defenses, only a "right to relief" asserted by a **plaintiff** can satisfy the requirements for joining defendants under the Rule.  *WIAV Networks*, 2010 U.S. Dist. LEXIS at *20-21; *see also Rudd*, 2011 U.S. Dist. LEXIS 4804 at *11.
[35] *See Bilski v. Kappos*, 130 S. Ct. 3218 (2010).
[36] *See Landis v. N. Am. Co.*, 299 U.S. 248, 254-55 (1936) ("The power to stay proceedings is incidental to the power inherent in every court to control the disposition of causes on its docket with economy of time and effort for itself, for counsel, and for the litigants."); *Ethicon, Inc. v. Quigg*, 849 F.2d 1422, 1426-27 (Fed. Cir. 1998).
[37] Ex. 2.

defendants—International Business Machines against whom all 11 patents in suit were asserted and eBay—and stayed the claims against all other defendants.[38]

A similar procedure should be employed by the Court here. This case has just begun, and staying IpLearn's claims against Ultimate would simplify the proceedings moving forward, causing IpLearn no prejudice.[39] Thus, if the Court does not dismiss Ultimate as a party pursuant to Rule 21, Ultimate respectfully requests that IpLearn's claims against it be severed and stayed.

## IV.   CONCLUSION

For the foregoing reasons, Ultimate respectfully requests that the Court drop and dismiss Ultimate as a party to this case, or at a minimum sever and stay IpLearn's claims against Ultimate until IpLearn's claims against a single defendant or defendant(s) proceed to a stage where at least invalidity and/or enforceability issues are resolved for the three patent asserted against Ultimate.

POTTER ANDERSON & CORROON LLP

OF COUNSEL:

Henry C. Bunsow
Matthew F. Greinert
DEWEY & LEBOEUF, LLP
Post Montgomery Tower
One Montgomery Street, Suite 3500
San Francisco, CA 94104
(415) 951-1100

Dated:  December 16, 2011
1039513

By: */s/ Philip A. Rovner*
Philip A. Rovner (#3215)
Jonathan A. Choa (#5319)
Hercules Plaza
P.O. Box 951
Wilmington, DE  19899
(302) 984-6000
provner@potteranderson.com
jchoa@potteranderson.com

*Attorneys for Defendant*
*The Ultimate Software Group, Inc.*

---

[38] Ex. 3.

[39] *See Teleconference Sys. v. Proctor & Gamble Pharms., Inc.*, 676 F. Supp. 2d 321, 330 (D. Del. 2009) ("The Court finds that the claim against Enbridge should be severed and stayed…Enbridge is only one of nine defendants…."); *Corry v. CFM Majestic, Inc.*, 16 F. Supp. 2d 660, 666 (E.D. Va. 1998) (staying severed claims against defendant "in the interests of justice").

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

### CERTIFICATE OF SERVICE

I, Philip A. Rovner, hereby certify that on December 16, 2011, the within

document was filed with the Clerk of the Court using CM/ECF which will send notification of

such filing(s) to the following; that the document was served on the following counsel as

indicated; and that the document is available for viewing and downloading from CM/ECF.

### BY CM-ECF AND E-MAIL

Arthur G. Connolly, III, Esq.
Kristen Healey Cramer, Esq.
Jeremy D. Anderson, Esq.
Connolly Bove Lodge & Hutz LLP
The Nemours Building
1007 North Orange Street
Wilmington, DE 19801
aconnollyIII@cblh.com
kcramer@cblh.com
janderson@cblh.com

*Attorneys for Plaintiff*
*IpLearn LLC*

Mary B. Graham, Esq.
Morris, Nichols, Arsht & Tunnell LLP
1201 N. Market Street
P. O. Box 1347
Wilmington, DE 19899-1347
mgraham@mnat.com

*Attorneys for Defendant*
*Oracle Corporation*

John W. Shaw, Esq.
Andrew E. Russell, Esq.
Shaw Keller LLC
800 Delaware Avenue, 4th Floor
Wilmington, DE 19801
jshaw@shawkeller.com
arussell@shawkeller.com

*Attorneys for Defendant*
*NCS Pearson, Inc.*

Richard D. Kirk, Esq.
Stephen B. Brauerman, Esq.
Bayard, P.A.
222 Delaware Avenue, Suite 900
P. O. Box 25130
Wilmington, DE 19899
rkirk@bayardlaw.com
sbrauerman@bayardlaw.com

*Attorneys for Lumesse, AS, Lumesse, Inc. and*
*Cengage Learning Inc.*

Daniel M. Silver, Esq.
McCarter & English, LLP
Renaissance Centre
405 N. King Street, 8th Floor
Wilmington, DE 19801
dsilver@mccarter.com

*Attorneys for Defendant*
*Connections Education, LLC*

William J. Wade, Esq.
Anne Shea Gaza, Esq.
Travis Steven Hunter, Esq.
Richards Layton & Finger, P.A.
One Rodney Square
920 N. King Street
Wilmington, DE 19801
wade@rlf.com
gaza@rlf.com
hunter@rlf.com

*Attorneys for Defendant*
*Beeline Acquisition Corp.*

Philip A. Rovner, Esq.
Jonathan A. Choa, Esq.
Potter Anderson & Corroon LLP
Hercules Plaza
P.O. Box 951
Wilmington, DE 19899
provner@potteranderson.com
jchoa@potteranderson.com

*Attorneys for Defendant*
*Element K Corporation*

Karen L. Pascale, Esq.
James L. Higgins, Esq.
Young Conaway Stargatt & Taylor LLP
The Brandywine Building
1000 West Street, 17th Floor
Wilmington, DE 19801
kpascale@ycst.com
jhiggins@ycst.com

*Attorneys for Defendant*
*Trivantis Coroporation Inc., Halogen Software Inc. and Mzinga, Inc.*

Alisa E. Moen, Esq.
Blank Rome LLP
1201 Market Street
Suite 800
Wilmington, DE 19801
moen@blankrome.com

*Attorneys for Defendant*
*Lawson Software, Inc.*

Rodger D. Smith, II, Esq.
Morris, Nichols, Arsht & Tunnell LLP
1201 N. Market Street
P.O. Box 1347
Wilmington, DE 19899-1347
rsmith@mnat.com

*Attorneys for Defendant*
*Kenexa Corporation*

*/s/ Philip A. Rovner*
Philip A. Rovner (#3215)
Potter Anderson & Corroon LLP
Hercules Plaza
P. O. Box 951
Wilmington, DE 19899
(302) 984-6000
provner@potteranderson.com

2