IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| IPLEARN LLC, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | C.A. No. 11-825 (LPS) |
| v. | ) | |
| | ) | |
| AVNET, INC., et al., | ) | **DEMAND FOR JURY TRIAL** |
| | ) | |
| Defendants. | ) | |

**DEFENDANT KENEXA CORPORATION'S**
**ANSWER TO FIRST AMENDED COMPLAINT AND COUNTERCLAIMS**

Defendant Kenexa Corporation ("Kenexa"), by and through its counsel, answers the First Amended Complaint (D.I. 15) of Plaintiff IpLearn, LLC ("IpLearn") dated October 5, 2011, by responding to the numbered paragraphs thereof, as follows:

**JURISDICTION**

1. The allegations contained in paragraph 1 constitute conclusions of law to which no response is required. To the extent the allegations contained in paragraph 1 of the First Amended Complaint constitute allegations of fact, Kenexa denies those allegations.

2. The allegations contained in paragraph 2 constitute conclusions of law to which no response is required. To the extent the allegations contained in paragraph 2 of the First Amended Complaint constitute allegations of fact relating to Defendant, Defendant denies those allegations.

**VENUE**

3. The allegations contained in paragraph 3 of the First Amended Complaint constitute conclusions of law to which no response is required. The allegations of paragraph 3

are directed to "the Defendants" collectively, but Kenexa lacks information regarding the other defendants in this action that would be sufficient to form a belief as to the truth or falsity of any factual allegations involving the other defendants.  To the extent the allegations contained in paragraph 3 of the First Amended Complaint constitute allegations of fact relating to Kenexa, Kenexa denies those allegations.

## THE PARTIES

4-11.   Kenexa lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraphs 4-11 of the First Amended Complaint.

12.     Kenexa admits that it is a Pennsylvania corporation.  Kenexa's principal place of business is located at 650 East Swedesford Rd., Wayne, PA 19087.  Insofar as any further response is required, Kenexa denies the remaining allegations of paragraph 12.

13-22. Kenexa lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraphs 13-22 of the First Amended Complaint.

## COUNT I
### (Infringement of U.S. Patent No. 6,685,478 by Oracle)

23.     Kenexa incorporates by reference its responses to paragraphs 1-22, above.

24-27.  Paragraphs 24-27 are not directed to any activities of Kenexa and, insofar as paragraphs 24-27 include any factual allegations to which a response might be required by Kenexa, Kenexa lacks knowledge or information sufficient to form a belief as to the truth of such allegations.

## COUNT II
### (Infringement of U.S. Patent No. 6,213,780 by Beeline, Halogen, Kenexa, Meta4, Mzinga, Oracle, Lumesse, Technomedia, and Ultimate Software)

28.     Kenexa incorporates by reference its responses to paragraphs 1-22, above.

29.     Kenexa admits that the copy of U.S. Patent No. 6,213,780 ("the '780 patent") provided as Exhibit 2 to the First Amended Complaint states, on its face, that it issued on April 10, 2001, that it is entitled "Computer-Aided Learning and Counseling Methods and Apparatus for a Job," and that it names Chi Fai Ho and Peter P. Tong as the inventors.  Kenexa denies the remaining allegations of paragraph 29 and specifically denies the allegations that the '780 patent "is valid and enforceable."

30.     The allegations contained in paragraph 30 of the First Amended Complaint constitute conclusions of law to which no response is required.  To the extent any response from Kenexa is required, Kenexa lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 30.

31-32.  Paragraphs 31-32 are not directed to any activities of Kenexa and, insofar as paragraphs 31-32 include any factual allegations to which a response might be required by Kenexa, Kenexa lacks knowledge or information sufficient to form a belief as to the truth of such allegations.

33.     Denied.

34-39.  Paragraphs 34-39 are not directed to any activities of Kenexa and, insofar as paragraphs 34-39 include any factual allegations to which a response might be required by Kenexa, Kenexa lacks knowledge or information sufficient to form a belief as to the truth of such allegations.

