**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| IpLEARN, LLC,<br><br>               **Plaintiff,**<br>    v.<br><br>WBT SYSTEMS, LTD., *et al.*,<br><br>               **Defendants.** | Civil Action No. 11-825-LPS |

**IpLEARN, LLC'S ANSWERING BRIEF IN OPPOSITION TO DEFENDANT ORACLE
CORPORATION'S MOTION TO DISMISS PLAINTIFF'S FIRST AMENDED
COMPLAINT OR, IN THE ALTERNATIVE, FOR A MORE DEFINITE STATEMENT**

Of Counsel:

Marc A. Fenster
Russ, August & Kabat
12424 Wilshire Boulevard, 12th Floor
Los Angeles, CA  90025-1031
(310) 826-7474 (phone)
(310) 826-6991 (fax)
mfenster@raklaw.com

January 9, 2012

Arthur G. (Chip) Connolly, III (#2667)
Kristen Healey Cramer (#4512)
Jeremy D. Anderson (#4515)
Connolly Bove Lodge & Hutz LLP
The Nemours Building
1007 North Orange Street
Wilmington, DE  19801
(302) 302-888-6318 (phone)
(302) 255-4318 (fax)
aconnollyIII@cblh.com
kcramer@cblh.com
janderson@cblh.com

Attorneys for Plaintiff,
IpLearn, LLC

**TABLE OF CONTENTS**

I.  INTRODUCTION ..................................................................................................................1

II. DEFENDANT'S MOTION TO DISMISS SHOULD BE DENIED...................................2

    A.  IpLearn's Direct Infringement Allegations Comply with Form 18, which is all that is required..................................................................................................................2

    B.  Oracle would require infringement contentions at the pleading stage......................6

    C.  The Complaint Adequately Alleges Indirect Infringement .....................................9

III. IpLEARN'S COMPLAINT IS SUFFICIENT AND ORACLE IS NOT ENTITLED TO A MORE DEFINITE STATEMENT ................................................................................12

IV. CONCLUSION....................................................................................................................13

# **TABLE OF AUTHORITIES**

**CASES**

*Applera Corp. v. Thermo Electron Corp.*,
　　C.A. No. 04-1230 (GMS), 2005 WL 524589 (D. Del. Feb. 25, 2005) ...............................5

*Bay Industries*,
　　Case No. 06-C-1010, 2006 U.S. Dist. LEXIS 86757 (E.D. Wisc. Nov. 29, 2006) ............5

*CFMT, Inc. v. Yieldup Int'l Corp.*,
　　C.A. No. 95-546-LON, 1996 U.S. Dist. LEXIS 22795 (D. Del. Apr. 5, 1996)................12

*Fifth Market, Inc. v. CME Group, Inc.*,
　　C.A. No. 08-520-GMS, 2009 WL 5966836 (D. Del. May 14, 2009) ...............................6

*Gen-Probe, Inc. v. Amoco Corp.*,
　　926 F. Supp. 948 (S.D. Cal. 1996) ............................................................................... 5-6

*Illinois Tool Works Inc. v. Elektromanufaktur Zangenstein Hanauer GmbH & Co.*,
　　Case No. 11-CV-262-JPS, 2011 U.S. Dist. LEXIS 137985
　　(E.D. Wisc. Nov. 30, 2011) .......................................................................................4, 10

*In re Papst Licensing GmbH Patent Litigation*,
　　No. MDL 1298, C.A. 99-3118, 2001 U.S. Dist. LEXIS 2255 (E.D. La. Feb. 22, 2001) ...5

*InvestPic, LLC v. FactSet Research Sys.*,
　　Civ. No. 10-1028-SLR, 2011 U.S. Dist. LEXIS 112891, (D. Del. Sept. 30, 2011) ...........5

*King v. Doe*,
　　Civil No. 10-573 (JBS/AMD), 2011 U.S. Dist. LEXIS 73542 (D. Del. July 6, 2011)........7

