IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| IPLEARN LLC, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) C.A. No. 11-825 (LPS) |
| | ) |
| WBT SYSTEMS LTD., et al., | ) |
| | ) |
| Defendants. | ) |

**OPENING BRIEF IN SUPPORT OF ORACLE'S MOTION TO SEVER**

OF COUNSEL:

Mark D. Selwyn
WILMER CUTLER
PICKERING HALE AND DORR LLP
950 Page Mill Road
Palo Alto, CA 94304

Andrew B. Grossman
WILMER CUTLER
PICKERING HALE AND DORR LLP
350 South Grand Avenue, Suite 2100
Los Angeles, CA 90071

Robert Sloss
Peter O'Rourke
ORACLE CORPORATION
500 Oracle Parkway
Redwood Shores, CA 94065

January 13, 2012

MORRIS, NICHOLS, ARSHT & TUNNELL LLP
Mary B. Graham (#2256)
Jeremy A. Tigan (#5239)
1201 N. Market Street
P.O. Box 1347
Wilmington, DE 19899-1347
(302) 658-9200
mgraham@mnat.com
jtigan@mnat.com
  *Attorneys for Oracle Corporation*

TABLE OF CONTENTS

Page

TABLE OF AUTHORITIES ................................................................................................ ii

INTRODUCTION .................................................................................................................1

NATURE AND STAGE OF PROCEEDINGS .....................................................................2

FACTS ...................................................................................................................................3

ARGUMENT .........................................................................................................................3

    I.    THE CLAIMS AGAINST ORACLE SHOULD BE SEVERED. ...........................3

        A.    The Claims Against Each Of The Fifteen Defendants Do Not Arise From The Same Transaction Or Occurrence As The Claims Against Any Other Defendant. ..................................................3

        B.    Forcing Oracle To Litigate With Multiple, Unrelated Defendants Would Deprive Oracle Of The Opportunity To Fully Defend Itself. ...........................................................................................7

        C.    Joinder Of The Multiple Unrelated Defendants Risks Significant Juror Confusion. ..................................................................11

    II.    ONCE SEVERED, THE CLAIMS AGAINST THE OTHER DEFENDANTS SHOULD BE STAYED PENDING THE RESOLUTION OF THE CLAIMS AGAINST ORACLE. .................................12

        A.    A Stay Would Simplify The Issues In Question And Trial Of The Case. .....................................................................................13

        B.    A Stay Will Not Cause Undue Prejudice To IpLearn. ..............................14

CONCLUSION ....................................................................................................................15

## TABLE OF AUTHORITIES

Page(s)

**CASES**

*Akeena Solar, Inc. v. Zep Solar, Inc.*,
  No. C. 09-5040-JSW, 2011 WL 2669453 (N.D. Cal. July 7, 2011) ........................................14

*Aleman v. Chugach Support Servs., Inc.*,
  485 F.3d 206 (4th Cir. 2007) ...............................................................................................10

*Bear Creek Techs., Inc. v. RCN Commc'ns*,
  No. 2:11-cv-103, 2011 WL 3626787 (E.D. Va. Aug. 17, 2011) ..............................................5

*Children's Network, LLC v. Pixfusion LLC*,
  No. 10 Civ. 2511 (DLC), 2010 WL 2640120 (S.D.N.Y. June 30, 2010) .................................5

*Colt Def. LLC v. Heckler & Koch Def., Inc.*,
  No. 2:04-cv-258, 2004 U.S. Dist. LEXIS 28690 (E.D. Va. Oct. 22, 2004).............6, 10, 11, 12

*Cost Bros., Inc. v. Travelers Indem. Co.*,
  760 F.2d 58 (3d Cir. 1985)....................................................................................................12

*Dougherty v. Mieczkowski*,
  661 F. Supp. 267 (D. Del. 1987) .............................................................................................8

*EIT Holdings LLC v. Yelp!, Inc.*,
  No. C. 10-05623-WHA, 2011 WL 2192820 (N.D. Cal. May 12, 2011) ................................10

*Ethicon, Inc. v. Quigg*,
  849 F.2d 1422 (Fed. Cir. 1988).............................................................................................12

*MyMail, Ltd. v. America Online, Inc.*,
  223 F.R.D. 455 (E.D. Tex. 2004)............................................................................................4

*Paine, Webber, Jackson & Curtis, Inc. v. Merrill Lynch, Pierce, Fenner & Smith*,
  564 F. Supp. 1358 (D. Del. 1983)...........................................................................................3

