IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| IPLEARN LLC, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) C.A. No. 11-825 (LPS) |
| | ) |
| WBT SYSTEMS LTD., et al., | ) |
| | ) |
| Defendants. | ) |

**REPLY BRIEF IN SUPPORT OF ORACLE'S MOTION
TO DISMISS PLAINTIFF'S FIRST AMENDED COMPLAINT OR,
IN THE ALTERNATIVE, FOR A MORE DEFINITE STATEMENT**

|  |  |
|---|---|
|  | MORRIS, NICHOLS, ARSHT & TUNNELL LLP |
|  | Mary B. Graham (#2256) |
|  | 1201 N. Market Street |
|  | P.O. Box 1347 |
|  | Wilmington, DE  19899-1347 |
|  | (302) 658-9200 |
| OF COUNSEL: | mgraham@mnat.com |
|  | *Attorneys for Oracle Corporation* |

Mark D. Selwyn
WILMER CUTLER
PICKERING HALE AND DORR LLP
950 Page Mill Road
Palo Alto, CA  94304

Andrew B. Grossman
WILMER CUTLER
PICKERING HALE AND DORR LLP
350 South Grand Avenue, Suite 2100
Los Angeles, CA  90071

Robert Sloss
Peter O'Rourke
ORACLE CORPORATION
500 Oracle Parkway
Redwood Shores, CA  94065

January 25, 2012

- i -

TABLE OF CONTENTS

Page

TABLE OF AUTHORITIES ................................................................................................ ii

INTRODUCTION ...........................................................................................................1

ARGUMENT..................................................................................................................1

    I.    IPLEARN'S DIRECT INFRINGEMENT CLAIMS FAIL TO FOLLOW THE SAMPLE ALLEGATIONS PROVIDED IN FORM 18.........................................................................................1

    II.    MERELY ALLEGING SERVICE OF THE COMPLAINT IS NOT SUFFICIENT TO PLEAD THE ELEMENT OF KNOWLEDGE IN INDIRECT INFRINGEMENT CLAIMS..............................5

    III.    IPLEARN CANNOT USE THE DISCOVERY PROCESS AND LOCAL DISCLOSURE REQUIREMENTS TO CURE ITS DEFICIENT PLEADING. ........................................................................8

CONCLUSION..............................................................................................................10

TABLE OF AUTHORITIES

Page(s)

**CASES**

*Applera Corp. v. Thermo Electron Corp.*,
  C.A. No. 04-1230 (GMS), 2005 WL 524589 (D. Del. Feb. 25, 2005) ...................................2

*Ashcroft v. Iqbal*,
  129 S. Ct. 1937 (2009) ............................................................................................... 2, 8, 9

*Bell Atl. Corp. v. Twombly*,
  550 U.S. 544 (2007) .................................................................................................. 3, 9, 10

*Carl Zeiss Meditec. Inc. v. Xoft, Inc.*,
  No. 10-308 (LPS) (MPT), 2011 WL 1326053 (D. Del. Apr. 5, 2011) .....................................7

*e-Lynxx Corp. v. InnerWorkings, Inc.*,
  No. 10-2535, 2011 U.S. Dist. LEXIS 91273 (M.D. Pa July 26, 2011)....................................5

*Eon Corp. IP Holdings LLC v. FLO TV Inc.*,
  No. 10-812 (SLR), 2011 WL 2708945 (D. Del. July 12, 2011) ..............................................8

*Fifth Market, Inc. v. CME Group*,
  2009 U.S. Dist. LEXIS 108776 , 2009 WL 5966836 (D. Del. May 14, 2009) .......................3

*InvestPic, LLC v. FactSet Research Sys., Inc.*,
  No. 10-1028 (SLR), 2011 WL 4591078 (D. Del. Sept. 30, 2011)...........................................7

*LG Elecs. U.S.A., Inc. v. Whirlpool Corp.*,
  C.A. No. 08-234, 2009 WL 3738306 (D. Del., Nov. 9 2009) .................................................4

*Mallinckrodt Inc. v. E-Z-EM Inc.*,
  670 F. Supp. 2d 349 (D. Del. 2009) *("Mallinckrodt I")*.....................................................5, 6

*Mallinckrodt Inc. v. E-Z-EMInc.*,
  671 F. Supp. 2d 563 (D. Del. 2009) *("Mallinckrodt II")* ...................................................7, 8

