## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

IpLEARN, LLC,

**Plaintiff,**

v.

WBT SYSTEMS, LTD., *et al.*,

**Defendants.**

**Civil Action No. 11-825-LPS**

## IpLEARN, LLC'S ANSWERING BRIEF IN OPPOSITION TO DEFENDANT
## ORACLE CORPORATION'S MOTION TO DISMISS TO SEVER

Of Counsel:

Marc A. Fenster
Russ, August & Kabat
12424 Wilshire Boulevard, 12th Floor
Los Angeles, CA  90025-1031
(310) 826-7474 (phone)
(310) 826-6991 (fax)
mfenster@raklaw.com


January 30, 2012

Arthur G. (Chip) Connolly, III (#2667)
Kristen Healey Cramer (#4512)
Jeremy D. Anderson (#4515)
Connolly Bove Lodge & Hutz LLP
The Nemours Building
1007 North Orange Street
Wilmington, DE  19801
(302) 888-6318 (phone)
(302) 255-4318 (fax)
aconnollyIII@cblh.com
kcramer@cblh.com
janderson@cblh.com

Attorneys for Plaintiff,
IpLearn, LLC

# TABLE OF CONTENTS

I.      Introduction..........................................................................................................1

II.     Nature and Stage of Proceedings ........................................................................2

III.    Oracle's Motion to Sever Should Be Denied.......................................................2

        A.      Oracle failed to properly meet and confer prior to filing its motion.......................2

        B.      Courts favor joinder where the case-specific facts and claims are "reasonably
                related."..................................................................................................3

        C.      Oracle failed to meet and confer.  And if they had, they would have known
                that their claims of prejudice are overblown because IpLearn does not object
                to severing them for trial..............................................................................3

        D.      Joinder is appropriate because the facts and claims, including the accused
                products, are reasonably related....................................................................4

        E.      Oracle concedes the second prong of the joinder analysis: IpLearn's claims
                involve common questions of law and fact......................................................11

        F.      Unsubstantiated claims of prejudice and juror confusion do not justify
                severance...................................................................................................11

IV.     Even If the Court Severs the Case, It Should Not Stay IpLearn's Claims Against
        the Other Defendants .............................................................................................14

        A.      Oracle's attempt to stay claims and counterclaims of other parties not
                directed towards Oracle is unprecedented and should be rejected ........................14

        B.      A stay would unduly prejudice IpLearn because justice delayed is justice
                denied......................................................................................................15

        C.      More harm than good would come from a stay with respect to narrowing
                the issues in this case ..................................................................................17

V.      Conclusion ...........................................................................................................18

# TABLE OF AUTHORITIES

## CASES

*Advamtel, LL v. AT&T Corp.,*
  105 F. Supp. 2d 507 (E.D. Va. 2000) ...................................................................1

*Alford Safety Sevs. Inc. v. Hot-Hed, Inc.,*
  C.A. No. 10-1319, 2010 U.S. Dist. LEXIS 98152 (E.D. La. 2010) ...................9

*Bear Creek Techs., Inc. v. RCN Commc'ns,*
  2011 U.S. Dist. Lexis 91599 (E.D. Va. Aug. 17, 2011) ...................................9

*Boretsky v. Governor of N.J.,*
  433 Fed. Appx. 73 (3d Cir. 2011)........................................................................3

*Children's Network, LLC v. PixFusion LLC,*
  722 F. Supp. 2d 404 (S.D.N.Y. 2010)................................................................10

*Colt Defense v. Heckler,*
  2004 U.S. Dist. LEXIS 28690 (E.D. Va. Oct. 22, 2004) ....................................9

*Dougherty v. Mieczkowski,*
  661 F. Supp. 267 (D. Del. 1987) .........................................................................4

*Eastman Chem. Co. v. Alphabet Inc.,*
  Civ. No. 09-971-LPS, D.I. 100, Mem. Order at 6 (D. Del. Dec. 29, 2011) ......11

*eSpeed, Inc. v. BrokerTec USA, L.L.C.,*
  2004 U.S. Dist. LEXIS 13486 (D. Del. June 15, 2004) ..............................3, 4, 7

*Hagan v. Rogers,*
  570 F.3d 146 (3d Cir. 2009)............................................................................3, 4

*Helicos Biosciences Corp. v. Pacific Biosciences of California, et al.,*
  Civ. No. 10-735-SLR, 2011 U.S. Dist. LEXIS 148009
  (D. Del. Dec. 22, 2011)....................................................................8, 10, 11, 17

*Honeywell Int'l Inc. v. Audiovox Comms. Corp.,*
  C.A. No. 04-1338-KAJ, 2005 U.S. Dist. LEXIS 22933 (D. Del. May 18, 2005) .............14

*Katz v. Lear Siegler, Inc.,*
  902 F. 2d 1459 (Fed. Cir. 1990)........................................................................17

*Paine, Webber, Jackson & Curtis v. Merrill Lynch, Pierce, Fenner & Smith,*
  564 F. Supp. 1358 (D. Del. 1983).......................................................................9

