IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| IpLEARN, LLC, a California Limited Liability Company, | ) ) ) | C.A. No. 11-825-LPS |
| Plaintiff, | ) ) ) | |
| v. | ) ) | |
| WBT SYSTEMS LTD., *et al.,* | ) ) ) | |
| Defendants. | ) | |

**REPLY BRIEF IN SUPPORT OF DEFENDANT
THE ULTIMATE SOFTWARE GROUP INC.'S MOTION TO SEVER**

<div style="float:right;">

Philip A. Rovner (#3215)
Jonathan A. Choa (#5319)
POTTER ANDERSON & CORROON LLP
Hercules Plaza
P.O. Box 951
Wilmington, DE  19899
(302) 984-6000
provner@potteranderson.com
jchoa@potteranderson.com

*Attorneys for Defendant
The Ultimate Software Group, Inc.*

</div>

OF COUNSEL:

Henry C. Bunsow
Matthew F. Greinert
DEWEY & LEBOEUF, LLP
Post Montgomery Tower
One Montgomery Street, Suite 3500
San Francisco, CA 94104
(415) 951-1100

Dated:  January 30, 2012

# TABLE OF CONTENTS

**Page**

I.  Introduction ..................................................................................................... 1

II.  IpLearn Failed to Meet the First Prong of Rule 20 ............................................. 1

III.  Any Common Questions of Law or Fact Cannot Overcome IpLearn's Failure to Satisfy the First Prong of Rule 20 ....................................................................... 7

IV.  The AIA Confirmed the Proper Application of Rule 20 ..................................... 8

V.  Ultimate Would Be Unduly Prejudiced By Remaining in the Case ................... 9

VI.  Proceeding With IpLearn's Claims Against Oracle is the Most Efficient and Fair Procedure ......................................................................................................... 9

VII.  Conclusion ....................................................................................................... 10

# TABLE OF AUTHORITIES

**Page**

**Cases**

*Alford Safety Servs., Inc. v. Hot-Hed, Inc.,*
 C. A. No. 10-1319, 2010 U.S. Dist. LEXIS 98152 (E.D. La. 2010) .......................................... 8

*Boretsky v. Governor of N.J.,*
 433 Fed. Appx. 73 (3d Cir. 2011) ....................................................................................... 6

*Eastman Chemical Co. v. Alphapet, Inc.,*
 C.A. No. 09-971-LPS-CBJ, Order (D. Del. Dec. 29, 2011) ...........................................................

*EIT Holdings v. YELP! Inc.,*
 No. C 10-05623 WHA, 2011 U.S. Dist. LEXIS 64034 (N.D. Cal. May 12, 2011) ................... 9

*eSpeed, Inc. v. BrokerTec USA, LLC,*
 C. A. No. 03-612-KAJ, 2004 U.S. Dist. LEXIS 13486 (D. Del. June 15, 2004) ...................... 6

*Hagan v. Rogers,*
 570 F.3d 146 (3d Cir. N.J. 2009) ........................................................................................ 6

*Helicos Bioscience Corp. v. Pacific Biosciences of California,*
 C. A. No. 10-735-SLR, 2011 U.S. Dist. LEXIS 148009 (D. Del. Dec. 22, 2011) ................ 5, 9

*MyMail, Ltd. v. America Online, Inc.,*
 223 F.R.D. 455 (E.D. Tex. 2004) ........................................................................................ 8

*Optimum Power Solutions LLC v. Apple, Inc.,*
 No. C 11-1509-SI, 2011 U.S. Dist. LEXIS 106436 (N.D. Cal. Sept. 20, 2011) ...................... 10

*Paine, Webber, Jackson & Curtis, Inc. v. Merrill Lynch,*
 564 F. Supp. 1358 (D. Del. 1983) ....................................................................................... 6

*Philips Electronics North America Corp. v. Contec Corp.,*
 220 F.R.D. 415 (D. Del. 2004) ........................................................................................... 6

*Sprint Commc'ns Co., L.P. v. Theglobe.com,*
 233 F.R.D. 615 (D. Kan. 2006) .......................................................................................... 8

*SRI International, Inc. v. Internet Security Systems, Inc.,*
 C. A. No. 04-1119-SLR, 2005 U.S. Dist. LEXIS 6797 (D. Del. Apr. 13, 2005) ...................... 5

