IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| IPLEARN LLC, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) C.A. No. 11-825 (LPS) |
| | ) |
| WBT SYSTEMS LTD., et al., | ) |
| | ) |
| Defendants. | ) |

### REPLY BRIEF IN SUPPORT OF ORACLE'S MOTION TO SEVER

OF COUNSEL:

Mark D. Selwyn
WILMER CUTLER
PICKERING HALE AND DORR LLP
950 Page Mill Road
Palo Alto, CA 94304

Andrew B. Grossman
WILMER CUTLER
PICKERING HALE AND DORR LLP
350 South Grand Avenue, Suite 2100
Los Angeles, CA 90071

Robert Sloss
Peter O'Rourke
ORACLE CORPORATION
500 Oracle Parkway
Redwood Shores, CA 94065

February 9, 2012
5394833

MORRIS, NICHOLS, ARSHT & TUNNELL LLP
Mary B. Graham (#2256)
Jeremy A. Tigan (#5239)
1201 N. Market Street
P.O. Box 1347
Wilmington, DE 19899-1347
(302) 658-9200
mgraham@mnat.com
jtigan@mnat.com
  *Attorneys for Oracle Corporation*

## **TABLE OF CONTENTS**

PAGE

I. INTRODUCTION ............................................................................................................... 1

II. ARGUMENT ....................................................................................................................... 2

    A. The Claims Against Oracle Should Be Severed. ..................................................... 2

        1. The Claims Against Oracle Do Not Arise Out of the Same Transaction or Occurrence. ........................................................................ 2

        2. IpLearn's Purported Concerns for Judicial Economy Do Not Overcome The Prejudice To Oracle Or Justify Joinder. ............................. 6

    B. Once Severed, Staying the Claims Against the Remaining Defendants is Warranted .................................................................................................................. 8

        1. A Stay Under These Circumstances Would Simplify The Issues and Trial of This Case. ............................................................................... 8

        2. A Stay Will Not Cause Undue Prejudice To IpLearn. ................................ 9

III. CONCLUSION ................................................................................................................... 10

# TABLE OF AUTHORITIES

**PAGE(S)**

**CASES**

*Advamatel, LLC v. AT&T Corp.*,
    105 F. Supp. 2d 507 (E.D. Va. 2000) ..................................................................3, 5, 7

*Androphy v. Smith & Nephew, Inc.*,
    31 F. Supp. 2d 620 (N.D. Ill. 1998) ..........................................................................4, 6

*Bear Creek Techs. v. RCN Comm'ns*,
    2011 WL 3626787 (E.D. Va. Aug. 17, 2011) ...............................................................6

*Colt Defense LLC v. Heckler & Koch Defense, Inc.*,
    2004 U.S. Dist. LEXIS 28690 (E.D. Va. Oct. 22, 2004) ..............................................6

*Deskovic v. City of Peekskill*,
    673 F. Supp. 2d 154 (S.D.N.Y. 2009) ......................................................................3, 7

*eSpeed, Inc. v. BrokerTec USA, L.L.C.*,
    2004 U.S. Dist. LEXIS 13486 (D. Del. June 125, 2004) ..............................................2

*Hard Drive Productions, Inc. v. Does 1-188*,
    C-11-01566, 2011 WL 3740473 (N.D. Cal. Aug. 23, 2011) .........................................7

*Helicos v. Pacific Biosciences Corp.*,
    2011 WL 6758481 (D. Del. Dec. 22, 2011) ..................................................................4

*Paine, Webber, Jackson & Curtis, Inc. v. Merrill Lynch, Pierce, Fenner & Smith*,
    564 F. Supp. 1358 (D. Del. 1983) .............................................................................2, 4

*Patlex Corp. v. Mossinghoff*,
    758 F.2d 594 (Fed. Cir. 1985) .....................................................................................10

*Philips Elecs. N. Am. Corp. v. Contec Corp.*,
    220 F.R.D. 415 (D. Del. 2004) ..................................................................................2, 4

*Pinpoint Inc. v. Groupon, Inc.*,
    2011 WL 6097738 (N.D. Ill. Dec. 5, 2011) ..................................................................4

*Pragmatus AV, LLC v. Facebook, Inc.*,
    769 F. Supp. 2d. 995 (E.D. Va. 2011) ..........................................................................8

