IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| IPLEARN LLC, | : | |
| Plaintiff, | : : : | |
| v. | : | Civil Action No. 11-825-RGA |
| BEELINE ACQUISITION CORP., et al., | : : | |
| Defendants. | : | |

**ORDER**

Before the Court are two motions to sever. (D.I. 102 & 121).

Plaintiff IpLearn, LLC filed its First Amended Complaint against nineteen defendants, alleging infringement of nine patents. Not all defendants are accused of infringing all patents. The defendants Ultimate Software Group Inc. (D.I. 102) and Oracle Corporation (D.I. 121) each moved for severance. Three other defendants have joined in Oracle's motion to sever. (D.I. 141, 146 & 147).[1] Ultimate is alleged to infringe three of the asserted patents. Oracle is alleged to infringe all of them. The motions are fully briefed.

The motions to sever (D.I. 102 & 121) will be **GRANTED**. The recent Federal Circuit authority, *In re EMC Corp.*, 677 F.3d 1351 (2012), expressly states that "motions to sever are governed by Federal Circuit law," and implicitly holds that the issue of proper joinder is also governed by Federal Circuit law. *Id.* at 1354 ("joinder in patent cases is based on an analysis of the accused acts of infringement, and this issue involves substantive issues unique to patent law."). While the exact extent of the Federal Circuit's ruling might be subject to debate (since

---

[1] These defendants are alleged to infringe two patents (Technomedia), three patents (Halogen), and four patents (Mzinga).

the Court's holding was merely that the district court used an erroneous standard in evaluating a motion to sever, and the Court remanded for further proceedings using the correct standard), it seems clear to me that application of the standard set forth requires that severance be granted in this case. The Federal Circuit's standard is that defendants should not be "joined under Rule 20's transaction-or-occurrence test unless the facts underlying the claim of infringement asserted against each defendant share an aggregate of operative facts." *Id.* at 1359. Further, "joinder is not appropriate where different products or processes are involved." *Id.* And, "independently developed products using differently sourced parts are not part of the same transaction, even if they are otherwise coincidentally identical." *Id.*

The plaintiff states that it opposes the motion to sever but does not oppose severance for trial. (D.I. 133, at 5).

There is no allegation in the complaint that alleges any connection between Ultimate or Oracle and any other defendant, or between Ultimate's or Oracle's products and any other defendant's products. Therefore, I conclude that Ultimate and Oracle are improperly joined under *EMC*, and I will sever the cases against both of them. For the same reasons, I will also sever the cases against the defendants who have joined Oracle's motion, that is, Technomedia, Halogen, and Mzinga.

There are further requests that the cases against all defendants other than Oracle be stayed. (*E.g.*, D.I. 122, pp. 12-15; D.I. 139, pp. 9-10). While it may be the case that Oracle is the "lead defendant," and thus that litigation between the plaintiff and Oracle might simplify matters, it is also the case that the plaintiff has alleged wrongdoing by all the other defendants. I have granted severance because they are all independent actors with different interests. Whatever prospect that litigation against Oracle might simplify matters is simply outweighed by the

plaintiff's reasonable interest in pursuing its rights against all the alleged wrongdoers. Thus, the request for a stay is **DENIED**.

For all purposes other than trial, the cases against all defendants are **CONSOLIDATED** pursuant to Rule 42.

July 2, 2012
Date

United States District Judge