IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| IPLEARN, LLC, | : |
| Plaintiff, | : |
| v. | : Civil Action No. 11-825-RGA |
| BEELINE ACQUISITION CORP., et al., | : |
| Defendants. | : |

**ORDER**

Before the Court is Oracle's Motion to Dismiss or, in the Alternative, for a More Definite Statement. (D.I. 96). The motion is fully briefed. (D.I. 97, 118, 119, 131, 157, 161).

The Plaintiff in its First Amended Complaint asserts that nine patents are infringed, all of which concern computer-aided learning. Various Oracle products – Enterprise Business Suite, iLearning, Beehive, Live Virtual Class, and PeopleSoft Enterprise – are alleged to be the infringing products.[1] The allegations against Oracle in relation to each patent, consisting of three sentences each, are in all material respects the same.

For example, it is alleged that Oracle directly infringes the first patent by "making, using, selling, [etc.] its Enterprise Business Suite (EBS), iLearning, and reasonably similar products or services." (D.I. 15, ¶ 26, first sentence). It then alleges Oracle's contributory infringement since the filing of the original complaint by "selling or offering to sell to customers software products or services, including without limitation EBS and iLearning, that constitute a material part of the

---

[1] It is true that the complaint does not limit itself to the named products, but by naming various purported Oracle products and claiming that they and "reasonably similar products or services" are the infringing products, it complies with Form 18.

invention and are not a staple article or commodity of commerce suitable for substantial noninfringing use." (*Id.*, second sentence). It then further alleges since the filing of the original complaint Oracle's induced infringement by "selling and offering to sell to customers software products or services, including without limitation EBS and iLearning, with specific intent that these software products or services be used by Oracle customers to infringe the [patent.] (*Id.*, third sentence).

Oracle's motion to dismiss seeks to dismiss the claims of direct infringement, induced infringement, and contributory infringement.

The minimal allegations set forth in the first sentence (combined with jurisdictional allegations) are all that are required to satisfy Form 18 and to state a claim of direct infringement. *See In re Bill of Lading Transmission and Processing System Patent Litigation,* 2012 WL 2044605, *7 (Fed. Cir. June 7, 2012) ("whether [a complaint] adequately pleads direct infringement is to be measured by the specificity required by Form 18.").[2] Oracle particularly complains about the description of the accused infringing products. I believe Oracle's argument is insufficient since Form 18 uses as an example of the accused product "electric motors," which is analogous to "computer software." The plaintiff names specific products, and thus more than meets the requirements of Form 18.

The allegations are insufficient to state a claim for indirect infringement. *See generally id.* There is no allegation stating that Oracle's customers directly infringe.[3] *See id.* at *5. In

---

[2] The Federal Circuit further comments, "It will not always be true that a complaint which contains just enough information to satisfy a governing form will be sufficient under *Twombly*...." *Id.* at *7 n.6. Given the citations that follow in the footnote, I do not believe this is meant to be some sort of limitation on the holding in the text.

[3] Stating Oracle's intent is not the same thing as stating what the customers did.

regards to contributory infringement, the allegations (other than as to knowledge,[4] *see Global-Tech Appliances, Inc. v. SEB S.A.*, 131 S.Ct. 2060, 2068 (2011)) are wholly devoid of any identifiable factual information. To the extent the allegations could be read to allege that Oracle induced acts that constituted patent infringement, *see id.* at 2068-70, they are wholly unsupported by any factual allegation.

Thus, the Motion to Dismiss (D.I. 96) is **GRANTED IN PART AND DENIED IN PART**. The claims of indirect infringement as to all patents are **DISMISSED WITHOUT PREJUDICE**. The claims of direct infringement remain.

The Motion for a More Definite Statement (D.I. 96), which is not briefed in any meaningful fashion, is **DENIED**.

*[signature]*
United States District Judge   7/2/12

---

[4] I think that an allegation that a defendant was served with a complaint alleging patent infringement sufficiently alleges a factual basis that, beginning with the date that the complaint was served, the defendant knew of the patent. It does not provide any basis for knowledge predating such service.