1000 West Street
Suite 1400
Wilmington, DE 19801
www.connollygallagher.com

Arthur G. Connolly, III
Partner

DIRECT DIAL: (302) 888 6318
EMAIL: aconnolly@connollygallagher

CONNOLLY
GALLAGHER LLP

October 22, 2012

**BY E-FILING**
The Honorable Richard G. Andrews
U.S. District Court for the District of Delaware
844 N. King Street
Wilmington, DE 19801-3570

Re:   IpLearn LLC v. Beeline Acquisition Corp., et al, C.A. No. 11-825-RGA

Dear Judge Andrews:

Plaintiff IpLearn, LLC ("IpLearn") respectfully submits this letter in response to Defendant Oracle Corporation's ("Oracle") letter regarding the scope of the prosecution bar in the proposed Protective Order.

Oracle is the only defendant in this case that contends that the prosecution bar should bar not only prosecution activities, but also <u>patent acquisition activity</u> that it speculates IpLearn's litigation counsel might undertake. Oracle seeks a bar that would preclude IpLearn's litigation counsel from assisting <u>any client</u> in acquiring patents related to the subject matter of the patents-in-suit. Oracle's proposed acquisition bar is overbroad and unnecessary.

Oracle "carries the burden of showing good cause" for the acquisition bar. *In re Deutsche Bank Trust Co. Ams.*, 605 F.3d 1373, 1378 (Fed. Cir. 2010). But Oracle has not, and cannot, meet its burden. Indeed, Oracle fails to identify any specific risk of inadvertent disclosure or use of confidential information by litigation counsel in acquisition activity that Oracle speculates might occur sometime in the future. Oracle simply concludes that the risk of inadvertent disclosure in the prosecution context "applies equally to patent acquisitions in this context." The Federal Circuit, however, has advised against the type of generalization that Oracle attempts to make here. *Id.* ("'Whether an acceptable opportunity for inadvertent disclosure exists . . . must be determined . . . by the facts on a counsel-by-counsel basis . . . .' [That] determination should turn on the extent to which counsel is involved in 'competitive decisionmaking' with its client." (citing *U.S. Steel Corp. v. United States*, 730 F.2d 1465, 1468 (Fed. Cir. 1984)).

Oracle is also incorrect. Acquisition activity does not raise concerns equal to those raised by prosecution activities. The most obvious and significant difference is that in the acquisition context the patent has already issued. There is, therefore, no opportunity to revise the patent claims based on information learned from a defendant, which is the main rationale for a prosecution bar. The chart below lists the fundamental differences between prosecution and acquisition activities.



The Honorable Richard G. Andrews
October 22, 2012
Page 2

| Prosecution Activities | Acquisition Activity |
|---|---|
| • Making strategic decisions on the type and scope of the patent protection that might be worth pursuing;<br><br>• Writing, reviewing, or approving new applications or continuations-in-part of applications to cover those inventions;<br><br>• Strategically amending or surrendering claim scope during prosecution;<br><br>• Investigating prior art; and<br><br>• Obtaining disclosure materials for new inventions and inventions under development. | • Negotiating the acquisition of an already-issued patent. |

Courts recognize that a prosecution bar may be necessary where litigation counsel is significantly involved in prosecution of patent applications such that litigation counsel will have "the opportunity to control the content of patent applications and the direction and scope of protection sought in those applications." *Id.* at 1380. The concern that triggers a prosecution bar, mainly litigation counsel's ability to tailor claims to cover a defendant's products or products in development based on information learned during the course of litigation, simply does not exist in the context of patent acquisitions. Litigation counsel cannot craft the content of an already-issued patent to target a defendant's products. Accordingly, there is little risk, if any, that attorneys will inadvertently disclose competitive information learned during litigation while assisting their clients in acquiring issued patents.

Nor does Oracle's purported concern that "[t]he risk of inadvertent use or disclosure is especially acute where, as here, Plaintiff is a non-practicing entity" justify an acquisition bar. Again, Oracle has failed to identify any specific risk. Its assertion that IpLearn is a non-practicing entity, without more, says nothing about how Oracle would be harmed. Indeed, whether IpLearn is a practicing entity or not is completely irrelevant. IpLearn will not be subject to the acquisition bar because it will not have access to Oracle's confidential information. Rather, only IpLearn's litigation counsel and others working on the case will be barred.[1] Oracle's argument is simply a red herring. And it is also disingenuous. Oracle itself has agreed to

---

[1] IpLearn's counsel's representation of certain non-practicing entities in other matters unrelated to this case is completely irrelevant to the parties' present dispute. Oracle fails to identify any risk of inadvertent disclosure that may result from Russ August & Kabat's representation of other clients in other matters that relate to other technologies and do not involve Oracle.

