# EXHIBIT 1

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| ORACLE CORPORATION and ORACLE AMERICA, INC., <br><br> Plaintiffs, <br><br> v. <br><br> OASIS RESEARCH, LLC, <br><br> Defendant. | ) ) ) ) ) ) C.A. No. 11-679 (RGA) ) ) ) ) ) |

## [~~PROPOSED~~] STIPULATED PROTECTIVE ORDER

The parties agree that certain information subject to discovery in this action may contain trade secrets or other confidential, proprietary and/or commercially sensitive information. In the interest of protecting that information and permitting discovery to proceed without delay occasioned by disputes regarding such information, the parties agree to the protective provisions set forth below. In view of the parties' stipulations, and good cause shown, the Court enters this Protective Order pursuant to Federal Rule of Civil Procedure 26(c).

IT IS HEREBY ORDERED:

1. **Application.** This Protective Order applies to all information, documents, testimony and/or things discovered in this action which contain non-public, confidential information and/or trade secrets, as well as any secondary material, such as pleadings, written discovery, expert reports, notes, summaries or any other materials that contain, describe or reflect such information (collectively, "Protected Material").

2. **Definitions.** "Producing Party" shall refer to any person that discloses, testifies regarding, produces or makes available for inspection any Protected Material. A Producing Party may be a party to this action or a non-party, and may disclose Protected

Material either voluntarily or involuntarily. "Receiving Party" shall refer to any party to this action that receives Protected Material under this Order, and to any other entity or person authorized to receive Protected Material pursuant to this Order. "Outside Consultant" shall refer to an expert or consultant with specialized knowledge or experience in a matter pertinent to this litigation who has been retained by a party. Outside Consultants authorized to receive Protected Material under this Order shall not be a current officer, director, or employee of a party or of a competitor of a party, nor anticipated at the time of retention to become an officer, director, consultant (for purposes other than this litigation), or employee of a party or a competitor of a party. "Professional Vendors" shall refer to persons or entities that provide litigation support services (e.g., photocopying; videotaping; translating; designing and preparing exhibits, graphics, or demonstrations; organizing, storing, retrieving data in any form or medium; etc.) and their employees and subcontractors who have been retained by Counsel of Record in this action, and who are not current employees of a Party or of a competitor of a Party and who, at the time of retention, are not anticipated to become employees of a Party or of a competitor of a Party. Professional Vendors include a professional jury or trial consultant retained in connection with this litigation and mock jurors retained by such a consultant to assist them in their work. Professional Vendors do not include Outside Consultants.

    3.    **Designation.** A Producing Party shall designate Protected Material as "CONFIDENTIAL" if it contains information not readily available to the public and which the Producing Party would not reveal to others except in confidence; or "HIGHLY CONFIDENTIAL – ATTORNEY'S EYES ONLY" if it contains or describes non-public technical, financial or other trade secrets or commercially sensitive information, or is subject to an express obligation of confidentiality owed by the Producing Party to a third party. A

Producing Party that designates Protected Material shall limit such designations to material that the Producing Party believes in good faith meets the applicable standards.

4. **Manner of Designation.** A Producing Party shall designate Protected Material in substantially the following manner:

(a) The Producing Party may designate documents or written discovery responses by affixing the legend "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEY'S EYES ONLY" on each page that contains Protected Material.

(b) Documents made available for inspection need not be designated in advance and shall be treated as "HIGHLY CONFIDENTIAL – ATTORNEY'S EYES ONLY" until the Producing Party provides copies of documents identified by the inspecting party for production affixed with the appropriate legend.

(c) Producing Parties providing testimony may designate depositions, or portions of depositions, as Protected Material by indicating the appropriate designation on the record before the close of the deposition or by advising all parties in writing at any time within thirty (30) days after actual receipt of the transcript by outside counsel for the Producing Party. For thirty (30) days following the actual receipt of the transcript by outside counsel, the transcript shall be treated as "HIGHLY CONFIDENTIAL – ATTORNEY'S EYES ONLY" unless the Producing Party has already designated the transcript during the deposition. Video or DVD versions of the depositions will automatically have the same designation as the transcript.

(d) A Producing Party shall affix the appropriate legend prominently on any tangible thing or media, or on the exterior of any case or container in which the information or item is stored. To ensure the security of "CONFIDENTIAL" and "HIGHLY CONFIDENTIAL – ATTORNEY'S EYES ONLY" information produced in electronic form, the

Producing Party may produce such documents in TIFF or PDF formats. A Producing Party may designate any other Protected Material not in documentary, tangible or physical form by informing the Receiving Party of the designation in writing at or before the time of production or inspection.

