# EXHIBIT 1

®₃AO88  (Rev. 12/06) Subpoena in a Civil Case

## Issued by the
# UNITED STATES DISTRICT COURT

| for the Northern | DISTRICT OF | Georgia |

IpLearn, LLC

V.

Beeline Acquisition Corp., et al.

**SUBPOENA IN A CIVIL CASE**

Case Number:[1]  11-825 (RGA) District of Delaware

TO:  NCR Corporation
3097 Satellite Boulevard Northwest
Duluth, GA 30096

☐  YOU ARE COMMANDED to appear in the United States District court at the place, date, and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
|  | DATE AND TIME |

☑  YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case.   See Attachment A.  This deposition will be videotaped and recorded stenographically.

| PLACE OF DEPOSITION   Esquire Solutions<br>101 Marietta Street, Atlanta GA 30303 | DATE AND TIME<br>1/30/2013 9:00 am |
|---|---|

☑  YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects):
See Attachment B.

| PLACE   Esquire Solutions<br>101 Marietta Street, Atlanta GA 30303 | DATE AND TIME<br>1/23/2013 9:00 am |
|---|---|

☐  YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify.  Federal Rules of Civil Procedure, 30(b)(6).

| ISSUING OFFICER'S SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT)<br>_(signature)_ ————Attorney for Defendant Oracle Corporation | DATE<br>1/8/2013 |
|---|---|

ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER
Nancy Lynn Schroeder
WilmerHale LLP, 350 South Grand Ave. Suite 2100, Los Angeles, CA 90071  Tel: 213-443-5393

(See Rule 45, Federal Rules of Civil Procedure, Subdivisions (c), (d), and (e), on next page)

[1] If action is pending in district other than district of issuance, state district under case number.

AO 88A  (Rev.  06/09) Subpoena to Testify at a Deposition in a Civil Action (Page 2)

Civil Action No.

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

This subpoena for *(name of individual and title, if any)* _____

was received by me on *(date)* _____ .

❏ I served the subpoena by delivering a copy to the named individual as follows: _____

_____ on *(date)* _____ ; or

❏ I returned the subpoena unexecuted because: _____

_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $ ___0.00___ .

I declare under penalty of perjury that this information is true.

Date: _____                          _____
                                                              *Server's signature*

                                                              _____
                                                              *Printed name and title*

                                                              _____
                                                              *Server's address*

Additional information regarding attempted service, etc:

## Federal Rule of Civil Procedure 45 (c), (d), and (e) (Effective 12/1/07)

**(c) Protecting a Person Subject to a Subpoena.**

 **(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The issuing court must enforce this duty and impose an appropriate sanction — which may include lost earnings and reasonable attorney's fees — on a party or attorney who fails to comply.

 **(2)** *Command to Produce Materials or Permit Inspection.*

 **(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.

 **(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises — or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:

 **(i)** At any time, on notice to the commanded person, the serving party may move the issuing court for an order compelling production or inspection.

 **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

 **(3)** *Quashing or Modifying a Subpoena.*

 **(A)** *When Required.* On timely motion, the issuing court must quash or modify a subpoena that:

 **(i)** fails to allow a reasonable time to comply;

 **(ii)** requires a person who is neither a party nor a party's officer to travel more than 100 miles from where that person resides, is employed, or regularly transacts business in person — except that, subject to Rule 45(c)(3)(B)(iii), the person may be commanded to attend a trial by traveling from any such place within the state where the trial is held;

 **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or

 **(iv)** subjects a person to undue burden.

 **(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the issuing court may, on motion, quash or modify the subpoena if it requires:

 **(i)** disclosing a trade secret or other confidential research, development, or commercial information;

 **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party; or

 **(iii)** a person who is neither a party nor a party's officer to incur substantial expense to travel more than 100 miles to attend trial.

