IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| IPLEARN LLC, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | C.A. No. 11-825 (RGA) |
| | ) | |
| CONNECTIONS ACADEMY LLC, et al., | ) | |
| | ) | |
| Defendants. | ) | |

**NOTICE OF ORACLE CORPORATION'S SUBPOENA TO
THE UNIVERSITY OF PHOENIX, INC.**

**TO ALL PARTIES HERETO AND THEIR ATTORNEYS OF RECORD:**

PLEASE TAKE NOTICE that pursuant to Rules 30, 34, and 45 of the Federal Rules of Civil Procedure, Oracle Corporation ("Oracle"), by and through its counsel, will serve the attached subpoena to The University of Phoenix, Inc. ("The University of Phoenix") for deposition testimony and the production of documents.

PLEASE TAKE FURTHER NOTICE that the subpoena provides that Oracle, by and through its counsel, will take the deposition upon oral examination of The University of Phoenix. The deposition will commence at such date, time, and location as is specified in the attached subpoena, or at an alternative date, time, and location as may be mutually agreed upon by counsel for Oracle and The University of Phoenix. Pursuant to Rule 30(b)(6), The University of Phoenix is obligated to designate one or more of its officers, directors, or managing agents, and/or one or more persons who consent to testify on its behalf concerning the matters set forth in Exhibit A to the attached subpoena. The examination will be taken before a notary public or other person authorized to administer oaths and will continue day-to-day until completed or will

be continued until completed at a future date or dates.  Pursuant to Rule 30(b)(3), the deposition will be videotaped and recorded stenographically.  You are invited to attend and cross-examine.

PLEASE TAKE FURTHER NOTICE that the subpoena commands The University of Phoenix to produce and permit inspection of copying of all documents and other tangible things described in Exhibit B to the attached subpoena.  The document production will take place at such date, time, and location as is specified in the attached subpoena or at an alternative date, time and place as may be mutually agreed upon by counsel for Oracle and The University of Phoenix.

MORRIS, NICHOLS, ARSHT & TUNNELL LLP

*/s/ Stephen J. Kraftschik*
Mary B. Graham (#2256)
Stephen J. Kraftschik (#5623)
1201 N. Market Street
P.O. Box 1347
Wilmington, DE  19899-1347
(302) 658-9200
mgraham@mnat.com
skraftschik@mnat.com
   *Attorneys for Oracle Corporation*

OF COUNSEL:

Mark D. Selwyn
WILMER CUTLER
PICKERING HALE AND DORR LLP
950 Page Mill Road
Palo Alto, CA  94304

Andrew B. Grossman
WILMER CUTLER
PICKERING HALE AND DORR LLP
350 South Grand Avenue, Suite 2100
Los Angeles, CA  90071

Robert Sloss
Peter O'Rourke
ORACLE CORPORATION
500 Oracle Parkway
Redwood Shores, CA  94065

April 18, 2013
7143083

AO 88A (Rev. 06/09) Subpoena to Testify at a Deposition in a Civil Action

# UNITED STATES DISTRICT COURT
### for the
District of Arizona

| | | |
|---|---|---|
| IpLearn, LLC | ) | |
| *Plaintiff* | ) | |
| v. | ) | Civil Action No.   11-825 |
| Connections Education LLC, et al. | ) | |
| | ) | (If the action is pending in another district, state where: |
| *Defendant* | ) | District of Delaware          ) |

## SUBPOENA TO TESTIFY AT A DEPOSITION IN A CIVIL ACTION

To:  The University of Phoenix, Inc.
     4025 S. Riverpoint Parkway, Phoenix, AZ 85040

☑ *Testimony:*  **YOU ARE COMMANDED** to appear at the time, date, and place set forth below to testify at a deposition to be taken in this civil action. If you are an organization that is *not* a party in this case, you must designate one or more officers, directors, or managing agents, or designate other persons who consent to testify on your behalf about the following matters, or those set forth in an attachment:

See Exhibit A.

| Place: Courtyard Phoenix Airport<br>        2621 South 47th Street<br>        Phoenix, AZ 85034 | Date and Time:<br><br>         04/26/2013 9:00 am |
|---|---|

The deposition will be recorded by this method:   Videotaped and Recorded stenographically

☑ *Production:*  You, or your representatives, must also bring with you to the deposition the following documents, electronically stored information, or objects, and permit their inspection, copying, testing, or sampling of the material:

See Exhibit B.

