# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| IPLEARN, LLC,<br><br>                     Plaintiff,<br><br>    v.<br><br>KENEXA CORPORATION et al.,<br><br>                     Defendants. | C.A. No. 11-825-RGA |
| IPLEARN, LLC,<br><br>                     Plaintiff,<br><br>    v.<br><br>BLACKBOARD, INC.,<br><br>                     Defendant. | C.A. No. 11-876-RGA |
| IPLEARN, LLC,<br><br>                     Plaintiff,<br><br>    v.<br><br>K12, INC.,<br><br>                     Defendant. | C.A. No. 11-1026-RGA |

## JOINT STATUS REPORT
## IN RESPONSE TO THE COURT'S ORAL ORDER OF JULY 18, 2013

Plaintiff IpLearn, LLC ("IpLearn") and defendants Blackboard Inc., K12, Inc., Oracle Corporation, and Ultimate Software Group Inc. (collectively, "Defendants") submit this status report in response to the Court's July 18, 2013 Oral Order, which ordered the parties to "submit a

1

status report … that includes their thoughts on how to conduct the Markman Hearing on 9/30/2013."

### IpLearn's Position

Pursuant to the Court's Oral Order, IpLearn met and conferred with Defendants on how to conduct the Markman Hearing. Although IpLearn hoped to submit an agreed proposal to the Court on how to conduct the hearing, Defendants instead seek to transform the Court's Order as an opportunity to essentially move to limit the number of IpLearn's asserted claims. But in doing so, defendants conflate the three cases in an attempt to mischaracterize the scope of the issues, while ignoring the steps already taken by IpLearn (but not defendants) to narrow its issues. In the Blackboard case, IpLearn not only reduced the number of asserted patents, but also limited the number of asserted claims to eighteen even though the Court has allowed up to twenty. In the Kenexa case, IpLearn reduced the number of asserted claims to twenty-two. And in the K12 case, IpLearn reduced the number of asserted claims to fifteen, and stayed its claims for infringement of one of the asserted patents. In each case, IpLearn has asserted fewer claims than would be allowed under the recent Federal Circuit Advisory Council's Model Order Limiting Excess Patent Claims and Prior Art ("Model Order"), which allows up to thirty-two claims per case, and then sixteen claims after claim construction. *See* Ex. 1 at ¶¶ 2-3.

Nor do defendants practice what they preach. They have never made a reciprocal reduction to their issues. Rather, they inflate the number of issues by, for example, arguing that simple, non-technical terms, such as "rules," "retrieves," "recommendation," "company documents," "user," "attribute" "a report," and "computer-aided," require construction. And defendants have refused to reduce their over 180 prior art references even though the Model

Order envisions a reciprocal reduction in the number of prior art references (forty prior art references, and then twenty after claim construction).

Now putting aside defendants' attempt to use the Court's Oral Order as a vehicle to limit IpLearn's asserted claims, IpLearn proposes the following alternatives for how to conduct the Markman hearing:

1. A two-day hearing on up to 24 disputed terms, up to half being proposed by IpLearn and the other half by defendants; or

2. A one-day hearing on up to 14 disputed terms, up to half being proposed by IpLearn and the other half by defendants.

IpLearn submits that these alternatives will encourage both sides to focus on terms that truly need construction and that are material to the disputed issues. However, to the extent the Court is inclined to a further reduction of IpLearn's asserted claims at this time, IpLearn requests that the same numerical limits be imposed on the number of prior art references relied upon by defendants.

<u>Defendants' Position</u>

1. Status of the Cases and Scope of Claims Asserted by IpLearn

These three cases involve IpLearn's assertion of eleven patents and hundreds of claims against over a dozen distinct products developed, manufactured, and sold by four unrelated companies. To date, the parties have been able to agree to a preliminary narrowing of the cases in preparation for Markman and trial, but substantial further narrowing is still required. For example, Oracle and IpLearn stipulated in the first instance to narrow the number of asserted claims from over 100 to 22, and also agreed to limit the number of claim terms proposed for construction to 20. (D.I. 337). In addition, in light of the Court's statement in its Order concerning the foregoing stipulation that "[t]his does not mean that the Court will hear more than

3

ten (10) disputed claims at the Markman hearing," (D.I. 337 at 4), Oracle and IpLearn have further limited the number of disputed terms currently being briefed to thirteen. Oracle is hopeful that the parties will be able to further reduce the number of disputed terms in further meet-and-confer discussions at the completion of the Markman briefing. By way of comparison, IpLearn has not made any efforts to narrow the number of asserted claims against K12, and still continues to assert 15 claims over 2 patents.

Despite the preliminary narrowing, IpLearn's cases against Defendants still impose a significant burden on the Court and the parties in the Markman process, and are untriable in their current form. As shown in the chart below, IpLearn's assertions across the three cases as the parties prepare for the Markman hearing still include nine patents asserted against each of Oracle and Blackboard, only 6 of which overlap, and 2 patents asserted against K12. On top of the case management issues IpLearn has created by refusing to narrow the case to a reasonable number of asserted patents, IpLearn has inflicted a further burden on the Court and the parties by asserting 42 claims across the three cases, only two of which are asserted in all three cases, and 29 of which are asserted in only one case.

