IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| IPLEARN LLC, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) C.A. No. 11-825 (RGA) |
| | ) |
| KENEXA CORPORATION, et al., | ) |
| | ) |
| Defendants. | ) |

**ORACLE CORPORATION'S FIRST 30(b)(6)
NOTICE OF DEPOSITION TO IPLEARN LLC**

TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE THAT, pursuant to Fed. R. Civ. P. 30(b)(6), Defendant Oracle Corporation ("Oracle") will take the deposition of Plaintiff IpLearn LLC ("IpLearn") at a date, time and location to be agreed upon by the parties, and continuing day-to-day until completed, weekends and holidays excepted.

Pursuant to Fed. R. Civ. P. 30(b)(6), IpLearn is required to designate one or more officers, directors, managing agents, or other persons with knowledge of the matters set forth in Schedule A of this notice to appear and testify on its behalf at the deposition. The person so designated shall testify as to matters known or reasonably available to IpLearn. IpLearn is requested to provide Oracle's counsel, as soon as reasonably possible, but no later than seven (7) business days before the deposition, written notice of the following: (1) the name and employment position of each designee who has consented to testify on behalf of IpLearn in response to this notice, and (2) on which topics as set forth in Schedule A each such designee will testify on behalf of IpLearn.

The examination will be taken before a Notary Public or other person authorized to administer oaths and will be recorded stenographically and by video. Real-time transcription

(e.g., LiveNote) may be used as well. Testimony derived pursuant to this Notice of Deposition shall be used for any and all appropriate purposes permitted by the Federal Rules of Evidence. You are invited to attend and cross-examine.

    MORRIS, NICHOLS, ARSHT & TUNNELL LLP

    */s/ Stephen J. Kraftschik*
    Mary B. Graham (#2256)
    Stephen J. Kraftschik (#5623)
    1201 N. Market Street
    P.O. Box 1347
    Wilmington, DE  19899-1347
    (302) 658-9200
    mgraham@mnat.com
    skraftschik@mnat.com
      *Attorneys for Oracle Corporation*

OF COUNSEL:

Mark D. Selwyn
WILMER CUTLER
PICKERING HALE AND DORR LLP
950 Page Mill Road
Palo Alto, CA  94304

Andrew B. Grossman
WILMER CUTLER
PICKERING HALE AND DORR LLP
350 South Grand Avenue, Suite 2100
Los Angeles, CA  90071

Peter O'Rourke
ORACLE CORPORATION
500 Oracle Parkway
Redwood Shores, CA  94065

August 15, 2013
7464447

## SCHEDULE A

## DEFINITIONS

The following definitions shall apply throughout these Topics, regardless of whether upper or lower case letters are used:

1. "Accused Oracle Product" shall mean any Product made or marketed by or on behalf of Oracle that, when made, used, offered for sale, sold, imported, or otherwise practiced in the United States (either by itself or in combination with other devices) by or on behalf of Oracle or any user, allegedly constitutes, practices, incorporates, or embodies a device, process, or method claimed in one or more of the Patents-in-Suit.  This definition includes without limitation any product made, manufactured, furnished, or sold that is accused of infringing one or more of the Patents-in-Suit, including those products listed in the Complaint and/or set forth in IpLearn's infringement contentions pursuant to Paragraphs 4(a) and 4(c) of the Court's Default Standard for Discovery, Including Discovery of Electronically Stored Information.

2. "Communication(s)" means the transmittal of information (in the form of facts, ideas, inquiries or otherwise).

3. "Consultant" means any individual who advised, was retained by, was paid by, or who represented a business entity, but was not an employee of that business entity.

4. "Date(s)" shall mean the exact date(s), if known, or the closest approximation to the exact date(s) as can be specified, including without limitation the year, month, week in a month, or part of a month

5. "Document(s)" has the broadest possible meaning permitted by Federal Rules of Civil Procedure Rules 26 and 34 and the relevant case law, and the broadest meaning consistent with the terms "writings" or "recordings" as set forth in Rule 1001 of the Federal Rules of

Evidence, and specifically and without limitation include tangible things and electronically stored information, including e-mail and information stored on computer disk or other electronic, magnetic, or optical data storage medium. "Document(s)" also includes all drafts or non-final versions, alterations, modifications, and amendments to any of the foregoing.

