# Morris, Nichols, Arsht & Tunnell llp

1201 North Market Street
P.O. Box 1347
Wilmington, Delaware 19899-1347

(302) 658-9200
(302) 658-3989 FAX

Stephen J. Kraftschik
(302) 351-9378
skraftschik@mnat.com

October 4, 2013

**BY ELECTRONIC FILING**                    EXHIBIT B CONFIDENTIAL –
                                            **FILED SEPARATELY UNDER SEAL**

The Honorable Richard G. Andrews
United States District Court
 for the District of Delaware
844 North King Street
Wilmington, DE 19801

      Re:    *IpLearn LLC v. Kenexa Corp., et al.*
            C.A. No. 11-825 (RGA)

Dear Judge Andrews:

Oracle Corporation ("Oracle") requests that the Court resolve the following discovery disputes with Plaintiff IpLearn LLC ("IpLearn"). IpLearn's refusal to provide the discovery described below has prejudiced Oracle with respect to its ability to develop its defenses. The full text of the discovery requests and responses in dispute are attached hereto as Exhibits A–D.

**I.     Request for Production No. 38 (Exhibit A)**

Oracle's Request for Production No. 38 seeks:

> All documents concerning the settlement of disputes, litigations, licenses, potential licenses, royalties, potential royalty rates, alleged damages, enforcement, assignment, or other transactions or potential transactions associated with the subject matter of the Patents-in-Suit.

By this request, Oracle seeks, among other things, negotiation documents related to settlements and/or licenses covering the patents-in-suit, including critical information pertaining to the negotiation of royalty rates and the corresponding royalty bases utilized, all of which have relevance to the determination of a reasonable royalty in this case. In particular, negotiation documents could shed light on how and why the parties reached their royalty agreements, and could provide guidance on whether some or all of the licenses should be considered a basis for calculating a reasonable royalty between Oracle and IpLearn. IpLearn has refused to produce documents responsive to this request based on Federal Rule of Evidence 408.

The Honorable Richard G. Andrews
October 4, 2013
Page 2

The Federal Circuit expressly rejected the exact position IpLearn is taking here in *In re MSTG*, 675 F.3d 1337 (Fed. Cir. 2012). The court held that "settlement negotiations related to reasonable royalty and damage calculations are not protected by a settlement negotiation privilege." *Id.* at 1348.[1] Critically, the court noted that Congress, in adopting Rule 408, directly addressed the admissibility of settlements and settlement negotiations, but in doing so did not take the additional step of protecting settlement negotiations from discovery. Thus, the Federal Circuit found that "[a]dopting a settlement privilege would…go further than Congress thought necessary to promote the public good of settlement, or in other words, to strike the balance differently from the one Congress has already adopted." *Id.* at 1344.

Accordingly, IpLearn cannot justify withholding this information which is relevant, at a minimum, to the determination of a reasonable royalty in this case. Accordingly, Oracle respectfully requests that the Court order IpLearn to produce all documents responsive to this request.

## II.    Interrogatory No. 7 (Exhibit B)

Oracle's Interrogatory No. 7 seeks the facts and circumstances surrounding IpLearn's first awareness of each of the accused Oracle products. The information sought by this request is critical to at least Oracle's defense of laches. IpLearn's response identifies only dates of first awareness, but fails to identify even the most basic information surrounding such knowledge such as the person(s) at IpLearn who became aware of each accused product, a description of the circumstances under which such person(s) became aware, a description of the relevant acts taken, or a description of any analyses performed.

As an initial matter, much of what is sought by this request is not privileged. However, IpLearn objects to supplementing its response on the basis that the information is protected by the attorney-client privilege and is attorney work product. In relying upon this objection, IpLearn hides behind the fact that its only business is to analyze, investigate, and attempt to enforce the patents-in-suit. While some of IpLearn's activities may certainly relate to litigation and legal advice, which may be privileged, much of IpLearn's activities center on its business objectives to license and enforce its patents, which should not be provided the same protections.

