IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| IPLEARN LLC, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) C.A. No. 11-825 (RGA) |
| | ) |
| KENEXA CORPORATION, et al., | ) **REDACTED PUBLIC VERSION** |
| | ) **FILED 10/28/13** |
| Defendants. | ) |

## ORACLE CORPORATION'S OPENING BRIEF IN SUPPORT
## OF ITS MOTION FOR LEAVE TO AMEND ITS ANSWER

|  |  |
|---|---|
| | MORRIS, NICHOLS, ARSHT & TUNNELL LLP |
| | Mary B. Graham (#2256) |
| | Stephen J. Kraftschik (#5623) |
| | 1201 N. Market Street |
| | P.O. Box 1347 |
| | Wilmington, DE 19899-1347 |
| OF COUNSEL: | (302) 658-9200 |
| | mgraham@mnat.com |
| Mark D. Selwyn | skraftschik@mnat.com |
| WILMER CUTLER | *Attorneys for Oracle Corporation* |
| PICKERING HALE AND DORR LLP | |
| 950 Page Mill Road | |
| Palo Alto, CA 94304 | |

Andrew B. Grossman
WILMER CUTLER
PICKERING HALE AND DORR LLP
350 South Grand Avenue, Suite 2100
Los Angeles, CA 90071

Peter O'Rourke
Deok Keun Matthew Ahn
ORACLE CORPORATION
500 Oracle Parkway
Redwood Shores, CA 94065

October 15, 2013

# TABLE OF CONTENTS

Page

I. INTRODUCTION ..................................................................................................1

II. NATURE AND STAGE OF THE PROCEEDINGS .........................................2

III. SUMMARY OF THE ARGUMENT ...................................................................3

IV. STATEMENT OF FACTS ...................................................................................4

V. ARGUMENT .........................................................................................................6

    A. Good Cause Supports Leave To Amend Because Oracle Acted Diligently Upon Discovering Facts Underlying Its Defense Of Equitable Estoppel ...........................................................................................6

    B. Leave To Amend Should Be Freely Given .........................................................8

        1. Oracle's Proposed Amendment Is Not Futile ...........................................9

        2. Oracle's Proposed Amendment Will Not Prejudice IpLearn ...................10

VI. CONCLUSION ...................................................................................................11

# **TABLE OF AUTHORITIES**

Page(s)

**CASES**

*A.C. Aukerman Co. v. R.L. Chaides Constr. Co.*,
    960 F.2d 1020 (Fed. Cir. 1992) (en banc) ................................................................... 9, 10

*Agere Sys. Guardian Corp. v. Proxim, Inc.*,
    190 F. Supp. 2d 726 (D. Del. 2002) .................................................................................. 8

*Arthur v. Maersk, Inc.*,
    434 F.3d 196 (3d Cir. 2006) ............................................................................................. 8

*Aspex Eyewear Inc. v. Clariti Eyewear, Inc.*,
    605 F.3d 1305 (Fed. Cir. 2010) ........................................................................................ 9

*Bechtel v. Robinson*,
    886 F.2d 644 (3d Cir. 1989) ....................................................................................... 9, 10

*Bigband Networks v. Imagine Commc'ns, Inc.*,
    C.A. No. 07-351-JJF, 2010 WL 2898286 (D. Del. Jul. 20, 2010) .................................... 6

*Deghand v. Wal-Mart Stores, Inc.*,
    904 F. Supp. 1218 (D. Kan. 1995) .................................................................................... 7

*E. Minerals & Chems. Co. v. Mahan*,
    225 F.3d 330 (3d Cir. 2000) ............................................................................................. 6

*Foman v. Davis*,
    371 U.S. 178 (1962) ......................................................................................................... 8

*Oxaal v. Internet Pictures Corp.*,
    C.A. No. 00-1863, 2002 WL 485704 (N.D.N.Y. Mar. 27, 2002) .................................... 6

*Radio Systems Corp. v. Tom Lalor*,
    2013 U.S. App. LEXIS 4644 (Fed. Cir. Mar. 6, 2013) .................................................... 9

