# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| IPLEARN, LLC,<br><br>                          **Plaintiff,**<br>     v.<br><br>ORACLE CORPORATION *et al.*,<br><br>                          **Defendants.** | **Civil Action No. 11-825-RGA** |

### IPLEARN'S ANSWERING BRIEF IN OPPOSITION TO DEFENDANT ORACLE CORPORATION'S MOTION FOR LEAVE TO AMEND ITS ANSWER

Of Counsel:

Marc A. Fenster, CA Bar No. 181067
E-mail: mfenster@raklaw.com
Benjamin T. Wang, CA Bar No. 228712
E-mail: bwang@raklaw.com
Fredricka Ung, CA Bar No. 253794
E-mail: fung@raklaw.com
Russ August & Kabat
12424 Wilshire Boulevard, 12th Floor
Los Angeles, CA  90025-1031
(310) 826-7474 (phone)
(310) 826-6991 (fax)

Arthur G. (Chip) Connolly, III (#2667)
Ryan P. Newell (#4744)
Connolly Gallagher LLP
1000 North West Street, Suite 1400
Wilmington, DE  19801
(302) 302-888-6318 (phone)
(302) 757-7299 (fax)
aconnolly@connollygallagher.com
rnewell@connollygallagher.com

Attorneys for Plaintiff,
IpLearn, LLC

November 4, 2013

## I. INTRODUCTION

Oracle Corporation ("Oracle") waited over two years after IpLearn, LLC ("IpLearn") filed this lawsuit, almost a year after the deadline to amend pleadings, and until the eve before the close of fact discovery to seek leave to amend its Answer to add an affirmative defense of equitable estoppel. Oracle's claim that it only recently discovered information supporting this affirmative defense is undermined by the fact that the basis for its defense is a letter from 2005 *in which Oracle was the recipient*.

Indeed, Oracle's knowledge of the purportedly recently discovered evidence justifying this late motion goes back even further to letters sent in 2004, and, at the latest, to evidence that was provided to Oracle in this very litigation as early as January 9, 2012. *See* D.I. 118 & 118-1. As explained further below, the factors for determining whether leave to amend should be granted weigh in favor of denying Oracle's motion. Not only did Oracle unduly delay in requesting leave to amend its Answer, but the proposed amendment is futile and would cause unfair prejudice to IpLearn, especially in light of Oracle's refusal to provide witnesses on its affirmative defenses, and because fact discovery has closed, and Oracle refuses to consider amendments to the case schedule. Accordingly, IpLearn respectfully requests that the Court deny Oracle's motion.

## II. ORACLE'S MOTION TO AMEND SHOULD BE DENIED

### A. Oracle's Basis For Relief Was Known To It As Early As 2004

Oracle claims that "[f]acts sufficient to plead equitable estoppel only became known following IpLearn's 30(b)(6) deposition in September 2013." Oracle Opening Br. at 7. Oracle states that this purportedly new evidence was a February 24, 2005 letter from IpLearn to Oracle that IpLearn produced, and testimony of Mr. Peter Tong as a 30(b)(6) deponent for IpLearn, both of which took place in September 2013. *Id.* at 7. In the first instance, Oracle does not refute that the February 2005 letter was sent to and received by Oracle. Indeed, Oracle responded to that letter on May 12, 2005. *See* Oracle Opening Br., Ex. 6 (May 12, 2005 Letter from Pogodin to Tong). Thus, it is indisputable that the very evidence on which Oracle relies in support of its

proposed amendment and claims to have only recently received has been in its possession since 2005. Oracle itself produced the responsive letter in this litigation. *Id.* (bearing an Oracle Bates stamp). There is therefore no merit to Oracle's claim that it was previously unaware of any grounds for an equitable estoppel defense until just last month.

Second, as discussed below, a necessary element of the affirmative defense of equitable estoppel, which Oracle seeks to add, is reliance. As this Court stated during the October 8, 2013 discovery hearing with regards to this defense: "And, so, a discovery that is geared towards end, because after all, the reliance part, that's you all, that's not them, right?" Ex. C (Oct. 8, 2013 Hearing Tr., at 14:1-3). For Oracle to argue that it has relied upon IpLearn's statements, actions, or purported inactions necessarily requires that Oracle had knowledge of such. But if Oracle did so rely, and thus has a basis for its affirmative defense, then its motion to amend is indisputably untimely.