40.     Kenexa denies the allegation of infringement in paragraph 40 that is directed to Kenexa.  Accordingly, Kenexa denies the allegation that IpLearn has been or is being damaged on account of any activities of Kenexa.  The remaining allegations of paragraph 40 are not directed to any activities of Kenexa and, insofar as paragraph 40 includes any factual

allegations to which a response might be required by Kenexa, Kenexa lacks knowledge or information sufficient to form a belief as to the truth of such allegations.

## COUNT III
### (Infringement of U.S. Patent No. 6,118,973 by Oracle)

41.     Kenexa incorporates by reference its responses to paragraphs 1-22, above.

42-45.  Paragraphs 42-45 are not directed to any activities of Kenexa and, insofar as paragraphs 42-45 include any factual allegations to which a response might be required by Kenexa, Kenexa lacks knowledge or information sufficient to form a belief as to the truth of such allegations.

## COUNT IV
### (Infringement of U.S. Patent No. 6,688,888 by WBT, Cengage, Connections Education, Element K, Operitel, Oracle, Pearson, and Trivantis)

46.     Kenexa incorporates by reference its responses to paragraphs 1-22, above.

47-57.  Paragraphs 47-57 are not directed to any activities of Kenexa and, insofar as paragraphs 47-57 include any factual allegations to which a response might be required by Kenexa, Kenexa lacks knowledge or information sufficient to form a belief as to the truth of such allegations.

## COUNT V
### (Infringement of U.S. Patent No. 5,779,486 by WBT, Cengage, Connections Education, Element K, Operitel, Oracle, Pearson, and Trivantis)

58.     Kenexa incorporates by reference its responses to paragraphs 1-22, above.

59-69.  Paragraphs 59-69 are not directed to any activities of Kenexa and, insofar as paragraphs 59-69 include any factual allegations to which a response might be required by Kenexa, Kenexa lacks knowledge or information sufficient to form a belief as to the truth of such allegations.

## COUNT VI
### (Infringement of U.S. Patent No. 6,398,556 by WBT, Beeline, Cengage, Connections Education, Element K, Halogen, Kenexa, Lawson, Meta4, Mzinga, Operitel, Oracle, Trivantis, and Ultimate Software)

70.     Kenexa incorporates by reference its responses to paragraphs 1-22, above.

71.     Kenexa admits that the copy of U.S. Patent No. 6,398,556 ("the '556 patent") provided as Exhibit 6 to the First Amended Complaint states, on its face, that it issued on June 4, 2002, that it is entitled "Inexpensive Computer-Aided Learning Methods and Apparatus for Learners," and that it names Chi Fai Ho, John P. Del Favero, Jr., and Peter P. Tong as the inventors.  Kenexa denies the remaining allegations of paragraph 71 and specifically denies the allegations that the '556 patent "is valid and enforceable."

72.     Admitted.

73.     The allegations contained in paragraph 73 of the First Amended Complaint constitute conclusions of law to which no response is required.  To the extent any response from Kenexa is required, Kenexa lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 73.

73-79.  Paragraphs 73-79 are not directed to any activities of Kenexa and, insofar as paragraphs 73-79 include any factual allegations to which a response might be required by Kenexa, Kenexa lacks knowledge or information sufficient to form a belief as to the truth of such allegations.

80.     Denied.

81-87.  Paragraphs 81-87 are not directed to any activities of Kenexa and, insofar as paragraphs 81-87 include any factual allegations to which a response might be required by Kenexa, Kenexa lacks knowledge or information sufficient to form a belief as to the truth of such allegations.

88.     Kenexa denies the allegation of infringement in paragraph 88 that is directed to Kenexa.  Accordingly, Kenexa denies the allegation that IpLearn has been or is being damaged on account of any activities of Kenexa.  The remaining allegations of paragraph 88 are not directed to any activities of Kenexa and, insofar as paragraph 88 includes any factual allegations to which a response might be required by Kenexa, Kenexa lacks knowledge or information sufficient to form a belief as to the truth of such allegations.