*Mallinckrodt Inc. v. E-Z-Em Inc.* ("*Mallinckrodt II*"),
　　671 F. Supp. 2d 563 (D. Del. Dec. 2009) ..............................................................9, 11, 12

*Mark IV Indus. Corp. v. Transcore, L.P.,*
　　C.A. No. 09-418-GMS, 2009 U.S. Dist. LEXIS 112069 (D. Del. Dec. 2, 2009)................7

*McZeal v. Sprint Nextel Corp.,*
　　501 F.3d at 1357 ...............................................................................................................3, 6

*Minkus Elec. Display Sys. Inc. v. Adaptive Micro Sys. LLC*,
　　C.A. No. 10-666-SLR, 2011 U.S. Dist. LEXIS 26827 (D. Del. Mar. 16, 2011) .................9

*ONDEO Nalco Co. v. EKA Chemicals*,
　　No. 01-537-SLR, 2002 WL 1458853 (D. Del. June 10, 2002)..........................................6

*Proctor & Gamble Co. v. Nabisco Brands, Inc.*,
　　604 F. Supp. 1485 (D. Del. 1985) ....................................................................................9

*Resnik v. Woertz*,
　　774 F. Supp. 2d 614 ........................................................................................................8

*St. Clair Intellectual Prop. Consultants v. Apple Inc.*,
    C.A. No. 10-982-LPS, 2011 U.S. Dist. LEXIS 112280
    (D. Del. Sept. 30, 2011) ................................................................................. 3, 4, 5, 7, 12

*Xpoint Techs., Inc. v. Microsoft Corp.*,
    730 F. Supp. 2d 349 (D. Del. 2010) ........................................................................... 7, 11

**STATUTES**

Fed. R. Civ. P. 12(d) ................................................................................................................. 7

28 U.S.C. §§ 1331 and 1338(a) ................................................................................................. 2

35 U.S.C. § 271 ....................................................................................................................... 13

**OTHER**

Wright & A. Miller, Federal Practice and Procedure § 1357 (2004) ...................................... 10

**I.     INTRODUCTION.**

IpLearn's First Amended Complaint (the "Complaint") is entirely consistent with Form 18, and decisions from this Court and others on the pleading standard for claims of patent infringement. Oracle, however, would have this Court dismiss IpLearn's Complaint because, according to Oracle, it "is not possible to determine [what it] has done wrong ...." (D.I. 97 at 2.) For IpLearn's direct infringement allegations, Oracle contends that this is so because a couple of the accused products are made up of component applications, and IpLearn has not explained "how Oracle infringed the asserted patents." (Id. at 9.) But the fact of the matter is that IpLearn identified specific accused products and relevant subject matter for each asserted patent, identified all but one of the asserted patents and provided descriptions of the patented technology to Oracle years before filing suit, and Oracle expressly concedes that "many" of the so-called component "applications" are irrelevant and implicitly concedes that several of the accused products raise no such issue. Oracle has more than adequate notice of the issues in this case. Nor is there any basis for its attempt to require IpLearn to explain "how Oracle infringe[s]" at the pleading stage. Even aside from the general notice pleading standard, normal rules of discovery, numerous decisions from this Court, and this Court's Default Standard make it clear that infringement contentions come later.

Oracle's arguments against IpLearn's indirect infringement claims are no better. Oracle argues that the complaint fails to allege knowledge. But it does and, in fact, Oracle knew of the patents since at least July 2004. Oracle argues that no direct infringer is identified. But IpLearn alleged that Oracle indirectly infringes through acts involving its "customers." Oracle argues that intent is not alleged. Again, IpLearn alleged that Oracle acted with "specific intent." And Oracle argues that IpLearn failed to allege "substantial non-infringing use." But this too is

incorrect. IpLearn's indirect infringement allegations are sufficient at this stage.