*Patlex Corp. v. Mossinghoff*,
  758 F.2d 594 (Fed. Cir. 1985)...............................................................................................15

*Pergo, Inc. v. Alloc, Inc.*,
  262 F. Supp. 2d 122 (S.D.N.Y. 2003).....................................................................................6

*Philips Elecs. N. Am. Corp. v. Contec Corp.*,
  220 F.R.D. 415 (D. Del. 2004) ........................................................................................ Passim

*Robinson v. Johnson*,
   No. 3:07-cv-449-RLW, 2009 U.S. Dist. LEXIS 25988 (E.D. Va. Mar. 26, 2009) ........... 12, 13

*Rudd v. Lux Prods. Corp.*,
   No. 09-cv-6957, 2011 WL 148052 (N.D. Ill. Jan. 12, 2011) ..................................................... 4

*Saval v. BL Ltd.*,
   710 F.2d 1027 (4th Cir. 1983) ............................................................................................. 9, 10

*TecSec, Inc. v. Int'l Bus. Machines*,
   1:10-cv-115-LMB-TCB, slip op. (E.D. Va. June 4, 2010) ....................................................... 14

*VDF FutureCeuticals, Inc. v. Sandwich Isles Trading Co., Inc.*,
   No. 11-288 ACK-RLP, 2011 U.S. Dist. LEXIS 148766, at *3
   (D. Haw. Dec. 27, 2011) .......................................................................................................... 15

*Vehicle IP, LLC v. Wal–Mart Stores, Inc.*,
   No. 10-503-SLR, 2010 WL 4823393 (D. Del. Nov. 22, 2010) ............................................... 14

*WiAV Networks, LLC v. 3Com Corp.*,
   No. C 10-3448-WHA, 2010 WL 3895047 (N.D. Cal. Oct. 1, 2010) ......................... 5, 6, 7, 10

**OTHER AUTHORITIES**

H.R. REP. NO. 11-98, pt. 1 ................................................................................................................ 4

H.R. REP. NO. 112-98 (2011) ........................................................................................................... 4

www.iplearn.com ............................................................................................................................ 14

**RULES AND STATUTES**

Fed. R. Civ. P. 20 ..................................................................................................................... Passim

Fed. R. Civ. P. 21 ......................................................................................................................... 7, 12

PL 112-29, Sept. 16, 2011, 125 Stat 284 ..................................................................................... 4, 6

Defendant Oracle Corporation ("Oracle"), pursuant to Federal Rules of Civil Procedure 20(a) and 21, for the reasons set forth herein and in *Defendant The Ultimate Software Group's Motion to Sever* (D.I. 102, 103), moves to sever and proceed on the claims by plaintiff IpLearn, LLC ("IpLearn") against Oracle and stay IpLearn's claims against the remaining defendants.

## INTRODUCTION

IpLearn accuses Oracle of infringing nine patents including a total of 503 claims. In addition, IpLearn has joined *fourteen* wholly unrelated companies in this case, each of which is accused of infringing anywhere from one to four of the nine patents also asserted against Oracle. The fourteen other accused defendants include a wide range of companies that offer products and services that are unrelated to those provided by Oracle. IpLearn does not allege in its First Amended Complaint that the fourteen other defendants' accused software applications and/or services bear any relevant similarity to Oracle's software applications and/or services, or, critically, that Oracle's alleged acts of infringement of the nine patents-in-suit are in any way related to the alleged acts of infringement committed by any other defendant.

Combining multiple unrelated defendants in a single action, as IpLearn attempts here, is improper for at least three reasons: First, it violates the requirement (which Congress recently reaffirmed) that claims asserted against parties joined in the same action must "aris[e] out of the same transaction, occurrence, or series of transactions or occurrences." Fed. R. Civ. P. 20. Second, by making Oracle one of *fifteen* defendants, joinder will severely limit Oracle's ability to present an individualized defense. Finally, joinder risks significant juror confusion because no jury can reasonably be expected to keep straight the *fifteen* different defendants, their different accused products, and their different defenses. Accordingly, IpLearn's claims against

Oracle should be severed from IpLearn's remaining claims.