*Minkus Elec. Display Sys. Inc. v. Adaptive Micro Sys. LLC*,
  C.A. No. 10-666-SLR, 2011 U.S. Dist. LEXIS 26827 (D. Del. Mar. 16, 2011) .....................5

*Minkus Electronic Display Sys. Inc. v. Adaptive Micro Sys. LLC*,
  No. 10-666 (SLR), 2011 WL 941197 (D. Del. Mar. 16, 2011) ...............................................6

*St. Clair Intellectual Property Consultants, Inc. v. Apple Inc. et al.*,
  C.A. No. 10-00982-LPS, 2011 U.S. Dist. LEXIS 112280 (D. Del. Sep. 30, 2011) ................2

*Wilkerson v. New Media Tech. Charter Sch. Inc.*,
  522 F.3d 315 (3d Cir. 2008) ...................................................................................................9

*Xpoint Techs. v. Microsoft Corp.*,
  730 F. Supp. 2d 349 (D. Del. 2010) .......................................................................... 1, 6, 7, 8

**RULES AND STATUTES**

Rule 8 ................................................................................................................................ 3, 5, 9, 10

Rule 11 ...........................................................................................................................................9

Rule 12 ............................................................................................................................... 2, 4, 10

**INTRODUCTION**

IpLearn's Opposition cannot justify its failure to provide notice of a plausible entitlement to relief based on its First Amended Complaint. IpLearn's principal arguments are that it has sufficiently pleaded the elements of direct and indirect infringement and, even if it has not, any deficiency is cured because (i) the elements "may be infer[red]" from letters outside of the pleadings, and (ii) it has an obligation to produce infringement contentions during the discovery process. IpLearn's arguments are contrary to controlling case law and distort the application of the Default Standard for Discovery in this District.

IpLearn has not met its burden of identifying a general category of accused Oracle products consistent with Form 18 nor has it pleaded enough facts to state a claim for relief that is plausible on its face. Accordingly, dismissal is proper.

**ARGUMENT**

**I. IPLEARN'S DIRECT INFRINGEMENT CLAIMS FAIL TO FOLLOW THE SAMPLE ALLEGATIONS PROVIDED IN FORM 18.**

IpLearn's pleading of direct infringement fails to "mimic Form 18 and identify a general category of products" accused of infringement for three reasons. *Xpoint Techs. v. Microsoft Corp.*, 730 F. Supp. 2d 349, 353 (D. Del. 2010).

*First*, neither Enterprise Business Suite ("EBS") nor PeopleSoft Enterprise ("PS"), two Oracle products identified in IpLearn's First Amended Complaint, is a "general category of products" as required by Form 18. For example, as detailed in Oracle's Opening Brief (D.I. 97) and, particularly in Exhibit A, EBS is a broad suite of ***different categories*** of separately licensed software applications. (D.I. 97 at 3-4.) These different categories under the EBS umbrella include diverse applications designed to enable a user to manage a broad spectrum of business functions, ranging from customer relationships to supply chains. *Id.* Indeed, IpLearn

does not dispute that EBS (and PS) includes many applications that have no apparent relevance to the asserted patents. (IpLearn's Opposition Brief (D.I. 118) ("Opp.") at 3.).[1] Instead, IpLearn argues that because it has "expressly identified" Oracle EBS and PS (and reasonably similar products or services), it has done "all that is required" to meet its pleading obligations. (Opp. at 2-3.) IpLearn's position puts form over substance by disregarding that EBS and PS are not themselves individual categories of products (such as electric motors) but rather a collection of different categories of products that are included under a broad umbrella identifier (such as electric motors, wheels, and windshields would be categories of different products included in a car). *See, Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1940 (2009) ("determining whether a complaint states a plausible claim is context-specific, requiring the reviewing court to draw on its experience and common sense").