*Pergo, Inc. v. Alloc, Inc.*,
    262 F. Supp. 2d 122 (S.D.N.Y. 2003)............................................................................10

*Philips Elecs. N. Am. Corp. v. Contec Corp.*,
    220 F.R.D. 415 (D. Del. 2004) ..............................................................................8, 13

*Robinson v. Johnson*,
    No. 3:07-cv-449-RLW, 2009 U.S. Dist. LEXIS 25988 (E.D. Va. Mar. 26, 2009) .........14

*Saval v. BL, Ltd.*,
    710 F.2d 1027 (4th Cir. 1983) .....................................................................................1

*Softview LLC v. Apple Inc.*,
    C.A. No. 10-389-LPS, 2011 U.S. Dist. LEXIS 140540 (D. Del. Dec. 7, 2011) ...............10

*Sprint Commc's Co. L.P. v. Theglobe.com*,
    233 F.R.D. 615 (D. Kan. 2006).....................................................................................12

*SRI International, Inc. v. Internet Security Systems, Inc.*,
    Civ. No. 04-1199-SLR, 2005, U.S. Dist. LEXIS 6797 (D. Del. Apr. 13, 2005) .........8, 11

*TecSec, Inc. v. Int'l Business Machines Corp.*,
    C.A. No. 10-115-LMB (D.I. 103-4)..............................................................................15

*Wacoh Co. v. Kionix Inc.*,
    No. 10-617-RGA, Mem. Op. at 4 (D. Del. Jan. 9, 2012) ...................................................9

*WiAV Networks, LLC v. 3Com Corp.*,
    No. C 10-03448 WHA, 2010 U.S. Dist. LEXIS 110957 (N.D. Cal. Oct. 1, 2010) ...........10

## STATUTES

35 U.S.C. § 271..........................................................................................................14

35 U.S.C. § 299(e) ......................................................................................................10

Fed. R. Civ. P. 12(b)(6)..................................................................................................2

Fed. R. Civ. P. 20(a) .....................................................................................................3

Fed. R. Civ. P. 20(b) .....................................................................................................1

I.      **Introduction.**

Oracle is properly joined with its co-defendants in this action.  The defendants are all accused of infringing between one to four of the same patents, all of the patents are related, if not directly, then by subject matter, technology, claim language, inventors, and prosecution, and, despite Oracle's claims, several of the defendants are integrated, compatible and partners with Oracle.

Yet Oracles argues that the question of its infringement is different from that of the other defendants, and that joinder would prejudice it and confuse the jury.  But Oracle submits no evidence to support any of its claims, relying solely on attorney *ipse dixit*.  And as discussed below, even at this early stage, without discovery, the public record calls much of Oracle's claims into doubt.  Moreover, Oracle overlooks the fact that the infringement issues in this case need not be "[a]bsolute[ly] identical."  *Advamtel, LL v. AT&T Corp.*, 105 F. Supp. 2d 507, 514 (E.D. Va. 2000).  It is sufficient that the issues are "reasonably related."  *Saval v. BL, Ltd.*, 710 F.2d 1027, 1031 (4th Cir. 1983).  That is the case here.  Many of the accused products of the defendants infringe elements of the asserted patents in the same way.

As for Oracle's claims of prejudice and jury confusion, they are premature and unrealistic.  And, in any event, as Oracle would have known had it properly met and conferred with IpLearn, IpLearn does not oppose severing Oracle for purposes of trial – an option expressly recognized by the joinder statute to address any possible prejudice while preserving the judicial economy afforded by joinder.  Fed. R. Civ. P. 20(b).[1]

---

[1] Oracle's motion repeats many of the same arguments raised by defendant The Ultimate Software Group, Inc. ("Ultimate") in its motion to sever (D.I. 103).  Accordingly, IpLearn incorporates by reference the arguments made in its opposition to Ultimate's motion to sever (D.I. 123).

## II.     Nature and Stage of Proceedings.

IpLearn's First Amended Complaint ("Complaint") currently accuses 16 defendants[2] of infringing patents related to computer-aided learning systems and methods. (D.I. 15.) Thirteen of the defendants have answered the Complaint. Oracle has not. On December 13, 2011, Oracle filed a Rule 12(b)(6) motion to dismiss claims of direct and indirect infringement. (D.I. 97.) In particular, Oracle contends that the Complaint fails to provide sufficient notice of the accused products. (D.I. 97 at 7-11.) A month later, Oracle filed the present motion to sever and stay. (D.I. 122.) In this second motion brought by Oracle, Oracle argues, *inter alia*, that the accused products (of which Oracle presumably does not have sufficient notice) are different from those of the other defendants and thus IpLearn's claims are improperly joined. *Id.* at 5-6. As discussed herein, Oracle's motion lacks merit.