*Wacoh Co. v. Kionix, Inc.,*
 C. A. No. 10-617-RGA, Order at 4 (D. Del. Jan. 9, 2012) .............................................. 8, 9

*WiAV Networks, LLC v. 3Com Corp.*,
  No. C 10-3448 WHA, 2010 U.S. Dist. LEXIS 110957 (N.D. Cal. Oct. 1, 2010).......................2

**Statutes and Rules**

35 U.S.C. § 299 ......................................................................................................................10

Fed. R. Civ. P. 20..............................................................................................................passim

## I.      INTRODUCTION

Plaintiff IpLearn LLC ("IpLearn") proffers no evidence sufficient to satisfy the first prong of Rule 20 requiring that IpLearn's claims against each defendant arise pursuant to the same transaction or occurrence or series of the same. Moreover, the allegedly common issues of law or fact that IpLearn relies upon cannot overcome its failure to meet the first prong.[1] Accordingly, IpLearn's claims against The Ultimate Software Group, Inc. ("Ultimate") are misjoined, and Ultimate would suffer undue prejudice if it is kept in this case. Additionally, on January 13, 2012, defendant Oracle Corporation ("Oracle") — who is clearly IpLearn's primary target in this action—filed a motion to sever IpLearn's claims against Oracle and stay IpLearn's claims against all other defendants ("Oracle's motion"). (D.I. 122.) For the reasons stated in Ultimate's Opening Brief (D.I. 103), Oracle's motion, and herein, the most efficient method of restructuring this case is to drop and dismiss IpLearn's claims against Ultimate or at a minimum sever and stay those claims.

## II.     IPLEARN FAILED TO MEET THE FIRST PRONG OF RULE 20

While IpLearn contends its claims "arise out of the same transactions or occurrences" (D.I. 123 at 4), it points to no transactions or occurrences that tie together any of IpLearn's claims against unrelated defendants. In fact, IpLearn provides no explanation of even a single alleged same transaction or occurrence. IpLearn instead relies upon only immaterial relationships between the asserted patents and tenuous connections between the accused technologies and the defendants to try to meet its burden. (*Id.* at 4-7.) However, IpLearn's allegations come nowhere near satisfying the first prong of Rule 20.

IpLearn's assertion of the same three patents against Ultimate and other defendants is of no moment. (*Id.* at 4.) In fact, federal courts have routinely decided joinder is improper under

---

[1] *See* Fed. R. Civ. P. 20; *see also* D.I. 103 at 5-6.

the same circumstances.[2]  Moreover, any relationships between the asserted patents are

irrelevant to the first prong of the Rule 20 inquiry.  In the context of patent infringement claims,

the first prong of Rule 20 focuses on whether the defendants are related or the alleged acts of

infringement are the same as between the defendants.[3]  Thus, whether the asserted patents are

related has no bearing on the inquiry.  IpLearn's arguments on this ground must fail as a result.

IpLearn's assertion of alleged commonalities between the accused technologies and

alleged infringement also fizzles.  IpLearn contends Ultimate infringes "in the same manner as

other defendants," but IpLearn's purported evidence undermines its own argument (D.I. 124-12,

13, and 14).  IpLearn's three "Exemplary Infringement" contentions each excise a single element

of a single claim from each patent asserted against Ultimate.  (*See id.*)  IpLearn then cobbles

together from multiple documents otherwise isolated phrases to form each contention.  (*See id.*)

IpLearn's contentions alone demonstrate the disparity between IpLearn's claims and

those of the asserted patents.  For instance, in Exhibit I concerning the '448 patent, the claim

element IpLearn chose to highlight recites "retrieving, by a computer, a job position, which

identifies the one or more jobs needed to be done for the job position."  (D.I. 124-12.)

Notwithstanding the ambiguity of the terms "job position" and "jobs", IpLearn's patchwork

infringement contention consists of phrases cut out from three documents reciting certain phrases

in contexts unconnected to the claim element.  For example, the four statements IpLearn

quotes—with the phrases IpLearn isolated in bold—are:[4]

- "UltiPro Recruitment…[can] help your company recruit and hire the most qualified candidates to fill **open positions**." (D.I. 124-12.)