*Rudd v. Lux Prods.*,
    2011 WL 148052 (N.D. Ill. Jan. 12, 2011) ................................................................3, 4

*SRI Int'l v. Internet Security Systems, Inc.*,
  2005 WL 851126 (D. Del. April 13, 2005)..................................................................................4

*Tardd v. Brookhaven Nat. Labs*,
  2007 WL 1423642 (E.D.N.Y. May 8, 2007) ...........................................................................7

*VDF FutureCeuticals, Inc. v. Sandwich Isles Trading Co., Inc.*,
  2011 U.S. Dist. LEXIS 148766 (D. Haw. Dec. 27, 2011) .......................................................10

*WiAV Networks, LLC v. 3Com Corp.*,
  2010 WL 3895047 (N.D. Cal. Oct. 1, 2010)................................................................2, 3, 6, 8

**RULES AND STATUTES**

D. Del. LR 7.1.1 ...............................................................................................................................1

Fed. R. Civ. P. 20................................................................................................................ *passim*

## I.     INTRODUCTION

By consenting to sever Oracle for trial (IpLearn's Opposition (D.I. 133) ("Opp.") at 1),[1] IpLearn largely concedes that Oracle is misjoined with the other fourteen defendants in this case. IpLearn's principal argument is that its claims against Oracle and the other defendants are "reasonably similar" because it has asserted "between one to four" of the nine asserted patents against each of these other defendants, and all fifteen defendants allegedly infringe different subsets of these asserted patents "in similar ways." (Opp. at 4-6.) But allegations that unrelated defendants infringe the same patents in a similar manner are not sufficient to join Oracle with the other defendants in this case. And even if they were, IpLearn ultimately admits "this is not a case in which the claims against the other defendants would rise and fall with the claims against Oracle" because the claims against Oracle and the other defendants are, at their root, different. (Opp. at 17.)

As a consequence of IpLearn's consent to sever Oracle for trial, the only disputed issues that remain are (1) whether the case should also be severed for all purposes, including pretrial proceedings, and (2) whether the case against Oracle, the only defendant against which all nine patents-in-suit are asserted, should proceed first. Because IpLearn has not met its burden to establish that Oracle's alleged acts of infringement arise out of the same transaction or occurrence as the alleged acts of infringement committed by the other fourteen defendants, severance is proper for discovery and pretrial proceedings, just as it is for trial. Moreover, in the

---

[1]    Pursuant to Local Rule 7.1.1, Oracle contacted IpLearn prior to filing its Motion on the day the Motion was to be filed. IpLearn did not provide a response or thereafter contact Oracle to provide a response. In any event, IpLearn does oppose Oracle's motion and its consent to sever trial does not obviate the need for Oracle's Motion, which requests that the Court sever the case against Oracle for pretrial proceedings and allow the case against Oracle to proceed first.

1

interests of judicial economy, due process and fairness, IpLearn's claims should proceed against only Oracle in the first instance, while the claims against the remaining defendants are stayed.

## II. ARGUMENT

### A. The Claims Against Oracle Should Be Severed.

#### 1. The Claims Against Oracle Do Not Arise Out of the Same Transaction or Occurrence.

IpLearn argues that Oracle should not be severed from the fourteen other unrelated defendants in this case because its claims against Oracle and its co-defendants are "reasonably related." (Opp. at 4.) IpLearn's argument fails for the following reasons.

*First,* IpLearn's assertion that "each of Oracle's co-defendants is accused of infringing between one to four of the same patents asserted against Oracle" is not sufficient for IpLearn to meet its burden under Rule 20. (Opp. at 4.)[2] Courts across the country, including courts in this district, have recognized that allegations that unrelated defendants "may have infringed the same patents . . . is an insufficient basis to join unrelated parties as defendants in the same lawsuit." *Philips Elecs. N. Am. Corp. v. Contec Corp.,* 220 F.R.D. 415, 417 (D. Del. 2004) ("Allegations of infringement against two unrelated parties based on different acts do not arise from the same transaction."); *Paine, Webber, Jackson & Curtis, Inc. v. Merrill Lynch, Pierce, Fenner & Smith*, 564 F. Supp. 1358, 1370 (D. Del. 1983) (same); *eSpeed, Inc. v. BrokerTec USA, L.L.C.*, 2004 U.S. Dist. LEXIS 13486, at *10 (D. Del. June 125, 2004) ("Infringement of the same patent by different machines and parties does not constitute the same transaction or occurrence to justify joinder."); *WiAV Networks, LLC v. 3Com Corp.*, 2010 WL 3895047, at *1 (N.D. Cal. Oct. 1, 2010).