The Honorable Richard G. Andrews
October 22, 2012
Page 3

Protective Orders in cases involving non-practicing entities that do not extend the prosecution bar to include acquisition activities. *See* Ex. 1 (prosecution bar only prohibits "preparation or prosecution before the patent office of any patent or patent of application, or drafting or revising patent claims") and Ex. 2 (prosecution bar only prohibits "invention identification; invention evaluation; the decision whether to file a patent application for an invention; claim drafting; assisting in claim drafting; or the preparation of or amendments to original, continuation, continuation-in-part, divisional, request for continued examination, reexamination, reissue, substitute, renewal or convention patent applications or patents.").

Oracle's acquisition bar is also unnecessary because the current version of the proposed Protective Order already makes clear that confidential information obtained during the course of litigation may only be used for purposes of preparation, trial and appeal of this litigation. As recognized by the Federal Circuit, "[s]uch provisions are generally accepted as an effective way of protecting sensitive information while granting trial counsel limited access to it for purposes of the litigation." *Id.* at 1378. Indeed, Oracle has previously recognized that such provisions are sufficient and that an acquisition bar is not necessary. In *Oracle Corp. v. Oasis Research, LLC*, C.A. No. 11-679-RGA (D. Del. Dec. 19, 2011) (D.I. 41 at ¶ 16), Oracle agreed to a Protective Order in which the prosecution bar provision did not extend to acquisition activity. Instead, the Protective Order simply included a statement that "Protected Material shall be used solely for this litigation, and shall not be used for any other purpose, including without limitation any other litigation, patent prosecution or acquisition, licensing, or any business or competitive purpose or function of any kind." What was good for Oracle in that case, should be good for Oracle here.

Moreover, the fact that many courts are reluctant to stretch the bar to include reexaminations suggests that a bar in the acquisition context, which is even further afield of the usual grounds for a bar, should be viewed with suspicion. In the reexamination context, many courts reject a bar because during a reexamination proceeding, claims can only be narrowed; they cannot be enlarged. *See, e.g., Kenexa BrassRing Inc. v. Taleo Corp.*, No. 07-521, 2009 WL 393782, at *2 (D. Del. Feb. 18, 2009) ("Because reexamination involves only the patent and the prior art, defendant's confidential information is basically irrelevant to the reexamination."); *Document Generation Corp. v. Allscripts, LLC*, C.A. No. 6:08-CV-479, 2009 U.S. Dist. LEXIS 52874, at *8 (E.D. Tex. June 23, 2009) ("Because the reexamination process prohibits claim amendments that would enlarge the scope of the initial patent, Defendants' fears of expanded claim scope coverage are largely misplaced."); *Mirror Worlds, LLC v. Apple, Inc.*, C.A. No. 6:08-CV-88, 2009 U.S. Dist. LEXIS 70092, at *5 (E.D. Tex. Aug. 11, 2009) ("Claims can only be narrowed during reexamination; they cannot be broadened. This is very different from patent prosecution where claim scope is being initially determined."). The rationale for excluding reexamination proceedings from a prosecution bar weighs strongly against the acquisition bar sought by Oracle. Acquisition activity is limited to patents that have already issued. There is no opportunity for counsel to tailor any of the claims to capture Oracle's products.

Because acquisition activity poses no risk of drafting claims based on information learned from Oracle, the only possible reason for an acquisition bar is to shield potentially infringing

The Honorable Richard G. Andrews
October 22, 2012
Page 4

activity by Oracle. But Oracle's attempt to hide activities that may potentially infringe other patents is hardly a valid reason to prevent IpLearn's counsel from participating in any acquisition activity for any client so long as it relates to the subject matter of the patents-in-suit.

The cases cited by Oracle do not justify an acquisition bar in this case. In *E-Contact Techs, LLC v. Apple, Inc.*, 1:11-CV-426 (E.D. Tex. June 19, 2012) and *Intellectual Ventures I LLC v. Altera Corp.*, No. 10-1065-JJF (D. Del. July 10, 2012) the courts did consider the distinction between patent prosecution and patent acquisition. And in *Hyundai Motor America v. Clear With Computers, LLC*, No. 6:08 CV 302, 2009 WL 8657271, at *3, (E.D. Tex. May 11, 2009), the court permitted an acquisition bar because it feared that plaintiff would make an "end-run around the terms of the protective order."

For the foregoing reasons, IpLearn respectfully requests that the Court order the parties to submit a proposed Protective Order that excludes the proposed acquisition bar.

Respectfully Submitted,

/s/*Arthur G. Connolly III*

Arthur G. Connolly, III (#2667)

cc: All Counsel of Record (*by CM/ECF*)