5. **Use of "CONFIDENTIAL" Material.** A Receiving Party may disclose Protected Material designated "CONFIDENTIAL" only to the following persons:

(a) Outside counsel of record in this action for the Receiving Party;

(b) Parties' in-house attorneys who have executed the "Agreement to Be Bound By Protective Order," attached hereto as Exhibit A. To the extent Oasis does not have in-house counsel, Oasis may submit one employee having responsibility for providing oversight of or assistance in the litigation, who has signed Exhibit A and provided an executed copy to all parties prior to receiving Protected Material;

(c) Supporting personnel employed by the attorneys as defined in 5(a) and 5(b) (such as paralegals, legal secretaries, legal clerks, and legal translators) assigned to and reasonably necessary to assist counsel in this litigation;

(d) The Court, and the jury, and the court reporters and videographers used by the Court;

(e) Experts and consultants hired by the Receiving Party due to their specialized knowledge or experience to serve as expert witnesses or consultants for this litigation, and their clerical employees, subject to the disclosure and objection procedures under this Order;

(f) Professional Vendors who have signed Exhibit A prior to any disclosure of Protected Material. Said signed Agreement(s) shall be retained by the Receiving Party's outside counsel;

(g) Any designated arbitrator or mediator who is assigned to hear this matter, or who has been selected by the Parties, and his or her staff, who have executed Exhibit A;

(h) Court reporters and videographers employed by the parties in connection with this case who have executed Exhibit A; and

(i) Those witnesses at depositions and trials subject to Paragraph 7 below.

6. **Use of "HIGHLY CONFIDENTIAL – Attorney's Eyes Only" Material.** Protected Matters designated as "HIGHLY CONFIDENTIAL – Attorney's Eyes Only" shall be restricted in circulation to only the qualified persons described in Paragraph 5(a), 5(c)-5(i), and up to three Oracle in-house attorneys who shall execute Exhibit A. Further, "HIGHLY CONFIDENTIAL – Attorney's Eyes Only" Material cannot be hosted on any system outside the firewall of a firm representing the Receiving Party, or outside the system of a Professional Vendor retained by Counsel of Record of the Receiving Party. Such Material also cannot be sent or transmitted to any person, location, or vendor outside of the United States except to qualified counsel of record and experts and consultants as defined in subparagraphs 5(a) and 5(e) above. To the extent that any such Material is transmitted from or to authorized recipients outside of the Receiving Party's outside counsel of record's offices, or outside of the Professional Vendor's system, the transmission shall be by hand or by a secure transport carrier

(e.g., Federal Express) (and must be encrypted if in digital format), or by encrypted electronic means.

7. **Use of Protected Material at Depositions and Trial.** At depositions or trial in this action, Protected Material can only be disclosed to the following witnesses:

(a) Any current or former officer, director, or employee of the Producing Party or the original source of the information;

(b) Any person designated by the Producing Party to provide testimony under Rule 30(b)(6) of the Federal Rules of Civil Procedure; and

(c) Any person who authored, previously received or was directly involved in any matter addressed in the Protected Material, as evident from its face or reasonably certain in view of other evidence.

Witnesses authorized to view Protected Material under this subparagraph shall view the Protected Material only during their testimony, and shall not retain copies of Protected Material following their testimony.

8. **Use of Protected Material with Mock Jurors.** Mock jurors hired by trial or jury consultants in connection with this litigation may only be told about or shown "CONFIDENTIAL" materials provided that: (1) they are not affiliated with any Party or their direct competitors; (2) they agree in writing to be bound by confidentiality; and (3) they are not themselves allowed to retain custody of any copies, summaries, or excerpts of Protected Materials, nor permitted to remove any presentations, questionnaires or notes taken during the exercise from the location in which the research is conducted. Mock Jurors are not permitted to be told about or shown "HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY" materials.

9. **Disclosure to Experts and Consultants.** Before receiving or reviewing any Protected Material, any outside expert or consultant authorized under Paragraph 5(e) shall execute Exhibit A, and the outside counsel of record for the Receiving Party transmitting the Protected Material to the outside expert or consultant shall retain the original executed Exhibit A in its files. Prior to disclosing a Producing Party's Protected Material to any outside expert or consultant, a Receiving Party shall provide written notice to each Producing Party that has produced or may produce Protected Material that the Receiving Party intends to disclose to the outside expert or consultant, including:

(a) the name of the outside expert or consultant to which the Receiving Party intends to transmit the information (the "Proposed Recipient");

(b) the present employer and title of the Proposed Recipient;

(c) an up-to-date curriculum vitae for the Proposed Recipient;

(d) any present or past relationship (personal or professional) with any of the parties;

(e) a list of other cases in which the Proposed Recipient has testified (at trial or deposition) within the last six years;

(f) a list of all companies with which Proposed Recipient has consulted or by which the Proposed Recipient has been employed within the last four years; and

(g) a copy of Exhibit A executed by the Proposed Recipient.