 **(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(c)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:

 **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and

 **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(d) Duties in Responding to a Subpoena.**

 **(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:

 **(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.

 **(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.

 **(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.

 **(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

 **(2)** *Claiming Privilege or Protection.*

 **(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:

 **(i)** expressly make the claim; and

 **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.

 **(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information to the court under seal for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(e) Contempt.** The issuing court may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena. A nonparty's failure to obey must be excused if the subpoena purports to require the nonparty to attend or produce at a place outside the limits of Rule 45(c)(3)(A)(ii).

## ATTACHMENT A – TOPICS FOR DEPOSITION

PLEASE TAKE NOTICE that pursuant to Federal Rules of Civil Procedure 30 and 45 and as directed in the United States District Court subpoena attached hereto, you are commanded to have a representative, pursuant to Fed. R. Civ. P. 30(b)(6), appear at the place, date and time specified in the attached subpoena to testify at the taking of a deposition in the above case about the topics set forth below.  Pursuant to Fed. R. Civ. P. 30(b)(3), testimony at this deposition shall be recorded by stenographic means and videotape.

### DEFINITIONS

The following definitions shall apply to the Deposition Topics set forth below, regardless of whether upper or lower case letters are used:

1.  "NCR," "You," and "Your" shall mean NCR Corporation, including without limitation, all of its predecessors (including without limitation AT&T Global Information Solutions International Incorporated and all of its predecessors, subsidiaries, parents, and affiliates), subsidiaries, parents (including without limitation AT&T Incorporated and all of its predecessors, subsidiaries, parents, and affiliates), and affiliates, and all past or present directors, officers, agents, representatives, employees, and consultants.

2.  "IpLearn," refers to plaintiff IpLearn, LLC, including without limitation all of its predecessors, subsidiaries, parents, and affiliates, and all past or present directors, officers, agents, representatives, employees, and consultants.

3.      "Product" shall mean computer software, machine, manufacture, apparatus, device, instrument, mechanism, appliance, or an assemblage of components/parts (either individually or collectively) that are designed to function together electronically, mechanically, chemically, or otherwise, including any of the foregoing offered for sale, sold, or under development.

4.      "E-Learning System" shall mean a system that supports any form of electronically supported learning that includes, but is not limited to, a) a learning management system; b) devices, tools, or portions thereof, capable of computer-based or electronic forms of instruction, teaching, training, tutoring, and/or testing; c) devices, tools, or portions thereof, capable of computer-based or electronic forms of communication, tracking, monitoring and/or registration for the purposes of instruction, teaching, training, tutoring, and/or testing; d) a computer-aided learning system for counseling and training a user for a job position; e) a computer-aided learning system for providing learning materials to employees and providing employers access to materials regarding the employees; f) a computer-aided testing system for assessing and enhancing a student's understanding in a subject, including providing individually-tailored tests to each student; and/or g) a computer-aided group learning system for allowing a number of users to interact and work on a subject together.

5.      "NCR Product(s)" shall mean each and every "Product" (as defined above) conceived, developed, prototyped, tested, designed, manufactured, sold, or marketed by NCR that relates to an "E-Learning System" (as defined above)

- 2 -

including, but not limited to, a) the Continuous Learning System or CLS; b) any

Product(s) covered by the following U.S. or foreign patents:

- European Patent No. EP 0 710 942, David M. Siefert, *A computer-assisted system for instructing students*, filed on October 27, 1995 by Applicant AT&T Global Information Solutions International Inc., Dayton, Ohio 45479;

- U.S. Patent No. 5,801,605, David M. Siefert, *Computerized Repositories Applied to Education*, filed November 4, 1994 and assigned to NCR Corporation, Dayton, Ohio;

- U.S. Patent No. 5,904,485, David M. Siefert, *Automated Lesson Selection and Examination in Computer-Assisted Education*, filed November 4, 1994 and assigned to NCR Corporation, Dayton, Ohio;

- U.S. Patent No. 5,564,043, David M. Siefert, *Launching computer program upon download of data created by program*, filed March 24, 1994 and assigned to AT&T Global Information Solutions, Dayton, Ohio;