The requested documents and things must be produced on or before May 3, 2013 at 9:00 AM at the location listed above or at such other time and place as may be mutually agreed upon in writing.

The provisions of Fed. R. Civ. P. 45(c), relating to your protection as a person subject to a subpoena, and Rule 45 (d) and (e), relating to your duty to respond to this subpoena and the potential consequences of not doing so, are attached.

Date:    04/18/2013

| *CLERK OF COURT* | | |
|---|---|---|
| | OR | |
| _____ | | /s/ S. Dennis Wang |
| *Signature of Clerk or Deputy Clerk* | | *Attorney's signature* |

The name, address, e-mail, and telephone number of the attorney representing *(name of party)*   Oracle Corporation
_____ , who issues or requests this subpoena, are:

S. Dennis Wang
WilmerHale LLP, 950 Page Mill Road, Palo Alto, CA 94304
Tel 650-858-6024 dennis.wang@wilmerhale.com

AO 88A  (Rev.  06/09) Subpoena to Testify at a Deposition in a Civil Action (Page 2)

Civil Action No.   11-825

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

This subpoena for *(name of individual and title, if any)* _____

was received by me on *(date)* _____ .

❒ I served the subpoena by delivering a copy to the named individual as follows: _____

_____ on *(date)* _____ ; or

❒ I returned the subpoena unexecuted because: _____

_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also
tendered to the witness fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $ ___0.00___ .

I declare under penalty of perjury that this information is true.

Date: _____          _____
                                             *Server's signature*

                                             _____
                                             *Printed name and title*

                                             _____
                                             *Server's address*

Additional information regarding attempted service, etc:

AO 88A  (Rev.  06/09) Subpoena to Testify at a Deposition in a Civil Action (Page 3)

# Federal Rule of Civil Procedure 45 (c), (d), and (e) (Effective 12/1/07)

**(c) Protecting a Person Subject to a Subpoena.**

 **(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The issuing court must enforce this duty and impose an appropriate sanction — which may include lost earnings and reasonable attorney's fees — on a party or attorney who fails to comply.

 **(2)** *Command to Produce Materials or Permit Inspection.*

 **(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.

 **(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises — or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:

 **(i)** At any time, on notice to the commanded person, the serving party may move the issuing court for an order compelling production or inspection.

 **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

 **(3)** *Quashing or Modifying a Subpoena.*

 **(A)** *When Required.* On timely motion, the issuing court must quash or modify a subpoena that:

 **(i)** fails to allow a reasonable time to comply;

 **(ii)** requires a person who is neither a party nor a party's officer to travel more than 100 miles from where that person resides, is employed, or regularly transacts business in person — except that, subject to Rule 45(c)(3)(B)(iii), the person may be commanded to attend a trial by traveling from any such place within the state where the trial is held;

 **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or

 **(iv)** subjects a person to undue burden.

 **(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the issuing court may, on motion, quash or modify the subpoena if it requires:

 **(i)** disclosing a trade secret or other confidential research, development, or commercial information;

 **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party; or

 **(iii)** a person who is neither a party nor a party's officer to incur substantial expense to travel more than 100 miles to attend trial.

 **(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(c)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:

 **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and

 **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(d) Duties in Responding to a Subpoena.**

 **(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:

 **(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.

 **(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.

 **(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.

 **(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

 **(2)** *Claiming Privilege or Protection.*

 **(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:

 **(i)** expressly make the claim; and

 **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.

 **(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information to the court under seal for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(e) Contempt.** The issuing court may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena. A nonparty's failure to obey must be excused if the subpoena purports to require the nonparty to attend or produce at a place outside the limits of Rule 45(c)(3)(A)(ii).

## EXHIBIT A

PLEASE TAKE NOTICE that pursuant to Federal Rules of Civil Procedure 30 and 45 and as directed in the United States District Court subpoena attached hereto, you are commanded to have a representative, pursuant to Federal Rule of Civil Procedure 30(b)(6), appear at the place, date and time specified in the attached subpoena to testify at the taking of a deposition in the above case about the topics set forth below. Pursuant to Federal Rule of Civil Procedure 30(b)(3), testimony at this deposition shall be recorded by stenographic means and videotape.

## DEFINITIONS AND INSTRUCTIONS

Unless otherwise defined, all words and phrases used herein shall be accorded their usual meaning and shall be interpreted in their common, ordinary sense. As used in these requests, the words set forth below shall be defined as follows:

1.      The term "Communication(s)" shall be interpreted in its broadest sense to include without limitation all oral or written communications, including any writings, e-mails, or other electronically-stored information as that term is defined by Federal Rule of Civil Procedure 34(a).