| *Asserted Patent* | *Oracle et al.* <br> **Case No. 11-825** | *Blackboard* <br> **Case No. 11-876** | *K12* <br> **Case No. 11-1026** |
|---|---|---|---|
| 6,126,448 | 1, 35 | - | - |
| 6,213,780 | 46, 47 | - | - |
| 6,685,478 | 51 | - | 1, 3, 4, 8, 9, 10, 11, 18, 35, 38 |
| 6,398,556 | 8, 28, 66, 74 | 8, 66, 74 | - |
| 5,779,486 | 1, 16, 17 | 41, 42 | - |

| *Asserted Patent* | *Oracle et al.* Case No. 11-825 | *Blackboard* Case No. 11-876 | *K12* Case No. 11-1026 |
|---|---|---|---|
| 6,688,888 | 9, 35 | 9 & 35 | 9, 10, 19, 20, 35 |
| 6,118,973 | 1, 23, 24 | 1 & 24 | - |
| RE38,432 | 66, 67 | 66, 67, 68, 69 | - |
| RE39,942 | 21, 40, 41 | 40, 41 | - |
| '208 | - | 1 | - |
| '358 | - | 1 | - |
| 5,934,909 |  | 1 |  |

Thus, despite Defendants' efforts to reduce the burden on the Court and the parties, these three cases have become increasingly difficult to manage and coordinate. One result of the overbreadth of IpLearn's assertions is a potentially unwieldy Markman process, unless IpLearn agrees to reduce the number of asserted patents and claims.

2.   Defendants' Proposal to Narrow the Case Prior to the Markman Hearing

In these cases, IpLearn has been in possession of Oracle's core technical document production for ten months, Oracle's invalidity contentions for five months, and has had access to Oracle's source code for almost four months. Likewise, IpLearn has been in possession of the majority of K12's core technical document production for over five months, K12's invalidity contentions for six months, and has had access to K12's source code for over nine months. Discovery is set to close in the Oracle and K12 cases on October 16th, just two weeks after the Markman hearing, and initial expert reports are due December 3rd. And, in the Blackboard case, discovery has already closed and initial expert reports have been exchanged. At this point,

5

IpLearn should be in a position to streamline its case to avoid unnecessarily burdening Defendants and the Court with issues that will not ultimately be pursued at trial.

    3.    Defendants' Proposal for Conducting the Markman Hearing

In view of the foregoing, Defendants propose the following in response to the Court's request for thoughts on how to conduct the Markman Hearing on September 30, 2013:

    a.    Increase the amount of time for the Markman Hearing to four hours total for all three cases.[1]

    b.    Concurrent with service of its reply claim construction brief on August 20, 2013, IpLearn shall limit the total number of asserted claims in each case to no more than ten claims, not to exceed 30 asserted claims across all three cases.

    c.    One week prior to the Markman Hearing, the parties shall submit to the Court a proposed agenda for covering the disputed terms included in the asserted claims, with the understanding that the total number of terms to be argued at the Markman Hearing shall not exceed 25.

    d.    Subject to the Court's approval, and any adjustments made by the Court, the Markman Hearing shall proceed according to the proposed agenda.

The Defendants also suggest that the Court encourage IpLearn to drop patents voluntarily so that the case can become of manageable size.

Dated: August 2, 2013

---

[1] Pursuant to the Scheduling Orders in these cases, Defendants will also make a letter submission to the Court seeking an additional hour for the Markman Hearing no later than August 9, 2013, the date on which Defendants respective answering briefs are due.

ActiveUS 113658411v.2

| | |
|---|---|
| */s/ Arthur G. Connolly III* <br> Arthur G. Connolly III (#2667) <br> Connolly Gallagher LLP <br> 1000 North West Street, Suite 1400 <br> Wilmington, Delaware 19801 <br> (302) 658-9141 <br> AConnollyIII@cblh.com <br><br> *Attorney for Plaintiff IpLearn, LLC* | */s/ Eve H. Ormerod* <br> Gregory E. Stuhlman (#4765) <br> Eve H. Ormerod (#5369) <br> Greenberg Traurig, P.A. <br> The Nemours Building <br> 1007 North Orange Street <br> Wilmington, DE 19801 <br> (302) 661-7000 <br> stuhlmang@gtlaw.com <br><br> *Attorneys for Defendant* <br> *Blackboard Inc.* |
| MORRIS, NICHOLS, ARSHT & TUNNELL LLP <br><br> */s/ Mary B. Graham* <br> Mary B. Graham (#2256) <br> Stephen J. Kraftschik (#5623) <br> 1201 N. Market Street <br> P.O. Box 1347 <br> Wilmington, DE 19899-1347 <br> (302) 658-9200 <br> mgraham@mnat.com <br> skraftschik@mnat.com <br><br> *Attorneys for Defendant* <br> *Oracle Corporation* | POTTER ANDERSON CORROON LLP <br><br> */s/ Philip A. Rovner* <br> Philip A. Rovner (#3215) <br> Jonathan A. Choa (#5319) <br> Hercules Plaza <br> P.O. Box 951 <br> Wilmington, DE 19899 <br> (302) 984-6000 <br> provner@potteranderson.com <br> jchoa@potteranderson.com <br><br> *Attorneys for Defendants* <br> *The Ultimate Software Group, Inc.* |

MORRIS, NICHOLS, ARSHT & TUNNELL LLP

*/s/ Jack B. Blumenfeld*
Jack B. Blumenfeld (#1014)
Michael J. Flynn (#5333)
1201 North Market Street
P.O. Box 1347
Wilmington, DE 19899
(302) 658-9200
jblumenfeld@mnat.com
mflynn@mnat.com

*Attorneys for Defendant K12 Inc.*

ActiveUS 113658411v.2