6. "IpLearn," "You," and "Your" refers to Plaintiff IpLearn LLC and all predecessors, successors, predecessors-in-interest, successors-in-interest, subsidiaries, divisions, parents, and/or affiliates, past or present, any persons or companies that have a controlling interest in Plaintiff, and any current or former employee, officer, director, principal, agent, consultant, representative, or attorney thereof, or anyone acting on their behalf.

7. "IpLearn," "You," and "Your" refers to Plaintiff IpLearn LLC and all predecessors, successors, predecessors-in-interest, successors-in-interest, subsidiaries, divisions, parents, and/or affiliates, past or present, any persons or companies that have a controlling interest in Plaintiff, and any current or former employee, officer, director, principal, agent, consultant, representative, or attorney thereof, or anyone acting on their behalf.

8. "Named Inventor(s)" shall mean the persons named as inventors on any of the Patents-in Suit:  (a) Peter P. Tong; (b) Chi Fai Ho; and (c) John P. Del Favero, Jr.

9. "Oracle" or "Defendant" means Defendant Oracle Corporation and its subsidiary entities, divisions, predecessors, successors, present and former officers, directors, employees, representatives, agents, and anyone acting on its behalf.

10. "Other Litigations" means any legal proceeding or any threatened legal proceeding—including any lawsuits, judicial proceedings, arbitrations, patent interference proceedings, appeals proceedings, reissue or reexamination proceedings or patent oppositions or cancellation proceedings—relating to any of the Patents-in-Suit or any Related Patents, IpLearn,

or its Predecessors-in-Interest, including but not limited to: *IpLearn LLC v. Blackboard, Inc.*, Case No. 11-876-RGA; *IpLearn LLC v. LearnShare, L.L.C.*, Case No. 11-869-RGA, *IpLearn LLC v. K12 Inc.*, 11-1026-RGA; *IpLearn, LLC v. Saba Software Inc.*, Case No. 5:02-cv-02634-JW; *IpLearn, LLC v. Click2learn.com, Inc.*, Case No. C04cv- 00685-DLJ; *IpLearn, LLC v. Plateau Systems, LTD.*, Case No. 2:06-cv-00299-TJW; *IpLearn, LLC v. SumTotal Systems, Inc.*, Case No. 4:02-cv-02636-DLJ; *IpLearn, LLC v. DigitalThink, Inc. et al.*, Case No. 4:02-cv-04114-PJH; *IpLearn, LLC v. Skillsoft Corporation*, Case No. 3:02-cv- 02632-JSW; and *IpLearn, LLC v. Learn.com, Inc., et al.*, Case No. 6:10-cv-00104-LED.

11.  "Patents-in-Suit" shall refer, individually and collectively, to U.S. Patent No. 6,126,448; U.S. Patent No. 6,213,780; U.S. Patent No. 6,398,556; U.S. Patent No. 6,685,478; U.S. Patent No. 5,779,486; U.S. Patent No. 6,118,973; U.S. Patent No. 6,688,888; U.S. Patent No. RE38,432; and U.S. Patent No. RE39,942, including any reexaminations thereof.

12.  "Person(s)" means any natural person or any business, legal or governmental entity or association and the officers, directors, employees, agents, consultants and attorneys thereof.

13.  "Product" shall mean a machine, apparatus, device, instrument, mechanism, appliance, or an assemblage of components/parts (either individually or collectively) that are designed to function together electrically, mechanically, chemically, or otherwise, including any of the foregoing offered for sale, sold, or under development.

14.  "Prior Art" means all publications, patents, physical devices, prototypes, products, uses, sales, offers for other activity concerning the subject matter of the Patents-in-Suit, or related United States or foreign patents, and existing on, or occurring at, a date such as to be relevant under any subdivision of 35 U.S.C. §§ 102 or 103.

15. "Relate to," "related to," and "relating to" shall mean in whole or in part concerning, reflecting, alluding to, mentioning, regarding, discussing, bearing upon, commenting on, constituting, pertaining to, demonstrating, describing, depicting, directly or indirectly relating to, summarizing, containing, embodying, showing, comprising, evidencing, refuting, contradicting, analyzing, identifying, stating, dealing with, and/or supporting.