IpLearn's managing member, Peter Tong, performs multiple roles in the company, both business and legal. His role in evaluating patents and targets against which to assert those patents clearly involves a business function, and information and documents relating to this function cannot be blanketed under sweeping assertions of privilege simply because Mr. Tong is a lawyer. *See, e.g.*, *Diagnostics Systems Corp. v. Symantec Corp.*, C.A. No. 06-1211, D.I. 558 at 10 (C.D. Cal. Aug. 12, 2008) (copy attached at Exhibit E). If the Court were to adopt IpLearn's position with respect to the work product doctrine, virtually all activities engaged in by any non-practicing entity would be classified as "in anticipation of litigation" and would therefore be work product; such a sweeping application of the work product doctrine is unfounded and unprecedented.

---

[1] The Federal Circuit also held that the determination about whether a "settlement privilege" bars discovery of negotiation documents is a matter of Federal Circuit, rather than regional circuit, law. *Id.* at 1341.

The Honorable Richard G. Andrews
October 4, 2013
Page 3

### III.     Request for Production No. 9 (Exhibit C)

Request for Production No. 9 seeks communications relating to the patents-in-suit and any products allegedly covered by the patents-in-suit, including, but not limited to, communications with licensees (actual or potential), accused infringers, lenders, and creditors.

This request is relevant to the issues of infringement, validity, and damages, and is narrowly tailored to focus solely on communications involving the patents-in-suit. For example, the communications sought by this request may identify prior art, admissions concerning the scope of patent claims, or information relevant to determining a reasonable royalty in this case. IpLearn refuses to provide any discovery in response to this request, citing an undefined burden due to claimed "overbreadth." Exhibit F (Sept. 26, 2013 Letter from Hely to Wang). However, IpLearn has not identified any category of documents that may be improperly captured by this request. Nor has IpLearn proposed any narrowing of the request, based on its superior knowledge of the documents, that would provide the discovery sought without inadvertently capturing documents that may not be relevant to the issues in this case.

### IV.     Request for Production No. 6 (Exhibit D)

This request seeks documents pertaining to IpLearn's other litigations involving the patents-in-suit.[2] To date, IpLearn has produced only a small number of documents responsive to this request,[3] and has categorically refused to produce *any* documents related to infringement of the patents-in-suit. As a result, IpLearn has denied Oracle critical discovery regarding the scope of the claims now asserted against Oracle, despite admitting the relevance of such documents. *See* Exhibit F.

IpLearn's stated objection to producing these admittedly relevant documents is that, "they are covered by the protective orders of the related cases." *Id.* However, IpLearn has not identified the terms from the other cases' protective orders that purportedly bar the production of these materials in other legal proceedings. Nor has IpLearn provided any reasons why the Protective Order in this case is not sufficient, or proposed any additional terms for the Protective Order in this case to protect the confidentiality of the documents sought. *See Apple Inc. v. Samsung Electronics Co.*, C.A. No. 12-0630, D.I. 636 at 34–44 (N.D. Cal. June 26, 2013) (copy attached at Exhibit G).

\* \* \*

For the foregoing reasons, Oracle respectfully requests that the Court order IpLearn to provide the discovery identified above.

---

[2] IpLearn has filed at least ten other cases in which it asserted one or more of the patents-in-suit.

[3] IpLearn contends that it has completed its production of invalidity and claim construction materials. However, even for this limited production, many documents appear to be missing, including for example, deposition transcripts from witnesses in the *SumTotal* litigation, rebuttal expert reports served in the *Blackboard* litigation, invalidity claim charts served in the *Skillsoft* litigation, and discovery responses served in any of the related litigations.

The Honorable Richard G. Andrews
October 4, 2013
Page 4

                                      Respectfully,

                                      */s/ Stephen J. Kraftschik*

                                      Stephen J. Kraftschik (#5623)

SJK/dam
cc:      All Counsel of Record (by e-mail)

7622521