*Robinson v. Town of Colonie*,
    C.A. No. 91-1355, 1993 WL 191166 (N.D.N.Y. 1993) .................................................. 7

*Roquette Frères v. SPI Pharma, Inc.*,
    C.A. 06-540 (GMS), 2009 WL 1444835 (D. Del. May 21, 2009) ................................... 6

*Shane v. Fauver*,
    213 F.3d 113 (3d Cir. 2000) .......................................................................................... 8, 9

*Slip Track Sys., Inc. v. Metal-Lite, Inc.*,
   304 F.3d 1256 (Fed. Cir. 2002) ......................................................................................... 6

**RULES AND STATUTES**

Fed. R. Civ. P. 12(b) ................................................................................................................ 8, 9

Fed. R. Civ. P. 15(a) ........................................................................................................ 2, 3, 6, 8

Fed. R. Civ. P. 16(b) .................................................................................................................. 2, 6

Fed. R. Civ. P. 33(d) ...................................................................................................................... 5

D. Del. LR 15.1 .............................................................................................................................. 1

**I.     INTRODUCTION**

Defendant Oracle Corp. ("Oracle") requests leave to amend its Answer to add a defense of equitable estoppel against Plaintiff IpLearn LLC ("IpLearn"). Pursuant to D. Del. L.R 15.1, the proposed amended pleading (Ex. A) and a form of the amended pleading indicating the difference from Oracle's original Answer (Ex. B), are attached to Oracle's Motion filed contemporaneously herewith.

At every turn, IpLearn has done everything possible to deny Oracle the opportunity to investigate the facts concerning IpLearn's early knowledge of the accused Oracle products. Beyond having failed to provide any meaningful responses to Oracle's interrogatories *for over a year* on this subject, IpLearn waited until its primary corporate deposition just last month to produce critical information about ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓. Moreover, even though it had become clear that there was significant information on this issue that IpLearn was withholding, Oracle was forced to seek the Court's intervention to compel IpLearn to produce key discovery that will further bolster the record regarding ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓. With these newly discovered facts in hand, Oracle immediately sought to amend its Answer to add the defense of equitable estoppel.

Oracle has acted with diligence in seeking this amendment. During the 30(b)(6) deposition of IpLearn's witness Peter Tong on September 11–13, 2013, ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓. Oracle promptly investigated the impact of this testimony on its potential defenses, and based primarily on information learned during the deposition of Mr. Tong, Oracle now seeks to amend its Answer to

add a defense of equitable estoppel.[1] Oracle contacted IpLearn on October 1, 2013 to ask whether IpLearn would oppose Oracle's motion for leave (Ex. 1). IpLearn did not respond, and Oracle contacted IpLearn again on October 9, 2013 (Ex. 2). IpLearn finally acknowledged Oracle's request on October 11, 2013, but still did not advise whether it would consent to or oppose Oracle's motion for leave. Instead, IpLearn stated that should Oracle's estoppel defense "end up in the case, by party agreement or otherwise, it is IpLearn's position that fact discovery will need to be extended accordingly."[2] Because IpLearn's delay in producing key discovery satisfies the "good cause" showing required by the Rules of Civil Procedure, the Court should grant Oracle's motion. Fed. R. Civ. P. 15(a); 16(b).

## II. NATURE AND STAGE OF THE PROCEEDINGS

IpLearn filed this action for patent infringement on September 15, 2011 against Oracle and several other defendants alleging infringement of nine patents. D.I. 1. On October 5, 2011, plaintiff filed an amended complaint. D.I. 15. On July 16, 2012, Oracle filed its Answer and defenses. D.I. 180. The deadline for filing motions to amend pleadings was November 6, 2012. Fact discovery closes October 16, 2013. Dispositive motions are due no later than June 17, 2014, and trial is set for October 27, 2014. D.I. 181. IpLearn has not deposed any Oracle witnesses, and no dates for such depositions have been confirmed (although Oracle has offered dates for each witness noticed by IpLearn). In the event the Court finds that fact discovery should be extended for the limited purpose of discovery related to Oracle's defense of estoppel, Oracle respectfully

---

[1] Oracle believes that additional information relevant to its estoppel defense will become known after IpLearn complies with the Court's Order during the October 8, 2013 Discovery Hearing to supplement its interrogatory response concerning IpLearn's awareness of Oracle's products prior to filing its Complaint. October 8, 2013 Discovery Hearing Tr. at 17:17–18:2.