Third, not only did Oracle itself already have possession of the February 2005 letter that it claims is the basis for its purported diligence in bringing this amendment, but that letter is nearly identical to other letters Mr. Tong sent to Oracle on August 20, 2004 and July 21, 2004. *Compare* Ex. A (Aug. 20, 2004 Letter from Tong to Prasad) *and* Ex. B. (July 21, 2004 Letter from Tong to Fitzgerald) *with* Oracle Opening Br., Ex. 8 (Feb. 24, 2005 Letter from Tong to Prasad). These two letters were exhibits to IpLearn's Opposition to Oracle's Motion to Dismiss (D.I. 118, Exs. 1-2), and as such Oracle at least had them in its possession since January 9, 2012. So even if for some unknown reason Oracle did not come into possession of the February 2005 letter until recently, Oracle had at least two other letters that provided the same substantive information as early as 2004, and at the latest nearly two years ago.

Each of the letters that IpLearn sent to Oracle in 2004 and 2005 lists some of IpLearn's patents that IpLearn thought Oracle might be interested in, and expressed a desire to work with Oracle, through licensing the patents, or partnering with Oracle, etc. But none of the letters suggests that any Oracle product is practicing any of the listed patents, let alone the patents asserted against Oracle in this litigation. This is unsurprising because, as expressed in the very

30(b)(6) testimony that Oracle argues brought to light this new defense, at the time these letters were drafted, IpLearn had no knowledge of whether any Oracle products infringed its intellectual property.  *See* Oracle Opening Br., Ex. 9 (Tong Depo. Tr. Vol II.) at 588:20-589:9 ("Q.  In February of 2005, did you have any reason to believe that PeopleSoft Enterprise Learning Management Suite used any of the patents -- any of IpLearn's patents?  A. I have no idea if they used or did not use.  Q. Have you ever analyzed a product called PeopleSoft Enterprise Talent Acquisition Manager?  A.  No. I have not analyzed the PeopleSoft Enterprise Talent.  I might -- I might have seen the name, because I know I saw some enterprise -- PeopleSoft Enterprise Talent acquisition.  I saw the name, but I have not analyzed it at all.").

As each of the 2004 letters provided the same information to Oracle as the February 2005 letter, Oracle has had knowledge of the underlying facts since before IpLearn filed this litigation. Oracle's delay of over two years after the filing of this litigation, almost a year after the deadline to amend pleadings, and until the very end of fact discovery to seek to amend its answer to add the affirmative defense of equitable estoppel based on information it has had in its possession since 2004 is undue and unjustifiable.  Oracle's motion to amend its answer to add this affirmative defense should thus be denied.  *See Asahi Glass Co. v. Guardian Indus. Corp.*, 276 F.R.D. 417, 420-421(D. Del. 2001) (denying defendant's request to add a new affirmative defense six months after the deadline to amend the pleadings and after the close of fact discovery because the timeline "inherently" prejudiced plaintiff).

      **B.**    **Oracle's Proposed Amendment Is Futile**

"Three elements must be established to bar a patentee's suit by reason of equitable estoppel: a. The patentee, through misleading conduct, leads the alleged infringer to reasonably infer that the patentee does not intend to enforce its patent against the alleged infringer. 'Conduct' may include specific statements, action, inaction, or silence where there was an obligation to speak.  b. The alleged infringer relies on that conduct.  c. Due to its reliance, the alleged infringer will be materially prejudiced if the patentee is allowed to proceed with its claim." *A.C. Aukerman Co. v. R.L. Chaides Constr. Co.*, 960 F.2d 1020, 1028 (Fed. Cir. 1992)

4

(en banc). Even accepting all factual allegations in Oracle's motion as true, and considering them in the light most favorable to Oracle, Oracle cannot meet *any* of these three elements. In fact, Oracle's proposed amendment is as bare bones as it gets. *See Sun Microsystems, Inc. v. Versata Enters.*, 630 F. Supp. 2d 395, 408-409 (D. Del. 2009) (striking defendant's defense of equitable estoppel because "Versata's conclusory allegations of Sun's 'misleading, deceptive, and unlawful conduct' is inadequate to plead an equitable estoppel defense").