## COUNT VII
### (Infringement of U.S. Patent No. RE38,432 by Element K, Mzinga, and Oracle)

89.     Kenexa incorporates by reference its responses to paragraphs 1-22, above.

90-95.  Paragraphs 90-95 are not directed to any activities of Kenexa and, insofar as paragraphs 90-95 include any factual allegations to which a response might be required by Kenexa, Kenexa lacks knowledge or information sufficient to form a belief as to the truth of such allegations.

## COUNT VIII
### (Infringement of U.S. Patent No. RE39,942 by Oracle)

96.     Kenexa incorporates by reference its responses to paragraphs 1-22, above.

97-100.   Paragraphs 97-100 are not directed to any activities of Kenexa and, insofar as paragraphs 97-100 include any factual allegations to which a response might be required by Kenexa, Kenexa lacks knowledge or information sufficient to form a belief as to the truth of such allegations.

## COUNT IX
### (Infringement of U.S. Patent No. 6,126,448 by Beeline, Halogen, Kenexa, Meta4, Minga, Oracle, Lumesse, Technomedia, and Ultimate Software)

101.    Kenexa incorporates by reference its responses to paragraphs 1-22, above.

102.    Kenexa admits that the copy of U.S. Patent No. 6,126,448 ("the '448 patent") provided as Exhibit 9 to the First Amended Complaint states, on its face, that it issued on October 3, 2000, that it is entitled "Computer-Aided Learning Methods and Apparatus for a Job," and that it names Chi Fai Ho and Peter P. Tong as the inventors.  Kenexa denies the remaining allegations of paragraph 102 and specifically denies the allegations that the '448 patent "is valid and enforceable."

103.    The allegations contained in paragraph 103 of the First Amended Complaint constitute conclusions of law to which no response is required.  To the extent any response from Kenexa is required, Kenexa lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 103.

104-105.  Paragraphs 104-105 are not directed to any activities of Kenexa and, insofar as paragraphs 104-105 include any factual allegations to which a response might be required by Kenexa, Kenexa lacks knowledge or information sufficient to form a belief as to the truth of such allegations.

106.    Denied.

107-112.  Paragraphs 107-112 are not directed to any activities of Kenexa and, insofar as paragraphs 107-112 include any factual allegations to which a response might be required by Kenexa, Kenexa lacks knowledge or information sufficient to form a belief as to the truth of such allegations.

113.    Kenexa denies the allegation of infringement in paragraph 113 that is directed to Kenexa.  Accordingly, Kenexa denies the allegation that IpLearn has been or is being damaged on account of any activities of Kenexa.  The remaining allegations of paragraph 113 are not directed to any activities of Kenexa and, insofar as paragraph 113 includes any factual

allegations to which a response might be required by Kenexa, Kenexa lacks knowledge or information sufficient to form a belief as to the truth of such allegations.

## IpLEARN'S PRAYER FOR RELIEF

Kenexa denies that IpLearn is entitled to any of the relief sought in its "Prayer for Relief."

## AFFIRMATIVE DEFENSES OF KENEXA CORPORATION

Kenexa pleads the following defenses without admitting or acknowledging that it bears the burden of proof as to any of them, and without prejudice to any motion seeking to dismiss, transfer, sever and/or stay this lawsuit, regarding any or all of IpLearn's claims. Kenexa expressly reserves the right to assert any additional defenses

1.      Claims of the '780, '556 or '448 patents are invalid or unenforceable under one or more sections of the Patent Act, Title 35 of the United States Code, including, but not limited to, 35 U.S.C. §§ 101, 102, 103, and 112, and the related regulations.

2.      Kenexa has not infringed, induced the infringement of, contributed to the infringement of, or willfully infringed any claim of any of the '780, '556 or '448 patents.

3.      Kenexa does not have the requisite intent to support any claim of inducing or contributing to the infringement of any claim of the '780, '556 or '448 patents.

4.      IpLearn has improperly joined the claims and parties in this action.

5.      Personal jurisdiction over Kenexa is lacking.

6.      Venue is improper in this judicial district.

7.      The First Amended Complaint fails to state a claim against Kenexa upon which relief may be granted.

8.      IpLearn's claims for relief are barred by the doctrines of waiver, acquiescence, laches, estoppel and/or unclean hands.