Ultimately, the thrust of Oracle's motion is that a couple of the accused products are complex and, thus, would-be plaintiffs against Oracle should be required to go beyond the requirements of Form 18. But this Court has never recognized an exception for companies like Oracle, and there is no reason why the pleading standards should be more favorable for Oracle. Discovery and the Court's Default Standard ensure that parties narrow the issues in dispute at the appropriate time. Oracle should not be permitted to short-circuit the Court's practices and procedures simply by virtue of the purported complexity of the technology. As explained further below, IpLearn, therefore, respectfully requests that the Court deny Oracle's motion.

## II.   DEFENDANT'S MOTION TO DISMISS SHOULD BE DENIED.

### A.   IpLearn's Direct Infringement Allegations Comply with Form 18, which is all that is required.

Oracle does not dispute that compliance with Form 18 is sufficient to withstand a motion to dismiss. In fact, Oracle acknowledges that Form 18 only requires IpLearn to:

> (1) properly allege jurisdiction; (2) state the patents-in-suit by number; (3) identify the alleged infringement and provide identifying information for a specific product accused of infringement; (4) give Oracle notice of its infringement by stating the sections of 35 U.S.C. § 271 under which the lawsuit is being brought; and (5) make a demand for relief.

(D.I. 97 at 9.) But Oracle argues that IpLearn has not met the third element because it supposedly failed to identify "the specific product accused of infringement" or even a "category of products allegedly infringing …" *Id.*[1] Oracle's argument mischaracterizes both the facts and the law.

---

[1] Oracle does not challenge IpLearn's adherence to any of the other aspects of Form 18. Nor would there be any basis to do so. The Complaint alleges jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1338(a). (D.I. 15 ¶ 1.) It alleges that IpLearn owns the asserted patents. (*Id.* ¶¶ 25, 30, 43, 48, 60, 73, 91, 98, 103.) It states that Oracle, "in making, using, selling, offering for sale, importing . . . its [accused products], and reasonably similar products or services, has directly

2

First, there is no merit to Oracle's claim that IpLearn failed to identify a specific accused product or even a category of products. For example, with respect to Oracle's infringement of U.S. Patent No. 6,688,888, IpLearn expressly identified Oracle's Enterprise Business Suite (EBS), iLearning, PeopleSoft Enterprise, and reasonably similar products or services as the accused products. (D.I. 15 ¶ 54.) Likewise, for every other patent asserted against Oracle, IpLearn expressly identified the accused products. (*Id.* ¶¶ 26, 36, 44, 54, 66, 85, 94, 99 & 109.) IpLearn also expressly identified the accused category of products. In particular, the Complaint describes the category of accused products as "learning and development systems." (*Id.* ¶ 17.)

Oracle's position is contradicted by its own admissions. For instance, although Oracle would have the Court believe that it is left to "guess which of its products infringe," (D.I. 97 at 9), it equivocates by arguing that this is only "largely" the case, and conceding that it has enough notice to determine that "many" of the software applications which it contends comprise the accused products "have no apparent relevance," (*Id.* at 4-5). Oracle's suggestion that each of the accused products comprises hundreds of separate software applications is also misleading. For instance, by Oracle's own admission, one of the accused products (Beehive) includes only three "sub categories," consisting seven "software applications and/or services." (D.I. 97-1 at 9.) And for two of the remaining four accused products identified in the Complaint (iLearning and Live Virtual Class), Oracle provides no breakout of any separate software applications despite its claim that IpLearn has "<u>merely</u> point[ed] to broad Oracle software suites …." (D.I. 97 at 2 (emphasis added)).

---

infringed and continues to infringe one or more claims of [the patent] under 35 U.S.C. § 271," and gives notice of Oracle's infringement. (*Id.* ¶¶ 26, 36, 44, 54, 66, 85, 94, 99, 109.) And it contains a demand for relief. (*Id.* at 49.) As recognized in numerous cases, "[n]othing more is required." *McZeal v. Sprint Nextel Corp.*, 501 F.3d 1354, 1357 (Fed. Cir. 2007), *see also St. Clair Intellectual Prop. Consultants v. Apple Inc.*, C.A. No. 10-982-LPS, 2011 U.S. Dist. LEXIS 112280, at *12 (D. Del. Sept. 30, 2011).