In addition, once the claims against Oracle are severed, the claims against the remaining defendants should be stayed pending the resolution of the claims against Oracle. Oracle is the only party against which all nine patents-in-suit are asserted and is clearly the primary target in this action. No matter the outcome of the claims against Oracle, resolving those claims first will inevitably narrow and simplify, and even eliminate, many of the issues and claims as to the other defendants. In the interests of judicial economy, due process and fairness, IpLearn's claims should proceed against only Oracle.

## NATURE AND STAGE OF PROCEEDINGS

IpLearn filed this patent infringement action on September 15, 2011, asserting a total of nine patents against seventeen defendants. (D.I. 1.) Three weeks later, IpLearn filed an amended complaint, asserting various combinations of these same nine patents against a total of nineteen defendants. (*Id.*) The first defendant to answer the First Amended Complaint was Element K Corp. on November 1, 2011. (D.I. 51.) Since then, eight other defendants have answered the first amended complaint, (D.I. 55, 65, 68, 76, 80, 90, 95, 112); Oracle filed a Motion to Dismiss Plaintiff's First Amended Complaint, or, in the Alternative, for a More Definite Statement, (D.I. 112); and three defendants were dismissed from the suit, (D.I. 88, 120). The remaining defendants are to respond to the First Amended Complaint no later than January 20, 2012. (D.I. 108, 110, 111.) No date has been set for an initial scheduling conference or trial. Likewise, discovery has not begun.

# FACTS

IpLearn has accused fifteen different and unrelated defendants[1] of infringing a total of nine patents including 503 claims. It accuses Oracle of infringing each of these nine patents, and each of the remaining fourteen defendants of infringing between one and four of these same patents. (D.I. 15; *see* Exhibit A, attached hereto.) IpLearn has not alleged, though, that Oracle is in any way related to the other fourteen defendants or that Oracle collaborated with of the other defendants in any way with respect to the accused products. (D.I. 15.) In fact, IpLearn does not assert that there is any connection between the defendants or the accused products other than that they allegedly infringe some subset of the same nine patents. (*Id.*)

# ARGUMENT

I. **THE CLAIMS AGAINST ORACLE SHOULD BE SEVERED.**

  A. **The Claims Against Each Of The Fifteen Defendants Do Not Arise From The Same Transaction Or Occurrence As The Claims Against Any Other Defendant.**

Rule 20(a) joinder is only proper if the plaintiff can satisfy both prongs of the joinder test: defendants can be joined "if any right to relief is asserted against them . . . with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and any question of law or fact common to all defendants will arise in the action." Fed. R. Civ. P. 20(a). Cases should be severed where, as here, the plaintiff's claims against a defendant are unrelated to its claims against the other defendants. *See Paine, Webber, Jackson & Curtis, Inc. v. Merrill Lynch, Pierce, Fenner & Smith*, 564 F. Supp. 1358, 1370 (D. Del. 1983) ("Allegations of infringement against two unrelated parties based on different acts do not arise

---

[1] The First Amended Complaint names a total of nineteen defendants; however, two of those defendants are foreign affiliates of other entities also listed in the First Amended Complaint. (D.I. 15.) Subsequent to the filing of the First Amended Complaint, IpLearn dismissed its claims against defendant Meta4 USA Inc. and WBT Systems (WBT Systems Ltd. and WBT

from the same transaction.").

Congress recently reaffirmed the requirement that joined claims must arise from the "same transaction or occurrence" by enacting the America Invents Act, which recognizes and addresses the "problems occasioned by the joinder of defendants (sometimes numbering in the dozens) who have tenuous connections to the underlying disputes in patent infringement suits." H.R. REP. NO. 112-98 at 64 (2011). The Act emphasizes that "accused infringers may not be joined in one action as defendants or counterclaim defendants, or have their actions consolidated for trial, based solely on allegations that they each have infringed the patent or patents in suit." PL 112-29, September 16, 2011, 125 Stat 284. Rather, unrelated patent defendants can only be joined if they sell the same, not merely similar, products. *Id.* at § 299 (permitting joinder of claims against defendants only if they "aris[e] out of the same transaction, occurrence, or series of transactions or occurrences relating to the making, using, importing into the United States, offering for sale, or selling of the *same accused product or process*" (emphasis added)).[2,3]

The America Invents Act codifies an understanding of the law adopted by courts throughout the country. *See, e.g.*, *Philips Elecs. N. Am. Corp. v. Contec Corp.*, 220 F.R.D. 415, 417 (D. Del. 2004) ("Allegations of infringement against two unrelated parties based on different