IpLearn cannot overcome the fact that neither EBS nor PS is a general category of products by referring to a single paragraph in "The Parties" section of its First Amended Complaint stating that "Oracle develops and sells or offers for sale infringing learning and development systems in this jurisdiction." (Opp. at 3.) The reference to "learning and

---

[1] IpLearn's reliance on *St. Clair* and *Applera* is misplaced. In *St. Clair*, the court found that the plaintiff sufficiently identified the categories of accused products as "smartphones and tablets." Moreover, the plaintiff identified specific models and "explicitly tie[d] the RIM products to each recitation of infringement of the six patents-in-suit." *St. Clair Intellectual Property Consultants, Inc.* v. *Apple Inc. et al.,* C.A. No. 10-00982-LPS, 2011 U.S. Dist. LEXIS 112280, *8-*9 (D. Del. Sep. 30, 2011). In contrast EBS (and PS) is not a "category of products" but rather a software suite including many different categories of products. Moreover, insofar as IpLearn relies on its identification of "learning and development systems" in "The Parties" section of its First Amended Complaint as the category of accused products, it has failed to tie the Oracle products to each recitation of infringement of the nine asserted patents. Similarly, in *Applera*, in the context of a Rule 12(e) motion, the court found that plaintiff's identification of infringing "mass spectrometer systems" was not so "vague or ambiguous that is prevents" defendant from framing a response. *Applera Corp. v. Thermo Electron Corp.*, C.A. No. 04-1230 (GMS), 2005 WL 524589 (D. Del. Feb. 25, 2005). Again, *Applera* stands in stark contrast to this case, which arises in the context of a Rule 12(b)(6) motion, where IpLearn's identification of EBS and PS is too vague and ambiguous to enable Oracle to frame a response.

development systems" is not only too vague to satisfy Form 18, but also fails to include sufficient factual content to allow Oracle (or the Court) to infer which of the nine asserted patents are allegedly infringed by which of Oracle's "learning and development systems." *Fifth Market, Inc. v. CME Group,* 2009 U.S. Dist. LEXIS 108776 , 2009 WL 5966836, at *2 (D. Del. May 14, 2009) (holding an allegation of infringement insufficient because the complaint's sole reference to the allegedly infringing product appeared in the facts section).

*Second*, neither Form 18 nor the case law in this district provides any support for IpLearn's attempt to shift Rule 8's notice requirements to Oracle by arguing that Oracle has "enough notice to determine that 'many' of the software applications which…comprise the accused products have no apparent relevance." (Opp. at 3.) Indeed, in asserting that Oracle can determine which categories of applications in EBS and PS ***are not*** relevant to the asserted patents, IpLearn tacitly concedes that its pleadings are over-inclusive and do not comply with Form 18 because the identification of EBS and PS does not fairly identify a particular product or category of products. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (Rule 8 requires "fair notice of what the…claim is and the grounds upon which it rests"). In any event, Oracle cannot determine which applications are relevant or not in IpLearn's view.

*Third*, IpLearn's attempt to introduce the 2004 letters to Oracle through its briefing, but not in its pleadings, highlights IpLearn's recognition that its pleadings are insufficient. (*See* Opp. at 4.) IpLearn states that it has met its obligations under Form 18 because "Oracle has more than sufficient knowledge of the issues in dispute" based on two letters from 2004. (Opp. at 4.) The letters are not only nearly seven years old, but also ***do not*** identify a specific product or general category of allegedly infringing Oracle products. For example, the July 21, 2004 letter from IpLearn states that, "[i]n view of Oracle's interest in e-

learning, I would like to bring to your attention our technologies/patents." (Opp. at Ex. 1) There is ***no identification*** of any Oracle product or category of products accused of infringement. *Id.* Similarly, the August 20, 2004 letter from IpLearn merely discusses "IpLearn's comprehensive e-learning technologies/patents…[and] how IpLearn's intellectual portfolio [sic] can be part of Oracle's learning management strategy, whether that's through licensing our technology or possible acquisition of our patents." (Opp. at Ex. 2.) Again, there is ***no identification*** of any Oracle product or category of products accused of infringement. By IpLearn's own standard, this is not sufficient to meet the requirements of Form 18. (Opp. at 2 ("Form 18 only requires IpLearn to…identify the alleged infringement and provide identifying information for a specific product accused of infringement.").)