## III.    Oracle's Motion to Sever Should Be Denied.

### A.     Oracle failed to properly meet and confer prior to filing its motion.

Oracle's motion should be denied at the outset for failing to comply with the Court's meet and confer requirement. Local Rule 7.1.1 requires the moving party to make a reasonable effort to reach an agreement with the opposing party on the matters set forth in the motion. On January 13, 2012, counsel for Oracle contacted IpLearn's local counsel to ask if IpLearn would be willing to sever Oracle from the case, and then stay the case as to the remaining defendants. Anderson Decl. ¶ 2. IpLearn's local counsel informed Oracle's counsel that it would discuss Oracle's request with co-counsel. Anderson Decl. ¶ 2. Yet that same afternoon, without giving counsel an opportunity to confer with each other or the client, Oracle filed the present motion.

---

[2] There are essentially 14 defendants in this action. Defendants Lumesse AS and Lumesse Inc. are the U.S. and foreign arms of the same company. And, defendant NCS Pearson, Inc. acquired defendant Connections Education LLC on September 15, 2011, the same date IpLearn initiated this suit. See Ex. S and D.I. 81.

Oracle hardly made "reasonable efforts" to resolve its issues with IpLearn before filing its motion as required by the Local Rules. Indeed, had Oracle given IpLearn time to consider its request and respond, it would have learned that IpLearn does not object to severing Oracle for purposes of trial.

### B. Courts favor joinder where the case-specific facts and claims are "reasonably related."

Rule 20 permits several defendants to be joined in an action if (1) the claims against the defendants arise from the same transaction, occurrence, or series of transactions or occurrences, and (2) a question of law or fact common to all plaintiffs or all defendants will arise in the action. *See* Fed. R. Civ. P. 20(a). In exercising their broad discretion to join parties, courts must consider the "specific fact pattern presented by the plaintiffs and claims before the court." *Boretsky v. Governor of N.J.*, 433 Fed. Appx. 73, 88 (3d Cir. 2011).

"[T]he impulse is toward entertaining the broadest possible scope of action consistent with fairness to the parties; joinder of claims, parties and remedies is strongly encouraged." *Hagan v. Rogers*, 570 F.3d 146, 153 (3d Cir. 2009); *see also eSpeed, Inc. v. BrokerTec USA, L.L.C.*, 2004 U.S. Dist. LEXIS 13486, *11-*12 (D. Del. June 15, 2004) ("liberal requirements" of Rule 20 "permit 'all reasonably related claims for relief by or against different parties to be tried in a single proceeding. Absolute identity of all events is unnecessary.'").

### C. Oracle failed to meet and confer. And if they had, they would have known that their claims of prejudice are overblown because IpLearn does not object to severing them for trial.

Oracle presents an abstract analysis of joinder that is inconsistent with the factual, case-by-case nature of the inquiry. *See Boretsky*, 433 Fed. Appx. at 88 (whether claims are properly joined under Rule 20 requires consideration of "specific fact pattern presented by the plaintiffs and claims before the court"). One fact in particular casts doubt on Oracle's analysis. Namely,

IpLearn does not object to severing Oracle for trial (but not for pre-trial activities) – a fact that Oracle would have known about had it properly met and conferred with IpLearn.  IpLearn's proposal largely moots Oracle's claim of prejudice and completely moots its claim of juror confusion, while preserving Rule 20's core concept of promoting judicial economy.  As discussed in detail herein, the law, facts, and infringement of defendants overlap to such an extent that the interests of all involved weigh in favor of at least coordinating pre-trial activities.

### D. Joinder is appropriate because the facts and claims, including the accused products, are reasonably related.

Although IpLearn consents to severing Oracle for purposes of trial, the Court would be well within its discretion to permit joinder in this instance.  Courts "entertain the broadest possible" interpretation of Rule 20 to "permit all reasonably related claims for relief by or against different parties to be tried in a single proceeding." *Hagan*, 570 F.3d at 153; *eSpeed, Inc.*, 2004 U.S. Dist. LEXIS 13486 at *11-*12.  "Absolute identity of all events is unnecessary ...." *eSpeed, Inc.*, 2004 U.S. Dist. LEXIS 13486 at *11-*12.

IpLearn's claims against Oracle and its co-defendants are "reasonably related."  As illustrated in the table below, each of Oracle's co-defendants is accused of infringing between one to four of the same patents as asserted against Oracle.  In particular, four of the patents asserted against Oracle are asserted against defendants Mzinga, Kenexa, and Element K, and three of the patents asserted against Oracle are asserted against defendants Beeline, Halogen, Operitel, Pearson, Travantis, Ultimate, Cengage, and Connections Education.  And the fact that IpLearn asserts more patents against Oracle than against other defendants is no matter. *See, e.g., Dougherty v. Mieczkowski*, 661 F. Supp. 267, 278 (D. Del. 1987) ("By its terms, Rule 20(a) only requires a single basis for commonality, in either law or fact, for the joinder to be acceptable.").