---

[2] *See* D.I. 103 at 6, n.24 (citing cases).
[3] *Cf. WiAV Networks, LLC v. 3Com Corp.*, No. C 10-3448 WHA, 2010 U.S. Dist. LEXIS 110957, at *19 (N.D. Cal. Oct. 1, 2010) ("plaintiff cannot escape the fact that it is suing unrelated and competing defendants for their own independent acts of patent infringement."); *see also* Fed. R. Civ. P. 20.
[4] *See* D.I. 124-7 (Exs. D-3, D-4, and D-5).

- "You can create employee **development plans**…[and] identify high performing employees for **key positions**." (*Id.*)

- "…you and your team take **training courses** whenever you want…" (*Id.*)

- "UltiPro Learning Management…[allows you] to effectively manage employee **learning objectives** and company training activities." (*Id.*)

None of these statements concerns using a computer to retrieve a job position or identifying "the one or more jobs needed to be done for the job position." IpLearn's exemplary contentions in Exhibit I related to Beeline, Halogen, and Kenexa consist of a similar hodgepodge of disparate statements cut out from multiple documents. (*See* D.I. 124-12.) Exhibit I as a whole reveals the disconnectedness between the '448 patent's language and alleged infringement and IpLearn therefore flops in its attempt to establish any common technologies or alleged infringement.

IpLearn's purported evidence related to the other patents asserted against Ultimate fare no better. In Exhibit J concerning the '780 patent, IpLearn relies upon the same quoted phrases as in Exhibit I, contends aspects of the claim element are "inherent," and again offers only a selectively quoted and cobbled together contention. (*See* D.I. 124-13.) IpLearn does the same for Beeline, Halogen, and Kenexa in Exhibit J. (*See id.*) In Exhibit K concerning the '556 patent, IpLearn extends its commonality argument to a "computer, which is connected to the apparatus through a network." (D.I. 124-14.) Even if Ultimate's, Beeline's, Halogen's, and Kenexa's accused products might use a ubiquitous computer network, IpLearn failed to demonstrate any sufficient commonalties exist.

IpLearn's alleged connection between Ultimate and other defendants is even more tenuous. (D.I. 123 at 5.) IpLearn first argues Ultimate failed to prove a negative—that Ultimate and other defendants are unrelated. (*Id.*) IpLearn tellingly does not argue Ultimate has any

corporate relationship (i.e., subsidiary, sister company, etc.) with any other defendant because Ultimate does not. IpLearn instead argues that because Halogen sells a product "compatible with" and complementary to Ultimate's accused product, that a relationship between products is sufficient to satisfy Rule 20 requirements. (*Id.*) IpLearn is wrong, and its argument undermines its own infringement contentions. As IpLearn's Exhibit F states:

> Although UltiPro manages tasks such as payroll, benefits and company communications, Amcor Sunclipse wanted a complementary solution to manage its appraisal process and track employees' skills, allowing managers to identify qualified employees for job openings. Ultimate Software suggested...Halogen's eAppraisal software." (D.I. 124-9 at 4 of 7.)

If Amcor Sunclipse needed a solution other than Ultimate's product to track employees' skills to identify individuals for job openings, it suggests at a minimum that the '780 patent claim element identified by IpLearn in Exhibit J is not practiced by Ultimate. Nonetheless, IpLearn asserts Ultimate allegedly infringes this claim element in the "same manner" as Halogen. (D.I. 123 at 5.) IpLearn's assertion cannot be correct in view of its own purported evidence.

IpLearn next argues that because Halogen is "already working" with Ultimate, Oracle, and Lawson, the alleged relationships are sufficient for joinder pursuant to Rule 20. (D.I. 123 at 5 and D.I. 124-6 at 5 of 6.) IpLearn distorts the purported evidence to reach this incorrect conclusion. IpLearn's Exhibit C-5 is a Halogen website page entitled "Compatible with All Major Human Resource Information Systems (HRIS)." (D.I. 124-6 at 1.) The sentence IpLearn selectively quotes states Halogen's "Employee Performance and Talent Management Suite is **already working** with almost every HRIS on the market," listing 41 "and more" systems Halogen's **software** is compatible with. (*Id.* (emphasis added).) The compatibility of Halogen's software with over 40 other HRIS products establishes no relationship between the defendants sufficient to satisfy the first prong of Rule 20.