---

[2] IpLearn fails to address the fact that three of the asserted patents are only asserted against Oracle. Thus, at least with respect to these patents, IpLearn's argument is baseless.

2

*Second,* IpLearn cannot, in any event, establish that Oracle's accused products are similar in any relevant respect to the fourteen other defendants' accused products. *See Deskovic v. City of Peekskill,* 673 F. Supp. 2d 154, 159 (S.D.N.Y. 2009) ("The plaintiff bears the burden of demonstrating that joinder is warranted under Rule 20."). IpLearn argues that Oracle's accused products are "similar" to those sold by the other defendants because "they infringe the patents in similar ways" as these other defendants' products. (Opp. at 5.) This argument fails on multiple levels. IpLearn wholly ignores six of the other defendants' accused products (Cengage, Connections, Trivantis, Pearson, Lumesse, and Lawson), and thus effectively concedes that there is no connection or similarity between Oracle's products and the products of those six defendants. Even as to the eight defendants that IpLearn does address, IpLearn can only point to a similarity *in its own infringement allegations*, as opposed to a similarity in the accused products, concerning a single limitation of the over 500 claims in the nine asserted patents. In sum, IpLearn offers no evidence, and does not even argue, that the accused products are similar.

Even if IpLearn's argument that the defendants' accused products infringe the patents in a similar way is true, the argument does not meet IpLearn's burden under Rule 20. Joinder under Rule 20 requires a relationship between the parties specifically with respect to the claims against them such that the claims stem from the same "series of transactions." *Advamatel, LLC v. AT&T Corp.*, 105 F. Supp. 2d 507, 515 (E.D. Va. 2000). Merely designing, manufacturing, or selling *similar* products is not enough. *Rudd v. Lux Prods.*, 2011 WL 148052, at *3 (N.D. Ill. Jan. 12, 2011) ("Allegations that unrelated defendants design, manufacture, and sell *similar* products do not satisfy Rule 20(a)'s requirement." (emphasis added)); *WiAV Networks,* 2010 WL 3895047, at *1 ("[T]he vast majority [of the defendants] are wholly unrelated companies with wholly unrelated products. Significantly, neither the original defendants nor the remaining defendants

3

were alleged to have acted in concert to infringe any of plaintiff's asserted patents. Indeed, many of the remaining defendants are direct competitors of each other. They share no common transaction or occurrence [sic]."); *Androphy v. Smith & Nephew, Inc.*, 31 F. Supp. 2d 620 (N.D. Ill. 1998) (granting motion to sever where defendants were "separate companies that independently design, manufacture and sell different products in competition with each other"); *Pinpoint Inc. v. Groupon, Inc.*, 2011 WL 6097738, at *1 (N.D. Ill. Dec. 5, 2011) (granting motion to sever, dismissing as a "lame response" the plaintiff's argument that Rule 20(a) was satisfied because the accused products are "extremely similar")

IpLearn's reliance on *Helicos* and *SRI* is misplaced. *Helicos v. Pacific Biosciences Corp.*, 2011 WL 6758481 (D. Del. Dec. 22, 2011); *SRI Int'l v. Internet Security Systems, Inc.*, 2005 WL 851126 (D. Del. April 13, 2005). The same court in both *Helicos v. Pacific Biosciences Corp.*, and *SRI Int'l v. Internet Security Systems, Inc.*, concluded that joinder was proper based on findings that there were questions of law or fact common to all defendants. *Helicos*, 2011 WL 6758481, at *2; *SRI Int'l*, 2005 WL 851126, at *4. Neither court, however, addressed whether the claims arose out the same transaction or occurrence. Indeed, neither *Helicos* nor *SRI* discusses or purports to change the approach adopted in this district's decisions in *Phillips* and *Paine, Webber,* both of which are consistent with Congress's interpretation of Rule 20 and clearly establish that patent infringement allegations based on *similar* patents asserted against *similar* products "do not arise from the same transaction." *Philips,* 220 F.R.D. at 417; *Paine, Webber*, 564 F. Supp. at 1370; *see also Rudd*, 2011 WL 148052, at *2-3 (granting motion to sever, adopting the "prevailing approach" that a "party fails to satisfy Rule 20(a)'s requirement of a common transaction or occurrence where unrelated defendants, based on different acts, are alleged to have infringed the same patent").