Within eight (8) days of receiving all the above materials regarding a Proposed Recipient, a Producing Party may for good cause object in writing to the proposed disclosure to the Proposed Recipient. In the absence of any objection during this period, the Proposed Recipient shall be deemed approved to receive "CONFIDENTIAL" and "HIGHLY

CONFIDENTIAL – ATTORNEY'S EYES ONLY" information under this Protective Order from the Producing Party that received the above notice materials.

10. If an objection is made under the above paragraph, the parties affected shall promptly meet and confer to attempt in good faith to resolve the dispute informally. If the dispute is not resolved, the party objecting to the disclosure shall seek relief from the Court no later than eight (8) days following its objection. If relief is not sought from the Court within this time, the objection is deemed withdrawn and the Proposed Recipient shall be deemed approved to receive CONFIDENTIAL" and "HIGHLY CONFIDENTIAL – ATTORNEY'S EYES ONLY" Material under this Protective Order from the objecting Producing Party. If relief is sought from the Court within this time, no Protected Material shall be disclosed to the Proposed Recipient until the objection is resolved by the Court.

11. **Designation Modification.** Inadvertent failure to designate Protected Material does not waive a Producing Party's right to secure the protections of this Order.

(a) The Producing Party must notify the Receiving Party in writing of the inadvertent failure to designate promptly upon its discovery and take whatever steps are necessary to replace the documents with documents containing the appropriate legends or otherwise designate the materials as set forth above.

(b) Upon receiving the written notice, the Receiving Party must promptly make all reasonable efforts to assure that the material is treated in accordance with the corrected designation, including seeking the retrieval or destruction of any copies distributed to unauthorized individuals; and destroy copies of documents that have been replaced with documents containing the proper designation.

(c) The Receiving Party shall not be held in violation of this Order for any otherwise permissible disclosures made before receipt of such notice.

(d) The Receiving Party may challenge the propriety of its designation as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEY'S EYES ONLY" by providing the Producing Party written notice identifying the documents or information that the Receiving Party contends should be differently designated. The Receiving Party challenging the propriety of the designation and the Producing Party which designated the Protected Material shall meet and confer in an attempt to resolve any such disputes promptly and informally. If they cannot reach agreement, either party may follow the Court's rules governing discovery disputes to request that the Court affirm, cancel, or modify the designation. On any such request to the Court, the Receiving Party shall bear the burden of establishing good cause to establish that the Producing Party incorrectly classified the Protected Material. Until the Court rules otherwise, the Producing Party's designation of the Protected Material remains in effect and is fully enforceable under this Order

12. **Inadvertent Production of Privileged Material.** The inadvertent production of documents or other material subject to the attorney-client privilege, work product doctrine, or any other privilege or immunity does not constitute a waiver of any applicable privilege.

(a) Promptly upon learning of the inadvertent disclosure, the Producing Party must notify the Receiving Party of the inadvertent production and request return of the documents and providing a privilege log for any such materials within five (5) days of providing said notice.

(b) The Receiving Party must promptly return or confirm destruction of all copies of such materials. Doing so shall not preclude the Receiving Party from seeking to compel production of those materials, nor shall doing so constitute an admission that the materials were in fact privileged.

(c) In addition to any other obligation to preserve documents, the Producing Party must preserve any documents recalled under this Paragraph for the duration of this litigation, and be ready to submit the recalled documents for *in camera* review by the Court, if the Receiving Party chooses to engage in motion practice regarding the recall of these documents or any deficiency of the related privileged logs, after first complying with applicable meet and confer requirements under the Court's rules.

13. **Discovery from Experts and Consultants.** Testifying experts' draft reports, notes, and outlines of draft reports shall not be subject to discovery in this case, nor shall any such drafts, notes or outlines of draft reports that the testifying expert prepared in other cases be subject to discovery in this case. Discovery of materials provided to testifying experts shall be limited to those materials, facts, consulting expert opinions, and other matters actually relied upon by the testifying expert in forming his or her final report, trial or deposition testimony, or any opinion in this case. No discovery can be taken from any consulting expert who does not testify, except to the extent that consulting expert has provided information, opinions or other materials to a testifying expert, who then relies upon such information, opinions or other materials in forming his or her final report, trial or deposition testimony or any opinion in this case. No conversations or communications between counsel of record and any testifying or consulting expert will be subject to discovery unless the conversations or communications are relied upon by such experts in formulating opinions that are presented in reports, trial or

deposition testimony in this case. Materials, communications (including email) and other information exempt from discovery under this Paragraph shall be treated as attorney-work product for the purposes of this litigation and Protective Order.