- U.S. Patent No. 5,699,526, David M. Siefert, *Ordering and downloading resources from computerized repositories*, filed August 21, 1996 and assigned to NCR Corporation, Dayton, Ohio;

- U.S. Patent No. 5,701,452, David M. Siefert, *Computer generated structure*, filed April 20, 1995 and assigned to NCR Corporation, Dayton, Ohio;

- U.S. Patent No. 5,721,906, David M. Siefert, *Multiple repositories of computer resources, transparent to user*, filed March 24, 1994 and assigned to NCR Corporation, Dayton, Ohio;

- U.S. Patent No. 5,726,688, David M. Siefert, *Predictive, adaptive computer interface*, filed September 29, 1995 and assigned to NCR Corporation, Dayton, Ohio;

- U.S. Patent No. 5,778,380, David M. Siefert, *Intelligent resource transformation engine for translating files*, filed April 9, 1997 and assigned to NCR Corporation, Dayton, Ohio;

- U.S. Patent No. 5,991,791, David M. Siefert, S*ecurity aspects of computer resource repositories*, filed January 10, 1997 and assigned to NCR Corporation, Dayton, Ohio;

- U.S. Patent No. 6,026,403, David M. Siefert, *Computer system for management of resources*, filed March 24, 1994 and assigned to NCR Corporation, Dayton, Ohio;

- U.S. Patent No. 6,334,779, David M. Siefert, *Computer-assisted curriculum*, filed January 5, 1998 and assigned to NCR Corporation, Dayton, Ohio;

- U.S. Patent No. 6,336,813, David M. Siefert, *Computer-assisted education using video conferencing*, filed January 5, 1998 and assigned to NCR Corporation, Dayton, Ohio;

- U.S. Patent No. 6,386,883, David M. Siefert, *Computer-assisted education*, filed November 4, 1994 and assigned to NCR Corporation, Dayton, Ohio;

- U.S. Patent No. 6,480,855, David M. Siefert, *Managing a resource on a network where each resource has an associated profile with an image*, filed August 22, 2000 and assigned to NCR Corporation, Dayton, Ohio;

- U.S. Patent No. 6,502,096, David M. Siefert, *Computerized asset management system*, filed August 22, 2000 and assigned to NCR Corporation, Dayton, Ohio;

- U.S. Patent No. 6,519,600, David M. Siefert, *Computerized asset management system*, filed August 22, 2000 and assigned to NCR Corporation, Dayton, Ohio; and

- U.S. Patent No. 6,732,358, David M. Siefert, *Automatic updating of computer software*, filed March 24, 1994 and assigned to NCR Corporation, Dayton, Ohio;

and c) any Product(s) covered by any U.S. or foreign patent or application related to, covering, incorporating by reference or otherwise addressing the CLS, European Patent No. EP 0 710 942, U.S. Patent No. 5,801,605, U.S. Patent No. 5,904,485, U.S. Patent No. 5,564,043, U.S. Patent No. 5,699,526,  U.S. Patent No. 5,701,452, U.S. Patent No. 5,721,906, U.S. Patent No. 5,726,688, U.S. Patent No. 5,778,380, U.S. Patent No. 5,991,791, U.S. Patent No. 6,026,403, U.S. Patent No. 6,334,779, U.S. Patent No. 6,336,813, U.S. Patent No. 6,386,883, U.S. Patent No. 6,480,855, U.S. Patent No. 6,502,096, U.S. Patent No. 6,519,600, or U.S. Patent No. 6,732,358.

6.      "Patents-in-Suit" shall refer, individually and collectively, to U.S. Patent No. 6,685,478, U.S. Patent No. 6,213,780, U.S. Patent No. 6,118,973, U.S. Patent No.6,688,888, U.S. Patent No. 5,779,486, U.S. Patent No. 6,398,556, U.S. Patent No. 6,126,448, U.S. RE38,432 (reissue of U.S. Patent No. 6,160,987), U.S. RE

39,942 (reissue of U.S. Patent No. 6,160,987) and any domestic and foreign counterparts thereto.