2.      The terms "Concerning" and "Referring or Relating To" should be construed in the broadest possible sense to mean analyzing, citing, commenting upon, comprising, concerning, consisting of, constituting, containing, dealing with, describing, discussing, embodying, evidencing, identifying, involved with, mentioning, monitoring, referring to, reflecting, responding to, pertaining to, showing, stating, summarizing or bearing any logical or factual connection with the matter discussed, as these terms are understood in the broadest sense.

3.      The term "Document(s)" shall have the full meaning ascribed to it by the Federal Rules of Civil Procedure and includes the original and every non-identical copy or reproduction

in the possession, custody, or control of University of Phoenix, and further is used in a broad sense to refer to any electronic information or any tangible object or thing that contains, conveys, or records information.

4.      The term "E-Learning System" means a system that supports any form of electronically supported learning including, but not limited to, (a) a learning management system; (b) devices, tools, or portions thereof, capable of computer-based or electronic forms of instruction, teaching, training, tutoring, and/or testing; (c) devices, tools, or portions thereof, capable of computer-based or electronic forms of communication, tracking, monitoring and/or registration for the purposes of instruction, teaching, training, tutoring, and/or testing; (d) a computer-aided learning system for counseling and training a user for a job position; (e) a computer-aided learning system for providing learning materials to employees and providing employers access to materials regarding the employees; (f) a computer-aided testing system for assessing and enhancing a student's understanding in a subject, including providing individually-tailored tests to each student; and/or (g) a computer-aided group learning system for allowing a number of users to interact and work on a subject together.

5.      The term "IpLearn" means Plaintiff IpLearn, LLC and all of its predecessors (merged, acquired, or otherwise), successors, subsidiaries, parents, sisters, divisions, departments, partnerships, and affiliates thereof, and all officers, directors, principals, agents, employees, attorneys, and other persons acting on their behalf.

6.      The term "Patents-in-Suit" means all patents asserted by IpLearn in the instant litigation, including any corrections and certificates of reexamination, including without limitation: (i) U.S. Patent No. 6,126,448; (ii) U.S. Patent No. 6,213,780; (iii) U.S. Patent No.

6,398,556; (iv) U.S. Patent No. 6,685,478; (v) 5,779,486; (vi) U.S. Patent No. 6,118,973; (vii)

U.S. Patent No. 6,688,888; (viii) U.S. Patent No. RE 38,432; and (ix) U.S. Patent No. RE 39,942.

      7.      The term "Person" means and refers to any natural person, firm, corporation,

partnership, group, association, governmental entity or business entity.

      8.      The term "Prior Art" has the same meaning as used in 35 U.S.C. § 101 *et seq.*, and

includes any patent, printed publication, knowledge, use, sale, offer for sale, or other act or event

defined in 35 U.S.C. § 102, taken singly or in combination.

      9.      The term "Related Actions" means *IpLearn LLC v. Beeline Acquisition Corp.*, No.

1:11 Civ. 825 (D. Del.); *IpLearn, LLC v. Avnet, Inc. et al.*, Case No. 1:11 Civ. 825 (D. Del.);

*IpLearn, LLC v. WBT Systems Ltd. et al.,* Case No. 1:11 Civ. 825 (D. Del.)*; IpLearn LLC v. K12*

*Inc.,* Case No. 1:11 Civ 1026 (D. Del.); *IpLearn, LLC v. Blackboard, Inc.*, Case No. 1:11 Civ.

876 (D. Del.); *IpLearn, LLC v. Click2learn.com, Inc.*, Case No. 3:04 Civ. 685 (N.D. Cal.);

*IpLearn, LLC v. Learn.com, Inc. et al.*, Case No. 6:10 Civ. 104 (E.D. Tex.); *IpLearn, LLC v.*

*Plateau Systems, Ltd.*, Case No. 2:06 Civ. 299 (E.D. Tex.), *IpLearn LLC v. LearnShare LLC*, No.