16. "Related Patents" means any U.S. patent or patent application for which any applicant is also a named inventor on the Patents-in-Suit and/or that concerns the same or similar subject matter as the Patents-in-Suit, as well as any continuation, continuation in part, divisional, provisional, reexamination, reissue, or any other patent or patent application, whether domestic or foreign (including rejected, abandoned, or pending applications). Any Topic that concerns the "Related Patents" is meant to cover the Related Patents as a whole plus each and every individual patent and/or patent application for the Related Patents.

17. The use of a verb in any tense shall be construed as the use of the verb in all other tenses.

18. The use of the singular form of any word includes the plural and vice versa.

19. The singular is to be construed as including the plural and vice versa. "And" as well as "or" are to be construed either disjunctively or conjunctively to acquire the broadest meaning possible, so as to bring within the scope of the request all information that might otherwise be construed to be outside its scope. The term "all" is to be construed to mean "any" and "each" and vice versa.

20. "Including" shall be construed to mean "including, without limitation" or "including, but not limited to."

21. "Identify" means (1) when referring to a person, the person's full name, present or last known address and telephone number, and the last known title and place of employment; (2)

4

when referring to non-patent documents, the production number or type of document, its general nature and subject matter, date of creation, and all author(s), addresses(s), and recipient(s); (3) when referring to patent documents, the country, patent and/or application number, dates of filing, publications, and grant, and the names of patentees or applicants; and (4) when referring to a source or thing, sufficient information to identify the location, ownership, and nature of such source or thing.

22. "Describe" when used in relation to an act, event, instance, occasion, transaction, conversation, or communication, means (a) to state the date and place thereof; (b) to identify the individual participants; (c) to summarize separately for each individual participant what he said or did; and (d) to identify each document used or prepared in connection therewith or making any reference thereto.

## **TOPICS**

1. The problem(s) allegedly solved or improvements allegedly provided by each of the Patents-in-Suit.

2. The conception, creation, design, development, testing, assembly, manufacture, and reduction to practice of any invention or subject matter in the Patents-in-Suit or any Related Patents.

3. Any diligence toward reduction to practice of any invention or subject matter in each of the Patents-in-Suit or any Related Patents.

4. The research, design, development, structure, operation, use, drafting, coding, or performance of any model, prototype, product, service, or method relating to the invention or subject matter in each of the Patents-in-Suit or any Related Patents.

5. The structure, function and operation of the first actual reduction to practice of each claim of the Patents-in-Suit or any Related Patents.

6. The preparation, filing, or prosecution of the application for each of the Patents-in-Suit or any Related Patents.

7. The preparation, filing, and prosecution of the Patents-in-Suit or any Related Patents.

8. The alleged priority date for each claim of the Patents-in-Suit for purposes of 35 U.S.C. §§ 102(a) and (b), including all facts and circumstances related thereto.

9. The initial disclosure and commercialization of the inventions of each claim of the Patents-in-Suit and Related Patents, including without limitation the first disclosure; first public disclosure; first written description; first publication; first prototype; first testing; first use; first public use; first sale; first importation; and first offer for sale.

...

10. Any public use or any disclosure to third-parties of the inventions in each claim of the Patents-in-Suit or any Related Patents.

11. The first written description of any and all of the alleged inventions claimed in each of the Patents-in-Suit or any Related Patents.

12. Each design around, alternative manufacturing process, and/or alternative technology or method that can be used as a commercial alternative to the patented technology in each of the Patents-in-Suit or any Related Patents.

13. Each of the Named Inventors' understanding of any unique meaning of any word or phrase contained in any of the claims of each of the Patents-in-Suit or any Related Patents.

14. The promotion, marketing, or advertising of the alleged inventions claimed in each of the Patents-in-Suit or any Related Patents, or any resulting produce or process.

15. Any mode of practicing any invention or subject matter of each of the Patents-in-Suit, or any Related Patents, including but not limited to the best mode.

16. All facts and circumstances concerning the decision to seek patent protection for the alleged inventions of the Patents-in-Suit or any Related Patents.

17. The drafting, preparation, and prosecution of any application that led to the issuance of any Patent-in-Suit, including without limitation foreign counterparts, or any Related Patents.