[2] Oracle advised IpLearn that it also would move to add a defense of waiver. However, at this time, Oracle is seeking only to amend its Answer to add a defense of estoppel.

submits that the trial date and the date for dispositive motions in this case do not need to be modified.

### III. SUMMARY OF THE ARGUMENT

1. Oracle brings this motion to amend its Answer to add an affirmative defense that IpLearn's patents are unenforceable against Oracle based on the doctrine of equitable estoppel.

2. Oracle's motion should be allowed because Oracle only recently learned of the facts necessary to plead this defense; namely, ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ Oracle thus has good cause to request an amendment at this time because the underlying facts were not disclosed to Oracle until last month, and upon discovering these facts, Oracle acted diligently to seek leave to amend.

3. Under Rule 15(a) of the Federal Rules of Civil Procedure, leave to amend should be granted because Oracle's requested amendment is not futile and would not prejudice Iplearn.

4. Oracle's proposed amendment is not futile because these recently discovered facts demonstrate ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮.

5. Oracle's proposed amendment would not prejudice Iplearn because the material facts underlying this defense are already in IpLearn's possession or readily available from Oracle's public website and document production Indeed, IpLearn has yet to take a single deposition in this case, and thus has ample opportunity to examine Oracle's witnesses on facts relevant to Oracle's defense.

**IV. STATEMENT OF FACTS**

On September 15, 2011, IpLearn filed a complaint against Oracle asserting nine patents that generally relate to well-known functionality in recruiting and e-learning applications that have been used for decades. D.I. 1.

On July 12, 2012, Oracle served on IpLearn Interrogatory No. 7, which requested that IpLearn identify the facts and circumstances concerning when IpLearn first became aware of each of the accused products, including the dates of first awareness and a description of relevant acts taken after gaining such awareness. Ex. 3 (July 12, 2013 Interrogatory No. 7).



IpLearn did not provide any other facts or details surrounding its first awareness, such as the actions it took after it first became aware. Following a meet and confer, Oracle sought relief from the Court compelling IpLearn to provide a complete response to Oracle's Interrogatory No. 7. On October 8, 2013, the Court held a discovery hearing and ordered IpLearn to provide additional information. October 8, 2013 Discovery Hearing Tr. at 17:17–18:2.

- 4 -





## V. ARGUMENT

### A. Good Cause Supports Leave To Amend Because Oracle Acted Diligently Upon Discovering Facts Underlying Its Defense Of Equitable Estoppel

Courts are to balance the Rule 15(a) standard for amendment of pleadings with the standard under Rule 16(b) for modifying the Court's Scheduling Order. *E. Minerals & Chems. Co. v. Mahan*, 225 F.3d 330, 340 (3d Cir. 2000). Rule 16(b) requires a showing of "good cause" by the movant to modify a scheduling order. This good cause element focuses on the diligence of the moving party rather than on prejudice to the opposing party. *Roquette Frères v. SPI Pharma, Inc.*, C.A. 06-540 (GMS), 2009 WL 1444835, at *4 (D. Del. May 21, 2009) (citing *Slip Track Sys., Inc. v. Metal-Lite, Inc.*, 304 F.3d 1256, 1270 (Fed. Cir. 2002)).