      To meet its burden as to this affirmative defense, Oracle must show that it has relied on IpLearn's conduct after IpLearn sent the letters in 2004 and 2005. Indeed, reliance is the critical element of the equitable estoppel defense. *See Hemstreet v. Computer Entry Systems Corp.*, 972 F.2d 1290, 1294-1295 (Fed. Cir. 1992) (reversing summary judgment of estoppel because of "a total absence in the record of any showing by CES that its activities were in reliance upon supposed actions of Hemstreet, rather than a business judgment of its own -- a judgment which subsequent events may well prove to have been faulty"); *Syntex (U.S.A.) Inc. v. Paragon Optical, Inc.*, 1987 U.S. Dist. LEXIS 14544 (D. Ariz. Nov. 23, 1987) ("To support a defense of estoppel, defendants must prove that they detrimentally relied upon Syntex' inaction after 'notice threatening prompt and vigorous enforcement of the patent' … , by making 'heavy capital investment [sic] sin its facilities in order to expand production connected with the alleged infringing article.'" (quoting *Studiengesellschaft Kohle v. Eastman Kodak Co.*, 616 F.2d 1315, 1326-27 (5th Cir. 1980)).

      Oracle must show that it detrimentally relied on IpLearn's statements, actions, or purported inactions, "rather than a business judgment of its own." *Hemstreet*, 972 F.2d at 1295. If Oracle has relied on IpLearn's conduct, or silence, from 2004 or 2005, it must necessarily have known about it since then. If it only discovered the conduct now, Oracle could not have relied upon it all these years, and cannot meet its burden as to this element. No discovery from IpLearn can alter this fact – as discussed above, this Court noted that reliance evidence must of course be in Oracle's possession. Oracle fails to address this inherent paradox. If its amendment is not futile, then Oracle has by definition unduly delayed in bringing this defense and it should not be

5

allowed.  On the other hand, if the amendment was timely, then the elements cannot be met and it is futile.

Oracle's position has an even more fundamental flaw: there was no conduct that could conceivably lead Oracle to believe that IpLearn had no intention of enforcing the patents-in-suit against it.  The letter Oracle cites to, or any purported "silence" thereafter, cannot be that conduct because, until IpLearn filed this suit, IpLearn never alleged or even suggested that Oracle was infringing its intellectual property, let alone the patents-in-suit.  Instead, the letters merely offer to engage Oracle in licensing discussions.  There were no accusations of infringement, no suggestion of infringement, no objections to Oracle's activities, and no statements from which Oracle might reasonably infer that IpLearn was aware of *any* infringing activity on the part of Oracle.  In other words, this is far from the case where "[t]he patentee's conduct … support[s] an inference that the patentee did not intend to press an infringement claim against the alleged infringer …. [,] [where] [t]he alleged infringer … know[s] or reasonably … infer[s] that the patentee has known of the former's activities for some time[,] [or where,] [i]n the most common situation, the patentee specifically objects to the activities currently asserted as infringement in the suit and then does not follow up for years."  *A.C. Aukerman Co.*, 960 F.2d at 1042.

The Federal Circuit's decision in *Meyers v. Asics Corp.*, 974 F.2d 1304 (Fed. Cir. 1992) is controlling.  In fact, the letters sent to Oracle are analogous to the letter in *Meyers*, which the Federal Circuit found to be "merely an invitation to enter into a business relationship; it neither threatens litigation nor conveys the impression that Meyers would acquiesce in Hyde's alleged infringement." *Id.* at 1309.  In addition, IpLearn's silence after it sent the letters to Oracle in 2004 and 2005, in itself, cannot constitute misleading conduct.  *See id.* at 1308-1309 ("'We do not believe that a suggestion of infringement coupled with an offer to license followed by silence would suffice to establish equitable estoppel.  'Silence alone is not sufficient affirmative conduct to give rise to estoppel.'  … 'In the cases that have applied intentionally misleading silence in the patent infringement context, a patentee threatened immediate or vigorous enforcement of its patent right but then did nothing for an unreasonably long time.'").

6

The cases Oracle cites are inapposite. For example, in *Aspex Eyewear Inc. v. Clariti Eyewear, Inc.*, the patentee wrote several letters to the defendant that included an express accusation of patent infringement. The patentee was then silent for over three years after receiving defendant's response denying infringement. 605 F.3d 1305, 1308-1309 (Fed. Cir. 2010). Similarly, in *Radio Systems Corporation v. Tom Lalor*, the patentee wrote a demand letter stating, "Innotek's UltraSmart collar infringed the '014 patent and that Innotek must take a license," to which Innotec responded that "its 'Elite Receiver' collar was 'prior art [that] invalidates the claims of the '014 patent." 709 F.3d 1124, 1126 (Fed. Cir. 2013). Silence then followed for several years. These are far different circumstances than the non-threatening licensing and/or partnership requests by IpLearn, and the response from Oracle declining such requests.