9.      Some or all of the allegedly infringing acts are licensed.

10.     IpLearn's claims for damages or costs against Kenexa are limited and/or barred under 35 U.S.C. §§ 286, 287, 288, and/or 28 U.S.C. §1498.

11.     IpLearn has an adequate remedy at law and no basis exists for the grant of equitable relief.

12.     Kenexa specifically reserves the right to assert any and all additional defenses that may become available through information developed in discovery, at trial, or otherwise.

## COUNTERCLAIMS OF KENEXA CORPORATION

Pursuant to Rule 13 of the Federal Rules of Civil Procedure, Kenexa Corporation ("Kenexa") hereby asserts the following counterclaims against IpLearn ("IpLearn").  Kenexa asserts these counterclaims without prejudice to any of its defenses in this case, without waiving its objection to venue in this jurisdiction, and without prejudice to any motion to dismiss, transfer, sever or stay this lawsuit.

## THE PARTIES

1.      Counterclaim plaintiff Kenexa Corporation is a Pennsylvania corporation with a principal place of business at 650 East Swedesford Road, Wayne, PA 19087

2.      On information and belief, counterclaim defendant IpLearn is a California limited liability company located at 1807 Limetree Lane, Mountain View, CA  94040.

## JURISDICTION

3.      Kenexa's counterclaims arise under the United States Patent Act, 35 U.S.C. § 1, *et seq.*, and the Declaratory Judgment Act, 28 U.S.C. §§2201 and 2202.

4.      This Court has jurisdiction over the subject matter of these counterclaims, pursuant to 28 U.S.C. §§ 1331 and 1338.

5.      Because counterclaim defendant IpLearn sued Kenexa for patent infringement in this Judicial District, counterclaim defendant IpLearn has submitted to the personal jurisdiction of this Court.

6.      Counterclaim defendant IpLearn has alleged that Kenexa infringes U.S. Patent No. 6,213,780 ("the '780 patent"), U.S. Patent No. 6,398,556 ("the '556 Patent"), and U.S. Patent No. 6,126,448 ("the '448 patent") (collectively, the "Asserted Patents").

7.      IpLearn's allegations create an actual controversy within the meaning of 28 U.S.C. § 2201, between counterclaim defendant IpLearn and Kenexa, regarding the validity, enforceability, and infringement of the Asserted Patents.

8.      This Court may declare the rights and legal relations of the parties pursuant to 28 U.S.C. §§ 2201 and 2202 because Kenexa's counterclaims present an actual controversy within the Court's jurisdiction that the Asserted Patents are not infringed, and are invalid.

## FIRST COUNTERCLAIM
### (Declaratory Judgment of Non-Infringement of U.S. Patent No. 6,213,780)

9.      Kenexa repeats and realleges paragraphs 1-8 of these counterclaims.

10.     Kenexa does not infringe – directly or indirectly (*e.g.*, contributorily or by inducement) – any claim of the '780 patent, either literally or under the doctrine of equivalents.

11.     There is an actual and justiciable controversy regarding IpLearn's allegations of infringement of the '780 patent by Kenexa.

12.     Kenexa is entitled to a judicial declaration that it does not infringe any claim of the '780 patent.

## SECOND COUNTERCLAIM
### (Declaratory Judgment of Invalidity of U.S. Patent No. 6,213,780)

13.     Kenexa repeats and realleges paragraphs 1-8 of these counterclaims.

14.     The claims of the '780 patent are invalid or unenforceable under one or more sections of the Patent Act, Title 35 of the United States Code, including, but not limited to, 35 U.S.C. §§ 101, 102, 103, and 112, and/or the related regulations.

15.     There is an actual and justiciable controversy regarding the invalidity of the claims of the '780 patent.

16.     Kenexa is entitled to a judicial declaration that the claims of the '780 patent are invalid.

## THIRD COUNTERCLAIM
### (Declaratory Judgment of Non-Infringement of U.S. Patent No. 6,398,556)

17.     Kenexa repeats and realleges paragraphs 1-8 of these counterclaims.

18.     Kenexa does not infringe – directly or indirectly (*e.g.*, contributorily or by inducement) – any claim of the '556 patent, either literally or under the doctrine of equivalents.