Moreover, Oracle has more than sufficient knowledge of the issues in dispute. In fact, IpLearn sent a letter to Oracle on July 21, 2004, specifically identifying all but one of the asserted patents. (Ex. 1.)[2] IpLearn followed up with Oracle by sending another letter on August 20, 2004, this time enclosing copies of the patents along with descriptions of the relevant subject matter. (Ex. 2.) For example, with respect to U.S. Patent Nos. 6,126,448 and 6,213,780, IpLearn provided the following description:

> This technology set intelligently links together a job, the job's required skill sets, the profile of a candidate and the appropriate learning materials. If the candidate needs specific training for a job, this technology automatically identifies it. If the company needs candidates with certain skill sets for a job, this technology automatically identifies the candidates. The technology further decides the amount of additional training required for each candidate.

*Id.*[3] IpLearn also provided descriptions for at least five other patents-in-suit.[4] *Id.*

Second, Oracle's attempt to require IpLearn to provide an exhaustive list of accused products or to specifically identify each "software application" of the accused products that performs any infringing step is unsupported. Form 18 only requires the identification of a general category of products. *See* Form 18 (requiring only a general category of accused products, *i.e.*, "electric motors"); *St. Clair*, 2011 U.S. Dist. LEXIS 112280, at *8 ("While 'it is not necessary to identify specific products,' it is necessary for a complaint at least to 'mimic Form 18 and identify a general category of products.'") (internal citation omitted). And as this

---

[2] All exhibits are attached to the Declaration of Fredricka Ung, filed concurrently herewith.

[3] As discussed further below, although a court generally may not consider evidence beyond the complaint in deciding a Rule 12(b)(6) motion, some courts have held that "plaintiffs may still suggest facts outside of the pleadings to show that their complaints should not be dismissed, so long as those facts are consistent with the complaint." *Illinois Tool Works Inc. v. Elektromanufaktur Zangenstein Hanauer GmbH & Co.*, Case No. 11-CV-262-JPS, 2011 U.S. Dist. LEXIS 137985, at *7-*8 (E.D. Wisc. Nov. 30, 2011).

[4] IpLearn provided a description of all the asserted patents except for the '942 patent (which was in reexamination at the time) and U.S. Patent No. 6,688,888.

4

Court recently explained, aside from the requirements of Form 18, "[n]o further detail is required." *Id.* at *6-*7; *see also InvestPic, LLC v. FactSet Research Sys.*, Civ. No. 10-1028-SLR, 2011 U.S. Dist. LEXIS 112891, at *4-*5 (D. Del. Sept. 30, 2011) (requiring only "the five elements [of] Form 18").

In fact, this Court has rejected similar motions that asserted insufficient notice due to the scope of the products accused of infringement. *See Applera Corp. v. Thermo Electron Corp.*, C.A. No. 04-1230 (GMS), 2005 WL 524589, at *1 (D. Del. Feb. 25, 2005) (rejecting argument that issues could not be determined because "plaintiffs failed to identify which of its ninety-three mass spectrometers, in sixteen product lines" allegedly infringed); *St. Clair*, 2011 U.S. Dist. LEXIS 112280, at *9 (denying motion to dismiss even though the complaint identified "'nearly every product sold by RIM'" because the "narrowing of issues regarding infringement is 'best achieved through the use of traditional mechanisms of discovery'"). Even accepting Oracle's attempt to broadly characterize each of the accused products, Oracle provides no explanation for why this case should be any different than the results in *Applera* and *St. Clair*.