---

[2] Though the America Invents Act does not strictly apply to cases filed before its enactment, it did not change Rule 20 but merely clarified its requirements. It is highly instructive that Congress endorsed the prevailing approach to joinder of patent defendants under Rule 20(a). *See* H.R. REP. NO. 11-98, pt. 1 at 54 and 55 n.61 ("Section 299 legislatively abrogates the construction of Rule 20(a) adopted in *MyMail, Ltd. v. America Online, Inc.,* 223 F.R.D. 455 (E.D. Tex. 2004) . . . effectively conforming these courts' jurisprudence to that followed by a majority of jurisdictions. *See generally Rudd v. Lux Prods. Corp.*, No. 09-cv-6957, 2011 WL 148052 (N.D. Ill. Jan. 12, 2011)."). The act became effective on September 16, 2011, just one day after IpLearn filed suit.

[3] The Act also makes clear that improperly joined defendants also should not be consolidated. *See* § 299 ("For purposes of this subsection, accused infringers may not be joined in one action as defendants or counterclaim defendants, or have their actions consolidated for trial, based solely on allegations that they each have infringed the patent or patents in suit.").

acts do not arise from the same transaction."); *Bear Creek Techs., Inc. v. RCN Commc'ns*, No. 2:11-cv-103, 2011 WL 3626787, at *5 (E.D. Va. Aug. 17, 2011) (concluding that patent defendants were misjoined because they were not related entities, did not sell, market or use each other's accused products, and were not acting together to allegedly infringe the asserted patent); *Children's Network, LLC v. Pixfusion LLC*, No. 10 Civ. 2511 (DLC), 2010 WL 2640120, at *9 (S.D.N.Y. June 30, 2010) ("Joinder of unrelated parties into one action is generally inappropriate where, as here, the infringement of the same patent is alleged, but the products are different."); *WiAV Networks, LLC v. 3Com Corp.*, No. C 10-3448-WHA, 2010 WL 3895047, at *1 (N.D. Cal. Oct. 1, 2010) ("[T]he vast majority [of the defendants] are wholly unrelated companies with wholly unrelated products. Significantly, neither the original defendants nor the remaining defendants were alleged to have acted in concert to infringe any of plaintiff's asserted patents. Indeed, many of the remaining defendants are direct competitors of each other. They share no common transaction or occurrence [sic].").

It is beyond reasonable dispute that the claims against Oracle do not arise out of "*the same* transaction or occurrence" as the claims against the remaining defendants. (D.I. 15.) The relevant series of transactions for the purposes of IpLearn's claims against Oracle are the series of transactions by which Oracle has sold it proprietary software applications and/or services to its customers. The relevant series of transactions for the purposes of IpLearn's claims against the remaining defendants are the series of transactions by which they each have sold their proprietary products and/or services to their respective customers. These transactions involve:

- Different products;
- Different customers;
- Different prices;

- Different terms;
- Different dates; and
- Different marketing and sales forces.

They are therefore indisputably not the *same* series of transactions as required by Rule 20, but instead are entirely different.

IpLearn cannot overcome this fundamental deficiency by asserting that each defendant's products infringe the same patent or that each defendant sells similar products. As this district has recognized, as Congress recently reiterated, and as courts across the country have confirmed, an allegation that unrelated defendants "may have infringed the same patents . . . is an insufficient basis to join unrelated parties as defendants in the same lawsuit." *Philips Elecs.*, 220 F.R.D. at 417; *Pergo, Inc. v. Alloc, Inc.*, 262 F. Supp. 2d 122, 128 (S.D.N.Y. 2003) (granting motion to sever because "the fact that two parties may manufacture or sell similar products, and that these sales or products may have infringed the identical patent owned by the plaintiffs is not sufficient to join unrelated parties as defendants in the same lawsuit pursuant to Rule 20(a)"); *Colt Def. LLC v. Heckler & Koch Def., Inc.*, No. 2:04-cv-258, 2004 U.S. Dist. LEXIS 28690, at *13 (E.D. Va. Oct. 22, 2004) ("[A]llegations against multiple and unrelated defendants for independent acts of patent, copyright and/or trademark infringement do not set forth claims arising from the same transaction or occurrence within the meaning of Rule 20(a)."); *WiAV Networks*, 2010 WL 3895047, at *2 (finding that joinder is improper where plaintiff "is suing unrelated and competing defendants for their own independent acts of infringement."); PL 112-29, September 16, 2011, 125 Stat 284 at § 299 ("For purposes of this subsection, accused infringers may not be joined in one action as defendants or counterclaim defendants, or have their actions consolidated for trial, based solely on allegations that they each have infringed the

patent or patents in suit.").