Moreover, as IpLearn acknowledges, "a court generally may not consider evidence beyond the complaint in deciding a Rule 12(b)(6) motion." (Opp. at 4, n.3.) *See also*, *LG Elecs. U.S.A., Inc. v. Whirlpool Corp.*, C.A. No. 08-234, 2009 WL 3738306 *1 n.1 (D. Del., Nov. 9 2009) (noting that "a court may not consider material outside of the pleadings" on a motion to dismiss pursuant to Rule 12(b)(6)). There is nothing in IpLearn's pleadings concerning the 2004 letters, there are no allegations that Oracle was on notice with respect to the asserted patents, and IpLearn concedes that its allegations of Oracle's knowledge of the asserted patents are limited to the filing of the complaint in this case. (Opp. at 10.) Thus, it is beyond reasonable dispute that the 2004 letters, which are outside of the pleadings, do not suggest any facts consistent with IpLearn's First Amended Complaint, and they should be excluded in deciding Oracle's Motion under Rule 12(b)(6).

## II. MERELY ALLEGING SERVICE OF THE COMPLAINT IS NOT SUFFICIENT TO PLEAD THE ELEMENT OF KNOWLEDGE IN INDIRECT INFRINGEMENT CLAIMS.

IpLearn argues that pleading the filing of the Complaint as the date Oracle learned of the patents-in-suit is sufficient to support its indirect infringement claims.[2] IpLearn has pleaded that Oracle had knowledge of the asserted patents "[a]fter being served with the [original] Complaint in this action…" (Opp. at 10.) This position has been rejected. *See Mallinckrodt Inc.* v. *E-Z-EM Inc.,* 670 F. Supp. 2d 349, 354 (D. Del. 2009) *("Mallinckrodt I"),* 670 F. Supp 2d. at 354 ("The [c]ourt is not persuaded by [p]laintiffs' contention that the requisite knowledge can be established by the filing of the [p]laintiffs' [c]omplaint.").[3] Moreover, IpLearn's attempt to save its First Amended Complaint by bootstrapping the 2004 letters that were never identified in its pleadings only serves to confirm IpLearn's own recognition of the deficiency of its pleadings.[4]

---

[2] IpLearn does not dispute that the *Twombly/Iqbal* standard applies to claims for indirect infringement and that Form 18 does not provide a model for pleading indirect infringement. *See e-Lynxx Corp. v. InnerWorkings, Inc.,* No. 10-2535, 2011 U.S. Dist. LEXIS 91273, at *18 (M.D. Pa July 26, 2011) ("Form 18 provides an example of pleadings that sufficiently make out a claim for direct infringement, but neither this form nor any other purports to address claims for indirect infringement.").

[3] IpLearn cites *Resnick v. Woertz* to support its claim that the Court may consider the evidence it submits in its Opposition because it is "integral to" the Complaint. (Opp. at 7-8, n.5 (citing *Resnik*, 774 F. Supp. 2d at 621 n.1).) In *Resnick*, a corporation's Proxy Statement was considered "integral to" the complaint because the plaintiffs' claims that the defendants violated the Securities Exchange Act required that the plaintiff establish in the complaint that said Proxy Statement contained material misrepresentations. *Id.* at 630. Here, IpLearn's First Amended Complaint makes no claim that Oracle knew of the patents prior to this suit, and letters alleging facts in support of unalleged claims cannot be considered "integral to" the First Amended Complaint. Even if the letters were considered integral to IpLearn's Complaint, as described in more detail above, they do not identify any Oracle product or category of products that may be infringing Iplearn's patents. Accordingly, IpLearn cannot satisfy its obligations under Rule 8 with respect to its indirect infringement allegations.

[4] Notably, the only case IpLearn cites to support its argument is *Minkus*, where the Court dismissed plaintiff's indirect infringement claims for failure to identify how the defendants were notified of their alleged infringement. (Opp'n Br. at 10); *Minkus Elec. Display Sys. Inc. v.*

(Continued . . .)