| | | Asserted Patents | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|---|
| | | RE38432 | 780 | 556 | 448 | 888 | 486 | 478 | 973 | RE39942 |
| Defendants | Oracle | x | x | x | x | x | x | x | x | x |
| | Mzinga | x | x | x | x | | | | | |
| | Kenexa | x | x | x | x | | | | | |
| | Element K | x | | x | x | x | | | | |
| | Beeline | | x | x | x | | | | | |
| | Halogen | | x | x | x | | | | | |
| | Ultimate | | x | x | x | | | | | |
| | Operitel | | | x | | x | x | | | |
| | Cengage | | | x | | x | x | | | |
| | Connections | | | x | | x | x | | | |
| | Trivantis | | | x | | x | x | | | |
| | Pearson | | | | | x | x | | | |
| | Lumesse (Inc. & AS) | | x | | x | | | | | |
| | Technomedia | | x | | x | | | | | |
| | Lawson | | | | x | | | | | |

In addition, all of the patents (not just the ones Oracle has in common with a co-defendant) are "reasonably related" in, among other things, substance, technology, family, claim language, specifications, prior art, prosecution, and conception. For instance, U.S. Patent Nos. 6,126,448, 6,213,780, and 6,398,556 are from the same patent family and, therefore, the specifications are identical in large part and the claims of the patents overlap. The same is true of U.S. Patent No. RE38,432, which is related to U.S. Patent No. RE39,942, and U.S. Patent No. 6,688,888, which is related to U.S. Patent No. 5,779,486. Each of the patents also share inventors, naming at least Messrs. Ho and Tong as inventors, and were all prosecuted before the Patent Office by the same prosecuting attorney and predominately examined by the same patent examiner. And all of the patents are directed to computer-aided learning systems and methods.

The claims against Oracle and its co-defendants are also "reasonably related" because they infringe the patents in similar ways. For example, the claim chart attached as Exhibit J demonstrates that Oracle "identif[ies] a candidate for a company's job position, based on at least one retrieved attribute" by "match[ing] applicants, employees, job openings, and non-persons

based on their profile data," and that defendants Technomedia, Ultimate, Beeline, Halogen, and Kenexa likewise identify a candidate for a job based on retrieved attributes, competencies and profiles. The claim chart attached as Exhibit L also demonstrates that Oracle "retriev[es] ... a job position, which identifies the one or more jobs needed to be done for the job position" by "assign[ing] needed objectives to learners to fulfill the learning gaps," and that defendants Ultimate, Beeline, Halogen and Kenexa likewise identify one or more jobs by providing development plans, training courses, learning objectives, and the like as prerequisites to the job positions. And the claim chart attached as Exhibit K demonstrates that Oracle and defendants Mzinga, Element K, Operitel, Ultimate, Beeline, Halogen, and Kenexa allow users to access materials from another computer by making their systems available on-line and accessible from any location. Other elements of the asserted patents are also infringed by the defendants in a similar manner, and additional similarities may surface through the process of discovery.

Oracle's argument that its products are "different" is conclusory. (D.I. 122 at 5.) Oracle submits no evidence to support its claims (no exhibits and no affidavits). Nor does Oracle even explain any purported differences except to say that its products are "proprietary," which in itself says nothing about any features relevant to the patents that are different between the defendants' accused products. And Oracle's contention is suspect. Just a month ago Oracle moved this court to dismiss IpLean's claims on the grounds that the complaint fails to provide notice of the accused products. (D.I. 103.) How Oracle can claim that the accused products are different for purposes of this motion, while disclaiming any idea of what is being accused in its motion to dismiss is unclear.

Oracle's other claims of "differen[ces]" focus on matters that are irrelevant to the joinder analysis. (D.I. 122 at 5-6.) The key inquiry is whether there is a logical relationship between

Oracle's infringement and infringement by its co-defendants. *E.g., eSpeed, Inc.*, 2004 U.S. Dist.

LEXIS 13486 at *11-*12 (joinder if the claims are "reasonably related"). The fact that Oracle

has "Different customers; Different prices; Different terms; Different dates; and Different

marketing and sales forces" is irrelevant. (D.I. 122 at 5-6.) None of the claims of the asserted

patents are directed to customers, prices, terms, dates, or marketing and sales forces.

Nor are the defendants "wholly unrelated" as Oracle claims. Oracle again submits no

evidence (no exhibits and no affidavits) supporting its assertion. And publicly available

information (even without the benefit of discovery) suggests that Oracle's claim is not true. For

instance, Oracle has a "relationship" with co-defendant Pearson, and an Oracle accused product

is integrated with a variety of Pearson's products. (Ex. M)[3] An Oracle accused product is also

integrated with accused products of co-defendants Mzinga, Beeline, Element K, and Kenexa, and

compatible with the accused products of defendants Halogen and Trivantis. (Exs. A-3, N, O, and

P) In other words, Oracle is integrated, compatible or has a relationship with at least half of the

defendants.[4]

Notwithstanding the fact that the claims against Oracle are "reasonably related" to the

claims against the other defendants, Oracle urges the Court to apply a *per se* rule that the mere

fact that they sell "different" accused products precludes joinder (under the transactions or

---

[3] All exhibits are attached to the Declaration of Fredricka Ung, filed concurrently herewith.