The case law IpLearn relies upon also fails to support the misjoinder in this case. First, in *Helicos Bioscience Corp. v. Pacific Biosciences of California*, only three patents were asserted against four defendants.[5] The court was not contending with three times as many patents and approximately four times as many defendants as here. More importantly, however, defendant Life Technologies ("Life") moved to sever or stay the plaintiff's claims against it solely on the basis that it did "not commercialize the technology accused of infringement."[6] Moreover, Life did not dispute the detailed explanations of commonalities between the technologies.[7] In contrast, here Ultimate disputes any commonalities exist between the technologies other than possibly at the highest level (i.e., software or services). Even if all the defendants' accused products consisted of software or services, to the extent any of the defendants' accused products perform any of the claimed steps in any of the asserted patents, each product surely contains different source code and programming that perform that step. (*See, e.g.*, D.I. 103 at 7-8.) Accordingly, the *Helicos* decision is inapt.

In *SRI International, Inc. v. Internet Security Systems, Inc.*, only four patents were asserted against two defendants.[8] Again, the Court was not faced with a morass of nine patents, 503 potential claims, over 20 accused products, and 15 defendants as in this case. Moreover, the opinion in *SRI* contains little analysis on the joinder issue. Although the Court found "that there are common transactions or occurrences," the referenced commonalities are not explained in the opinion.[9] Instead, the court provided analysis only for its conclusion that common questions of

---

[5] C. A. No. 10-735-SLR, 2011 U.S. Dist. LEXIS 148009, at *7 (D. Del. Dec. 22, 2011).
[6] *Id.* at *3.
[7] For example, the court found the commonalities included "reliance on detecting labeled nucleotides as a polymerase, the use of four nucleotides with distinct fluorescent labels and optical detection zones limited to the immediate vicinity of the polymerase...[to] perform single molecule sequencing using optical detection of nucleic sequences." *Id.* at *8.
[8] C. A. No. 04-1119-SLR, 2005 U.S. Dist. LEXIS 6797, at *1 (D. Del. Apr. 13, 2005).
[9] *Id.* at *11.

law and fact existed (i.e., patents over the same technology and invalidity-related determinations).[10] Because Rule 20 requires satisfaction of both of its prongs, it is not clear in the *SRI* decision what commonalities satisfied the first prong other than the court's conclusion. Accordingly, *SRI* does not dictate against finding misjoinder in this case.

Significantly, IpLearn distinguishes *Paine, Webber, Jackson & Curtis, Inc. v. Merrill Lynch*[11] on the sole basis that the procedural posture is not identical to this case and not on any substantive ground. (D.I. 123 at 7.) IpLearn further admits that *Philips Electronics North America Corp. v. Contec Corp.*, supports Ultimate's request to sever IpLearn's claims against it.[12] (*Id.* at 7.) Accordingly, IpLearn does not dispute that a decision in this Court supports a finding of misjoinder in this case.[13]

Ultimate also agrees with IpLearn that joinder pursuant to Rule 20 should not be based on "general assumptions" but rather the "specific fact pattern presented by the plaintiffs and claims before the court."[14] (*Id.* at 6-7 (citations omitted).) As set forth in Ultimate's Opening Brief, those facts—which IpLearn failed to overcome—establish Ultimate is misjoined in this case because, as described in Oracle's motion, the transactions at issue are all different for each

---

[10] *Id.* at *12.

[11] 564 F. Supp. 1358 (D. Del. 1983).

[12] 220 F.R.D. 415 (D. Del. 2004)

[13] While Ultimate's motion has been pending, multiple courts have continued to apply Rule 20 correctly by dropping misjoined parties from multi-defendant cases. *See* Exhibits A and B filed concurrently.

[14] The *Hagan v. Rogers,* 570 F.3d 146 (3d Cir. N.J. 2009) and *Boretsky v. Governor of N.J.*, 433 Fed. Appx. 73 (3d Cir. 2011) cases IpLearn cites for these propositions otherwise have no applicability to this case because in each case the issue decided concerned whether **multiple incarcerated plaintiffs** could properly join suit against one or more defendants, not whether a patent owner can properly sue multiple unrelated defendants. IpLearn's reliance on *eSpeed, Inc. v. BrokerTec USA, LLC,* C. A. No. 03-612-KAJ, 2004 U.S. Dist. LEXIS 13486 (D. Del. June 15, 2004) is also inapposite because in *eSpeed* a corporate relationship existed between three of the defendants. Thus, in that case the defendants were not unrelated as they are here.

defendant. (*See* D.I. 122 at 5-6.) Accordingly, there is no legitimate basis for joining all of the defendants in a single lawsuit.[15]