4

***Third***, IpLearn argues that joinder is proper because Oracle "has a 'relationship'" with the other defendants. (Opp. at 7.) It is undisputed, however, that IpLearn's First Amended Complaint does not contain a single allegation that there is any relationship between the defendants, let alone any connection between them with respect to the accused products (other than that they infringe some of the same patents). (D.I. 15.) Neither the First Amended Complaint nor IpLearn's Opposition contains allegations that Oracle is liable for contributory infringement with respect to any other defendants' accused products, no allegations that Oracle is joint and severally liable for any other defendants' liability, and no allegations that Oracle acted in concert with the other defendants with respect to the accused products. (*Id.*)

The relevant series of transactions for the purposes of IpLearn's claims against Oracle are the series of transactions by which Oracle has sold its proprietary software applications and/or services to its customers.[3] *See Advamatel,* 105 F. Supp. 2d at 507. IpLearn has not provided any evidence that any other defendant has a role in designing, manufacturing, marketing, or selling any of Oracle's software applications and/or services to its customers. Nor has IpLearn provided any evidence that Oracle has had any role whatsoever in designing, manufacturing, marketing, or selling any of the other defendants' accused products. The only "relationship" between Oracle and any of the other defendants for which IpLearn has provided evidence is that some of the other defendants' accused products are capable of being integrated with, or are compatible with, some of Oracle's software products. (Opp. at 7 (citing Exs. A-3, M, N, O, and P).) These "relationships," however, are entirely irrelevant to the question of whether IpLearn's claims

---

[3] As detailed in Oracle's Motion to Dismiss (D.I. 96), IpLearn has failed to provide sufficient information as to what software applications and/or services, or even what categories of software applications and/or services, it is accusing. Nevertheless, IpLearn has not provided any evidence that any other defendant in this case has had a role in designing, manufacturing, marketing, or selling any of Oracle's products.

against Oracle and the other defendants arise from the same transaction or occurrence. *See, e.g.*, *EIT Holdings*, 2011 WL 2192820, at *2; *WiAV Networks,* 2010 WL 3895047, at *1; *Androphy*, 31 F. Supp. 2d 620. IpLearn's Opposition does not cite a single case in which a court has held that compatibility between products, or the ability to integrate products, is sufficient to satisfy the burden under Rule 20.

### 2. IpLearn's Purported Concerns for Judicial Economy Do Not Overcome The Prejudice To Oracle Or Justify Joinder.

IpLearn's concedes that severing Oracle for purposes of trial is proper. (Opp. at 1, 4, 12.) Nonetheless, IpLearn argues that Oracle will not be prejudiced by joinder, and that concerns for judicial economy require joinder, at least for pretrial purposes. (Opp. at 11-14.) IpLearn is wrong.

*First*, while efficiency and uniformity are always important considerations, they do not trump a defendant's fundamental right to a fair opportunity to defend itself. Rule 20 is concerned with ensuring fairness to defendants. Considerations of efficiency and judicial economy come into play only after the requirements of Rule 20 have been met. *See Colt Defense LLC v. Heckler & Koch Defense, Inc.*, 2004 U.S. Dist. LEXIS 28690, at *16 (E.D. Va. Oct. 22, 2004) ("[T]o the extent that considerations of judicial economy can factor into the court's decision whether to sever the claims against [a defendant], they do so only *after* the plaintiff has first satisfied the requirements of Rule 20(a)." (emphasis added)); *Bear Creek Techs. v. RCN Comm'ns*, 2011 WL 3626787, at *5 (E.D. Va. Aug. 17, 2011) ("As Plaintiff admitted during oral argument, the Court need not rely on judicial economy in its decision when there is not sufficient commonality amongst the Defendants.").