14. **Post-filing Privileged Materials.** The parties agree that attorney-client privileged communications occurring on or after August 2, 2011 and attorney work product created after August 2, 2011, need not be recorded on the party's privilege log or produced. This Paragraph does not prejudice any party's ability to make a particularized request for a limited log relating to specific documents, upon an appropriate showing of potential discoverability of the documents over privilege or protection objections.

15. **Prosecution Bar.** Oasis's employees, officers, directors, in-house counsel, experts or consultants who personally receive any material designated "HIGHLY CONFIDENTIAL – ATTORNEY'S EYES ONLY" by a Producing Party shall not participate in or be responsible for preparation or prosecution before a patent office of any patent or patent application, or drafting or revising patent claims, in the area of software as a service from the time of receipt of such material through and including one (1) year following the first to occur of (i) the complete resolution of this case through entry of a final non-appealable judgment or order for which appeal has been exhausted; and (ii) the complete settlement of all claims against the Producing Party in this action. Nothing in this Paragraph alters any obligations or restrictions set forth in the Paragraph below.

16. **Use of Protected Material by Receiving Party.** Protected Material shall not be distributed, disclosed or made available to anyone except as expressly provided in this Order. Protected Material shall be used solely for this litigation, and shall not be used for any

other purpose, including without limitation any other litigation, patent prosecution or acquisition, licensing, or any business or competitive purpose or function of any kind.

17. **Use of Protected Material by Producing Party.** Nothing in this Order shall limit any Producing Party's use of its own documents and information.

18. **Filing under Seal.** All transcripts of depositions, exhibits, answers to interrogatories, pleadings, briefs, and other documents submitted to the Court that have been designated as Protected Material, or containing Protected Material, shall be filed under seal in accordance with the Court's rules, or if electronic submission is impossible, in sealed envelopes or other appropriate sealed containers labeled with the case caption, the confidentiality designation as required herein, and a statement in substantially the following form, or such as other form as ordered by the Court or required by the Clerk of the Court:

> This envelope contains confidential information filed in this case by [name of party] that is subject to a Protective Order of the Court. It should not be opened or its contents disclosed, revealed or made public except by Order of the Court or agreement of the parties.

19. **No Waiver.** Execution of this Protective Order shall not constitute a waiver of the right of any party to claim in this action or otherwise that any Protected Material, or any portion thereof, is privileged or otherwise non-discoverable, or is not admissible in evidence in this action or any other proceeding.

20. **Subpoena of Protected Material.** If any Receiving Party receives a subpoena or other legal process commanding the production of any Protected Material, that party shall inform the party requesting the production that some or all of the material covered by the subpoena or order is subject to this Protective Order and promptly give written notice thereof to the Producing Party (or their counsel of record in this case). If the Producing Party challenges the production, it shall have the burden of seeking a court order relieving the subpoenaed party

of the obligations pursuant to the subpoena; and the Receiving Party shall not produce any Protected Material absent an order of a court of competent jurisdiction or the express written consent of the Producing Party.

21.     **Unauthorized Access.** The Receiving Party shall immediately notify in writing the Producing Party upon becoming aware of any loss, theft and/or unauthorized copying or disclosure of Protected Material, shall take all steps reasonably necessary and available to retrieve such Protected Material and prevent any further unauthorized access or dissemination, and shall inform the person or persons to whom unauthorized disclosures were made of all the terms of this Order, and request such person or persons to execute Exhibit A.

22.     **Final Disposition.** Unless otherwise ordered or agreed, within forty five (45) days after the settlement or final termination of this action, each Receiving Party shall, at its option, return or destroy all Protected Material, including all notes, abstracts, compilations, summaries, or any other form of reproducing or capturing of any Protected Material. Outside counsel for each party shall remind any experts, consultants, and others as appropriate of their obligation to destroy or return Protected Material. The Receiving Party shall submit a written certification within sixty-day (60) after the settlement or final termination of this action confirming that all Protected Material has been destroyed (or handled as otherwise ordered or agreed) and which affirms that the Receiving Party has not retained any paper or electronic copies. Notwithstanding this provision, outside counsel of record are entitled to retain an archival copy of all pleadings, motion papers, briefs, exhibits, transcripts, written discovery, expert reports, legal memoranda, attorney work product and correspondence, even if such materials contain or reflect Protected Material. Any such archival copies remain subject to the terms of this Protective Order.