7. "Person(s)" means any natural person or any business, legal or governmental entity or association and the officers, directors, employees, agents, consultants and attorneys thereof.

8. "Document(s)" is synonymous in meaning and equal in scope to the usage of this term in Fed. R. Civ. P. 34(a) and shall be construed to mean, without limitation, any written, printed, typed, stored, photostated, photographed, recorded or otherwise reproduced communication, compilation or reproduction including computer or electronically generated or stored information or data, whether privilege is asserted or not. "Document" specifically includes all forms of electronic data. A draft or non-identical copy is a separate document within the meaning of this term.

9. "Communication(s)" means the transmittal of information (in the form of facts, ideas, inquiries or otherwise).

10. "Date(s)" shall mean the exact date(s), if known, or the closest approximation to the exact date(s) as can be specified, including without limitation the year, month, week in a month, or part of a month.

11. "Entity" shall mean corporation, company, firm, partnership, joint venture, association, governmental body or agency, or Persons other than a natural person.

12.     "Thing" shall be given the broadest possible construction under the Federal Rules
        of Civil Procedure.

13.     "Relate to," "related to," and "relating to" shall mean in whole or in part
        concerning, reflecting, alluding to, mentioning, regarding, discussing, bearing
        upon, commenting on, constituting, pertaining to, demonstrating, describing,
        depicting, directly or indirectly relating to, summarizing, containing, embodying,
        showing, comprising, evidencing, refuting, contradicting, analyzing, identifying,
        stating, dealing with, and/or supporting.

14.     "Third Party" shall mean all Persons who are not parties to this Litigation, as well
        as their officers, directors, employees, agents and attorneys.

15.     "Describe," when used in relation to an act, event, instance, occasion, transaction,
        conversation, or communication, shall mean to:  (a) to state the date and place
        thereof; (b) identify the individual participants; (c) summarize separately for each
        individual participant what he or she said or did; and (d) identify each document
        used or prepared in connection therewith or making any reference thereto.

16.     "Identify" when referring to a document, means to give, to the extent known:  (a)
        the type of document; (b) a description of the general subject matter; (c) the date
        of the document; (d) the author(s), addressee(s), and recipient(s); and (e) the
        corresponding Bates numbers.

17.     "Identify" when referring to a Person, means to give, to the extent known, the
        Person's full name, present or last known address, and, when referring to a natural

person, the present or last known place of employment.  Once a Person has been identified in accordance with this subparagraph, only the name of that Person need be listed in response to subsequent discovery requests.

18.     "Identify" as used herein to apply to an oral communication shall mean to state the date and place of the communication, the substance thereof, and to identify all Persons who participated in or heard the communication.

19.     Where a request below names a corporation or other legal entity, the request includes within its scope any parent, subsidiaries, affiliates, past or present directors, officers, employees, agents, and representatives thereof, including attorneys, consultants, accountants, and investment bankers.

## TOPICS

1.      The conception, development, prototyping, testing, operation, design, manufacture, sales, marketing, features, structures, operations, theory and principles of operation, and/or function of any NCR Product prior to January 1, 2000.

2.      The use, demonstration, sampling, marketing, sale, offer for sale, license, or offer for license of any NCR Product in the United States prior to January 1, 2000.

3.      Each NCR Product identified in the documents and things responsive to Request Nos. 1 through 10 set forth in Attachment B, including without limitation, the design, development, manufacture, sales, marketing, features, structures, operation, and theory and principles of operation of each such NCR Product.

4.      Printed publications describing the conception, development, prototyping, testing, operation, design, manufacture, sales, marketing, features, structures, operations, theory and principles of operation, and/or function of any NCR Product in the United States prior to January 1, 2000.