1:11 Civ. 896 (D. Del.); *IP Learn, LLC v. DigitalThink, Inc.*, No. 4:02 Civ. 4114 (N.D. Cal., *IP*

*Learn, LLC v. Saba Software Inc.*, No. 5:02 Civ. 2634 (N.D. Cal.); *IpLearn, LLC v. SumTotal*

*Systems, Inc.*, No. 02 Civ. 2636 (N.D. Cal.), *IP Learn, LLC v. SkillSoft Corp.*, No. 3:02 Civ. 2632

(N.D. Cal.); and *IP Learn, LLC v. SmartForce PLC*, No. 02 Civ. 1977 (N.D. Cal.) and any other

action past, present, or future that have involved IpLearn, the Patents-in-Suit, or any Related

Patents and Applications.

      10.      The term "Related Patents and Applications" refer to (i) all patents or applications

that are continuations, divisionals, or continuations-in-part of the Patents-in-Suit ("child patents

or applications"); (ii) all patents or applications of which the Patents-in-Suit are continuations,

divisionals, or continuations-in-part ("parent patents or applications"); (iii) all other patents or applications besides the Patents-in-Suit which are continuations, divisionals, or continuations-in-part of the parent patents or applications ("sibling patents or applications"); (iv) any applications directly leading to the Patents-in-Suit; and (v) for re-issued patents, (i)-(iv) as they relate to the patent underlying the re-issued Patent-in-Suit.

11.     The terms "You," "Your" and "University of Phoenix" refer to University of Phoenix, Inc. and any affiliates, subsidiaries, parents, predecessors, attorneys, agents, employees, directors, officers or representatives and all other persons acting or purporting to act on University of Phoenix, Inc.'s behalf.

12.     The terms "And" and "Or" shall be construed both conjunctively and disjunctively, and each shall include the other wherever such dual construction will serve to bring within the scope of a request any Documents or responsive information which otherwise would not be brought within its scope.

13.     The terms "Any" and "All" shall each be construed to mean "each and every," so as to acquire the broadest meaning possible.

14.     The terms "Include" and "Including" shall be construed to mean "without limitation," so as to give the broadest possible meaning to requests and definitions containing those words.

15.     The singular includes the plural and vice versa.

16.     The past tense shall be construed to include the present tense and vice versa.

## TOPICS FOR EXAMINATION

## TOPIC NO. 1:

The conception, development, prototyping, testing, operation, design, manufacture, sales, marketing, features, structures, operations, theory, and principles of operation and/or function of

the University of Phoenix Online or any other University of Phoenix E-Learning System prior to March 30, 2002.

**TOPIC NO. 2:**

      The use, demonstration, sampling, marketing, sale, offer for sale, license, or offer for license of the University of Phoenix Online or any other University of Phoenix E-Learning System in the United States prior to March 30, 2002.

**TOPIC NO. 3:**

      Printed publications describing the conception, development, prototyping, testing, operation, design manufacture, sales, marketing, features, structures, operations, theory, and principles of operation and/or function of the University of Phoenix Online or any other University of Phoenix E-Learning System in the United States prior to March 30, 2002.

**TOPIC NO. 4:**

      Each patent owned by University of Phoenix, whether by assignment or otherwise, relating to the University of Phoenix Online or any other University of Phoenix E-Learning System, or E-Learning Systems generally.

**TOPIC NO. 5:**

      University of Phoenix's knowledge regarding the Patents-in-Suit or the Related Patents and Applications.

**TOPIC NO. 6:**

      The chat functionality of the University of Phoenix Online or any other University of Phoenix E-Learning System prior to March 30, 2002, including any group or private chat

functionalities; any text, voice, and video chat functionalities; and any media exchange capabilities.

**TOPIC NO. 7:**

How a user is represented in the University of Phoenix Online or any other University of Phoenix E-Learning System prior to March 30, 2002, including the user registration requirements, user registration process, user preferences/attribute storage, and permissions to view or modify the user representations.

**TOPIC NO. 8:**

The testing, user analysis, or certification capabilities of the University of Phoenix Online or any other University of Phoenix E-Learning System prior to March 30, 2002, including the types of testing and analysis possible and any reports, graphs or other summaries capable of displaying tests or analysis results.

**TOPIC NO. 9:**

The teaching and learning processes utilized by the University of Phoenix Online or any other University of Phoenix E-Learning System prior to March 30, 2002, including any note taking, video display, quizzing, lecturing capabilities, or other teaching or learning processes.

**TOPIC NO. 10:**

The process used for remuneration in the University of Phoenix Online or any other University of Phoenix E-Learning System prior to March 30, 2002, including how users and/or instructors are charged and how payment is made.

**TOPIC NO. 11:**

Search capabilities of the University of Phoenix Online or any other University of Phoenix E-Learning System prior to March 30, 2002, such as the ability to search for specific topics or users.