18. Separately for each Patent-in-Suit or any Related Patents, the decision to disclose or not disclose prior art to the relevant patent office.

19. All facts and circumstances concerning the identification and determination of the Named Inventors for each claim of the Patents-in-Suit.

20. The contribution of any person to each claim of the Patents-in-Suit or any Related Patents.

21. Any actual or potential payment or other form of compensation or remuneration made to any person related to a Patent-in-Suit or any Related Patents, this litigation, or any proceeding related to any Patent-in-Suit or any Related Patents. This includes without limitation communications concerning an actual or potential payment.

22. All prior art or possible prior art to each claim of the Patents-in-Suit or any Related Patents.

23. Any prior art search conducted by IpLearn, or on IpLearn's behalf, that concerns any invention or subject matter of each of the Patents-in-Suit or any Related Patents.

24. All non-privileged analyses, evaluations, reports, or opinions, and the content thereof, conducted or prepared by IpLearn or on its behalf relating to the validity, enforceability, patentability, or scope of each of the Patents-in-Suit or any Related Patents.

25. Secondary considerations or other objective evidence of non-obviousness concerning of each of the Patents-in-Suit or any Related Patents, including without limitation the commercial success of, long-felt need for, commercial acquiescence, expressions of skepticism, copying, teaching away, successful or failed attempts by others, or simultaneous development of the inventions of the Patents-in-Suit or any Related Patents.

26. Any standards setting body or group that concerns any standard that pertains in any way to each of the Patents-in-Suit or any Related Patents, including without limitation proposals, presentations, guidelines, agreements, commitments, or contracts to or from such bodies.

27. The ownership, title, transfer, or assignment of any interest in the Patents-in-Suit or any Related Patents.

28. IpLearn's knowledge of any Oracle Accused Product prior to September 15, 2011.

29. Any studies, investigations, and/or challenges concerning the Patents-in-Suit or any Related Patents. This includes without limitation challenges to the validity or enforceability of any Patent-in-Suit or any Related Patents.

30. Facts and circumstances concerning any legal proceeding related to any Patent-in-Suit or any Related Patents, including without limitation, litigation, arbitration, mediation, dispute resolutions, contested proceedings, interferences, requests for reexamination, reissues, oppositions, charges of infringement, and challenges to validity. This includes without limitation facts and circumstances concerning any Other Litigation.

31. The date on which IpLearn made Oracle aware of its assertions of the Patents-in-Suit.

32. For each of the Patents-in-Suit, IpLearn's first knowledge of Oracle's alleged infringement of the patent, including without limitation the date(s) IpLearn first became aware of the alleged infringement by each Oracle product by each patent, and documents relating to IpLearn's knowledge of each alleged infringement.

33. IpLearn's decision not to file suit claiming infringement of any of the Patents-in-Suit until September 15, 2011.

34. The authorship and drafting history of the document with Bates label IPLEARNAV008407-18.

35. The purposes for which the document with Bates label IPLEARNAV008407-18 was created, and the setting in which the document arose.

36. The substantive content of the document with Bates label IPLEARNAV008407-18.

37. The authorship and drafting history of the document with Bates label IPLEARNAV008448-61.

38. The purposes for which the document with Bates label IPLEARNAV008448-61 was created, and the setting in which the document arose.

39. The substantive content of the document with Bates label IPLEARNAV008448-61.

40. The authorship and drafting history of the document with Bates label IPLEARNAV008403-06.

41. The purposes for which the document with Bates label IPLEARNAV008403-06 was created, and the setting in which the document arose.

42. The substantive content of the document with Bates label IPLEARNAV008403-06.

43. The authorship and drafting history of the document with Bates label IPLEARNAV009586-009663.

44. The purposes for which the document with Bates label IPLEARNAV009586-009663 was created, and the setting in which the document arose.

45. The substantive content of the document with Bates label IPLEARNAV009586-009663.

46. All communications with any Person concerning this litigation, any Patent-in-Suit, or any Related Patents.

47. The type, categories, and location of documents in IpLearn's possession related to the information requested in Topics 1-47.

48. The persons at IpLearn most knowledgeable about Topics 1-47.