Good cause is present because Oracle could not have amended its Answer to include its equitable estoppel defense prior to the Court's deadline to amend pleadings. *Bigband Networks v. Imagine Commc'ns, Inc.*, C.A. No. 07-351-JJF, 2010 WL 2898286, at *2 (D. Del. Jul. 20, 2010) ("Good cause exists when the schedule cannot reasonably be met despite the diligence of the party seeking the extension.") (citing Fed. R. Civ. P. 16(b)(4) Advisory Committee's Notes (1983 amendments)); *see also Oxaal v. Internet Pictures Corp.*, C.A. No. 00-1863, 2002 WL 485704, at *1 (N.D.N.Y. Mar. 27, 2002) ("good cause to extend deadline to amend pleadings

- 6 -

[was] found one year after deadline had passed where party learned of basis for amendment during discovery") (citing *Robinson v. Town of Colonie*, C.A. No. 91-1355, 1993 WL 191166, at *3 (N.D.N.Y. 1993)); *Deghand v. Wal-Mart Stores, Inc.*, 904 F. Supp. 1218, 1220–21 (D. Kan. 1995).

███████████████████████████████████████████

███████████████████████████████████████████

███████████████████████████████████████████

██████████████ Neither of IpLearn's interrogatory responses disclosed any details about the facts and circumstances surrounding IpLearn's first awareness of the accused products, much less any facts sufficient for Oracle to investigate a potential defense of equitable estoppel.

███████████████████████████████████████████

████████████████████   ████████████████████

███████████████████████████████████████████

███████████████████████████████████████████

███████████████████████████████████████████

███████████████████████████████████████████

██████

███████████████████████████████████████

███████████████████████████████████████████

███████████████████████████████████████████

████████████████████

Finally, additional facts relevant to Oracle's defense of equitable estoppel are likely to become known once IpLearn complies with the Court's Order during the October 8, 2013 discovery. October 8, 2013 Discovery Hearing Tr. at 17:17–18:2. In view of this Order, IpLearn is required to provide additional information concerning its first awareness of the accused Oracle products in this case, and steps taken by IpLearn following such first awareness.

███████████████████████████████████████

███████████████████████████████████████

███████████████████████████████████████

IpLearn's failure to provide discovery sought by Oracle's Interrogatory No. 7, and this Court's order compelling IpLearn to provide that information shortly, provide further good cause in support of Oracle's proposed amendment.

### B. Leave To Amend Should Be Freely Given

Pursuant to Rule 15(a) of the Federal Rules of Civil Procedure, leave to amend pleadings "shall be freely given when justice so requires." Although the Court's decision to grant leave is in its discretion, the Supreme Court has instructed that leave to amend shall be freely granted "in the absence of . . . undue delay, bad faith or dilatory motive on the part of the movant . . . undue prejudice to the opposing party by virtue of allowance of the amendment, futility of the amendment, etc." *Foman v. Davis*, 371 U.S. 178, 182 (1962); *Arthur v. Maersk, Inc.*, 434 F.3d 196, 203 (3d Cir. 2006). To assess the futility of a proposed amendment, courts apply the standard for legal sufficiency under Rule 12(b)(6). *Shane v. Fauver*, 213 F.3d 113, 115 (3d Cir. 2000). That is, an amendment is futile when it fails to state a claim or defense upon which relief may be granted. *Id.* This standard requires the court to deny leave only where "it is it is clear to the court . . . that a claim has no possibility of succeeding on the merits." *Agere Sys. Guardian*

*Corp. v. Proxim, Inc.*, 190 F. Supp. 2d 726, 736 (D. Del. 2002). To show prejudice, a non-moving party "must do more than merely claim prejudice; it must show that it was unfairly disadvantaged or deprived of the opportunity to present facts or evidence which it would have offered had the amendments been timely." *Bechtel v. Robinson*, 886 F.2d 644, 652 (3d Cir. 1989).

### 1. Oracle's Proposed Amendment Is Not Futile

Oracle's defense of equitable estoppel is not "futile"—that is, the amendment states defenses upon which relief may be granted and which would survive a Rule 12(b)(6) motion to dismiss. *Shane*, 213 F.3d at 115. Oracle may assert equitable estoppel against IpLearn because ████████████████████████████████████████████████████ *A.C. Aukerman Co. v. R.L. Chaides Constr. Co.*, 960 F.2d 1020, 1028 (Fed. Cir. 1992) (en banc) (misleading conduct may include "inaction, or silence where there was an obligation to speak").