Oracle's affirmative defense cannot conceivably meet *any* of the three elements necessary for a finding of equitable estoppel. As such, its amendment would be futile.

### C. Oracle's Proposed Amendment Would Lead to Substantial Prejudice Against IpLearn

IpLearn would be unfairly prejudiced if the Court were to permit Oracle to amend its Answer to include an affirmative defense of equitable estoppel at this late stage in the litigation. The lawsuit has been pending for over two years, the deadline for amending the pleadings passed over a year ago, and fact discovery is now closed. In addition, despite the Court's request, Oracle is the only defendant in the three related cases to refuse to consider amendments to the case schedule. *See, e.g.,* Oracle Opening Br. at 2-3 ("Oracle respectfully submits that the trial date and the date for dispositive motions in this case do not need to be modified."). Oracle's position regarding the schedule exacerbates the prejudice to IpLearn because, as this Court already noted, any evidence regarding the critical element of Oracle's proposed affirmative defense – reliance – would be in Oracle's control. Because Oracle waited until the eve before the close of fact discovery to seek to amend its Answer, IpLearn will not be able to serve any discovery regarding Oracle's proposed affirmative defense.

Further, Oracle's assertion that IpLearn "has ample opportunity to examine Oracle's witnesses on facts relevant to Oracle's defense" is false.  In response to IpLearn's 30(b)(6) deposition notice, Oracle states that it will <u>not</u> provide a witness on the topic that seeks information regarding "[t]he facts supporting and contradicting [Oracle's] affirmative defenses." Ex. D (Oracle's Objections and Responses to IpLearn's Notice of Deposition of Oracle), at 16.[1]

As Oracle would have it, IpLearn will have no ability to obtain evidence regarding Oracle's proposed equitable estoppel affirmative defense.  This is a textbook example of a situation in which IpLearn has been "unfairly disadvantaged or deprived of the opportunity to present facts or evidence which it would have offered had the amendments been timely." Oracle Opening Br. at 10 (quoting *Bechtel v. Robinson*, 886 F.2d 644, 652 (3d Cir.1989).

## III. CONCLUSION

For the foregoing reasons, IpLearn respectfully requests that the Court deny Oracle's motion to amend.  Should the Court grant Oracle's motion, IpLearn requests that it be permitted to take additional written and testimonial discovery regarding the defense, including through the 30(b)(6) deposition of Oracle.

---

[1] Oracle notes that IpLearn has yet to take its depositions in this case.  Oracle Opening Br. at 10. While notices were timely served, scheduling the depositions of Oracle witnesses has been problematic due to the number of potential witnesses Oracle has listed in its Initial Disclosures and Interrogatory Responses, the dispersed locations of these witnesses (ranging from Palo Alto, CA to Montreal, Canada, to Amsterdam, The Netherlands, to Bangalore, India, etc.), and Oracle's inability to provide IpLearn with a full listing of its 30(b)(6) designees.

November 4, 2013

Of Counsel:

Marc A. Fenster, CA Bar No. 181067
E-mail: mfenster@raklaw.com
Benjamin T. Wang, CA Bar No. 228712
E-mail: bwang@raklaw.com
Fredricka Ung, CA Bar No. 253794
E-mail: fung@raklaw.com
Russ August & Kabat
12424 Wilshire Boulevard, 12th Floor
Los Angeles, CA  90025-1031
(310) 826-7474 (phone)
(310) 826-6991 (fax)

CONNOLLY GALLAGHER LLP

/s/ *Arthur G. (Chip) Connolly, III*
Arthur G. (Chip) Connolly, III (#2667)
Ryan P. Newell (#4744)
Connolly Gallagher LLP
1000 North West Street, Suite 1400
Wilmington, DE  19801
(302) 302-888-6318 (phone)
(302) 757-7299 (fax)
aconnolly@connollygallagher.com
rnewell@connollygallagher.com

Attorneys for Plaintiff,
IpLearn, LLC