19.     There is an actual and justiciable controversy regarding IpLearn's allegations of infringement of the '556 patent by Kenexa.

20.     Kenexa is entitled to a judicial declaration that it does not infringe any claim of the '556 patent.

- 11 -

## FOURTH COUNTERCLAIM
### (Declaratory Judgment of Invalidity of U.S. Patent No. 6,398,556)

21.     Kenexa repeats and realleges paragraphs 1-8 of these counterclaims.

22.     The claims of the '556 patent are invalid or unenforceable under one or more sections of the Patent Act, Title 35 of the United States Code, including, but not limited to, 35 U.S.C. §§101, 102, 103, and 112, and/or the related regulations.

23.     There is an actual and justiciable controversy regarding the invalidity of the claims of the '556 patent.

24.     Kenexa is entitled to a judicial declaration that the claims of the '556 patent are invalid.

## FIFTH COUNTERCLAIM
### (Declaratory Judgment of Non-Infringement of U.S. Patent No. 6,126,448)

25.     Kenexa repeats and realleges paragraphs 1-8 of these counterclaims.

26.     Kenexa does not infringe – directly or indirectly (*e.g.*, contributorily or by inducement) – any claim of the '448 patent, either literally or under the doctrine of equivalents.

27.     There is an actual and justiciable controversy regarding IpLearn's allegations of infringement of the '448 patent by Kenexa.

28.     Kenexa is entitled to a judicial declaration that it does not infringe any claim of the '448 patent.

## SIXTH COUNTERCLAIM
### (Declaratory Judgment of Invalidity of U.S. Patent No. 6,126,448)

29.     Kenexa repeats and realleges paragraphs 1-8 of these counterclaims.

30.     The claims of the '448 patent are invalid or unenforceable under one or more sections of the Patent Act, Title 35 of the United States Code, including, but not limited to, 35 U.S.C. §§ 101, 102, 103, and 112, and/or the related regulations.

31.     There is an actual and justiciable controversy regarding the invalidity of the claims of the '448 patent.

32.     Kenexa is entitled to a judicial declaration that the claims of the '448 patent are invalid.

## RESERVATION OF COUNTERCLAIMS

33.     Kenexa expressly reserves the right to assert any other counterclaims that its further investigations may reveal.

## PRAYER FOR RELIEF

WHEREFORE, Kenexa respectfully requests a declaratory judgment and relief against counterclaim defendant IpLearn, including:

A.     A judicial declaration that Kenexa has not infringed any claim of U.S. Patent No. 6,213,780;

B.     A judicial declaration that Kenexa has not infringed any claim of U.S. Patent No. 6,398,556;

C.     A judicial declaration that Kenexa has not infringed any claim of U.S. Patent No. 6,126,448;

D.     A judicial declaration that the claims of U.S. Patent No. 6,213,780 are invalid or unenforceable;

E.     A judicial declaration that the claims of U.S. Patent No. 6,398,556 are invalid or unenforceable;

F.      A judicial declaration that the claims of U.S. Patent No. 6,126,448 are invalid or unenforceable

G.      A judicial determination that this is an exceptional case under 35 U.S.C. § 285.

H.      Awarding to Kenexa its costs, expenses, and reasonable attorneys' fees pursuant to 35 U.S.C. § 285.

I.      Awarding to Kenexa such other and further relief as this Court may deem just and proper.

## DEMAND FOR JURY TRIAL

Kenexa hereby demands a jury trial on all claims and issues triable of right by a jury.