Third, none of the cases cited by Oracle supports the heightened pleading standard that it seeks to impose. The complaints in *Bay Industries, In re Papst Licensing, Gen-Probe*, and *Fifth Marker* all failed because they effectively identified no accused products. *See Bay Industries, Inc. v. Tru-Arx Mfr., LLC*, Case No. 06-C-1010, 2006 U.S. Dist. LEXIS 86757, *2 (E.D. Wisc. Nov. 29, 2006) (dismissing complaint that "[failed] to identify <u>any</u> allegedly infringing product or to set forth a limiting parameter" (emphasis added)); *In re Papst Licensing GmbH Patent Litigation*, No. MDL 1298, C.A. 99-3118, 2001 U.S. Dist. LEXIS 2255, at *2 (E.D. La. Feb. 22, 2001) (dismissing complaint that referred simply to "products that embody the elements of at least one claim' of the twenty patents"); *Gen-Probe, Inc. v. Amoco Corp.*, 926 F. Supp. 948, 960-

5

61 (S.D. Cal. 1996) (dismissing complaint that simply referred to "products and/or kits"); *Fifth Market, Inc. v. CME Group, Inc.* C.A. No. 08-520-GMS, 2009 WL 5966836 (D. Del. May 14, 2009) (dismissing complaint that referred simply to "products and methods covered by the claims of the asserted patents").

Oracle's reliance on *ONDEO Nalco Co. v. EKA Chemicals*, No. 01-537-SLR, 2002 WL 1458853 (D. Del. June 10, 2002), which pre-dates *McZeal* and this Court's more recent decisions on the pleading standard for patent cases, is also misplaced. Similar to the other cases cited by Oracle, the complaint in *EKA* effectively alleged infringement against all of the accused infringer's products. *See EKA*, 2002 WL 1458853, at *1 n.2 (identifying one accused product specifically, but also alleging infringement broadly against "Nalco's products"). Indeed, the accused infringer argued that no law "entitled [EKA] to conditionally charge every … product as infringing" or entitled them to "broadly charge every product that defendant manufactures with infringement." *ONDEO Nalco Co. v. EKA Chemicals, Inc.*, C.A. No. 01-537-SLR, D.I. 31 at 1. *EKA* is also distinguishable because, at the time, the District of Delaware did not require initial infringement contentions. *Id.* at 3-4. That, however, is no longer the case. A plaintiff in this District is now required to provide "an initial claim chart relating each accused product to the asserted claims each product allegedly infringes" within 90 days after the Rule 16 Conference. (Ex. 3 at ¶ 4.c.)

### B. Oracle would require infringement contentions at the pleading stage.

There is no basis for Oracle's attempt to require IpLearn to explain "how Oracle infringed the asserted patents" (D.I. 97 at 9) or identify the asserted patent claims (D.I. 97 at 2) at the pleading stage. This Court and others have squarely rejected Oracle's position. *E.g., McZeal*, 501 F.3d at 1357-58 (holding that a plaintiff is not required to plead individual claims of

6

the asserted patents or "the specifics of how [the defendant's] purportedly infringing device works is something to be determined through discovery"); *St. Clair*, 2011 U.S. Dist. LEXIS 112280, at \*11-\*12 ("the Complaint is not required to address how the infringing products use the patented technology"); *Mark IV Indus. Corp. v. Transcore, L.P.,* C.A. No. 09-418-GMS, 2009 U.S. Dist. LEXIS 112069, at \*8 (D. Del. Dec. 2, 2009) ("a plaintiff is . . . not required to plead specifics as to how an allegedly infringing product works"); *Xpoint Techs., Inc. v. Microsoft Corp.*, 730 F. Supp. 2d 349, 353 (D. Del. 2010) (holding a plaintiff is not required to specifically plead "each element of the asserted patent's claims or even identify which claims it is asserting.").

In fact, the Court's Default Standard for Discovery makes clear that identifying the asserted claims and how the accused products infringe those claims comes later, and not at the pleading stage. Pursuant to paragraph 4 of the Default Standard, a plaintiff is required to "produce to each defendant an initial claim chart relating each accused product to the asserted claims of each product allegedly infringes" within 90 days after the Rule 16 Conference. (Ex. 3 at ¶ 4.c.) This requirement would be superfluous if a plaintiff is required to provide this information in its complaint.