In *Philips*, the plaintiff accused several manufacturers of remote control units for controlling home appliances of infringing two patents. *See* 220 F.R.D. at 416. One of the defendants moved to sever the claims arguing that, because it had no relationship with the other defendants, the plaintiff's claims against it did not arise from the same transaction or occurrence as the plaintiff's claims against the other defendants. *Id.* at 417. The district court agreed, finding that the defendants were "separate entities" that were not "jointly and severally liable" and whose allegedly infringing actions were not related. *Id.* at 417-18. Under such circumstance, severance was appropriate because "[a]llegations of infringement against two unrelated parties based on different acts do not arise from the same transaction." *Id.* at 417.

Similarly, in *WiAV Networks*, plaintiff accused twelve unrelated laptop manufacturers of infringing the same patent. 2010 WL 3895047, at *2. Just as here, the plaintiff could make no showing that "the named defendants . . . have engaged in related activities or have otherwise acted in concert." *Id.* at *1. In dismissing plaintiff's claims for misjoinder under Rule 21, the court noted that "plaintiff cannot escape the fact that it is suing unrelated and competing defendants for their own *independent acts of patent infringement*." *Id.* at *3 (emphasis added).

Accordingly, because Oracle's purported acts of infringement are entirely unrelated to those of the other defendants, the claims against Oracle should be severed. *Philips Elecs.*, 220 F.R.D. at 417.

### B. Forcing Oracle To Litigate With Multiple, Unrelated Defendants Would Deprive Oracle Of The Opportunity To Fully Defend Itself.

Rule 20's restrictions on the types of claims that can be joined are imposed with good reason – forcing Oracle to litigate this case alongside fourteen unrelated defendants would significantly harm Oracle's ability to defend itself. As one of fifteen defendants – all of whom

would be required to share time at depositions, hearings, and trial – Oracle's ability to develop and present an individualized defense would be severely limited. A primary purpose of Rule 20 is to avoid prejudice to defendants. *See Dougherty v. Mieczkowski*, 661 F. Supp. 267, 27-78 (D. Del. 1987) ("The question of severance is committed to the discretion of the Court, and under Rule 20(b) the claims may be separated for trial to prevent delay or prejudice."). Where, as here, joinder will interfere with each of the fifteen defendants' right to defend itself, severance should be granted.

Requiring Oracle to defend itself alongside fourteen other defendants on nine patents, involving 503 claims, would likely harm Oracle's defense in at least the following ways:

- *Summary Judgment*: Some, if not all, of the defendants may have strong grounds to move for summary judgment of non-infringement or invalidity. The sheer number of defendants will reduce the chances that any one defendant's motion for summary judgment can be decided ahead of trial.

- *Expert witnesses*: Defendants will be forced either to share expert witnesses with other defendants (depriving defendants of the full attention of an expert and risking the inadvertent disclosure of confidential information among defendants) or retain at least fifteen separate technical experts and a like number of economic experts (creating the risk that each expert's opinions will be diluted by the large number of opinions offered).

- *Depositions*:[4] Even with some coordination amongst Defendants, they will inevitably be forced to share time during the key depositions – including depositions of the inventor, the prosecuting attorneys, and the plaintiff's expert witnesses – resulting in limited opportunities for any given defendant to develop individualized defenses.

- *Limited Opportunity to tell the Oracle story*: Because Oracle will be forced to share limited trial time with the fourteen other defendants, Oracle's opportunity to educate the jury about the company, its history, its products, and its individual defenses will be extremely limited.

While each of these issues might be manageable with a reasonable number of

---

[4] Oracle acknowledges the likelihood of coordination amongst defendants with respect to depositions of IpLearn's witnesses.

defendants, they are magnified, and entirely unmanageable, with fifteen separate defendants and nine patents-in-suit (involving 503 claims). For instance, even if an inventor on any of the nine patents-in-suit were deposed for five full days, each of the fifteen defendants would still only have the opportunity to depose the inventor for approximately two hours, nearly five fewer hours than the standard seven hours contemplated by the Federal Rules. Although some collaboration amongst the defendants can be expected, such severe limitations on a defendant's ability to depose key witnesses, such as an inventor, are highly prejudicial.