None of the cases IpLearn cites supports its position. Instead, the cases consistently require plaintiffs to plead concrete facts that allow the court to plausibly infer that the defendants had actual knowledge of the asserted patents. For example, in *Xpoint*, 730 F. Supp. 2d 349, the court dismissed the indirect infringement claims against a first set of defendants because the claims were pleaded without concrete facts, but refused to do so against a second defendant because the plaintiff pleaded that a specific licensing agreement established the second defendant's knowledge of the patents. In dismissing the claims against the first set of defendants, the court noted that the plaintiff only pleaded "a general allegation that '[a]t all relevant times, [d]efendants have had actual and constructive notice that their conduct infringed on the claims of the [asserted] [p]atent but nevertheless continued their infringing conduct.'" *Id.* at 356. Finding this kind of allegation similar to *Mallinckrodt I,* the court granted the motion to dismiss, holding that this type of pleading is a "mere recitation of the elements," which fails to allow the court to infer the defendants' knowledge of the asserted patents. *Id.* at 357; *Mallinckrodt I*, 670 F. Supp. 2d 349 (dismissing indirect infringement claims for failure to plead knowledge and intent elements of indirect infringement); *see also Minkus Electronic Display Sys. Inc.* v. *Adaptive Micro Sys. LLC,* No. 10-666 (SLR), 2011 WL 941197, at *3 n.4 (D. Del. Mar. 16, 2011) (dismissing indirect infringement claims for failure to identify how the defendants were notified of their infringement and limiting damages from the period dating from the filing of the complaint).

In contrast to IpLearn's First Amended Complaint, the *Xpoint* plaintiff pleaded "several paragraphs" of facts against a different defendant, detailing how a predecessor-in-

---

(. . . continued)
*Adaptive Micro Sys. LLC*, C.A. No. 10-666-SLR, 2011 U.S. Dist. LEXIS 26827, at *17 (D. Del. Mar. 16, 2011).

interest engaged in a confidential "materials license agreement," which disclosed the technology in the asserted patent as part of an evaluation. *Xpoint,* 730 F. Supp. 2d at 357-58. Because of this agreement and because the plaintiff also pleaded that the defendant continued to employ personnel involved in that project, the court denied the motion to dismiss. *Id.*

Likewise, in *Mallinckrodt II,* upon which IpLearn heavily relies, the plaintiff had amended the complaint to identify a specific, publicly filed document showing that the defendants knew of and understood the nature of the asserted patents. *Mallinckrodt Inc. v. E-Z-EM Inc.,* 671 F. Supp. 2d 563 (D. Del. 2009) *("Mallinckrodt II").* Specifically, the pleadings alleged that, prior to the filing of the lawsuit, the defendants "filed with the United States Patent and Trademark Office an Information Disclosure Statement identifying certain prior art, including the application ... that resulted in the issuance of the [asserted] patent." *Id.* at 569. The pleadings thus identified a concrete factual basis that plausibly gave rise to the defendants' knowledge of the asserted patents. *Id.; see also Carl Zeiss Meditec. Inc. v. Xoft, Inc.,* No. 10-308 (LPS) (MPT), 2011 WL 1326053, at *3 (D. Del. Apr. 5, 2011) (denying motion to dismiss because plaintiffs produced a merger agreement with another company that made the accused infringing products); *InvestPic, LLC v. FactSet Research Sys., Inc.,* No. 10-1028 (SLR), 2011 WL 4591078 (D. Del. Sept. 30, 2011) (pleading facts that showed the patent was well known in the industry).

Remarkably, IpLearn asserts that its pleading, which does not identify any document or other facts that would give rise to a plausible inference of knowledge prior to the filing of the complaint, is "consistent with" *Xpoint* and *Mallinckrodt II.* (Opp. at 11-12.) Yet in those cases, the defendant was aware of the patented technology through a prior license agreement (*Xpoint*), or the defendant had actually submitted papers to the Patent Office

disclosing the application that became the asserted patent (*Mallinckrodt II*). According to the court in those cases, pleading these facts allowed the court to plausibly infer that the defendant was aware of the patent generally, and that the defendant had read and understood its relevance. IpLearn, in contrast, merely pleads that it filed its complaint and now, through its briefing, argues that the Court should infer pre-filing knowledge of the asserted patents without pleading any facts or circumstances surrounding the notice (*e.g.*, who gave it, who received it). Without pleading such facts, there is simply no basis to infer that (or for the Court to evaluate whether) Oracle had actual knowledge of the patents-in-suit. *Eon Corp. IP Holdings LLC* v. *FLO TV Inc.,* No. 10-812 (SLR), 2011 WL 2708945 (D. Del. July 12, 2011) (dismissing indirect infringement claims, even though plaintiff alleged that a licensing agreement between the defendant and a third party established knowledge of the patents-in-suit, because the alleged basis for knowledge – that a licensed patent cited to the patents-in-suit – was not sufficient).

In sum, all of the cases on which IpLearn relies show that its bare pleadings are insufficient to state a claim under *Iqbal* and under Delaware law.