[4] The relationships between Oracle and its co-defendants are also not exclusive to Oracle.
Defendants Mzinga and Element K are "solutions partners." (Ex. N) Defendant Element K's
parent company, SkillSoft Corporation, and defendants Operitel and Kenexa are "Open Learning
Services Architecture (OLSA) Partners." (Ex. Q, D.I. 52.) Kenexa allows its clients to integrate
its accused products with defendant Lawson's accused product. Defendant Pearson recently
acquired defendant Connections Academy. (Ex. R) And, as discussed in IpLearn's opposition to
Ultimate's motion to sever, defendant Halogen's products are "compatible and already working
with" defendants Lawson and Ultimate's accused products. (D.I. 123 at 3 and D.I. 124-6 at Ex.
C-5.)

occurrences prong of Rule 20). However, this Court has already rejected that reading of Rule 20.
In *Helicos Biosciences Corp. v. Pacific Biosciences of California, et al.*, Civ. No. 10-735-SLR,
2011 U.S. Dist. LEXIS 148009, *4 (D. Del. Dec. 22, 2011), defendant Life Technologies moved
to sever on the grounds that the defendants were direct competitors with distinct accused
products. This Court did not apply the *per se* rule that Oracle proposes, but instead found that
there were common transactions and occurrences because the accused technology "'shares
fundamental elements in common.'" *Id.* at *8. Similarly, in *SRI International, Inc. v. Internet
Security Systems, Inc.*, Civ. No. 04-1199-SLR, 2005, U.S. Dist. LEXIS 6797 (D. Del. Apr. 13,
2005), the Court again found joinder proper despite the fact that the defendants developed and
sold separate and distinct accused products. *Id.* at *4. The Court held that there were common
transactions and occurrences because there were infringement claims against both defendants
under two common patents and the accused products involved the same technology, computer
network protection systems. *Id.* at *11-*12. Similar commonalities exist between the claims
against Oracle and the other defendants and, thus, under the reasoning of *Helicos* and *SRI*,
IpLearn's claims against the defendants arise from common transactions and occurrences.

 The cases cited by Oracle do not dictate a different result. The two Delaware authorities
relied on by Oracle are distinguishable for the reasons stated in IpLearn's opposition to
Ultimate's motion to sever (D.I. 123 at 7). In *Philips*, the moving defendants would have been
severely prejudiced by having to try a case with a co-defendant that had chosen not to mount a
defense. *Philips Elecs. N. Am. Corp. v. Contec Corp.*, 220 F.R.D. 415, 418 (D. Del. 2004).
*Paine, Webber* was a declaratory judgment action for non-infringement and invalidity, and the
court refused to allow the defendant patent holder to convert the action into a multi-party

infringement suit with a third party complaint. *Paine, Webber, Jackson & Curtis v. Merrill Lynch, Pierce, Fenner & Smith*, 564 F. Supp. 1358, 1369-72 (D. Del. 1983).

Oracle also cites to out-of-Circuit decisions from New York, Virginia and California. But those cases are distinguishable or simply demonstrate that the fact-intensive inquiry of Rule 20 leads to different results. *Cf. Wacoh Co. v. Kionix Inc.*, No. 10-617-RGA, Mem. Op. at 4 (D. Del. Jan. 9, 2012) (acknowledging that "[t]here is a split of authority" regarding joinder of patent defendants); *Alford Safety Sevs. Inc. v. Hot-Hed, Inc.*, C.A. No. 10-1319, 2010 U.S. Dist. LEXIS 98152, *27 (E.D. La. 2010) ("[T]he majority [of courts] hold the view that joinder is proper in patent infringement suits."). In *Colt Defense*, for instance, nothing "reveal[ed] a connection among the acts attributed to [the defendants]" and the defendants used the plaintiff's trademarks in different contexts, for indisputably different products, and for different purposes. *Colt Defense v. Heckler*, 2004 U.S. Dist. LEXIS 28690, at *8, *11 (E.D. Va. Oct. 22, 2004). Here, however, numerous commonalities exist between Oracle and the other defendants, including how they infringe several of the elements of the patents.

In *Bear Creek*, the defendants operated completely "different technological platforms," ranging from cable television providers, internet service providers, telephone service providers, and voice over Internet Protocol providers. *Bear Creek Techs., Inc. v. RCN Commc'ns*, 2011 U.S. Dist. Lexis 91599, *12 & n.5 (E.D. Va. Aug. 17, 2011). Here, however, all defendants are accused of infringement based on their computer-aided learning systems. (D.I. 15 ¶¶ 6-22.) The *Bear Creek* plaintiff also "provided no evidence" that the accused products were related, while the defendants "provided evidence in the form of numerous declarations emphasizing the differences between the various defendant companies and their services." *Bear Creek Techs.*, 2011 U.S. Dist. Lexis 91599, at *21-*22. The record here is the exact opposite – Oracle's

motion is based solely on attorney *ipse dixit*, while documents submitted herewith reveal

substantial overlap between the defendants.