## III.   ANY COMMON QUESTIONS OF LAW OR FACT CANNOT OVERCOME IPLEARN'S FAILURE TO SATISFY THE FIRST PRONG OF RULE 20

As discussed above, IpLearn's comparison of Ultimate's accused product with other defendants' accused products is unavailing. Defendants' use of general terms like "positions", "learning", and "training" in marketing documents (*see, e.g.*, D.I. 124-12) fails to demonstrate any commonalities between defendants or their accused products. Instead, a detailed assessment of each of the defendants' 20 or more accused products and their functionalities will be necessary to demonstrate whether or not a particular product practices each and every limitation of an asserted claim. IpLearn notably provides no such analysis.

IpLearn also misses the point concerning Ultimate's assertion that claim construction issues will be unique to each defendant. IpLearn refers only to the principle of construing claims independent of an accused product. (D.I. 123 at 8.) That principle is irrelevant, however, because it concerns the perspective of the Court construing the claims rather than the perspective of a defendant deciding what claim terms to have construed and formulating the construction it seeks. From a defendant's perspective, how its product functions in relation to an asserted claim is highly relevant to decisions affecting claim construction. With limited resources, over a dozen remaining defendants, nine patents, at least 20 or more accused products, and over 500 claims, the issues of what claim terms to construe and how each should be construed are amplified to an

---

[15] The unpublished order in *Eastman Chem. Co. v. Alphapet, Inc.*, C. A. No. 09-971-LPS-CBJ, Order (D. Del. Dec. 29, 2011) IpLearn relies upon (D.I. 123 at 8) concerned a motion for consolidation pursuant to Rule 42(a)(2) where the Rule requires only existence of a common question of law or fact. Rule 42 does not require the same transaction or occurrence as Rule 20 does. Thus, the order is inapt in this case.

unmanageable level. IpLearn notably provides no explanation of how this reality constitutes an
alleged "invitation to error." (D.I. 123 at 8.)

## IV.   THE AIA CONFIRMED THE PROPER APPLICATION OF RULE 20

IpLearn argues the AIA does not apply, however, Ultimate never argued it did. Rather,
as discussed in Ultimate's Opening Brief, the AIA codified an interpretation of Rule 20 that the
majority of courts followed before the AIA's enactment to ensure that now and in the future all
federal courts interpret Rule 20 in the same way. Ultimate's reference to the AIA simply
demonstrates that IpLearn's joinder of more than 15 defendants in this case has been and is
inappropriate (i.e., "a disfavored practice at best" (D.I. 103 at 6)). Moreover, the additional cases
IpLearn cites to support its joining of multiple unrelated defendants accused of infringing the
same patent (D.I. 123 at 12) rely upon the Eastern District of Texas decision, *MyMail, Ltd. v.
America Online, Inc.*, 223 F.R.D. 455, 457 (E.D. Tex. 2004), which decision was a primary
impetus for enactment of 35 U.S.C. § 299.[16]

Although inconsistent decisions existed on the question of joining unrelated defendants in
patent cases before enactment of the AIA, it is now clearly improper to join unrelated defendants
accused only of infringing the same patent or patents as IpLearn has done in this case. Indeed,
IpLearn cites a recent unpublished opinion from this Court expressly rejecting the same
argument IpLearn is asserting.[17] In that case, Judge Andrews stated "Wacoh further alleges that
these common questions of law and fact therefore mean that the case involves 'the same

---

[16] *See Alford Safety Servs., Inc. v. Hot-Hed, Inc.*, C. A. No. 10-1319, 2010 U.S. Dist. LEXIS
98152, at *25-27 (E.D. La. 2010); *Sprint Commc'ns Co., L.P. v. Theglobe.com*, 233 F.R.D. 615,
617 (D. Kan. 2006).
[17] *See* D.I. 123 at 11-12, citing *Wacoh Co. v. Kionix, Inc.*, C.A. No. 10-617-RGA, Order at 4 (D.
Del. Jan. 9, 2012).

transaction, occurrence, or series of transactions or occurrences.' I do not accept Wacoh's argument."[18] This Court should likewise reject IpLearn's argument.