*Second*, contrary to IpLearn's assertions, joining multiple, unrelated defendants in a single action will not enhance judicial economy. It will instead result in a complicated,

6

unmanageable case. *See Advamatel,* 105 F. Supp. 2d at 515 ("Where, as here, the nature of the defendants' cases is different, joinder does not necessarily streamline the resolution of the case, and indeed may lead to confusion at trial."); *Hard Drive Productions, Inc. v. Does 1-188*, C-11-01566, 2011 WL 3740473, at *3 (N.D. Cal. Aug. 23, 2011) ("[P]ermitting joinder in this case would undermine Rule 20(a)'s purpose of promoting judicial economy and trial convenience because it would result in a logistically unmanageable case."); *Deskovic v. City of Peekskill*, 673 F. Supp. 2d 154, 171 (S.D.N.Y. 2009) (joinder would not enhance judicial economy absent "substantial overlap in discovery and depositions"); *Tardd v. Brookhaven Nat. Labs*, 2007 WL 1423642, at *11 (E.D.N.Y. May 8, 2007) (finding joinder likely to create a risk of prejudice to defendants in the form of jury confusion because "the plaintiffs will be relying on different documentary evidence and testimony at the trial"). While IpLearn contends that all the asserted patents are "reasonably related," it is unavoidable that there will be a substantial number of individualized issues with respect to each defendant. Proceeding with discovery and pretrial proceedings with fifteen defendants accused of infringing different subsets of nine patents is not remotely feasible, let alone efficient. *See Aleman*, 485 F.3d at 218, n.5 (finding that a court may "deny joinder if it determines that the addition of the party under Rule 20 will not foster the objectives of the rule, but will result in prejudice, expense, or delay" (citations omitted)).

    Because infringement actions are focused on the particular design and features of the accused products, and the accused products of the defendants here are different, any common issues here would be overwhelmed by the differences among the defendants. *EIT Holdings*, 2011 WL 2192820, at *2 (granting severance because "whatever common issues may exist from website to website will be overwhelmed by the individual issues of claim construction, damages, willfulness, and discovery supervision").

7

*Third*, any perceived efficiencies of joining multiple, unrelated defendants would come at the expense of defendants' right to develop and present individualized defenses. *See WiAV Networks*, 2010 WL 3895047, at *2 ("[T]he accused defendants – who will surely have competing interests and strategies – are entitled to present individualized assaults on questions of non-infringement, invalidity, and claim construction."). For instance, because of IpLearn's improper joinder, and even if an inventor on one of the common inventors of the asserted patents were deposed for five full days, defendants would potentially each be limited to only two and a half hours of individual deposition time of the inventor – a fraction of the normal time allotted under the Federal Rules of Civil Procedure.[4] Particularly where IpLearn seeks only to profit from a patent that it has never practiced, there is no public interest in forcing unrelated defendants to defend themselves in a single action. *See Pragmatus AV, LLC v. Facebook, Inc.*, 769 F. Supp. 2d. 995, 996 (E.D. Va. 2011) (finding little public interest where plaintiff was a "non-practicing entity" whose "main line of business is enforcing its intellectual property rights").[5]

### B. Once Severed, Staying the Claims Against the Remaining Defendants is Warranted

#### 1. A Stay Under These Circumstances Would Simplify The Issues and Trial of This Case.

IpLearn does not dispute that Oracle is the primary target in this action. Oracle is the only defendant against which IpLearn asserts all nine patents-in-suit, and it appears that IpLearn

---

[4] IpLearn again ignores that Oracle is the only defendant accused of infringing three of the asserted patents and does not dispute that Oracle would be prejudiced by not having a full opportunity to depose the inventor on these patents.

[5] IpLearn contends that it is an "investor" in 3LP Media, Inc., which "expects" to introduce its "first product in Spring 2012." (Opp. at 16.) IpLearn has not cited any precedent that "invest[ing]" in an entity is sufficient to be considered practicing a patent. Even if it were, any such "expect[ed]" product is entirely speculative.