23. **Waiving or Adding Requirements.** Any of the notice requirements herein may be waived, in whole or in part, but only by a writing signed (electronically or otherwise) by outside counsel of record for the party against whom such waiver will be effective. This Order is entered without prejudice to the right of any party to apply to the Court at any time for additional protection. Nothing in this Order abridges the right of any person to seek to assert other objections. No party waives any right it otherwise would have to object to disclosing or producing any information, documents or things on any ground not addressed in this Order. Similarly, no party waives any right to object on any ground to the use in evidence of any of the material covered by this Protective Order. The Court shall take appropriate measures to protect Protected Material at trial and any hearing in this case. This Order shall not diminish any existing obligation or right with respect to Protected Material, nor shall it prevent a disclosure to which the Producing Party consents in writing before the disclosure takes place.

24. **Survival of Order.** The terms of this Protective Order shall survive and remain in effect after the termination of the above-captioned matter.

25. **Binding Effect.** This Order shall be binding upon the parties and their attorneys, successors, executors, personal representatives, administrators, heirs, legal representatives, assigns, subsidiaries, divisions, employees, agents, independent contractors, or other persons or organizations over which they have control.

26. **Effective upon Stipulation.** This Protective Order shall become effective as a stipulation between the parties immediately upon the filing of the motion to enter the stipulated protective order, notwithstanding the pendency of approval by the Court, and the parties shall treat any Protected Material produced before Court approval as provided herein.

| MORRIS, NICHOLS, ARSHT & TUNNELL LLP | FARNAN LLP |
|---|---|
| */s/ Mary B. Graham* | */s/ Brian E. Farnan* |
| Mary B. Graham (#2256)<br>Jeremy A. Tigan (#5239)<br>1201 N. Market Street<br>P.O. Box 1347<br>Wilmington, DE 19899-1347<br>(302) 658-9200<br>mgraham@mnat.com<br>jtigan@mnat.com | Brian E. Farnan (#4089)<br>919 North Market Street, 12th Floor<br>Wilmington, DE 19801<br>(302) 777-0300<br>bfarnan@farnanlaw.com |
| OF COUNSEL:<br><br>Steven Cherny<br>KIRKLAND & ELLIS LLP<br>601 Lexington Avenue<br>New York, NY 10022<br><br>Mike W. De Vries<br>KIRKLAND & ELLIS LLP<br>333 South Hope Street<br>Los Angeles, CA 90071<br><br>Kimberly Schmitt<br>KIRKLAND & ELLIS LLP<br>555 California Street<br>San Francisco, CA 94104<br><br>Harper Batts<br>Roy Wang<br>KIRKLAND & ELLIS LLP<br>950 Page Mill Road<br>Palo Alto, CA 94304<br><br>Peggy Bruggman<br>Robert Sloss<br>ORACLE CORPORATION<br>500 Oracle Parkway<br>Redwood Shores, CA 94065<br><br>*Attorneys for Oracle Corporation and Oracle America, Inc.* | OF COUNSEL:<br><br>Alan S. Kellman<br>Tamir Packin<br>Jason Berrebi<br>DESMARAIS LLP<br>230 Park Avenue<br>New York, NY 10169<br><br>*Attorneys for Oasis Research, LLC* |

December 17, 2011
4745397

SO ORDERED this 19th day of Dec, 2011.

_____
UNITED STATES DISTRICT JUDGE

**Exhibit A to Stipulated Protective Order**

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| ORACLE CORPORATION and ORACLE AMERICA, INC., ) ) ) | |
| Plaintiffs, ) | |
| v. ) | C.A. No. 11-679 (RGA) |
| ) ) | |
| OASIS RESEARCH, LLC, ) ) | |
| Defendant. ) | |

**AGREEMENT TO BE BOUND BY PROTECTIVE ORDER**

I, _____, do solemnly swear (or affirm) that I have been given a copy of, and fully understand the entirety of, the Protective Order entered in the above captioned case, and hereby agree to comply with and be bound by its terms and conditions unless and until modified by further Order of this Court. I acknowledge that I am about to receive Protected Material as defined in the Protective Order and I understand that such Protected Material is being provided to me pursuant to the terms and restrictions of the Protective Order. I certify that such Protected Material, my copies thereof, notes relating thereto, and documents containing information found therein shall not be disclosed to others, except other qualified persons as defined in the Protective Order. I hereby submit to the jurisdiction of this Court for the purpose of enforcement of the Protective Order and waive any and all objections to this Court's jurisdiction and venue.

Signature: _____
Printed Name: _____
Company Name: _____
Company Address: _____
_____
Company Phone: _____