5.      Each patent owned by NCR, by assignment or otherwise, relating to and/or covering each NCR Product identified in the documents and things responsive to Request Nos. 1 through 10 set forth in Attachment B.

6.      Each request for proposal (RFP) and/or response to RFP identified in or related to the documents and things responsive to Request Nos. 1 through 10 set forth in Attachment B.

- 8 -

7.      Each proposal identified in or related to the documents and things responsive to Request Nos. 1 through 10 set forth in Attachment B.

8.      Communications between or among NCR and IpLearn related to the Patents-in-Suit, any NCR Product, *IpLearn, LLC v. WBT Systems Ltd.* et al., C.A. No. 11-825-LPS (D. Del.), or any other litigation or potential litigation involving IpLearn.

9.      The authenticity, source, and meaning of each document or thing produced by NCR in response to this subpoena.

10.     NCR's document retention policies.

11.     NCR's search for and collection of documents and things responsive to this subpoena.

## ATTACHMENT B – DOCUMENTS AND THINGS TO BE PRODUCED

### INSTRUCTIONS

1.     The document requests listed below require you to produce all responsive documents that are in your actual or constructive possession, custody, or control, including materials that you have a right to secure from any other source, such as agents, attorneys, accountants, bankers, consultants, advisors, or representatives of any type whatsoever.

2.     If you object to any request or part of any request, set forth the grounds on which your objection is based and answer any unobjectionable part of the request or produce all documents to which your objection does not apply.

3.     If you claim any ambiguity in either these requests or an applicable definition or instruction, identify in your response the language you consider ambiguous and state the interpretation you are using in responding.

4.     If multiple copies of a document exist, produce every copy on which appear any notations or markings of any sort not appearing on any other copy.

5.     If an English translation of any requested documents exists, produce the English translation of the document as well as the document in its original language.

6.     If any portion of any document or tangible thing is responsive to any production request herein, then the entire document or tangible thing must be produced.  If any requested document or tangible thing cannot be produced in full, then you must produce that document or tangible thing to the greatest extent possible.

- 10 -

Whenever a document or tangible thing is not produced in full or is produced in redacted form, you must indicate this on the portion of the document or tangible thing produced.

7.      If you know of the existence, past or present, of any document described in these requests, but such document is not presently in your possession, custody, or control, or in the possession, custody, or control of your agents, representatives, or attorneys, identify the document and the individual in whose possession, custody, or control the document was last known to reside.  If the document no longer exists, state when, how, and why the document ceased to exist.

8.      The documents produced in response to these requests shall be either organized and designated to correspond to the categories in these requests or produced as you maintain them, and in either case:

- all associated file labels, file headings, and file folders shall be produced together with the responsive documents from each file;

- all documents that cannot be legibly copied shall be produced in their original form;

- all photocopies shall be stapled or clipped as the originals; and

- each page shall be given a discrete production number.

- All documents or tangible things produced pursuant hereto are to be delivered by no later than January 23, 2013.

9.      If you believe that any document or any portion of any document is confidential within the meaning of the Protective Order in effect in this case, you may designate the document pursuant to that protective order and request confidential treatment of the document.

10.    If you believe that any of the following requests calls for an assertion of a claim of privilege, you are required to prepare a "privilege log" listing the following information for each document or part thereof withheld on such a basis:  (a) the title or general subject matter of each document; (b) the type of document (e.g., letter, memorandum, note, report, etc.); (c) the date of the document; (d) the name of the author of the document; (e) the person(s) for whom the document was prepared, to whom it was sent, and who received copies; and (f) the nature and the basis for the claim of privilege.

## DEFINITIONS

The following definitions shall apply throughout these document requests, regardless of whether upper or lower case letters are used:

1.    "NCR," "You," and "Your" shall mean NCR Corporation, including without limitation, all of its predecessors (including without limitation AT&T Global Information Solutions International Incorporated and all of its predecessors, subsidiaries, parents, and affiliates), subsidiaries, parents (including without limitation AT&T Incorporated and all of its predecessors, subsidiaries, parents, and affiliates), and affiliates, and all past or present directors, officers, agents, representatives, employees, and consultants.