**TOPIC NO. 12:**

Any prior art, patentability, novelty, validity, enforceability, and/or infringement search, study, analysis, evaluation, investigation, or opinion concerning any of the subject matter disclosed or claimed by any of the Patents-in-Suit or Related Patents and Applications.

**TOPIC NO. 13:**

Communications between University of Phoenix and IpLearn concerning the Patents-in-Suit or Related Patents and Applications, the University of Phoenix Online or any other University of Phoenix E-Learning System, any of the Related Actions, or any other litigation or potential litigation involving IpLearn.

**TOPIC NO. 14:**

The authenticity, source, and meaning of each document or thing produced by University of Phoenix in response to this subpoena.

**TOPIC NO. 15:**

University of Phoenix's document retention policies.

**TOPIC NO. 16:**

University of Phoenix's search for and collection of documents and things responsive to this subpoena.

**EXHIBIT B**

**DEFINITIONS AND INSTRUCTIONS**

1.      The Definitions and Instructions set forth in Exhibit A to the Subpoena to University of Phoenix are incorporated by reference.

2.      These requests are intended to cover all documents in your possession, custody or control, whether located at any of your offices, or at the offices of your successors or assigns, accountants, agents, employees, directors, officers, representatives, attorneys, assistants, bankers, brokers, or others, or at any other place.   If any document was, but is no longer, in your possession or subject to your control, or in existence, state whether it: (i) is missing or lost; (ii) has been destroyed; (iii) has been transferred, voluntarily or involuntarily, to others (and if so, to whom); or (iv) has been disposed of in some other manner.   If you have reason to believe a responsive document is in the possession of a third party, state: (i) the basis for this belief; (ii) the party believed to be in possession of the responsive document(s); (iii) where you believe the responsive document(s) may be located; and (iv) other information as is sufficient to identify the document for a subpoena duces tecum.

3.      The production should include every document requested below known to you and every such document which can be located or discovered by reasonably diligent efforts by you.

4.      If any of the requested documents cannot be disclosed or produced in full, produce the documents to the extent possible, and specify your reasons for your inability to produce the remainder, stating whatever information, knowledge or belief you have concerning the unproduced portions.

5.      If any of the documents requested below are claimed to be privileged or are otherwise withheld, you are requested to provide a privilege log which identifies: (i) the basis for

asserting the claim of privilege, and the precise ground on which the document is withheld; (ii) the type of document; (iii) the identity of the document's author(s) and its addressee(s), and every person who prepared or received the document or any portion thereof; (iv) the relationship of its author(s) and its addressee(s); (v) the title and other identifying data of the document; (vi) the date of the document; and (vii) the subject matter of the document and/or any attachment(s) to the document; (viii) the number of pages comprising the document; and (ix) whether the document is typewritten or handwritten.

6.      If a document is responsive to a request has been lost or destroyed, it should be identified as follows: (i) preparer, addressor (if different); (ii) addressee; (iii) each recipient and each person to whom distributed or shown; (iv) date prepared; (v) date transmitted (if different); (vi) date received; (vii) description of contents and subject matter; (viii) date of destruction; (ix) manner of destruction; (x) name, title and address of the person who directed that the document be destroyed and (if different) the person who destroyed the document; (xi) the reason for the document's destruction; (xii) the names of persons having knowledge of the destruction; and (xiii) a full description of the efforts made to locate the document.

7.      The documents or other things responsive to the requests shall be produced as they are kept in the usual course of business or shall be organized and labeled to correspond to the request to which they are responsive.

8.      All electronically stored information responsive to a request shall be produced in black and white, single-page TIFF (300 dpi, Group IV) or color JPEG format. The file names of the images should correspond to the appropriate Bates number, and should be accompanied by an OPT file mapping each Bates number with the associated image file. All corresponding metadata shall be produced in a DAT file, separated with consistent Concordance delimiters. All

corresponding document text (extracted text or optical character recognition OCR) information should be provided as document level text files with file names corresponding to the beginning Bates number of the document, and text files should be in plain text format (not Unicode or UTF).  Productions should be compatible with Concordance version 8.26. In addition, we reserve the right to request particular electronically stored information in another format, including native file format.

9.      Any document responsive to a request should be produced in and with a file folder and other document (e.g., envelope, file cabinet marker) in or with which the document was located when this request was served.