IpLearn cannot now argue that Oracle's equitable estoppel defense would be futile. In two recent cases, the Federal Circuit found that silence by a patent owner after an alleged infringer has declined a license can give rise to equitable estoppel. In *Aspex Eyewear Inc. v. Clariti Eyewear, Inc.*, the Court applied equitable estoppel to bar an infringement claim where the patentee was silent for three years and five months after the alleged infringer denied infringement. 605 F.3d 1305, 1308–10 (Fed. Cir. 2010). Earlier this year, in *Radio Systems Corporation v. Tom Lalor*, the Federal Circuit again applied equitable estoppel to dismiss an infringement claim where the patentee was silent for four years and nine months after the alleged infringer denied that the patent was valid. 2013 U.S. App. LEXIS 4644, *1–5 (Fed. Cir. Mar. 6,

2013). At a minimum, Oracle may assert a defense of equitable estoppel because ███████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████

### 2. Oracle's Proposed Amendment Will Not Prejudice IpLearn

Oracle's proposed amendment will not prejudice IpLearn because the material facts underlying this defense are in IpLearn's possession or readily available from Oracle's public website and document production in this case. Notably, IpLearn has failed to identify any anticipated prejudice that it would suffer, and did not even raise prejudice as a basis for opposing Oracle's Motion. In fact, IpLearn cannot show that it would suffer any such prejudice, *i.e.*, that it would be "unfairly disadvantaged or deprived of the opportunity to present facts or evidence which it would have offered had the amendments been timely." *Bechtel*, 886 F.2d at 652.

As an initial matter, substantial facts relevant to Oracle's assertion of estoppel—such as dates of awareness, IpLearn's activities in the time between becoming aware of Oracle's accused products and filing the Complaint, Oracle product releases and product documents, Oracle's publicly reported sales figures—are in IpLearn's possession or readily available to IpLearn on Oracle's public website, in Oracle's public filings, and in Oracle's document production in this case. Moreover, IpLearn has yet to take a single deposition in this case, and thus has ample opportunity to examine Oracle's witnesses on facts relevant to Oracle's defense.

If any party stands to suffer prejudice, it would be Oracle. If Oracle is not permitted to assert estoppel, Oracle will be unable to present evidence to the Court that IpLearn's patents are unenforceable against Oracle. *A.C. Aukerman Co.*, 960 F.2d at 1028 ("Three elements must be established to bar a patentee's suit by reason of equitable estoppel: The patentee . . . leads the alleged infringer to infer that the patentee does not intend to enforce its patents . . . . The alleged

infringer relies on that conduct . . . . Due to its reliance, the alleged infringer will be materially prejudiced if the patentee is allowed to proceed with its claim.").

## VI. CONCLUSION

For the foregoing reasons, Oracle requests that the Court grant this motion.

MORRIS, NICHOLS, ARSHT & TUNNELL LLP

*/s/ Mary B. Graham*

Mary B. Graham (#2256)
Stephen J. Kraftschik (#5623)
1201 N. Market Street
P.O. Box 1347
Wilmington, DE 19899-1347
(302) 658-9200
mgraham@mnat.com
skraftschik@mnat.com
   *Attorneys for Oracle Corporation*

OF COUNSEL:

Mark D. Selwyn
WILMER CUTLER
PICKERING HALE AND DORR LLP
950 Page Mill Road
Palo Alto, CA 94304

Andrew B. Grossman
WILMER CUTLER
PICKERING HALE AND DORR LLP
350 South Grand Avenue, Suite 2100
Los Angeles, CA 90071

Peter O'Rourke
Deok Keun Matthew Ahn
ORACLE CORPORATION
500 Oracle Parkway
Redwood Shores, CA 94065

October 15, 2013
7668811