MORRIS, NICHOLS, ARSHT & TUNNELL LLP

*/s/ Rodger D. Smith II*
Rodger D. Smith II (#3778)
1201 N. Market Street
P.O. Box 1347
Wilmington, DE  19899-1347
(302) 658-9200
rsmith@mnat.com

*Attorneys for Defendant Kenexa Corporation*

OF COUNSEL:

Matthew B. Lowrie
Robert J. Silverman
Lucas I. Silva
FOLEY & LARDNER LLP
111 Huntington Avenue
Boston, MA 02199
(617) 342-4019

January 5, 2012
14806409.1

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on January 5, 2012, I caused the foregoing to be electronically filed with the Clerk of the Court using CM/ECF, which will send notification of such filing to all registered participants.

I further certify that I caused copies of the foregoing document to be served on January 5, 2012, upon the following in the manner indicated:

| | |
|---|---|
| Arthur G. Connolly, III, Esquire<br>Kristen Healey Cramer, Esquire<br>Jeremy D. Anderson, Esquire<br>CONNOLLY BOVE LODGE & HUTZ LLP<br>1007 N. Orange Street<br>P.O. Box 2207<br>Wilmington, DE 19899<br>*Attorneys for Plaintiff* | *VIA ELECTRONIC MAIL* |
| Marc A. Fenster, Esquire<br>Benjamin T. Wang, Esquire<br>Fredricka Ung, Esquire<br>RUSS AUGUST & KABAT<br>12424 Wilshire Blvd., Suite 1200<br>Los Angeles, CA  90025<br>*Attorneys for Plaintiff* | *VIA ELECTRONIC MAIL* |
| Richard D. Kirk, Esquire<br>Stephen B. Brauerman, Esquire<br>BAYARD, P.A.<br>222 Delaware Avenue, Suite 900<br>P.O. Box 25130<br>Wilmington, DE 19899<br>*Attorneys for Cengage Learning Inc., Lumesse AS<br>and Lumesse, Inc.* | *VIA ELECTRONIC MAIL* |
| Mario Aieta, Esquire<br>AKIN GUMP STRAUSS HAUER & FELD LLP<br>230 Park Avenue, Suite 1130<br>New York, NY 10169<br>*Attorneys for Cengage Learning Inc.* | *VIA ELECTRONIC MAIL* |

Steven D. Maslowski, Esquire            *VIA ELECTRONIC MAIL*
Dianne B. Elderkin, Esquire
Ruben H. Munoz, Esquire
AKIN GUMP STRAUSS HAUER & FELD LLP
Two Commerce Square
2001 Market Street, Suite 4100
Philadelphia, PA 19103
*Attorneys for Lumesse AS and Lumesse, Inc.*

Mary B. Graham, Esquire            *VIA ELECTRONIC MAIL*
MORRIS, NICHOLS, ARSHT & TUNNELL LLP
1201 North Market Street
P.O. Box 1347
Wilmington, DE 19899
*Attorneys for Oracle Corporation*

Mark D. Selwyn, Esquire            *VIA ELECTRONIC MAIL*
Andrew B. Grossman, Esquire
WILMER CUTLER PICKERING HALE AND DORR LLP
950 Page Mill Road
Palo Alto, CA 94304
*Attorneys for Oracle Corporation*

Robert Sloss, Esquire            *VIA ELECTRONIC MAIL*
Peter O'Rouke, Esquire
ORACLE CORPORATION
500 Oracle Parkway
Redwood Shores, CA 94065
*Attorneys for Oracle Corporation*

Karen L. Pascale, Esquire            *VIA ELECTRONIC MAIL*
James L. Higgins, Esquire
YOUNG, CONAWAY, STARGATT & TAYLOR LLP
The Brandywine Building
1000 West Street, 17th Floor
P.O. Box 391
Wilmington, DE 19899
*Attorneys for Halogen Software Inc., Mzinga, Inc.
and Trivantis Corporation, Inc.*

M. Craig Tyler, Esquire                                         *VIA ELECTRONIC MAIL*
WILSON SONSINI GOODRICH & ROSATI
900 South Capital of Texas Highway
Las Cimas IV, Fifth Floor
Austin, TX  78759-7247
*Attorneys for Halogen Software Inc.*
*and Mzinga, Inc.*