Because a plaintiff in a patent infringement case need not identify the asserted claims or how the accused products infringe, Oracle's attempt to fault IpLearn for not doing so is a red herring. It is also disingenuous. Although Oracle argues that IpLearn could have, and should have, identified each individual component of each accused product that is relevant to IpLearn's claims of infringement,[5] (D.I. 97 at 10), many of Oracle's own public statements fail to

---

[5] To the extent Oracle cites to matters outside of the pleading, such as Exhibits A and B to its motion, the evidence must be excluded on a Rule 12(b)(6) motion to dismiss. "Where such matters are relied upon, the Court must convert a Rule 12(b)(6) motion to a Rule 56 motion for

differentiate between the various applications of the accused products, attributing features to the accused product generally as opposed to a particular individual application. (Ex. 4 (quoting a customer's statement that "PeopleSoft 9.1 combines all the latest features customers expect in a web-based application with the tools needed to extend it into the future"); Ex. 5 (advertising that Oracle's E-Business Suite 12.1 can help its customers "[m]aximize the value of [their] workforce by managing talent enterprise-wide through a truly integrated Talent Management solution that connects strategic and transactional HR data and processes"); Ex. 6 (touting that "Oracle Beehive provides a complete range of integrated collaboration services including conferencing, instant messaging, email, calendar, and team workspaces that can be deployed either on premise or through Oracle on demand").)

Moreover, Oracle's concern that the absence of infringement contentions at the pleading stage prejudices their ability to comply with the Court's Default Standard is overstated. Oracle's argument that it "faces an unnecessarily onerous burden in fulfilling its obligation to identify individuals who may have relevant information" is unconvincing because Oracle admits that it is able to discern that "many" of the applications of the accused products are irrelevant. (D.I. 97 at 4-5.) And Oracle's suggestion that it will not be able to produce the relevant core technical documents as required by the Default Standard, (D.I. 97 at 11), simply ignores the fact that Oracle's production comes only after IpLearn "specifically identif[ies] the accused products and the asserted patent(s) they allegedly infringe ..." (Ex. 3 at ¶ 4.b.)

---

summary judgment, pursuant to Fed. R. Civ. P. 12(d)." *King v. Doe*, Civil No. 10-573 (JBS/AMD), 2011 U.S. Dist. LEXIS 73542, at *13 (D. Del. July 6, 2011). The Court, however, may consider the evidence submitted by IpLearn because it is "'integral to" the Complaint. *Resnik v. Woertz*, 774 F. Supp. 2d 614, 621 n.1.

### C. The Complaint Adequately Alleges Indirect Infringement.

Oracle moves to dismiss IpLearn's indirect infringement allegations on the grounds that the Complaint purportedly does not (1) identify a direct infringer, (2) allege knowledge of the asserted patents or (3) specific intent to induce infringement, (4) plead "facts indicating what Oracle has done to induce others to infringe," or (5) for IpLearn's contributory infringement claim, plead that the accused products were "especially made or … adapted" for an infringing use. Oracle's arguments are without merit.

First, IpLearn identified direct infringers – namely, Oracle's "customers." (D.I. 15 ¶¶ 26, 36, 44, 54, 66, 85, 94, 99, 109 (alleging that Oracle induced and contributes to infringement by, *inter alia*, selling the accused products and services to "customer").) This Court has previously recognized similar allegations as sufficient to place defendants on notice of a direct infringer for claims of indirect infringement. *See Mallinckrodt Inc. v. E-Z-Em Inc.* ("*Mallinckrodt II*"), 671 F. Supp. 2d 563, 569 (D. Del. Dec. 2009) (holding that allegations of "others" who would use the accused products sufficiently identified a direct infringer); *Proctor & Gamble Co. v. Nabisco Brands, Inc.*, 604 F. Supp. 1485, 1489 (D. Del. 1985) (denying dismissal of an indirect infringement claim based on "retail sales," which the Court interpreted as alleging "direct infringement [by] retailers …."). IpLearn's allegations regarding Oracle's "customers" are no different than the "others" and "retailers" in *Mallinckrodt II* and *Nabisco* and, hence, sufficiently identify direct infringers for purposes of indirect infringement. No more specificity is required. *Minkus Elec. Display Sys. Inc. v. Adaptive Micro Sys. LLC*, C.A. No. 10-666-SLR, 2011 U.S. Dist. LEXIS 26827, at *14-*15 (D. Del. Mar. 16, 2011) ("Plaintiff need not plead that a specific third party directly infringes the patent-in-suit in order to state a claim for indirect

infringement…. [I]dentifying third parties who participated in allegedly infringing activities is a proper question for discovery.").