      The harm to Oracle's ability to defend itself is further compounded because IpLearn has accused the defendants of infringing different subsets of the nine patents-in-suit. (*See* Exhibit A, attached hereto.) For example, IpLearn asserts all nine patents-in-suit against Oracle, but asserts only three of those patents against Beeline Acquisition Corp. and a different two of those patents against Pearson, Inc. (D.I. 15.) And Cengage Learning, Inc. is accused of infringing three of the patents-in-suit—two of the same patents asserted against Pearson and one of the same patents asserted against Beeline. (*Id.; see* Exhibit A.) With so many different overlapping subgroups of defendants accused of infringing the various asserted patents, the harm described above with respect to discovery, motion practice, experts, and trial is amplified.

      The significant harm resulting from the joinder of so many defendants is not justified by the "convenience" to IpLearn of being able to sue so many at once. Joinder is not a plaintiff's "substantive right" – it is merely a "procedural device." *See Saval v. BL Ltd.*, 710 F.2d 1027, 1030 (4th Cir. 1983). In contrast, each defendant has a fundamental right to present an individualized defense on the issues of infringement, validity, and damages. *WiAV Networks*, 2010 WL 3895047, at *2 ("[T]he accused defendants – who will surely have competing interests and strategies – are entitled to present individualized assaults on questions of non-infringement,

invalidity, and claim construction."). To the extent that joinder interferes with this right, severance should be granted. *Aleman v. Chugach Support Servs., Inc.*, 485 F.3d 206, 218 n.5 (4th Cir. 2007) (finding that a court may "deny joinder if it determines that the addition of the party under Rule 20 will not foster the objectives of the rule, but will result in prejudice, expense, or delay" (citations omitted)); *EIT Holdings LLC v. Yelp!, Inc*., No. C. 10-05623-WHA, 2011 WL 2192820, *2 (N.D. Cal. May 12, 2011) (granting severance because "whatever common issues may exist from website to website will be overwhelmed by the individual issues of claim construction, damages, willfulness, and discovery supervision").

Moreover, judicial economy is not promoted by joining a disparate group of defendants together in a single action. Where each of the fifteen unrelated defendants will be presenting different evidence through different witnesses, it is more likely that the combination of these unrelated claims and defenses would result in greater inefficiency. *See Saval,* 710 F.2d at 1032 (holding that joinder of five unrelated defendants "in a single action would not enhance judicial economy" where each claim arises from a different transaction or occurrence). Indeed, conducting a trial, or proceeding with discovery, with fifteen defendants is not remotely feasible, let alone efficient. And while efficiency and uniformity are important considerations, they do not trump a defendant's fundamental right to a fair opportunity to defend itself. *Colt*, 2004 U.S. Dist. LEXIS 28690, at *16 ("[T]o the extent that considerations of judicial economy can factor into the court's decision whether to sever the claims against [a defendant], they do so only after the plaintiff has first satisfied the requirements of Rule 20(a).").

### C. Joinder Of The Multiple Unrelated Defendants Risks Significant Juror Confusion.

Severance is also necessary and appropriate to avoid the risk of significant juror confusion created by IpLearn's attempted joinder of multiple, unrelated defendants.

As the case is presently constituted, there are fifteen defendants, potentially dozens of accused products, and fifteen different sets of witnesses, documents, and other evidence regarding such products. Each defendant will present different arguments, specific to its accused products, the particular patents asserted against it, and its particular circumstances. No jury can be reasonably expected to keep this number of defendants, accused products, asserted patents and claims, and arguments straight. This is especially true here, where each defendant is accused of infringing a different subset of the nine asserted patents. There is thus a high risk that jurors will confuse the defendants' defenses and reach decisions as to particular defendants based on evidence unrelated to the particular defendant. *See Philips Elecs.*, 220 F.R.D. at 418 (noting a "real prospect that the jury will assume that [one defendant] is liable for patent infringement by association with [the other defendant]"); *Colt*, 2004 U.S. Dist. LEXIS 28690, at *15 (granting motion to sever in part because "there is the possibility of jury confusion over the evidence required to prove" separate infringement allegations against two unrelated defendants).