### III. IPLEARN CANNOT USE THE DISCOVERY PROCESS AND LOCAL DISCLOSURE REQUIREMENTS TO CURE ITS DEFICIENT PLEADING.

Finally, IpLearn argues that it need not disclose which of Oracle's products allegedly infringe its patents because (i) it will be required to submit infringement contentions, and (ii) Oracle itself does not "differentiate between the various applications of the accused products." (Opp. at 6-8.) Here again, IpLearn ignores the directive set out in *Iqbal* and distorts the recent Default Standard for Discovery.

*First*, the Supreme Court plainly stated in *Iqbal* that "a motion to dismiss a compliant for insufficient pleadings does not turn on the controls placed upon the discovery process." *Iqbal*, 129 S. Ct. at 1953. Quoting *Twombly*, the Court noted that "[i]t is no answer to

say that a claim just shy of a plausible entitlement to relief can, if groundless, be weeded out early in the discovery process…" *Id.* Indeed, the Court made clear that Rule 8 "does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions" and "[i]n keeping with these principles a court considering a motion to dismiss can choose to begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth." *Id.* at 1951 (internal citations omitted).

IpLearn cannot overcome the fundamental deficiencies in its First Amended Complaint by relying on the requirement that it provide Oracle with infringement contentions. By attempting to do so, IpLearn misses an essential point of Rule 8 and *Iqbal* – namely that, if a plaintiff is not required to provide notice of a plausible entitlement to relief by identifying the accused product (or general category of products), a defendant may lose the opportunity to take certain actions, including preserving certain defenses, based on the plaintiff's assertions. The Default Standard surely is not intended to so severely prejudice one party over the other and does not obviate IpLearn obligations under Rule 8. *Wilkerson v. New Media Tech. Charter Sch. Inc.*, 522 F.3d 315, 321 (3d Cir. 2008) (At bottom, "[t]he complaint must state enough facts to raise a reasonable expectation that discovery will reveal evidence of [each] necessary element" of a plaintiff's claim.) (internal citations omitted).

*Second*, if IpLearn knows which of Oracle's products or services allegedly infringe the claims of IpLearn's nine asserted patents, as Rule 11 requires IpLearn to know before filing its complaint, no good justification exists for IpLearn to withhold this information. All that Oracle is asking is for IpLearn to identify the accused Oracle products or services, consistent with its obligations under Rule 8, before Oracle is unfairly prejudiced in its defense by the omissions. On the other hand, if IpLearn cannot identify the accused products or services, its

claims rightly should be dismissed under Rules 8 and 12. *Twombly*, 550 U.S. at 558 ("[W]hen the allegation in a complaint, however true, could not raise a claim of entitlement to relief, this basic deficiency should…be exposed at the point of minimum expenditure of time and money by the parties and the court.").

## **CONCLUSION**

IpLearn's First Amended Complaint fails to satisfy the pleading standard required by Rule 8. By pleading vague claims, IpLearn handicaps Oracle's ability to defend itself and prepare a responsive pleading. Equally significant, IpLearn presents no legitimate argument justifying its complaint's deficiencies, or any reason why it cannot provide the information Oracle seeks. Accordingly, Oracle asks that the Court dismiss IpLearn's Complaint for failure to state a claim or, in the alternative, that the Court order IpLearn to re-plead its complaint with sufficient specificity to give Oracle fair notice of the claims alleged against it.

MORRIS, NICHOLS, ARSHT & TUNNELL LLP

OF COUNSEL:

Mark D. Selwyn
WILMER CUTLER
PICKERING HALE AND DORR LLP
950 Page Mill Road
Palo Alto, CA  94304

Andrew B. Grossman
WILMER CUTLER
PICKERING HALE AND DORR LLP
350 South Grand Avenue, Suite 2100
Los Angeles, CA  90071

Robert Sloss
Peter O'Rourke
ORACLE CORPORATION
500 Oracle Parkway
Redwood Shores, CA  94065

January 25, 2012
5007969.1

*/s/ Mary B. Graham*

Mary B. Graham (#2256)
1201 N. Market Street
P.O. Box 1347
Wilmington, DE  19899-1347
(302) 658-9200
mgraham@mnat.com
   *Attorneys for Oracle Corporation*