Oracle's reliance on *Children's Network*, *Pergo*, and *WiAV* is also misplaced.  *See*

*Children's Network, LLC v. PixFusion LLC*, 722 F. Supp. 2d 404, 415 (S.D.N.Y. 2010); *Pergo,*

*Inc. v. Alloc, Inc.*, 262 F. Supp. 2d 122, 128 (S.D.N.Y. 2003); *WiAV Networks, LLC v. 3Com*

*Corp.*, No. C 10-03448 WHA, 2010 U.S. Dist. LEXIS 110957, *18 (N.D. Cal. Oct. 1, 2010).  In

contrast to those cases, not only are all the accused products technologically related in this case,

but Oracle is integrated, compatible or has a relationship with at least half of the defendants, and

a number of the other defendants are "partners."  And in this Court, joinder is proper where, as

here, there are "commonalities in the accused technologies … as well as the overlap in the

asserted patents.  *See Helicos*, 2011 U.S. Dist. LEXIS 148009, *9 (denying motion to sever

because "of commonalities in the accused technologies … as well as the overlap in the asserted

patents.").

Oracle's reliance on the recently enacted America Invents Act is also misplaced.  As

evident from the discussion above, the defendants are not joined solely on the basis of having

infringed the same patent.  But even if that were not the case, nothing in the Act or its legislative

history supports Oracle's attempt to retroactively apply the new joinder provision here.

Congress made clear that the new joinder provision applies only to a "civil action commenced on

or after the date of the enactment of this Act."  35 U.S.C. § 299(e).  This case, however, was

filed before the Act's enactment.  *See Softview LLC v. Apple Inc.*, C.A. No. 10-389-LPS, 2011

U.S. Dist. LEXIS 140540, *5-*6 (D. Del. Dec. 7, 2011) (rejecting application of AIA to case

filed before enactment).

**E.    Oracle concedes the second prong of the joinder analysis: IpLearn's claims involve common questions of law and fact.**

Oracle does not dispute that IpLearn's claims against the defendants involve common questions of law and fact. Indeed, Oracle's motion is completely silent with respect to the second prong of Rule 20. That is unsurprising. Among other things, the parties' claims raise numerous common issues, such as issues of (i) inventorship; (ii) conception and reduction to practice of the patented inventions; (iii) priority dates of the asserted claims; (iv) prior art; (v) the definition of ordinary skill in the art; and (vi) damages as they relate to IpLearn and industry practices.

In addition, as discussed above, not only are the asserted patents related, but a number of the accused products share fundamental elements, are integrated with other accused products, or are compatible with other accused products. Under similar circumstances, this Court has concluded that common questions of fact and law exist in support of joinder. *SRI Int'l Inc.*, 2005 U.S. Dist. LEXIS 6797, at *11 ("patents over the same technology often give rise to the same questions of law and fact"); *Helicos*, 2011 U.S. Dist. LEXIS 148009, *9 n.6 (same); *see also Eastman Chem. Co. v. Alphabet Inc.*, Civ. No. 09-971-LPS, D.I. 100, Mem. Order at 6 (D. Del. Dec. 29, 2011) (finding "numerous common questions of fact and law" in context of consolidation motion based on related patents covering similar technology and sharing the same specifications and similar claimed processes). The same result is warranted here.

**F.    Unsubstantiated claims of prejudice and juror confusion do not justify severance.**

Oracle argues that joinder is inappropriate because it would, according to Oracle, prejudice its ability to present its case and risks juror confusion. These are valid concerns in any case involving multiple plaintiffs or defendants, but whether they rise to a level that warrants severing parties or issues is the critical question. That level is not met here.

First, although IpLearn does not believe any severance is required, it does not object to severing Oracle from the other defendants for purposes of trial – a position Oracle would have been aware of had it properly met and conferred with IpLearn prior to filing its motion.  Oracle's concerns of juror confusion, diluted expert testimony, and the ability to tell its own story are moot under this scenario.

Second, even if Oracle is joined for only some aspects of the case or for all aspects of the case, including trial, its concerns are overstated.  For instance, Oracle posits that the "sheer number" of summary judgment motions will reduce the chances of resolving any such motions before trial.  (D.I. 122 at 8.)  Not only is this mere speculation that ignores the overlapping technical issues discussed above, but it is also fundamentally an issue of Court congestion that may have nothing to do with the particular filings in this case.

Oracle also argues that it will either have to share expert witnesses or not, in which case its expert's testimony would be diluted.  This too is entirely speculative.  Indeed, Oracle cannot even say whether it will in fact share or not share experts.  But even if it did share experts, Oracle's concerns apply in every instance an expert is retained.  All experts have obligations that compete for their attention, and necessarily must maintain the confidentiality of their clients' confidential information.  Nor is it clear how Oracle's experts' opinions will be diluted if it does not share any experts.  Each of the parties will presumably have an equal amount of time at trial to present their cases, and how Oracle chooses to allocate its time is its own decision.

Oracle's concern about sharing deposition time is also overstated and speculative.  The Court has yet to adopt a discovery plan for depositions.  And sharing deposition time should be encouraged.  Defendants would presumably share expenses, and benefit from each other's lines of inquiry.  *Sprint Commc's Co. L.P. v. Theglobe.com*, 233 F.R.D. 615, 617 (D. Kan. 2006)

(shared deposition affords "clear economies on behalf of all parties"). And, in any event, to the extent a witness addresses issues common to each of the defendants, the "witness[] should not be deposed more than once on identical issues." *Id.* at 617.