## V. ULTIMATE WOULD BE UNDULY PREJUDICED BY REMAINING IN THE CASE

IpLearn argues that Ultimate would not be unduly prejudiced by being joined in this action because IpLearn now states it does not intend to assert all 503 claims. (D.I. 123 at 10.) Irrespective of what claims, or how many, IpLearn intends to assert, as set forth in Ultimate's Opening Brief, even if the **same two patent claims** were asserted against each defendant, joinder would be improper.[19] Moreover, even that scenario is impossible as the case presently stands because different patents are asserted against different defendants in various combinations. (*See, e.g.*, D.I. 122, Ex. A; D.I. 122 at 9; D.I. 123 at 2.) Thus, Ultimate reasserts that the present scope of this case presents a monumental mess for both the Court and the parties. Furthermore, for the same reasons set forth in defendant Oracle's motion (D.I. 122 at 7-10), Ultimate would indeed be unduly prejudiced by being deprived of the opportunity to fully defend itself under the present circumstances.[20]

## VI. PROCEEDING WITH IPLEARN'S CLAIMS AGAINST ORACLE IS THE MOST EFFICIENT AND FAIR PROCEDURE

Oracle has presented a solution where IpLearn's claims proceed first against Oracle as Oracle has requested, while IpLearn's claims against Ultimate are dismissed or stayed. (*See* D.I. 122.) Although IpLearn argues severance would "increase the costs to the parties and the Court" (D.I. 123 at 11), the opposite is true. If IpLearn's claims proceed first against only Oracle, the

---

[18] *Wacoh*, C. A. No. 10-617-RGA, Order at 3.
[19] D.I. 103 at 9, citing *EIT Holdings v. YELP! Inc.*, No. C 10-05623 WHA, 2011 U.S. Dist. LEXIS 64034, at *6 (N.D. Cal. May 12, 2011).
[20] IpLearn's citation of dicta in *Helicos* is also off base. (D.I. 123 at 10.) As described above, in *Helicos* detailed commonalities were found between the accused technologies, which commonalities the moving defendant did not dispute. IpLearn failed to demonstrate the same here.

other defendants would decrease their costs and the Court would conserve resources by not having to address any issues that might arise between individual defendants and IpLearn. Moreover, even if IpLearn's claims against Ultimate and potentially other defendants are not severed now, a division of IpLearn's claims against the defendants will be necessary for trial. As discussed in Oracle's motion, a significant risk of jury confusion exists if trial proceeds with multiple unrelated defendants, multiple accused products, and multiple different claims of infringement. (D.I. 122 at 10-12.) Thus, this case will in all likelihood be carved up at some point, and there are good reasons to do it now rather than later.

IpLearn argues that if Ultimate is misjoined, the appropriate remedy is severing "Ultimate from the case." (D.I. 123 at 12.) IpLearn also argues that "neither dismissal nor a stay is justified." (*Id.*) Thus, it is not clear what IpLearn expects to happen if Ultimate is found to be misjoined. Nonetheless, due to IpLearn's misjoinder of multiple unrelated defendants a "creative restructuring of the case" is indeed appropriate. (*Id.* at 13, citing *TecSec, Inc. v. International Business Machines Corp.*, C.A. No. 10-115-LMB (D.I. 103-4).) The simple solution previously employed by numerous courts is to order IpLearn to dismiss its claims against Ultimate and allow IpLearn to proceed with its claims against Oracle alone.[21] (D.I. 122.) In the alternative, IpLearn's claims against Ultimate should be stayed for the same reasons as set forth in Oracle's motion (D.I. 122 at 12-15).

## VII.   CONCLUSION

For the foregoing reasons, Ultimate respectfully requests that the Court drop IpLearn's claims against Ultimate and dismiss Ultimate as a party to this case, or at a minimum sever and stay IpLearn's claims against Ultimate.

---

[21] *See Optimum Power Solutions LLC v. Apple, Inc.*, No. C 11-1509-SI, 2011 U.S. Dist. LEXIS 106436, at *11 (N.D. Cal. Sept. 20, 2011); *see also* Exhibits A & B.