8

Case 1:11-cv-00825-RGA   Document 139   Filed 02/09/12   Page 13 of 15 PageID #: 1789

has accused far more Oracle products of infringing the patents-in-suit than that of any other defendant. (D.I. 15; D.I. 103, Ex. 1.) Nor does IpLearn dispute that resolving the claims against Oracle will inevitably narrow and simplify, and even eliminate, many of the issues and claims with respect to the other defendants. Instead, IpLearn argues that that it "would be a waste of resources" for the Court to try the case against Oracle separately from the other defendants. (Opp. at 17.) Yet, remarkably, severing Oracle and trying this case against only Oracle is exactly what IpLearn concedes makes sense here. (Opp. at 1.) And, it makes sense for a reason. If the case proceeds only against Oracle, should any of the asserted patents be found invalid and/or unenforceable, those patents are likely to be dismissed against the remaining defendants. Even if the patents are not found invalid or unenforceable, the Court's guidance on issues such as claim construction and summary judgment will be instructive and likely streamline the litigation against the remaining defendants, even if the remaining defendants are not strictly bound by those rulings.

## 2. A Stay Will Not Cause Undue Prejudice To IpLearn.

IpLearn's argument that it will be prejudiced because "nothing prevents other infringers from continuing their activities," and because it has made a "significant investment" in a third party, 3LP Media, Inc., that "expects" to introduce a product in "Spring 2012." IpLearn's arguments fail for two reasons. (Opp. at 16.) First, IpLearn's speculative "investment" is insufficient evidence of any actual, or even potential, harm to 3LP's "marketing efforts," which IpLearn does not argue have commenced at all to date. Second, IpLearn is not seeking either preliminary or permanent injunctive relief in this case. Thus, even if it were to prevail against all of the defendants, IpLearn concedes that it has no intention of seeking to prohibit defendants from "continuing their activities," and attempting to "become further entrenched in markets that 3LP is soon to enter." (Opp. at 16.)


IpLearn also argues that it would be prejudiced because a stay would hinder IpLearn's ability to license its patents, based on its perception that infringers are less likely to compensate IpLearn for their use of the patented inventions if they know that IpLearn is unable to enforce its rights. IpLearn ignores, however, that proceeding against Oracle now, and ultimately proceeding against the other defendants once the case against Oracle is completed, does not constitute a situation in which IpLearn would be "unable to enforce its rights." If the stay is granted, IpLearn will have a full and fair opportunity to enforce its right, and to collect damages, against each and every defendant. *See VDF FutureCeuticals, Inc. v. Sandwich Isles Trading Co., Inc.*, 2011 U.S. Dist. LEXIS 148766, at *3 (D. Haw. Dec. 27, 2011) ("Moreover, the Court agrees with Sandwich Isles that VDF's arguments concerning prejudice from loss of market share are somewhat speculative, particularly given VDF's status as a licensor of patent rights rather than as a direct competitor of Sandwich Isles. As Sandwich Isles points out, VDF has not shown any specific evidence that quantifies the loss of customers or market share. In any event, it appears that any prejudice caused by additional delay will be in large part compensable by money damages."); *Patlex Corp. v. Mossinghoff*, 758 F.2d 594, 603 (Fed. Cir. 1985) (noting that a patent holder may recover damages from an infringer sustained while case was stayed during PTO reexamination).

### III.  CONCLUSION

For the reasons discussed herein, Oracle respectfully requests that the Court issue an order severing IpLearn's claims against Oracle and stay the litigations with respect to the remaining fourteen defendants pending the outcome of these severed claims against Oracle.

        MORRIS, NICHOLS, ARSHT & TUNNELL LLP

*/s/ Jeremy A. Tigan*

Mary B. Graham (#2256)
Jeremy A. Tigan (#5239)
1201 N. Market Street
P.O. Box 1347
Wilmington, DE  19899-1347
(302) 658-9200
mgraham@mnat.com
jtigan@mnat.com
   *Attorneys for Oracle Corporation*

OF COUNSEL:

Mark D. Selwyn
WILMER CUTLER
PICKERING HALE AND DORR LLP
950 Page Mill Road
Palo Alto, CA  94304

Andrew B. Grossman
WILMER CUTLER
PICKERING HALE AND DORR LLP
350 South Grand Avenue, Suite 2100
Los Angeles, CA  90071

Robert Sloss
Peter O'Rourke
ORACLE CORPORATION
500 Oracle Parkway
Redwood Shores, CA  94065

February 9, 2012