2.    "IpLearn," refers to plaintiff IpLearn, LLC, including without limitation all of its predecessors, subsidiaries, parents, and affiliates, and all past or present directors, officers, agents, representatives, employees, and consultants.

- 12 -

3.    "Product" shall mean computer software, machine, manufacture, apparatus, device, instrument, mechanism, appliance, or an assemblage of components/parts (either individually or collectively) that are designed to function together electronically, mechanically, chemically, or otherwise, including any of the foregoing offered for sale, sold, or under development.

4.    "E-Learning System" shall mean a system that supports any form of electronically supported learning that includes, but is not limited to, a) a learning management system; b) devices, tools, or portions thereof, capable of computer-based or electronic forms of instruction, teaching, training, tutoring, and/or testing; c) devices, tools, or portions thereof, capable of computer-based or electronic forms of communication, tracking, monitoring and/or registration for the purposes of instruction, teaching, training, tutoring, and/or testing; d) a computer-aided learning system for counseling and training a user for a job position; e) a computer-aided learning system for providing learning materials to employees and providing employers access to materials regarding the employees; f) a computer-aided testing system for assessing and enhancing a student's understanding in a subject, including providing individually-tailored tests to each student; and/or g) a computer-aided group learning system for allowing a number of users to interact and work on a subject together.

5.    "NCR Product(s)" shall mean each and every "Product" (as defined above) conceived, developed, prototyped, tested, designed, manufactured, sold, or marketed by NCR that relates to an "E-Learning System" (as defined above)

- 13 -

including, but not limited to, a) the Continuous Learning System or CLS; b) any

Product(s) covered by the following U.S. or foreign patents:

- European Patent No. EP 0 710 942, David M. Siefert, *A computer-assisted system for instructing students*, filed on October 27, 1995 by Applicant AT&T Global Information Solutions International Inc., Dayton, Ohio 45479;

- U.S. Patent No. 5,801,605, David M. Siefert, *Computerized Repositories Applied to Education*, filed November 4, 1994 and assigned to NCR Corporation, Dayton, Ohio;

- U.S. Patent No. 5,904,485, David M. Siefert, *Automated Lesson Selection and Examination in Computer-Assisted Education*, filed November 4, 1994 and assigned to NCR Corporation, Dayton, Ohio;

- U.S. Patent No. 5,564,043, David M. Siefert, *Launching computer program upon download of data created by program*, filed March 24, 1994 and assigned to AT&T Global Information Solutions, Dayton, Ohio;

- U.S. Patent No. 5,699,526, David M. Siefert, *Ordering and downloading resources from computerized repositories*, filed August 21, 1996 and assigned to NCR Corporation, Dayton, Ohio;

- U.S. Patent No. 5,701,452, David M. Siefert, *Computer generated structure*, filed April 20, 1995 and assigned to NCR Corporation, Dayton, Ohio;

- U.S. Patent No. 5,721,906, David M. Siefert, *Multiple repositories of computer resources, transparent to user*, filed March 24, 1994 and assigned to NCR Corporation, Dayton, Ohio;

- U.S. Patent No. 5,726,688, David M. Siefert, *Predictive, adaptive computer interface*, filed September 29, 1995 and assigned to NCR Corporation, Dayton, Ohio;

- U.S. Patent No. 5,778,380, David M. Siefert, *Intelligent resource transformation engine for translating files*, filed April 9, 1997 and assigned to NCR Corporation, Dayton, Ohio;

- U.S. Patent No. 5,991,791, David M. Siefert, S*ecurity aspects of computer resource repositories*, filed January 10, 1997 and assigned to NCR Corporation, Dayton, Ohio;

- U.S. Patent No. 6,026,403, David M. Siefert, *Computer system for management of resources*, filed March 24, 1994 and assigned to NCR Corporation, Dayton, Ohio;