10.     All pages of any document(s) now stapled or fastened together should be produced stapled or fastened together.

11.     If it is otherwise not possible to produce any document called for by any request, or if any part of any request is objected to, the reasons for the objection should be stated with specificity as to all grounds and, for the convenience of the Court and the parties, each request should be quoted in full immediately preceding the objection.

12.     These document requests shall be deemed continuing and require further and supplemental production by University of Phoenix as and whenever University of Phoenix acquires, makes or locates additional documents between the time of the initial production and the time of final judgment in this action.

## DOCUMENTS TO BE PRODUCED

## REQUEST FOR PRODUCTION NO. 1:

Documents sufficient to show the conception, development, prototyping, testing, operation, design, manufacture, sales, marketing, features, structures, operations, theory and

principles of operation, and/or function of the University of Phoenix Online or any other University of Phoenix E-Learning System prior to March 30, 2002, including, but not limited to, datasheets, product specifications, diagrams, schematics, flow charts, engineering change forms, product briefs, product manuals, installation manuals, instruction manuals, development kits, starter kits, user guides, software (including diagnostic, installation, and prototype software), engineering notebooks, laboratory notebooks, log books, records books, memoranda, design reviews, progress reports, technical reports, drawings, schematics, diagrams, computer records, diaries, calendars, test results, invention disclosures, patent prosecution records, advertisements, brochures, articles, pamphlets, price lists, promotional materials, marketing materials, or presentations; and documents sufficient to identify your current or former employees most knowledgeable or familiar with the foregoing.

**REQUEST FOR PRODUCTION NO. 2:**

Documents sufficient to show the use, demonstration, sampling, marketing, sale, offer for sale, license, or offer for license of the University of Phoenix Online or any other University of Phoenix E-Learning System in the United States prior to March 30, 2002, including, but not limited to, marketing materials, promotional materials, brochures, sales materials, advertisements, or price lists.

**REQUEST FOR PRODUCTION NO. 3:**

All printed publications describing the University of Phoenix Online or any other University of Phoenix E-Learning System prior to March 30, 2002.

**REQUEST FOR PRODUCTION NO. 4:**

Documents sufficient to identify any of your patents concerning the University of Phoenix Online or any other University of Phoenix E-Learning System.

- 4 -

**REQUEST FOR PRODUCTION NO. 5:**

All documents and things describing the chat functionality of the University of Phoenix Online or any other University of Phoenix E-Learning System prior to March 30, 2002, including, but not limited to, any group or private chat functionalities; any text, voice, and video chat functionalities; and any media exchange capabilities.

**REQUEST FOR PRODUCTION NO. 6:**

All documents and things describing how a user is represented in the University of Phoenix Online or any other University of Phoenix E-Learning System prior to March 30, 2002, including, but not limited to, the user registration requirements, user registration process, user preferences/attribute storage, and the permissions required to view or modify the user representations.

**REQUEST FOR PRODUCTION NO. 7:**

All documents and things describing testing, user analysis, or certification capabilities of the University of Phoenix Online or any other University of Phoenix E-Learning System prior to March 30, 2002, including, but not limited to, the types of testing and analysis possible and any reports, graphs or other summaries capable of displaying tests or analysis results.

**REQUEST FOR PRODUCTION NO. 8:**

All documents and things describing the teaching or learning processes utilized by the University of Phoenix Online or any other University of Phoenix E-Learning System prior to March 30, 2002, including, but not limited to, any note taking, video display, quizzing, lecturing capabilities, or other teaching or learning processes.

**REQUEST FOR PRODUCTION NO. 9:**

All documents and things describing the process used for remuneration in the University of Phoenix Online or any other University of Phoenix E-Learning System prior to March 30, 2002, including, but not limited to, how users and/or instructors were charged and how payment was made.

**REQUEST FOR PRODUCTION NO. 10:**

All documents and things describing any search capabilities of the University of Phoenix Online or any other University of Phoenix E-Learning System prior to March 30, 2002, including, but not limited to, the ability to search for specific topics or users.

**REQUEST FOR PRODUCTION NO. 11:**

All documents and things referring or relating to the Patents-in-Suit or the Related Patents and Applications.

**REQUEST FOR PRODUCTION NO. 12:**

All documents and things referring or relating to any prior art, patentability, novelty, validity, enforceability, and/or infringement search, study, analysis, evaluation, investigation, or opinion concerning any of the subject matter disclosed or claimed by any of the Patents-in-Suit or Related Patents and Applications.

**REQUEST FOR PRODUCTION NO. 13:**

All documents and things referring or relating to IpLearn.