J. Robert Chambers, Esquire                                     *VIA ELECTRONIC MAIL*
WOOD, HERRON & EVANS LLP
Carew Tower
441 Vine Street, Suite 2700
Cincinnati, OH  45202
*Attorneys for Trivantis Corporation, Inc.*

R. Guy Taft, Esquire                                            *VIA ELECTRONIC MAIL*
Stuart C. Brinn, Esquire
STRAUSS & TROY, LPA
The Federal Reserve Building
150 East Fourth Street, 4th Floor
Cincinnati, OH  45202-4018
*Attorneys for Trivantis Corporation, Inc.*

Philip A. Rovner, Esquire                                       *VIA ELECTRONIC MAIL*
Jonathan A. Choa, Esquire
POTTER ANDERSON & CORROON, LLP
1313 N. Market Street, Hercules Plaza, 6th Floor
P.O. Box 951
Wilmington, DE 19899
*Attorneys for Element K Corporation and The*
*Ultimate Software Group Inc.*

Wendell W. Harris, Esquire                                      *VIA ELECTRONIC MAIL*
Andrew P. Zappia, Esquire
LECLAIRRYAN
290 Linden Oaks, Suite 310
Rochester, NY 14625
*Attorneys for Element K Corporation*

Henry C. Bunsow, Esquire                                          *VIA ELECTRONIC MAIL*
Matthew F. Greinert, Esquire
Dewey & Leboeuf, LLP
Post Montgomery Tower
One Montgomery Street, Suite 3500
San Francisco, CA 94104
*Attorneys for The Ultimate Software Group, Inc.*

John W. Shaw, Esquire                                             *VIA ELECTRONIC MAIL*
Andrew Russell, Esquire
SHAW LLC
800 Delaware Avenue, 4th Floor
P.O. Box 1948
Wilmington, DE 19899
*Attorneys for NCS Pearson, Inc.*

Amr O. Aly, Esquire                                               *VIA ELECTRONIC MAIL*
KILPATRICK TOWNSEND & STOCKTON LLP
31 W. 52nd Street
New York, NY 10019
*Attorneys for NCS Pearson, Inc.*

Daniel M. Silver, Esquire                                         *VIA ELECTRONIC MAIL*
MCCARTER & ENGLISH, LLP
Renaissance Centre
405 N. King Street, 8th Floor
Wilmington, DE 19801
*Attorneys for Connections Education, LLC*

Rudolph A. Telscher, Esquire                                      *VIA ELECTRONIC MAIL*
Kara R. Fussner, Esquire
HARNESS, DICKEY & PIERCE, P.L.C.
7700 Bonhomme, Suite 400
Clayton, MO  63105
*Attorneys for Connections Education, LLC*

William J. Wade, Esquire                                          *VIA ELECTRONIC MAIL*
Anne Shea Gaza, Esquire
RICHARDS, LAYTON & FINGER, P.A.
One Rodney Square
920 N. King Street
Wilmington, DE 19801
*Attorneys for Beeline Acquisition Corp.*

Joseph Richetti, Esquire                                    *VIA ELECTRONIC MAIL*
Alexander Walden, Esquire
BRYAN CAVE LLP
1290 Avenue of the Americas
New York, NY  10104-3300
*Attorneys for Beeline Acquisition Corp.*

Alisa E. Moen, Esquire                                      *VIA ELECTRONIC MAIL*
BLANK ROME LLP
1201 Market Street, Suite 800
Wilmington, DE 19801
*Attorneys for Lawson Software, Inc.*

Josh A. Krevitt, Esquire                                    *VIA ELECTRONIC MAIL*
Paul E. Torchia, Esquire
GIBSON, DUNN & CRUTCHER LLP
200 Park Avenue
New York, NY 10166-0193
*Attorneys for Lawson Software, Inc.*

Steven Sprinkle, Esquire                                    *VIA ELECTRONIC MAIL*
Scott Crocker, Esquire
SPRINKLE LAW
1301 W. 25th Street, Suite 408
Austin, TX 78705
*Attorneys for Operitel Corporation*


                                        */s/ Rodger D. Smith II*

                                        _____

                                        Rodger D. Smith II (#3778)