Second, IpLearn alleges knowledge of the patents-in-suit. At a minimum, IpLearn alleged knowledge of the patents "[a]fter being served with the [original] Complaint in this action …." (D.I. 15 ¶¶ 26, 36, 44, 54, 66, 85, 94, 99, 109.) Although courts have questioned whether knowledge based on the filing of a complaint is sufficient, this Court in *Minkus* suggested that it is at least sufficient where damages are limited to the period dating from the filing of the complaint:

> Given that all defendants will be deemed to have knowledge of the [asserted] patent as of the date the complaint was filed, and given that the only consequence (I believe) of this decision is limiting plaintiffs damages to the period dating from a defendant's first knowledge of the [asserted] patent, the court will so limit plaintiff's damages as to each defendant unless plaintiff chooses to amend its complaint to allege sufficient facts as to an individual defendant's knowledge.

2011 U.S. Dist. LEXIS 26827, at *17.

Importantly, however, Oracle knew of all but one of the asserted patents even *before* the filing of the original Complaint. Indeed, although Oracle challenges IpLearn's allegations regarding knowledge, it never denies that it knew of the patents. In fact, it knew of the patents by at least July 21, 2004, when IpLearn sent a letter to Oracle expressly identifying the patents.[6] (Ex. 1.) Then, as discussed above, on August 20, 2004, IpLearn sent a second letter to Oracle

---

[6] U.S. Patent No. RE39,942 ("the '942 patent") is the only asserted patent that was not included in the July 21, 2004 letter. The '942 patent was in reexamination at the time and was not reissued until December 18, 2007.

10

attaching copies of the patents along with descriptions of each patent. (Ex. 2.) In other words, any suggestion that Oracle lacks knowledge is disingenuous.[7]

Third, IpLearn has adequately pled intent. In *Mallinckrodt II*, for instance, this Court found plaintiff's allegation that "defendants 'actively induc[e] the making, use, offer for sale, and/or import of' allegedly infringing [products], 'intend[ing] that others will use its [products] in a manner that infringes the [asserted patent]'" sufficient to plead intent. 671 F. Supp. 2d at 569. Similarly, IpLearn alleges:

> Oracle has induced infringement, and continues to induce infringement, of one or more of the claims of the [asserted patents] by making and unlawfully selling or offering to sell to customers software products or services, including without limitation [accused products], **with specific intent** that these software products or services be used by Oracle customers to infringe the [asserted patents].

(D.I. 1 ¶¶ 26, 36, 44, 54, 66, 85, 94, 99, 109 (emphasis added).) IpLearn's Complaint is also consistent with this Court's reasoning in *Xpoint*. In *Xpoint*, the Court held that plaintiff's assertion of HP's knowledge of the patented technology prior to the filing of the complaint was sufficient to allege intent to induce actual infringement. *Xpoint*, 730 F. Supp. 2d at 357. Similarly, the Court may infer from Oracle's knowledge of IpLearn's patents by as early as July 2004 that it "knew or should have known [its] actions would induce actual infringement." *Id.* at 367-57. Oracle cites no law to support its argument that IpLearn is required to plead "facts indicating what Oracle has done to induce others to infringe." (D.I. 97 at 12.) Indeed, Oracle's

---

[7] Although courts generally consider only the allegations contained in the complaint when reviewing a motion to dismiss, "[n]umerous cases … have allowed consideration of matters … integral to the claim … without converting the motion into one for summary judgment." C. Wright & A. Miller, Federal Practice and Procedure § 1357 (2004); *see also Illinois Tool Works Inc.*, 2011 U.S. Dist. LEXIS 137985, at *7-*8 ("[P]laintiffs may still suggest facts outside of the pleadings to show that their complaints should not be dismissed, so long as those facts are consistent with the complaint."). To the extent the Court disagrees and holds that it is improper to consider Exhibits 1 and 2, IpLearn respectfully requests that the Court grant it leave to amend the Complaint to allege additional facts regarding Oracle's knowledge of the asserted patents.