Moreover, even if a jury could keep the multiple arguments straight, it is nevertheless likely that positions taken by one defendant will impact the jury's perception of the remaining defendants' defenses. Although the defendants have a common interest in defending themselves against IpLearn's allegations, they will undoubtedly have different views as to the best overall strategy for doing so. Defendants may have different views on issues such as the most relevant prior art to present to the jury. They may also be in significantly different positions on issues such as damages (e.g., if they have had different records on licensing or have different revenues) or laches and estoppel (e.g., if some defendants had prior notice of IpLearn or its patents).

Oracle's defense will unavoidably be affected by the positions taken by other defendants – over whom it has no control – whether Oracle supports those positions or not. If only one of the fifteen defendants takes an unreasonable position on a prior art reference, for instance, it will very likely color the jury's view of the remaining defendants' invalidity arguments. *Colt*, 2004 U.S. Dist. LEXIS 28690, at *15 (granting motion to sever in part because "there is the possibility of jury confusion over the evidence required to prove" separate infringement allegations against two unrelated defendants). Courts in this district have granted severance based on circumstances presenting a far lower risk of juror confusion. *See, e.g.*, *Philips Elecs.*, 220 F.R.D. at 418 (severing the patent infringement claims in part because of the jury's perception of its co-defendant). Here, there are fifteen defendants, and thus an exponentially greater risk of juror confusion.

## II. ONCE SEVERED, THE CLAIMS AGAINST THE OTHER DEFENDANTS SHOULD BE STAYED PENDING THE RESOLUTION OF THE CLAIMS AGAINST ORACLE.

The Court has wide discretion to manage its docket, including the power to stay proceedings. *Cost Bros., Inc. v. Travelers Indem. Co.,* 760 F.2d 58, 60 (3d Cir. 1985); *Ethicon, Inc. v. Quigg*, 849 F.2d 1422, 1426-27 (Fed. Cir. 1988). When, as here, there is misjoinder, the Court may simply "drop" misjoined parties under Rule 21, require separate proceedings for the misjoined parties under Rule 20(b) or, as requested by Oracle, sever Oracle and stay the proceedings against the misjoined defendants. *See Robinson v. Johnson,* No. 3:07-cv-449-RLW, 2009 U.S. Dist. LEXIS 25988, *6 (E.D. Va. Mar. 26, 2009) ("the appropriate course is to sever from the present action all of Plaintiff's claims except for his claims against the first-named defendant").

### A. A Stay Would Simplify The Issues In Question And Trial Of The Case.

The primary target in this action is clearly Oracle; it is the only defendant against which IpLearn asserts all nine patents-in-suit, and it appears that IpLearn has accused far more Oracle products of infringing the patents-in-suit than that of any other defendant.[5] (D.I. 15; D.I. 103, Ex. 1.) Staying the claims against all defendants but Oracle at this early stage in the case benefits the Court and parties by reducing the costs, both in terms of time and expense, of litigating a case involving fifteen distinct defendants. As discussed above, litigating a case with fifteen defendants increases the complexity and cost of the litigation for all parties. Allowing IpLearn's claims to proceed initially against only Oracle will ultimately lessen those costs.

No matter the outcome of the claims against Oracle, resolving those claims will inevitably narrow and simplify, and even eliminate, many of the issues and claims with respect to the other defendants. Indeed, the outcome of the claims against Oracle – irrespective of which party prevails – will inevitably encourage settlement. For example, if the case proceeds as to Oracle, should any of the patents asserted against Oracle be found invalid and/or unenforceable, those patents are likely to be dismissed against the remaining defendants. And, even if the patents are not found invalid or unenforceable, the Court's guidance on issues such as claim construction and summary judgment will be instructive and likely streamline the litigation against the remaining defendants.

A court managing a case in this manner is not unprecedented. In *TecSec, Inc. v. Int'l Bus. Machines*, 1:10-cv-115-LMB-TCB, slip op. (E.D. Va. June 4, 2010), a case involving fourteen defendants and 11 asserted patents including 380 claims, Judge Brinkema, stayed the

---

[5] As set forth in Oracle's Motion to Dismiss, IpLearn has not provided adequate notice of the Oracle products it is accusing of infringement. (D.I. 97.) Nevertheless, the allegations appear to encompass hundreds of product suites and applications. (*Id.* at 2-5.)

case with respect to all but two of the defendants after granting the defendants' motion to sever the misjoined defendants. (D.I. 103, The Ultimate Software Group, Inc.'s Mot. to Sever, Ex. 2.)