It is also unclear how Oracle's ability to tell its story will be limited if it is joined for trial. IpLearn is unaware of any precedent suggesting that the Court will not consider the number of defendants for purposes of determining the length of trial. Assuming that the number of defendants is taken into account, the effectiveness of Oracle's ability to tell its story lies in its own trial management.

Moreover, even assuming that the defendants present at least some different claims and defenses, Oracle's claim of inefficiency from joinder overlooks the overwhelming overlap among the defendants, and ignores the duplicity that would result from the relief it seeks. Indeed, Oracle does not even dispute that there are common issues of law and fact (focusing instead only on the same occurrence or transaction element of joinder). And were Oracle to obtain the relief it seeks, this Court, another jury, and many witnesses, would address the same issues with the added drawback of potential inconsistent results.

Oracle's concerns regarding juror confusion are also speculative and, at the least, premature. Indeed, the one Delaware case Oracle cites on this issue, addressed severance a month before the start of trial, under the unique circumstance of a co-defendant who "chose[] to rely solely upon [its co-defendant's] defenses rather than mount its own defense." *Philips Elecs. N. Am. Corp.*, 220 F.R.D. at 418. That is not the case here, at least for now. Oracle could be the only remaining party by the time of trial. But even if it is not, multi-defendant cases are not uncommon in patent cases or many other types of cases, and other means, such as jury

13

instructions, transitional statements, and explanations from counsel and witnesses, are available

to prepare the jury and to ensure that they do not allow any one defendant to taint another.

IV.    **Even If the Court Severs the Case, It Should Not Stay IpLearn's Claims Against the Other Defendants.**[5]

    A.    **Oracle's attempt to stay claims and counterclaims of other parties not directed towards Oracle is unprecedented and should be rejected.**

Stated simply, Oracle asks this Court to rewrite the law so that a patent plaintiff may only

seek relief against one infringer at a time, and that infringer must be the biggest infringer.

Nothing in the patent laws supports such a theory.  Title 35 of the U.S. Code, Section 271,

provides that "whoever without authority makes, uses, offers to sell, or sells any patented

invention, within the United States, or imports into the United States any patented invention

during the term of the patent therefor, infringes the patent."  It provides no safe harbor to

infringers so long as someone else is infringing the patent.

Moreover, Oracle presumes that it has the authority to request a stay not of its own

claims, but of those of other parties, including IpLearn's claims against the other defendants and

those defendants' counterclaims against IpLearn.  Yet it says nothing of any other parties

consenting to its motion, or granting it the authority to request relief on their behalf.  Nor does it

indicate that it has met and conferred with any other defendants in this action about the relief it

has unilaterally decided is in their interests.

The two Eastern District of Virginia cases cited by Oracle do not support Oracle's

request.  *Robinson v. Johnson*, No. 3:07-cv-449-RLW, 2009 U.S. Dist. LEXIS 25988, at *3

(E.D. Va. Mar. 26, 2009) is a prisoner's rights case, with a "mishmash of a complaint" that

---

[5] "When considering a motion to stay, the court considers the following factors: (1) whether a stay would unduly prejudice or present a clear tactical advantage to the non-moving party; (2) whether a stay will simplify the issues and trial of the case; (3) whether discovery is completed; and (4) whether a trial date has been set."  *Honeywell Int'l Inc. v. Audiovox Comms. Corp.*, C.A. No. 04-1338-KAJ, 2005 U.S. Dist. LEXIS 22933, *8 (D. Del. May 18, 2005).

"sprawl[ed] over 150 pages, name[d] 39 individuals and entities as defendants, and contain[ed] scores of claims in various stages of legal development." The plaintiff alleged that different defendants (including both inmates and guards) had, among other things, deprived him of meals, placed him in segregation, participated in a cabal to frame him, sexually assaulted him, confiscated his socks and shoes, discharged him from his job, and so on. *Id.* at *4-*5. There is nothing in common between this case and *Robinson*.

Oracle's reliance on *TecSec, Inc. v. Int'l Business Machines Corp.*, C.A. No. 10-115-LMB (D.I. 103-4) is also misplaced. *TecSec* was in large part a product of the unique practices of the Eastern District of Virginia that are inapplicable here. As the Court explained, the "docket moves so quickly that without being facetious, I think you could probably try three or four of these cases within the same amount of time it would take you to do one in many other districts." *TecSec,* C.A. No. 10-115-LMB (D.I. 118), Ex. S at 6-7. And the Court emphasized that cases in the Eastern District of Virginia generally involve "one or at most two defendants, but nothing like the number of defendants who [were] named in this case." *Id.* at 6. Oracle does not argue that the circumstances are the same here, and because they are not, *TecSec* is inapposite.