POTTER ANDERSON & CORROON LLP

OF COUNSEL:

Henry C. Bunsow
Matthew F. Greinert
DEWEY & LEBOEUF, LLP
Post Montgomery Tower
One Montgomery Street, Suite 3500
San Francisco, CA 94104
(415) 951-1100

Dated: January 30, 2012
1044977

By: */s/ Philip A. Rovner*
    Philip A. Rovner (#3215)
    Jonathan A. Choa (#5319)
    Hercules Plaza
    P.O. Box 951
    Wilmington, DE  19899
    (302) 984-6000
    provner@potteranderson.com
    jchoa@potteranderson.com

*Attorneys for Defendant*
*The Ultimate Software Group, Inc.*

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

### CERTIFICATE OF SERVICE

I, Philip A. Rovner, hereby certify that on January 30, 2012, the within document

was filed with the Clerk of the Court using CM/ECF which will send notification of such

filing(s) to the following; that the document was served on the following counsel as indicated;

and that the document is available for viewing and downloading from CM/ECF.

### BY CM-ECF AND E-MAIL

Arthur G. Connolly, III, Esq.
Kristen Healey Cramer, Esq.
Jeremy D. Anderson, Esq.
Connolly Bove Lodge & Hutz LLP
The Nemours Building
1007 North Orange Street
Wilmington, DE  19801
aconnollyIII@cblh.com
kcramer@cblh.com
janderson@cblh.com

*Attorneys for Plaintiff*
*IpLearn LLC*

Mary B. Graham, Esq.
Morris, Nichols, Arsht & Tunnell LLP
1201 N. Market Street
P. O. Box 1347
Wilmington, DE  19899-1347
mgraham@mnat.com

*Attorneys for Defendant*
*Oracle Corporation*

John W. Shaw, Esq.
Andrew E. Russell, Esq.
Shaw Keller LLC
800 Delaware Avenue, 4th Floor
Wilmington, DE  19801
jshaw@shawkeller.com
arussell@shawkeller.com

*Attorneys for Defendant*
*NCS Pearson, Inc.*

Richard D. Kirk, Esq.
Stephen B. Brauerman, Esq.
Bayard, P.A.
222 Delaware Avenue, Suite 900
P. O. Box 25130
Wilmington, DE  19899
rkirk@bayardlaw.com
sbrauerman@bayardlaw.com

*Attorneys for Cengage Learning Inc.*

Daniel M. Silver, Esq.
McCarter & English, LLP
Renaissance Centre
405 N. King Street, 8th Floor
Wilmington, DE 19801
dsilver@mccarter.com

*Attorneys for Defendant*
*Connections Education, LLC*

William J. Wade, Esq.
Anne Shea Gaza, Esq.
Travis Steven Hunter, Esq.
Richards Layton & Finger, P.A.
One Rodney Square
920 N. King Street
Wilmington, DE 19801
wade@rlf.com
gaza@rlf.com
hunter@rlf.com

*Attorneys for Defendant*
*Beeline Acquisition Corp.*

Philip A. Rovner, Esq.
Jonathan A. Choa, Esq.
Potter Anderson & Corroon LLP
Hercules Plaza
P.O. Box 951
Wilmington, DE 19899
provner@potteranderson.com
jchoa@potteranderson.com

*Attorneys for Defendant*
*Element K Corporation*

Karen L. Pascale, Esq.
James L. Higgins, Esq.
Young Conaway Stargatt & Taylor LLP
The Brandywine Building
1000 West Street, 17th Floor
Wilmington, DE 19801
kpascale@ycst.com
jhiggins@ycst.com

*Attorneys for Defendant*
*Trivantis Coroporation Inc., Halogen Software*
*Inc. and Mzinga, Inc.*

Alisa E. Moen, Esq.
Blank Rome LLP
1201 Market Street
Suite 800
Wilmington, DE 19801
moen@blankrome.com

*Attorneys for Defendant*
*Lawson Software, Inc.*

Rodger D. Smith, II, Esq.
Morris, Nichols, Arsht & Tunnell LLP
1201 N. Market Street
P.O. Box 1347
Wilmington, DE 19899-1347
rsmith@mnat.com

*Attorneys for Defendant*
*Kenexa Corporation*

2

Stamatios Stamoulis, Esq.
Richard C. Weinblatt, Esq.
Stamoulis & Weinblatt LLC
Two Fox Point Centre
6 Denny Road, Suite 307
Wilmington, DE  19809
Stamoulis@swdelaw.com
Weinblatt@swdelaw.com

*Attorneys for Defendants*
*Lumesse AS and Lumesse, Inc.*

/s/ Philip A. Rovner
Philip A. Rovner (#3215)
Potter Anderson & Corroon LLP
Hercules Plaza
P. O. Box 951
Wilmington, DE 19899
(302) 984-6000
provner@potteranderson.com

3