- U.S. Patent No. 6,334,779, David M. Siefert, *Computer-assisted curriculum*, filed January 5, 1998 and assigned to NCR Corporation, Dayton, Ohio;

- U.S. Patent No. 6,336,813, David M. Siefert, *Computer-assisted education using video conferencing*, filed January 5, 1998 and assigned to NCR Corporation, Dayton, Ohio;

- U.S. Patent No. 6,386,883, David M. Siefert, *Computer-assisted education*, filed November 4, 1994 and assigned to NCR Corporation, Dayton, Ohio;

- U.S. Patent No. 6,480,855, David M. Siefert, *Managing a resource on a network where each resource has an associated profile with an image*, filed August 22, 2000 and assigned to NCR Corporation, Dayton, Ohio;

- U.S. Patent No. 6,502,096, David M. Siefert, *Computerized asset management system*, filed August 22, 2000 and assigned to NCR Corporation, Dayton, Ohio;

- U.S. Patent No. 6,519,600, David M. Siefert, *Computerized asset management system*, filed August 22, 2000 and assigned to NCR Corporation, Dayton, Ohio; and

- U.S. Patent No. 6,732,358, David M. Siefert, *Automatic updating of computer software*, filed March 24, 1994 and assigned to NCR Corporation, Dayton, Ohio;

and c) any Product(s) covered by any U.S. or foreign patent or application related

to, covering, incorporating by reference or otherwise addressing the CLS,

European Patent No. EP 0 710 942, U.S. Patent No. 5,801,605, U.S. Patent No.

5,904,485, U.S. Patent No. 5,564,043, U.S. Patent No. 5,699,526,  U.S. Patent No.

5,701,452, U.S. Patent No. 5,721,906, U.S. Patent No. 5,726,688, U.S. Patent No.

5,778,380, U.S. Patent No. 5,991,791, U.S. Patent No. 6,026,403, U.S. Patent No.

6,334,779, U.S. Patent No. 6,336,813, U.S. Patent No. 6,386,883, U.S. Patent No.

6,480,855, U.S. Patent No. 6,502,096, U.S. Patent No. 6,519,600, or U.S. Patent

No. 6,732,358.

6.    "Patents-in-Suit" shall refer, individually and collectively, to U.S. Patent No.

6,685,478, U.S. Patent No. 6,213,780, U.S. Patent No. 6,118,973, U.S. Patent

No.6,688,888, U.S. Patent No. 5,779,486, U.S. Patent No. 6,398,556, U.S. Patent

No. 6,126,448, U.S. RE38,432 (reissue of U.S. Patent No. 6,160,987), U.S. RE

39,942 (reissue of U.S. Patent No. 6,160,987) and any domestic and foreign

counterparts thereto.

7.    "Person(s)" means any natural person or any business, legal or governmental

entity or association and the officers, directors, employees, agents, consultants

and attorneys thereof.

8.    "Document(s)" is synonymous in meaning and equal in scope to the usage of this

term in Fed. R. Civ. P. 34(a) and shall be construed to mean, without limitation,

any written, printed, typed, stored, photostated, photographed, recorded or

otherwise reproduced communication, compilation or reproduction including

computer or electronically generated or stored information or data, whether

privilege is asserted or not.  "Document" specifically includes all forms of

electronic data.  A draft or non-identical copy is a separate document within the

meaning of this term.

9.    "Communication(s)" means the transmittal of information (in the form of facts,

ideas, inquiries or otherwise).

10.    "Date(s)" shall mean the exact date(s), if known, or the closest approximation to

the exact date(s) as can be specified, including without limitation the year, month,

week in a month, or part of a month.

11.    "Entity" shall mean corporation, company, firm, partnership, joint venture,

association, governmental body or agency, or Persons other than a natural person.

12.     "Thing" shall be given the broadest possible construction under the Federal Rules of Civil Procedure.