11

theory is simply another premature attempt to require infringement contentions at the pleading stage.

Finally, IpLearn's contributory infringement allegations are consistent with prior decisions of this Court.[8]  In *Mallinkrodt II*, for instance, the Court denied a motion to dismiss where the complaint alleged that defendant "had knowledge that the component is 'especially made or especially adapted for use in an infringement of the [asserted patent]." *Mallinkrodt II*, 671 F. Supp. 2d at 569.  Similarly, IpLearn alleges that the Oracle contributes to the infringement of the patents by, *inter alia*, selling accused products "that constitute a material part of the invention and are not a stable article or commodity of commerce suitable for substantial noninfringing use." (D.I. 1 ¶¶ 26, 36, 44, 54, 66, 85, 94, 99, 109.)  Nothing more is required.

## III. IpLEARN'S COMPLAINT IS SUFFICIENT AND ORACLE IS NOT ENTITLED TO A MORE DEFINITE STATEMENT.

Motions for a more definite statement are generally viewed "with disfavor, and are consistently denied 'where the information sought by the motion could easily be obtained by discovery.'" *CFMT, Inc. v. Yieldup Int'l Corp.*, C.A. No. 95-546-LON, 1996 U.S. Dist. LEXIS 22795, at *3 (D. Del. Apr. 5, 1996). Accordingly, the Court should deny Oracle's request for a more definite statement because, as discussed above, Oracle seeks information that IpLearn is already required to produce pursuant to the Court's Standard for Discovery.  In addition, relief for a more definite statement is only appropriate when "a pleading is 'so vague or ambiguous that the party cannot reasonably be required to frame a responsible pleading.'" *St. Clair*, 2011 U.S. Dist. LEXIS 112280, at *5.  Here, as discussed above, the Complaint complies with Rule 8

---

[8] Oracle also challenges IpLearn's contributory infringement allegations relating to knowledge and direct infringement.  Those arguments, however, fail for the same reasons as Oracle's arguments on induced infringement, discussed above.

and Form 18 and, therefore, is not "so vague and ambiguous" that Oracle cannot prepare a responsive pleading. *See CMFT, Inc.* 1996 U.S. Dist. LEXIS 22795, at *2 ("'If the pleading meets the requirements of Rule 8 and fairly notifies the opposing party of the nature of the claim, a motion for a more definite statement will not be granted.'") (internal citations omitted). In fact, no other defendant has moved for a more definite statement, and Oracle's admissions reveal that it is indeed aware of the nature of IpLearn's claim, the subject matter of the asserted patents, as well as the relevant accused products.

## IV. CONCLUSION.

IpLearn's Complaint has adequately pled a claim for relief and complies with the pleading requirements of this Court. The motion should therefore be denied.

January 9, 2012

Of Counsel:

Marc A. Fenster
Russ, August & Kabat
12424 Wilshire Boulevard, 12th Floor
Los Angeles, CA 90025-1031
(310) 826-7474 (phone)
(310) 826-6991 (fax)
mfenster@raklaw.com

CONNOLLY BOVE LODGE & HUTZ LLP

/s/ *Arthur G. (Chip) Connolly, III*
Arthur G. (Chip) Connolly, III (#2667)
Kristen Healey Cramer (#4512)
Jeremy D. Anderson (#4515)
The Nemours Building
1007 North Orange Street
Wilmington, DE 19801
(302) 302-888-6318 (phone)
(302) 255-4318 (fax)
aconnollyIII@cblh.com
kcramer@cblh.com
janderson@cblh.com

Attorneys for Plaintiff,
IpLearn, LLC

13