### B. A Stay Will Not Cause Undue Prejudice To IpLearn.

A stay of the proceedings against the other defendants while the case proceeds against Oracle will not cause undue prejudice to IpLearn, nor would it present a clear tactical disadvantage to IpLearn, for at least three reasons. *Cf. Akeena Solar, Inc. v. Zep Solar, Inc.*, No. C. 09-5040-JSW, 2011 WL 2669453, at *3 (N.D. Cal. July 7, 2011) (noting that the delay inherent in a stay pending reexamination does not, by itself, constitute undue prejudice). First, this case is in its infancy: there are still defendants that have not yet responded to the First Amended Complaint, the Court has not yet set a date for the a scheduling conference, and there has been no discovery. (*See, e.g.*, D.I. 110, 111.) Second, this is not a case involving competitors. IpLearn has not alleged or otherwise indicated that it manufactures or sells any products embodying the patents-in-suit, that it has ever manufactured or sold any such products, or that it has any intention of ever doing so. (*See* D.I. 15; *see also* IpLearn Website, www.iplearn.com (indicating that IpLearn is a licensing company).) In fact, IpLearn's decision not to seek injunctive relief implicity concedes that it will not be prejudiced by allowing the stayed defendants to continue selling their respective allegedly infringing products and potentially increasing their market share. *See Vehicle IP, LLC v. Wal–Mart Stores, Inc.*, No. 10-503-SLR, 2010 WL 4823393, at *2 (D. Del. Nov. 22, 2010) ("Of particular importance is the fact that plaintiff does not develop or sell any products of its own and is not a competitor of defendants. Courts are generally reluctant to stay proceedings where the parties are direct competitors. Since the parties do not compete, this factor favors a stay."); *VDF FutureCeuticals, Inc. v. Sandwich Isles Trading Co., Inc.*, No. 11-288 ACK-RLP, 2011 U.S. Dist. LEXIS 148766,

at *3 (D. Haw. Dec. 27, 2011) ("Moreover, the Court agrees with Sandwich Isles that VDF's arguments concerning prejudice from loss of market share are somewhat speculative, particularly given VDF's status as a licensor of patent rights rather than as a direct competitor of Sandwich Isles.  As Sandwich Isles points out, VDF has not shown any specific evidence that quantifies the loss of customers or market share.  In any event, it appears that any prejudice caused by additional delay will be in large part compensable by money damages."); *Patlex Corp. v. Mossinghoff*, 758 F.2d 594, 603 (Fed. Cir. 1985) (noting that a patent holder may recover damages from an infringer sustained while case was stayed during PTO reexamination).  Finally, IpLearn has not filed a motion for preliminary injunction or otherwise indicated that that it will suffer irreparable harm or a clear tactical advantage as a result of a stay against all defendants except Oracle.  *See VDF FutureCeuticals, Inc.*, 2011 U.S. Dist. LEXIS 148766, at *4 (noting that a lack of a motion for a preliminary injunction evidences that a plaintiff is not suffering irreparable harm based on the defendant's allegedly infringing products).

## **CONCLUSION**

IpLearn's improper attempt to join fifteen wholly unrelated defendants in this single action should not be permitted.  IpLearn does not even allege – let alone make the showing required by Rule 20 – that the claims against Oracle bear any relevant connection to the claims against any other defendant.  Accordingly, Oracle respectfully requests that the court issue an order severing IpLearn's claims against Oracle and stay the litigations with respect to the remaining fourteen defendants pending the outcome of these severed claims against Oracle.

                                MORRIS, NICHOLS, ARSHT & TUNNELL LLP

                                */s/ Jeremy A. Tigan*

                                Mary B. Graham (#2256)
                                Jeremy A. Tigan (#5239)
                                1201 N. Market Street
                                P.O. Box 1347
                                Wilmington, DE  19899-1347
                                (302) 658-9200
                                mgraham@mnat.com
                                jtigan@mnat.com
                                    *Attorneys for Oracle Corporation*

OF COUNSEL:

Mark D. Selwyn
WILMER CUTLER
PICKERING HALE AND DORR LLP
950 Page Mill Road
Palo Alto, CA  94304

Andrew B. Grossman
WILMER CUTLER
PICKERING HALE AND DORR LLP
350 South Grand Avenue, Suite 2100
Los Angeles, CA  90071

Robert Sloss
Peter O'Rourke
ORACLE CORPORATION
500 Oracle Parkway
Redwood Shores, CA  94065

January 13, 2012
4939049