**B.      A stay would unduly prejudice IpLearn because justice delayed is justice denied.**

Oracle's suggestion that a stay would not prejudice IpLearn is meritless. First, the fact that this case is in its infancy makes prejudice all the more likely. Oracle's stay is a stay of indefinite duration. Indeed, Oracle sets no deadline on the stay, but presumably Oracle would have it last until a final judgment and exhaustion of appeals relating to the claims and counterclaims between Oracle and IpLearn. All the while, nothing prevents other infringers from continuing their activities. To the extent Oracle contends that damages from those activities may be determined at some untold later date, Oracle assumes that, when that time

15

finally comes, those defendants will still exist or be able to compensate IpLearn for their infringement. Nor does Oracle account for the effect of time on evidence. It provides no guarantee, nor could it, that evidence will not be lost or that memories will not fade. In other words, Oracle ignores the proverbial wisdom that justice delayed is justice denied.

Second, Oracle is mistaken in assuming that IpLearn is merely a licensing company and, as such, allowing others to continue to infringe the patents would not prejudice IpLearn. Although it actively seeks to license its patented innovations, IpLearn is also an investor in 3LP Media, Inc. ("3LP"), an early-stage company directed to developing and marketing a line of products related to computer-aided learning systems and methods. Tong Decl. ¶ 2. IpLearn has made a significant investment to date in 3LP and expects the introduction of 3LP's first product in Spring 2012, and a new product each month thereafter, with a goal of at least 20 products on the market by Winter 2014. *Id.* at ¶ 3. 3LP has been working diligently the past year to generate and commercialize a line of products that will embody one or more of the patents in this case. *Id.* at ¶ 4. The process of introducing a product to the market is an expensive and laborious undertaking. Were this case stayed as to all but one of the defendants, 3LP's development and marketing efforts would be harmed, at a minimum, by the fact that parties using IpLearn's patented technologies without authorization would become further entrenched in markets that 3LP is soon to enter. *Id.*

Moreover, even assuming that IpLearn was solely focused on licensing activities, a stay would prejudice IpLearn. For instance, a stay hinders IpLearn's ability to license its patents. Infringers are less likely to compensate IpLearn for their use of the patented inventions if they know that IpLearn is unable to enforce its rights. At a minimum, they certainly will be in no rush to enter into a license. And the delay is especially exacerbated here: "expeditious resolution

of disputes is of particular weight when dealing with wasting assets such as patents." *Katz v. Lear Siegler, Inc.,* 902 F. 2d 1459, 1463-1464 (Fed. Cir. 1990).

Finally, the fact that IpLearn did not seek a preliminary injunction does not mean that IpLearn is not and has not been prejudiced. A preliminary injunction is an extraordinary form of relief based on numerous cost and strategic considerations, and is a request that is appropriate in very few cases. IpLearn made a decision that its claims were better served by pursuing normal discovery. That, however, is no concession that it is unharmed by continuing and ongoing acts of infringement.

**C.    More harm than good would come from a stay with respect to narrowing the issues in this case.**

Any benefit from a stay is far outweighed by the harm it would cause. Although there is significant overlap between the parties, the accused products, and the relevant technology, this is not a case in which the claims against the other defendants would rise and fall with the claims against Oracle. Even if IpLearn prevails against Oracle, the case against the remaining defendants would start from the beginning. In addition, the defendants are unlikely to agree to be bound by the Court's claim construction and invalidity rulings from a different case. Accordingly, the Court would still need to resolve discovery disputes, address dispositive issues, hold a claim construction hearing, review invalidity and unenforceability defenses, and review prior art references. It would be a waste of resources for this Court to address all of these issues twice, or even more if all defendants are tried separately. Indeed, if the Court were required to consider all defendants separately, "the court would never hear a patent case involving more than one defendant – a result the court's limited judicial resources can not permit." *Helicos Bioscience Corp.*, 2011 U.S. Dist. LEXIS 148009, at *8 n.4 .

17

## V.      Conclusion.

Oracle's motion turns the law on its head.  As Oracle would have it, so long as there is another potential greater infringer, all other infringers would be immune to liability until presumably final judgment and exhaustion of all appeals against that purportedly greater infringer.  All the while the patents waste away, evidence grows stale, and the ability of the patentee to enforce its rights and the ability of infringers to compensate the patentee for their infringement grows more and more unlikely.  Nothing supports the relief requested by Oracle, especially here, where even without the benefit of discovery, the patents, accused technologies and defendants are all "reasonably related."

January 30, 2012

Of Counsel:

Marc A. Fenster
Russ, August & Kabat
12424 Wilshire Boulevard, 12th Floor
Los Angeles, CA  90025-1031
(310) 826-7474 (phone)
(310) 826-6991 (fax)
mfenster@raklaw.com

CONNOLLY BOVE LODGE & HUTZ LLP

/s/ *Arthur G. (Chip) Connolly, III*
Arthur G. (Chip) Connolly, III (#2667)
Kristen Healey Cramer (#4512)
Jeremy D. Anderson (#4515)
The Nemours Building
1007 North Orange Street
Wilmington, DE  19801
(302) 302-888-6318 (phone)
(302) 255-4318 (fax)
aconnollyIII@cblh.com
kcramer@cblh.com
janderson@cblh.com

Attorneys for Plaintiff,
IpLearn, LLC

18