13.     "Relate to," "related to," and "relating to" shall mean in whole or in part concerning, reflecting, alluding to, mentioning, regarding, discussing, bearing upon, commenting on, constituting, pertaining to, demonstrating, describing, depicting, directly or indirectly relating to, summarizing, containing, embodying, showing, comprising, evidencing, refuting, contradicting, analyzing, identifying, stating, dealing with, and/or supporting.

14.     "Third Party" shall mean all Persons who are not parties to this Litigation, as well as their officers, directors, employees, agents and attorneys.

15.     "Describe," when used in relation to an act, event, instance, occasion, transaction, conversation, or communication, shall mean to:  (a) to state the date and place thereof; (b) identify the individual participants; (c) summarize separately for each individual participant what he or she said or did; and (d) identify each document used or prepared in connection therewith or making any reference thereto.

16.     "Identify" when referring to a document, means to give, to the extent known:  (a) the type of document; (b) a description of the general subject matter; (c) the date of the document; (d) the author(s), addressee(s), and recipient(s); and (e) the corresponding Bates numbers.

17.     "Identify" when referring to a Person, means to give, to the extent known, the Person's full name, present or last known address, and, when referring to a natural

- 17 -

person, the present or last known place of employment.  Once a Person has been

identified in accordance with this subparagraph, only the name of that Person

need be listed in response to subsequent discovery requests.

18. "Identify" as used herein to apply to an oral communication shall mean to state

the date and place of the communication, the substance thereof, and to identify all

Persons who participated in or heard the communication.

19. Where a request below names a corporation or other legal entity, the request

includes within its scope any parent, subsidiaries, affiliates, past or present

directors, officers, employees, agents, and representatives thereof, including

attorneys, consultants, accountants, and investment bankers.

## DOCUMENT REQUESTS

1. Documents relating to the conception, development, prototyping, testing,

operation, design, manufacture, sales, marketing, features, structures, operations,

theory and principles of operation, and/or function of the NCR Products prior to

January 1, 2000.  This includes without limitation: datasheets, product

specifications, diagrams, schematics, flow charts, engineering change forms,

product briefs, product manuals, installation manuals, instruction manuals,

development kits, starter kits, user guides, software (including diagnostic,

installation, and prototype software), engineering notebooks, laboratory

notebooks, log books, records books, memoranda, design reviews, progress

reports, technical reports, drawings, schematics, diagrams, computer records,

diaries, calendars, test results, invention disclosures, patent prosecution records,

advertisements, brochures, articles, pamphlets, price lists, promotional materials, marketing materials, or presentations; and documents sufficient to identify the current or former employees of NCR most knowledgeable or familiar with the foregoing.

2.     Documents sufficient to show the use, demonstration, sampling, marketing, sale, offer for sale, license, or offer for license of any NCR Products in the United States prior to January 1, 2000.  This includes without limitation:  marketing materials, promotional materials, brochures, sales materials, advertisements, or price lists.

3.     Any printed publication describing any NCR Products prior to January 1, 2000.

4.     Documents sufficient to identify any and all patents owned by NCR, by assignment or otherwise, related to and/or covering any NCR Products.

5.     All documents relating to communications between or among NCR and IpLearn related to the Patents-in-Suit, any NCR Products, *IpLearn, LLC v. WBT Systems Ltd.* et al., C.A. No. 11-825-LPS (D. Del.), or any other litigation or potential litigation involving IpLearn.

6.     All documents and things relating to IpLearn.

7.     All prior art or potential prior art to the Patents-in-Suit.

8.     All documents and things relating to requests for proposals (RFPs), dated prior to January 1, 2000, where E-Learning Systems were described or referred to in such

RFPs or any responses to such RFPs prepared by NCR (by itself or in conjunction with third parties), including any press releases relating to such RFPs.

9.      All documents and things relating or referring to any proposals NCR provided to any third party relating to E-Learning Systems.

10.     All documents relating to any document retention policies of NCR.